IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SHIRDENIA BRYANT, et al.,** | : | Civil Action No. C-1-02-006 |
| Plaintiffs | : | (Judge Spiegel) |
| | | (Magistrate Judge Sherman) |
| vs. | : | |
| | | **AMENDED ANSWER OF** |
| **PRESCOTT BIGELOW, IV, et al.** | : | **DEFENDANTS PRESCOTT** |
| | | **BIGELOW, IV AND ROSEANNE** |
| Defendants | : | **CHRISTIAN TO PLAINTIFFS'** |
| | | **AMENDED AND** |
| | : | **SUPPLEMENTAL COMPLAINT** |

\*   \*   \*   \*   \*

The Defendants Prescott Bigelow, IV, and Roseanne Christian, by and through counsel, by way of Amended Answer and Defenses to Plaintiffs' Amended and Supplemental Complaint, hereby state as follows:

**ANSWER**

**THE PARTIES**

1. Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 1 which are, therefore, denied.

2. Defendants admit the residency allegations as to Defendant Bigelow as alleged in paragraph 2. Defendants deny that Bigelow was the primary beneficiary of any schemes.

3. Defendants admit the residency allegations as to Defendant Christian as alleged in paragraph 3. Defendants deny that Christian was a secondary beneficiary of any schemes. Defendants further deny that Defendant Christian was acting as the authorized agent for

1

Defendant Bigelow.

4. Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 4 which are therefore denied.

## JURISDICTION AND VENUE

5. Defendants admit that the Court has subject matter jurisdiction of this action as alleged in paragraph 5.  Defendant deny that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Defendants deny that Defendants engaged in any acts or practices in furtherance of any schemes which affected interstate commerce as alleged in paragraph 5.

6. Defendants admit the allegations of paragraph 6.

## FACTUAL BACKGROUND

7. Defendants deny the allegations of paragraph 7.

8. Defendants deny the allegations of paragraph 8.

9. Defendants deny the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11.

12. Defendants deny the allegations of paragraph 12.

13. Defendants admit that Defendant Christian went to Bryant's home in the late summer of 1997.  Defendants deny the remaining allegations of paragraph 13.

14. Defendants admit that Defendant Christian and an individual who called himself Marfisi visited Bryant's home in 1997.  Defendants deny the remaining allegations of paragraph 14.

15. Defendants admit that in January of 1998, Marfisi picked up Bryant at her home and

took her to attorney John Meckstroth's office for a real estate closing. Defendants deny the remaining allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

20. Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 20 which are therefore denied.

21. Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 21 which are therefore denied.

22. Defendants admit that in or about July 1999, Defendant Christian was at the Curtis home at 1966 Fairfax Avenue as alleged in paragraph 22. Defendants deny the remaining allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants admit that the Curtises were evicted through proceedings in the Hamilton County Municipal Court and that Plaintiff Harry Curtis set a fire at 1966 Fairfax Avenue as alleged in paragraph 27. Defendants deny the remaining allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

## COUNT I: RICO - 18 U.S.C. §1962(c)

30. Defendants incorporate by reference the answers and defenses of paragraphs 1 through 29 as if fully rewritten herein.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

## COUNT II: RICO - 18 U.S.C. §1962(d)

37. Defendants incorporate by reference the answers and defenses of paragraphs 1 through 36 as if fully rewritten herein.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

## COUNT III: FRAUD

41. Defendants incorporate by reference the answers and defenses of paragraphs 1 through 40 as if fully rewritten herein.

42. Defendants deny the allegations of paragraph 42.

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

## COUNT IV: CONSPIRACY

46. Defendants incorporate by reference the answers and defenses of paragraphs 1 through 45 as if fully rewritten herein.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48.

## COUNT V: BREACH OF FIDUCIARY DUTY

49. Defendants incorporate by reference the answers and defenses of paragraphs 1 through 48 as if fully rewritten herein.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

## FIRST DEFENSE

53. Plaintiffs Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

54. Plaintiffs have failed to join indispensable parties.

## THIRD DEFENSE

55. Plaintiffs have failed to join necessary parties.

## FOURTH DEFENSE

56. Plaintiffs claims are barred by applicable statutes of limitations.

## FIFTH DEFENSE

57. At all times relevant herein, Defendants were acting upon the advice and in reliance upon legal counsel.

**SIXTH DEFENSE**

58. Any actions undertaken by the Defendants which may have affected the Plaintiffs were undertaken in good faith, with reasonable belief in their propriety, without malice, with legal justification, in conformity with law.

**SEVENTH DEFENSE**

59. Plaintiffs are not entitled to recover under the doctrines of respondeat superior or agency.

**EIGHTH DEFENSE**

60. Plaintiffs' losses or damages, if any, are solely the direct and proximate result of their own conduct or failure to act.

**NINTH DEFENSE**

61. Plaintiffs' losses or damages, if any, were not proximately caused by the Defendants.

**TENTH DEFENSE**

62. Plaintiffs' claims are barred by the doctrines of estoppel, collateral estoppel, and/or res judicata.

**ELEVENTH DEFENSE**

63. Any losses or damages claimed by the Plaintiffs were directly and proximately caused by the action, conduct or failure to act of persons other than the Defendants.

**TWELFTH DEFENSE**

64. Defendants intend to rely on and utilize any affirmative defenses which may become available or apparent during the course of discovery and hereby reserve the right to amend this answer to assert such defenses.

## THIRTEENTH DEFENSE

65. Defendants hereby incorporate by reference the defenses raised in the motion of Defendants to dismiss Plaintiff's Amended Complaint, previously filed with this Court.

## FOURTEENTH DEFENSE

66. Plaintiffs' claims are barred by Statutes of Frauds.

## FIFTEENTH DEFENSE

67. Plaintiffs' claims are barred by release.

## SIXTEENTH DEFENSE

68. Plaintiffs' claims are barred by payment.

## SEVENTEENTH DEFENSE

69. Plaintiffs' claims are barred accord and satisfaction.

## EIGHTEENTH DEFENSE

70. Plaintiffs' claims are barred by compromise.

## NINETEENTH DEFENSE

71. Plaintiffs' claims are barred by judicial estoppel.

**WHEREFORE**, having fully answered, Defendants demand that the Amended and Supplemental Complaint be dismissed at the Plaintiffs' costs and that the Defendants be awarded their costs in defending this action, including attorneys fees incurred in this defense.

Respectfully Submitted,

Gary R. Lewis Co., L.P.A.



GARY R. LEWIS, #0017697
Attorney for Defendant Prescott Bigelow
and Defendant Roseanne Christian
Cincinnati Club Building, Suite 915
30 Garfield Place
Cincinnati, Ohio 45202
(513) 665-9222/(513) 721-7008 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Amended Answer of Defendants, Prescott Bigelow and Roseanne Christian To Plaintiffs' Amended and Supplemented Complaint was served upon William H. Blessing, Esq., Attorney for Plaintiff, 119 East Court Street, Suite 500, Cincinnati, Ohio 45202 by regular U.S. Mail, postage pre-paid this ____ day of _____, 2003.

_____
Gary R. Lewis
Attorney for Defendant Prescott Bigelow
 and Defendant Roseanne Christian