IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SHIRDENIA BRYANT, et al.** | : | Civil Action No. C-1-02-006 |
| Plaintiffs | : | (Judge Spiegel) |
| | | (Magistrate Judge Sherman) |
| vs. | : | |
| **PRESCOTT BIGELOW, IV, et al.** | : | **REPLY OF DEFENDANT PRESCOTT BIGELOW, IV** |
| Defendants | : | **TO PLAINTIFFS' MEMORANDUM IN** |
| | : | **OPPOSITION TO BIGELOW'S SUPPLEMENTAL** |
| | : | **MOTION TO DISMISS ALL CLAIMS OF HARRY CURTIS** |

\* \* \* \* \*

Defendant, Prescott Bigelow, IV ("Bigelow"), by and through counsel, hereby submits the following reply to Plaintiffs' memorandum in opposition to Defendant's supplemental motion to dismiss all claims of Plaintiff Harry Curtis. (Doc. 36).

Bigelow's supplemental motion to dismiss (Doc. 35) was based on Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), as Curtis' claims against Bigelow in this action are barred by res judicata. Also, Curtis' claims are barred by Curtis' failure to raise them as compulsory counterclaims in the municipal court eviction action. Plaintiff's assertion that Bigelow's motion has nothing to do with subject matter jurisdiction is erroneous. (Plaintiffs' memorandum, p. 1). Sixth Circuit decisions have affirmed the granting of Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction, based on res judicata. Plaintiffs' discussion of the federal jurisdictional statutes concerning civil RICO claims is not relevant to this issue. (Plaintiffs'

1

memorandum, pp. 2-3).

Further, Plaintiff erroneously characterizes Bigelow's motion as having "some earmarks of a summary judgment motion". (Plaintiffs' memorandum, p. 1). Plaintiffs compound this error by extensively referencing and attaching Curtis' deposition testimony, Curtis' affidavit, and other documents which cannot be considered by the Court in ruling on Bigelow's motion to dismiss. (Plaintiffs' memorandum, pp. 4-7).

**I       LACK OF SUBJECT MATTER JURISDICTION ON THE BASIS OF RES JUDICATA IS PROPERLY RAISED PURSUANT TO FED. R. CIV. P. 12(b)(1) AND FED. R. CIV. P. 12(b)(6) MOTIONS TO DISMISS.**

Federal district courts can grant Fed.R.Civ.P. 12(b)(1) and Fed R. Civ. P. 12(b)(6) motions to dismiss on the basis of res judicata. In Westwood Chemical Co. Inc. v. Kulick, 656 F. 2d 1224 (6th Cir. 1981), the Sixth Circuit stated:

> "Although there may have previously been some doubt, it is now clearly established that res judicata can also be raised by motion. Hadden v. United States, 123 Ct. Cl. 246, 105 F. Supp. 1010 (Ct. Cl. 1952) (res judicata raised by Plaintiff on motion for summary judgment); Marter & Sons, Inc. v. Dinkler Hotels Co., 199 F. 2d 854, 855 (5th Cir. 1952) (Case disposed of upon a motion to dismiss raising res judicata)" *** . Id. at 1227.

Dismissals based on res judicata have been affirmed after being raised by 12(b)(6) motions. See, Begala v. PNC Bank, 214 F. 3d 776, 779-80 (6th Cir. 2000); Kane v. Magna Mixer Co., 71 F. 3d 555, 563 (6th Cir. 1995).

Motions to dismiss for lack of subject matter jurisdiction based on res judicata have been affirmed in cases arising under the Social Security Act. In Sayegh v. Secretary of Health and Human Services, 1991 U.S. App. LEXIS 7784, No. 90-1470, (6th Cir. April 22, 1991) (App. A), the plaintiff filed two applications for disability insurance benefits which were denied. Id. at 1-2.

