```
                    APPENDIX A
```

LEXSEE 1991 U.S. APP. LEXIS 7784

**JANE S. SAYEGH, Plaintiff-Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee**

No. 90-1470

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

*1991 U.S. App. LEXIS 7784*

**April 22, 1991, Filed**

**NOTICE:** **[*1]**

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:**

*Reported as Table Case at 931 F.2d 56, 1991 U. S. App. LEXIS 14766.*

**PRIOR HISTORY:** On Appeal from the United States District Court for the Eastern District of Michigan; No. 89-72484; Friedman, Judge.

**DISPOSITION:**

Affirmed

**JUDGES:**

Norris, Circuit Judge; Harry W. Wellford, Senior Circuit Judge; * and Karl S. Forester, District Judge. **

* The Honorable Harry W. Wellford became Senior Circuit Judge on January 21, 1991.

** The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

**OPINIONBY:**

PER CURIAM

**OPINION:**

Plaintiff, Jane S. Sayegh, appeals the district court's dismissal of her social security claim which she asserts should not be barred by the doctrine of administrative *res judicata.*

Plaintiff filed her present claim for disability insurance benefits on June 2, 1988. The application was denied initially and upon reconsideration. Plaintiff requested a hearing before an A.L.J., but the request was denied **[*2]** based upon the doctrine of administrative *res judicata.* Plaintiff commenced a timely action for judicial review in the district court. The district court adopted the magistrate's report and recommendation to grant the Secretary's motion to dismiss for lack of subject matter jurisdiction on the ground of *res judicata.*

*BACKGROUND*

Plaintiff filed a prior application for disability insurance benefits on December 2, 1986 which was denied. Plaintiff was advised that a request for reconsideration must be filed within sixty days of receiving the denial notice; however, plaintiff took no further action.

In denying the hearing sought by plaintiff in her present claim, the A.L.J. noted that it was the same as the claim filed in 1986, and that she had not presented any new and material evidence that would warrant reconsideration of the prior claim.

*DISCUSSION*

*20 C.F.R. § 404.957* (1989) allows an A.L.J. to dismiss a request for hearing if

(c) The administrative law judge decides that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because --

(1) The doctrine of *res judicata* applies in that we have made a previous **[*3]** determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action. . . .

The law in this circuit, regarding the application of *res judicata* by Secretary in cases arising under the Social Security Act, has been succinctly set forth in *Maddox v. Richardson, 464 F.2d 617 (6th Cir. 1972),* and *Carver v. Secretary of Health & Human Servs., 869 F.2d 289 (6th Cir. 1989).* In *Maddox,* we held that "the Doctrine of *res judicata* may validly be applied by the Secretary, pursuant to *20 C.F.R. § 404.937*, when a prior administrative denial of an application raising the same issues has become final because of the applicant's failure to make a timely request for a hearing." *Maddox, 464 F.2d at 619.* We reaffirmed the holding of *Maddox* in *Carver* where we determined "that the Secretary's initial determinations of claimant's eligibility for benefits are to be given preclusive effect in the consideration of subsequent applications for benefits with the identical facts and issues." **[*4]** *Carver, 869 F.2d at 291.*

Plaintiff also argues that her case was constructively reopened when the Appeals Council stated that her evidence was not "new" but offered the same evidence that was previously submitted.

We disagree. If the A.L.J. and Appeals Council considered additional evidence submitted by the claimant for the limited purpose of deciding whether a new claim was presented or whether prior application should be reopened, the refusal to reopen is not a *de facto* reopening. *Rogerson v. Secretary of Health & Human Servs., 872 F.2d 24, 29 n.5 (3d Cir. 1989).*

Finally, plaintiff attempts to raise a constitutional issue and thereby provide the court with a reason to make an exception to the general rule of preclusion. "Courts have consistently upheld the imposition of the doctrine of administrative *res judicata* in social security cases except under circumstances that implicate a colorable constitutional issue." *Carver, 869 F.2d at 292 (citing Califano v. Sanders, 430 U.S. 99 (1977)).*

However, we are in no position to address the constitutional issue, since it is raised for the first time on **[*5]** appeal. *White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir. 1990).*

The judgment of the district court is therefore *affirmed.*