APPENDIX B

LEXSEE 1999 U.S. APP. LEXIS 14128

**SABA HABTEMARIAM, Plaintiff-Appellant, v. CHARLES L. ADRIAN; DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; CAPITAL CITY COMMUNITY URBAN REDEVELOPMENT CORPORATION, Defendants-Appellees.**

No. 98-3112

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

*1999 U.S. App. LEXIS 14128*

**June 23, 1999, Filed**

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 206 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 206 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:**

Reported in Table Case Format at: *1999 U.S. App. LEXIS 24565.*

**PRIOR HISTORY:** Southern District of Ohio. 97-00199. Graham. 12-29-97.

**DISPOSITION:** Affirmed.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** SABA HABTEMARIAM, Plaintiff - Appellant, Pro se, Columbus, OH.

For CHARLES L. ADRIAN, CAPITAL CITY COMMUNITY URBAN REDEVELOPMENT CORPORATION, Defendants - Appellees: Frederick James Milligan, Jr., Milligan & Milligan, Westerville, OH.

For DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, ET AL., Defendant - Appellee: Gilda L. Spencer, Office of the U.S. Attorney, Columbus, OH.

**JUDGES:** Before: JONES, COLE, and CLAY, Circuit Judges.

**OPINION:**

ORDER

Saba Habtemariam, an Ohio citizen proceeding pro se, appeals a district court order dismissing her civil action involving federally assisted housing. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. [*2] App. P. 34(a).

In November 1996, Habtemariam sent a letter to the district court. She complained that the United States Department of Housing and Urban Development (HUD) had not properly administered a housing grant for her complex. The district court dismissed the complaint as frivolous under *28 U.S.C.A. § 1915*(e) (West 1998), Habtemariam appealed, and this court affirmed. *Habtemariam v. Multifamily Housing Unit-HUD, 1997 U.S. App. LEXIS 34458, No. 96-4401, 1997 WL 764441* (6th Cir. Dec. 4, 1997) (unpublished order).

Habtemariam sent another letter to the district court in January 1997. She alleged that defendant Charles L. Adrian, president of Capital City Community Urban Redevelopment Corporation ("CCCURC"), had mismanaged defendant HUD's "Hope II" program (Homeownership Opportunities for People Everywhere)

in her complex. The district court ordered her to file a complaint in compliance with Fed. R. Civ. P. 8(a). Habtemariam filed a complaint naming CCCURC and HUD as defendants. She again alleged that CCCURC failed to properly administer the Hope program, and the HUD failed to monitor CCCURC. Habtemariam asked for $ 500,000 in compensatory damages and $ 25,000 in punitive damages because she was unable **[\*3]** to start a business and purchase her unit. The defendants moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). By order entered December 29, 1997, the district court dismissed the action with prejudice.

In her timely appeal, Habtemariam argues that she was a third-party beneficiary of an agreement between CCCURC and HUD, and invokes *42 U.S.C. § 3613*, Title VII of the Civil Rights Act of 1964, *42 U.S.C. § 2000e*, et seq., and *42 U.S.C. § 1983*.

This court reviews de novo a district court's decision to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, *see Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1248 (6th Cir. 1996),* as amended, *1998 U.S. App. LEXIS 1626, 1998 WL 117980 (Jan. 15, 1998),* and under Rule 12(b)(6). *See Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996), cert. denied, 520 U.S. 1251, 138 L. Ed. 2d 175, 117 S. Ct. 2409 (1997).* Under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept all her factual allegations as true, and determine whether she undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Id.*

We note **[\*4]** that Habtemariam's brief and reply brief raise new factual allegations and legal theories. These were not considered by the district court and we cannot consider them on appeal. *See* Fed. R. App. P. 10(b); *United States v. Bonds, 12 F.3d 540, 552 (6th Cir. 1993); see also Enertech Elec., Inc. v. Mahoning County Comm'rs, 85 F.3d 257, 261 (6th Cir. 1996).*

Upon review, we conclude that Habtemariam's present action is barred under the doctrines of res judicata and collateral estoppel. *See J.Z.G. Resources, Inc. v. Shelby Ins. Co., 84 F.3d 211, 214 (6th Cir. 1996); see also United States v. Mendoza, 464 U.S. 154, 158-59, 78 L. Ed. 2d 379, 104 S. Ct. 568 (1984); Montana v. United States, 440 U.S. 147, 153, 59 L. Ed. 2d 210, 99 S. Ct. 970 (1979); Randles v. Gregart, 965 F.2d 90, 93 (6th Cir. 1992)* (per curiam); *Hazzard v. Weinberger, 382 F. Supp. 225, 226-29 (S.D. N.Y. 1974), aff'd, 519 F.2d 1397 (2d Cir. 1975).* The district court examined the merits of the first action and found it frivolous, Habtemariam and HUD were both parties in the 1996 action, and the issues she raised in the 1997 complaint were or should have been litigated in the prior action. **[\*5]** The causes of action appear identical. Although CCCURC and Adrian were not parties to the prior action, the claims against them are barred by the doctrine of nonmutual issue preclusion. *See Randles, 965 F.2d at 93.*

Even if the present action is not barred by the dismissal of Habtemariam's prior claim, the district court properly dismissed it under Fed. R. Civ. P. 12(b)(6). The Homeownership and Opportunity Through HOPE Act, (Pub.L. 101-625, Title IV, Nov. 28, 1990, 104 Stat. 4148) does not provide Habtemariam with a private right of action against Adrian or CCCURC, and does not waive HUD's sovereign immunity. *See 42 U.S.C. § 12875*(e). She did not state a § 1983 claim against HUD because HUD is a federal agency, and not a person acting under color of state law. *See Flagg Bros. v. Brooks, 436 U.S. 149, 155-57, 56 L. Ed. 2d 185, 98 S. Ct. 1729 (1978).* Finally, she failed to state a discrimination claim under *42 U.S.C. § 3601,* et seq., (Fair Housing Act) because she did not allege that she was a member of a statutorily protected class who applied for, and was qualified to rent or purchase a house, and was rejected, although housing remained available. *See Soules v. United* **[\*6]** *States Dep't of Hous. and Urban Dev., 967 F.2d 817, 822 (2d Cir. 1992).*

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.