In the first action, the plaintiff took no action to appeal. Id. In the second action, the plaintiff requested a hearing before an administrative law judge, but the request was denied on the basis of res judicata. Id. at 1-2. On review in the district court, the court granted the defendant's motion to dismiss for lack of subject matter jurisdiction on the basis of res judicata. Id. In Habtemariam v. Adrian, et al., 1999 U.S. App. LEXIS 14128, No. 98-3112 (6th Cir. 1999) (App. B), the plaintiff filed a complaint alleging defendant failed to properly administer a public housing grant program. Id. at 2. Previously, the plaintiff had filed a complaint against HUD which was also dismissed. Id. The defendants in the second action moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6). The district court granted Defendants' motion. Id. at 3. The Sixth Circuit affirmed the dismissal under Fed.R.Civ.P. 12(b)(1) pursuant to res judicata. Id. at 4.

In The Dells, Inc. v. Mundt, 423 F. Supp. 1293 (S.D. N.Y., 1975), the district court dismissed plaintiff's complaint based on the res judicata effect of a state court judgment pursuant to Fed. R. Civ. P. 12(b)(6), for lack of subject matter jurisdiction.

This Court also may raise sua sponte the doctrine of res judicata as a bar to Curtis' claims. The Supreme Court has held that a court may take the initiative to apply res judicata sua sponte in "special circumstances". Arizona v. California, 530 U.S. 392, 412, 147 L. Ed. 2d 374, 120 S.Ct. 2304 (2000).

> "This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burden of twice defending a suit, it is also based on the avoidance of unnecessary judicial waste." Id., p. 412.

The Sixth Circuit has recognized that a court may raise and apply res judicata sua sponte. See, Holloway Constr. Co. v. United States Dep't. Of Labor, 891 F. 2d 1211, 1212 (6th Cir.

1989); Hutcherson v. Lauderdale Cty. Tennessee, 326 F. 3d 747 (6th Cir. 2003).

**II    THIS COURT CANNOT CONSIDER THE EVIDENTIARY MATERIALS ATTACHED TO PLAINTIFFS' MEMORANDUM, IN DECIDING BIGELOW'S SUPPLEMENTAL MOTION TO DISMISS.**

In deciding a motion to dismiss either pursuant to Rule 12(b)(1) or 12(b)(6), the court generally cannot consider matters outside of the pleadings. This issue was addressed in Bigelow's supplemental motion to dismiss (Doc. 35, p. 5).

As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss, unless the motion is converted to one for summary judgment under Fed. R. Civ. P. 56. Kostrzewa v. City of Troy, 247 F. 3d 633, 643 (6th Cir. 2001); Weiner v. Klais & Co., 108 F. 3d 86, 88 (6th Cir. 1997). There are exceptions to the general rule. Courts may consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies. Nieman v. NLO, Inc., 108 F. 3d 1546, 1554 (6th Cir. 1997). In ruling on a motion to dismiss, the court may take judicial notice of proceedings in other courts of record. Rodic v. Thistledown Racing Club, Inc., 615 F. 2d 736 (6th Cir. 1980).

Also, since res judicata may be raised by a motion to dismiss, the Court need not convert Bigelow's supplemental motion to dismiss into a motion for summary judgment, despite relying on the court documents from the prior litigation. Polmyer Industrial Products Co. v. Bridgestone/Firestone, Inc., 211 F.R.D. 312 (N.D. Oh., 2002). Accordingly, the documents filed in the Hamilton County Municipal Court case of Bigelow v. Curtis, No. 99 CV 32813, are properly before the Court and may be considered by the Court in ruling on Bigelow's motion.

Plaintiffs have attached to their memorandum the following documents which are not properly submitted in opposition to Bigelow's supplemental motion to dismiss: Deposition

testimony of Plaintiff Curtis (Plaintiffs' memorandum, Tab B); Affidavit of Harry Curtis (Tab C); invoice from John Meckstroth (Tab D); Land Installment Contract (Tab E); Curtis check to Bigelow Properties (Tab F).  Accordingly, Bigelow requests that these materials not be considered for any purpose by the Court, in deciding this supplemental motion to dismiss.

**III     RES JUDICATA APPLIES TO CURTIS' CLAIMS BASED ON THE JUDGMENT ENTRY AND THE WRIT OF RESTITUTION ENTERED IN THE MUNICIPAL COURT ACTION.**

Courts apply the doctrine of res judicata to promote the finality of judgments, which in turn increases certainty, discourages multiple litigation and conserves judicial resources.  See, Federated Department Stores v. Morite, 452 U.S. 394, 69 L.Ed. 2d 103, 101 S.Ct. 2424 (1984).

The Sixth Circuit has made clear that res judicata bars the relitigation not only of those issues that were actually litigated but also those that could have been raised in the earlier action. J.Z.G. Resources, Inc. v. Shelby Ins. Co., 84 Fed. 3d 211, 214 (6th Cir. 1996); Silcox v. United Trucking Serv., Inc. 687 Fed. 2d 848, 852 (6th Cir. 1982).  Regarding the preclusive effect of a prior adjudication, res judicata provides that a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action.    Federated Dep't. Stores, Inc. v Moitie, 452 U.S. 394, 398, 69 L.Ed. 2d 103, 101 S.Ct. 2424 (1981).  In determining the preclusive effect of a prior state court judgment, federal courts must give the same effect to the State court judgment that it would be given under the law of the state in which it was rendered.  Migra v. Warren City School Dist. Bd. Of Educ., 465 U.S. 75, 79 L.Ed. 2d 56, 104 S. Ct. 892 (1984).

The Sixth Circuit has identified four elements necessary to establish claim preclusion on Ohio law: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2)

5

a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." Hapgood v. City of Warren, 127 F. 3d 490, 493 (6th Cir. 1997), cert. denied, 522 U.S. 1046, 118 S.Ct. 687, 139 L.Ed. 2d 634 (1998).

The Ohio law of res judicata based on claim preclusion is consistent with the law in the Sixth Circuit. Ohio courts have consistently recognized and applied the doctrine of claim preclusion not only to issues that could have been raised by the plaintiff in the prior proceeding but also to issues that could have been raised as defenses to the plaintiff's claim in the earlier case. City of Canton, Ohio v. Maynard, 766 F. 2d 236, 238 (6th Cir. 1985) (citing Johnson's Island, Inc. v. Board of Township Trustees, 69 Ohio St. 2d 241, 431 N.E. 2d 672, 674-75 (1982).

All of the claims asserted by Curtis herein could have been raised as defenses (or counterclaims) in Bigelow's action for eviction and damages in the municipal court action. A final judgment entry and a writ of restitution in favor of Bigelow were entered in that action. The judgment and order in the municipal court case bars all of his claims in this action, based on res judicata.

**IV    THE ORDER AND THE WRIT OF RESTITUTION ENTERED ON FEBRUARY 1, 2000 IN THE MUNICIPAL COURT ACTION ARE FINAL JUDGMENTS UNDER OHIO LAW.**

Plaintiffs argue that res judicata does not apply to Curtis' claims because the Hamilton County Municipal Court case (99 CV 32813) was dismissed without prejudice for want of prosecution, on December 29, 2000. Plaintiffs erroneously assert that there was no final judgment in the prior case. (Plaintiffs' memorandum, p. 8). Plaintiffs completely ignore the

Court Order for Forcible Entry and Detainer (Image No. 64) entered by the court on February 1, 2000, granting Bigelow restitution of the premises. Further, Plaintiffs completely ignore the Writ of Execution entered by the court on February 1, 2000, directing the Bailiff of the Hamilton County Municipal Court to cause Curtis to be removed from the premises. A copy of the forcible entry and detainer order is attached to Bigelow's supplemental motion to dismiss at Appendix D. The order for forcible entry and detainer was signed by Judge Kenney, by Magistrate Wolf, and also signed by Curtis. The certified copy of the municipal court case docket (attached at Tab G of Plaintiffs' memorandum), confirms that on February 1, 2000, the court journalized an order granting Plaintiff restitution of the premises. The Order for Forcible Entry and Detainer states:

> "Case called: Trial had: Defendant(s) found guilty as charged, whereupon it is considered that the Plaintiff have restitution of the premises as described in the statement of the claim. The claim for money is continued for the filing of an answer or default judgment."

On February 1, 2000, the court also entered a writ of execution. The Writ of Execution (App. E, Bigelow's supplemental motion), recites that "judgment was rendered on February 1, 2000 that Plaintiff have restitution of the premises ...", and was also signed by Judge Kenney. On February 9, 2000, the physical eviction was executed. The municipal court action was pending from December 27, 1999, when the complaint was filed by Bigelow, until December 29, 2000, when the court dismissed Bigelow's remaining claims without prejudice for want of prosecution. Curtis' assertion that no final judgment was entered in the case is simply wrong. Bigelow's claim for money damages (unpaid rent) against Curtis was dismissed on December 29, 2000, over ten months after entry of judgment in favor of Bigelow against Curtis on February 1, 2000.

Curtis did not file an answer nor any counterclaims in the municipal court action. Curtis

7

elected to proceed to trial on the eviction count. Testimony was taken, which resulted in a judgment adverse to Curtis. Still, after the eviction, Curtis had more than one year in which to assert his claims against Bigelow in the municipal court. The fact that Bigelow chose not to pursue his claim for unpaid rent does not excuse Curtis' failure to assert counterclaims. The judgment entry and the order of restitution against Curtis bar this action against Bigelow based on res judicata.

The Ohio forcible entry and detainer statutes in Chapter 1923 of the Ohio Revised Code provide a summary method for obtaining restitution of possession of the property. Haas v. Gerski (1963), 175 Ohio St. 327, 330, 194 N.E. 2d 765, 767; Ruebeno v. Showalter (1985), 24 Ohio App. 3d 232, 233, 495 N.E. 2d 31, 32. Forcible entry and detainer is a summary proceeding in which any judge of a county court may make inquiry into disputes between landlords and tenants, and, where appropriate, order restitution of the premises to the landlord. Cuyahago Metro. Hous. Auth. v. Jackson, (1981), 67 Ohio St. 2d 129, 130, 423 N.E. 2d 177, 178. Pursuant to R.C. 1923.01(A), an order of restitution is based on a finding that the landlord is entitled to immediate possession of the property, and that the tenant is in possession unlawfully.

Under Ohio law, a judgment entry in a forcible entry in detainer action which contains an order relating to the right of possession of the property is a final appealable order. This is true even absent a specific ruling on the issue of damages, because a proceeding for forcible entry and detainer is a special proceeding which affects a substantial right. Skillman v. Browne, (1990), 68 Ohio App. 3d 615, 619, 589 N.E. 2d 407 (citing Cuyahoga Metropolitan Housing Authority v. Jackson (1981), 67 Ohio St. 2d 129, 423 N.E. 2d 177): An eviction order entered against a

defendant in a forcible entry and detainer action is a judgment entry and is a final appealable order pursuant to R.C. 2505.02. Skillman v. Browne, (1990), 68 Ohio 3d 615, 619, 589 N.E. 2d 407. The defendant's remedy is the filing of a timely appeal pursuant to the Ohio Rules of Appellate Procedure and by posting an appeal bond. Colonial American Development Co. dba Georgetown Village Apartments v. Griffith, 48 Ohio St. 3d 72, 549 N.E. 2d 513 (1990).

The Hamilton County Municipal Court had jurisdiction to hear all of Curtis' claims. R.C. 1923.081 provides that a trial on the Plaintiff's claims in a forcible entry and detainer action may also include a trial on any counter-claims filed by the Defendant. A Defendant in a forcible entry and detainer action has a right to a trial by jury provided that any necessary bond is posted. See R.C. 1923.10; 1923.08.

Judge Kenney, after a trial in the municipal court, entered the order in favor of Bigelow on Bigelow's claim for eviction and restitution of the premises, the first claim in Bigelow's complaint. (Doc. 35, App. C). When Judge Kenney ordered that the writ of restitution be issued and entered judgment in favor of Bigelow, the court found that Bigelow was the owner of the property, that Curtis was Bigelow's tenant, that Curtis' tenancy had expired, and that Curtis was unlawfully and forcibly detaining Bigelow from possession of the premises. R.C. 1923.01(A).

It is also clear that under Ohio law writs of restitution have res judicata effect. In Tillimon v. Rideout 2001 Ohio App. LEXIS 5308 (6th Dist. 2001) (App. C), a writ of restitution was issued in favor of the landlord in an eviction action. Approximately 8 days later, the Defendant tenants filed a counterclaim against the landlord for damages, alleging that the parties had entered into a land installment contract, and that the landlord had breached the land contract.

9

The trial court agreed and ruled that the Plaintiff should have initiated a forfeiture action pursuant to R.C. 5313.05 rather than an eviction complaint pursuant to R.C. Chapter 1923.  The trial court also proceeded to find for the Defendant tenants on their counterclaim for damages.  On appeal by the landlord, the court of appeals reversed the judgment of the municipal court on the basis of res judicata. The court held that the writ of restitution in the eviction matter barred the tenants claim against the landlord.  Specifically, the court found that the tenants' counterclaim for breach of an alleged land contract was barred by res judicata, because the writ of restitution had been previously granted.  The <u>Tillimon</u> holding confirms that Curtis' claims in this action are barred by res judicata.

## V     CURTIS' CAUSES OF ACTION AGAINST BIGELOW ACCRUED WHEN HE KNEW OR SHOULD HAVE KNOWN OF THE INJURY UNDERLYING HIS CAUSES OF ACTION.   THE STANDARD IS AN OBJECTIVE TEST, NOT SUBJECTIVE.

Curtis argues that he could not have brought his claims as counter-claims in 1999 because he did not know about the "scheme". (Doc. 36, p. 8).  Curtis asserts in an affidavit that he did not become aware of his claims until the Fall of 2001. (Doc. 36, p. 9).  Curtis states that he was "baffled" over how Bigelow could essentially take his house. (Doc. 36, p. 8).  As previously discussed, this Court cannot consider Curtis' affidavit in ruling on this motion to dismiss. However, Curtis is bound by the allegations in his amended complaint and the RICO Statement allegations, which are discussed in Bigelow's supplemental motion to dismiss, at pages 3-4.   As noted, Curtis was much more than "baffled" by the eviction.  Curtis alleges in the amended complaint that he was so upset by the eviction that he started a fire at the premises.  (Doc. 14, ¶ 27).

Curtis' subjective allegations that he did not "know of the scheme" until 2001, when he was contacted by an attorney, is not a defense.  Curtis was put on notice of claims against Bigelow when he sustained an injury, and this injury certainly occurred when he was evicted from the premises, and lost his personal property.

Curtis' argument that he was not on notice of his claims until he was contacted by an attorney and advised that there was an alleged "scheme" by Bigelow has been rejected by the United States Supreme Court.  For civil RICO claims, the cause of action accrues when the plaintiff sustains an injury and is aware of who caused the injury.  Klehr v. A.O. Smith Corp., 521 U.S. 179, 117 S. Ct. 1984, 138 L.Ed. 2d 373 (1997).  The RICO statute "begins to run" when the Plaintiff knew or should have known of the injury underlying his cause of action.  Rotella v. Wood 528 U.S. 549, 120 S. Ct. 1075, 145 L. Ed. 2d 1047 (2000).  The RICO limitations period is not extended until a plaintiff discovers that the injury was part of an alleged pattern or scheme.  Id., 556.

This objective standard applies to all of Curtis' claims, as they are based on fraud.  Curtis cites the Ohio statute of limitations for fraud claims, R.C. 2305.09(C).  (Doc. 36, p.9).  It is well settled regarding claims for fraud, "the running of the statute of limitations begins when a plaintiff is put on inquiry notice– that is, when the plaintiff has been presented with evidence suggesting the possibility of fraud."  Isaak v. Trumbull Sav. & Loan Co., 169 F.3d 390, 399 (6th Cir. 1999).   No more than a reasonable opportunity to discover the fraud is required to start the period of limitation.  Gaudin v. K.D.I. Corp. , 417 F. Supp. 620, 629 (S.D. Ohio 1976), aff'd, 576 F.2d 708 (6th Cir. 1978). A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.  Friedman v. Estate of Presser, 929

11

F.2d 1151, 1159 (6th Cir. 1991); Investors REIT One v. Jacobs (1989), 46 Ohio St.3d 176, 546 N.E.2d 206, paragraph 2 of the syllabus (A cause of action for fraud accrues either when the fraud is discovered, or in the exercise of reasonable diligence, the fraud should have been discovered). When determining whether the exercise of reasonable diligence should have discovered a case of fraud, the relevant inquiry is whether the facts known "would lead a fair and prudent man, using ordinary care and thoughtfulness, to make further inquiry" * * *. Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 181, 465 N.E.2d 1298. The discovery of the wrongdoing may be constructive as well as actual. In Schofield v. Cleveland Trust Co. (1948), 149 Ohio St.133, 36 O.O. 477, the Ohio Supreme Court, in construing the predecessor to R.C. 2305.09, stated:

> "If a person has knowledge of such facts as would lead a fair and prudent man, using ordinary care and thoughtfulness, to make further inquiry, and he fails to do so, he is chargeable with knowledge with by ordinary diligence he would have acquired. . ."

Id. at 142.

In Isaak, a RICO action based upon an alleged fraudulent timeshare property scheme, the Sixth Circuit stated that plaintiffs' awareness of the resort developers' extremely lavish lifestyle constituted inquiry notice. Id. at 400.

"Once sufficient indicia of fraud are shown, a party cannot rely on its unawareness of the efforts of the opposition to lull it into a false security to toll the statute." Aluminum Line Products Co. v. Brad Smith Roofing Co., Inc. (1996), 109 Ohio App.3d 246, 671 N.E.2d 1343 citing Au Rustproofing Ctr. v. Gulf Oil Corp, 755 F.2d 1231, 1237 (6th Cir. 1985).

## VI    OHIO'S COMPULSORY COUNTERCLAIM RULES APPLY TO FORCIBLE ENTRY AND DETAINER ACTIONS.

In addition to res judicata, Curtis' claims are barred as compulsory counterclaims under Ohio law. Curtis argues that the compulsory counterclaim rule, Ohio Civ. R. 13(A), is clearly inapplicable to forcible entry and detainer claims, because they are summary proceedings. (Doc. 36, p. 10). Curtis' position is contrary to the Ohio Supreme Court statements on this issue. This point was discussed at pages 10 and 11 of Bigelow's supplemental motion to dismiss. In Jemo Assoc., Inc. v. Garman 70 Ohio St. 2d 267, 270, 436 N.E. 2d 1353 (1982), the Ohio Supreme Court held that Civ. R. 13 is not "clearly inapplicable to procedure in forcible entry and detainer cases." (emphasis added). As noted in Bigelow's supplemental motion, when a landlord files an action for forcible entry and detainer and joins a claim for money damages with the forcible entry and detainer cause of action (as Bigelow did) Ohio Civ. R. 13(A) does apply and a tenant must assert compulsory counter-claims or be forever barred from asserting them. Maduka v. Parries, 14 Ohio App. 3d 191, 192, 470 N.E. 2d 464 (1984) (citing Jemo for the proposition); Sherman v. Person, 110 Ohio App. 3d 70, 72, 673 N.E. 2d 643 (1996). The compulsory counter-claim rule includes Curtis' RICO claims as state courts have concurrent jurisdiction over RICO claims under 18 U.S.C. § 1961 et seq., Tafflin v. Levitt, 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed. 2d 887 (1990).

Plaintiff cites to Haney v. Roberts, 130 Ohio App. 3d 293, 720 N.E. 2d 101 (1998). (Doc. 36, p. 11). Haney v. Roberts is also cited in Bigelow's motion (p. 11). The holding in Haney v. Roberts contradicts Plaintiffs' position on the compulsory counterclaim issue, as the court stated:

> "In summary, we hold that if the landlord files an action for forcible entry and detainer and does not join that action with any other action, the tenant need not file any counter-claims. *** If, however, the landlord joins another action with a forcible entry and detainer action, Civ. R. 13 (A) does apply to that other action and, consequently, the tenant must assert compulsory counter-claims. Id. at 300.

Curtis attempts to avoid application of the compulsory counterclaim preclusion by asserting that there was no judgment on Bigelow's damage claim in the municipal court case of Bigelow v. Curtis. (Plaintiffs' memorandum, p.8). This argument has already been addressed in this reply, at Section IV. Since there was a final judgment in Bigelow v. Curtis, Plaintiff cannot distinguish the decisions cited by Bigelow, which hold that res judicata bars claims which should have been asserted as compulsory counterclaims in eviction or foreclosure actions. (Doc. 35, pp. 9-13). Curtis' memorandum ignores the decisions cited by Bigelow holding that tenants in eviction actions must raise all tort claims against a landlord as compulsory counterclaims, or be barred from asserting them. Maduka v. Parries, 14 Ohio App. 3d 191, 192, 470 N.E. 2d 464 (1984); and Sherman v. Pearson, 110 Ohio App. 3d 70, 72, 673 N.E. 2d 643 (1996), ( Doc. 35, pp. 11-12). See, also, McCord v. Costy, 1987 Ohio App. LEXIS 9932 (12th Dist. 1987) (App. D).

## VII    CONCLUSION

All of Curtis' claims against Bigelow are based on claims arising out of ownership of the property, and an alleged "scheme" by which Curtis was unlawfully deprived of his ownership interest, and evicted from the premises. After a trial on the eviction claim, the municipal court judge entered a judgment which determined that Bigelow owned the property, that Bigelow had the immediate right to possession of the property, and that Curtis was unlawfully withholding possession of the property from Bigelow. That judgment entry and the resulting writ of execution must be given res judicata effect by this Court. Res judicata bars all of Curtis' claims

in this action. In addition, Curtis' failure to raise his claims as compulsory counterclaims under Ohio Civ. R. 13(A) in the municipal court case bar Curtis' assertion of his claims herein.

Respectfully Submitted,

Gary R. Lewis Co., L.P.A.


/s/ Gary R. Lewis
GARY R. LEWIS, #0017697
Attorney for Defendant Prescott Bigelow IV and
Defendant Roseanne Christian
Cincinnati Club Building, Suite 915
30 Garfield Place
Cincinnati, Ohio 45202
(513) 665-9222/(513) 721-7008 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply Of Defendant Prescott Bigelow IV To Plaintiffs' Memorandum In Opposition To Prescott Bigelow's Supplemental Motion To Dismiss All Claims of Harry Curtis was served upon William H. Blessing, Esq., and James Schwantes, Esq., Attorneys for Plaintiffs, 119 East Court Street, Suite 500, Cincinnati, Ohio 45202 by regular U.S. Mail, postage pre-paid this 29th day of September, 2003.

/s/ Gary R. Lewis
Attorney for Defendant Prescott Bigelow and
Defendant Roseanne Christian