```
                    APPENDIX D
```

LEXSEE 1987 OHIO APP. LEXIS 9932

James McCord, et al., Plaintiffs-Appellants v. Michael S. Costy, Defendant-Appellee

No. CA87-05-036

Court of Appeals of Ohio, Twelfth Appellate District, Clermont County

*1987 Ohio App. LEXIS 9932*

**December 7, 1987, Decided**

**PRIOR HISTORY:** **[*1]**

Court of Common Pleas of Clermont County, Ohio.

**DISPOSITION:**

Accordingly, the trial court erred in dismissing the claims of Shaun and Jimmy McCord based on the failure to assert their claims in the forcible entry and detainer action because Civ. R. 13(A) has no application to these appellants. Appellants' third issue for review is sustained.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:**

Hermanies & Major, Anthony D. Castelli, for plaintiffs-appellants.

Freund, Freeze & Arnold, Brian McNair, and McCachran & Daugherty, Marshall McCachran, for defendant-appellee.

**JUDGES:**

JONES, P.J., KOEHLER and YOUNG, JJ., concur.

**OPINION:**

MEMORANDUM DECISION AND JUDGMENT ENTRY

PER CURIAM

This cause came on to be heard upon the appeal, transcript of the docket, journal entries and original papers from the Court of Common Pleas of Clermont County, Ohio, the transcript of the proceedings, the briefs and the oral arguments of counsel.

Now, therefore, the assignment of error having been fully considered, is accordingly passed upon in conformity with App. R. 12(A) as follows:

Appellants, James McCord and Anita McCord, along with their children, Shaun McCord and Jimmy McCord, resided in real estate owned by appellee, Michael S. Costy, under **[*2]** a rental agreement. On September 18, 1986, appellants filed a complaint alleging that, on February 2, 1986, appellee came to the rented premises in an intoxicated state, screamed and pounded on the doors of appellants' residence, and cursed at appellants. The complaint further alleged that, on February 24 or 25, 1986, appellee returned to the premises, pounded on the doors, and entered the residence without permission in an attempt to intimidate and scare appellants. Appellants alleged the conduct of appellee constituted trespass, negligent and/or intentional infliction of emotional distress, reckless and/or wanton conduct, and violation of *R.C. 5321.04*. The complaint prayed for damages in the amount of $ 325,000.

On March 17, 1986, prior to the filing of the above complaint but subsequent to the actions complained of therein, appellee filed a complaint in Clermont County Court against appellants, James McCord and Anita McCord, for forcible entry, along with a claim for back rent, to regain possession of the premises referred to in

appellants' complaint. On March 24, 1986, judgment was granted in favor of appellee for restoration of the premises as well as a money judgment for $ 519 [*3] plus costs and interest.

In the case sub judice, appellee filed a motion to dismiss pursuant to Civ. R. 12(B)(6) asserting that the complaint failed to state a claim upon which relief could be granted because the claims of appellants constituted compulsory counterclaims which appellants failed to assert in the forcible entry action, and therefore the doctrine of res judicata applied to prevent the counterclaims from being litigated in the present action. n1 The trial court agreed and granted the motion to dismiss.

Appellant filed a timely appeal and has assigned one error divided into three issues for review:

Assignment of Error:

"The trial court erred to the prejudice of the plaintiffs-appellants by dismissing all of the plaintiffs' claims on the ground that said causes of action constituted compulsory counterclaims which were not raised in the prior county court landlord-tenant action for eviction and nonpayment of rent, and therefore, res judicata applies to prevent their being litigated in a subsequent action.

"First Issue Presented for Review

"A Defendant in an action in a landlord-tenant proceeding for eviction and for rent in a County Court [*4] may file a compulsory or permissive counterclaim as authorized in Ohio Rule of Procedure 13, but is not required to do so, and may present such claims in a later action.

"Second Issue Presented for Review

"Claims for negligent or intentional infliction of emotional distress or reckless or wanton conduct based on a defendant's conduct of coming to the plaintiff's residence in an intoxicated condition and pounding on the doors and cursing and entering the premises of the plaintiffs of which the defendant was landlord of such premises, in an attempt to intimidate or scare the plaintiffs' without evidence that these actions were for the purpose of collecting rent or ousting the plaintiffs from the residence, are not claims which arise out of a transaction or occurrence that was a subject matter of an eviction action with the claim for rent by the defendant-landlord in a previous action filed by the defendant-landlord and, therefore, such claims are not compulsory counterclaims pursuant to the proper interpretation of Ohio Rule of Procedure 13(A).

"Third Issue Presented for Review

"Ohio Rule of Procedure 13(A) does not bar a Plaintiff's claim in a subsequent [*5] action when [the plaintiff] was not a party-defendant in a previous action."

Civ. R. 1(C) provides that the civil rules, to the extent they would by their nature be clearly inapplicable, shall not apply to procedure in forcible entry and detainer. The supreme court, however, has previously held that Civ. R. 13 is not "clearly inapplicable" to procedure in forcible entry and detainer. *Jemo v. Garman (1982), 70 Ohio St. 2d 267, 271*. Therefore, in any action in forcible entry and detainer, the provisions of Civ. R. 13 will apply to determine whether a counterclaim is compulsory or permissive. Appellants' first issue presented for review is overruled.

Under the second issue presented for review, appellants argue that the claims alleged in their complaint were not compulsory counterclaims under Civ. R. 13(A).

In determining whether joinder of a counterclaim is compulsory under Civ. R. 13(A), a two-pronged test is applied: (1) does the claim exist at the time of serving the pleading; and (2) does the claim arise out of the transaction or occurrence that is the subject matter of the opposing claim. *Geauga Truck & Implement Co. v. Juskiewicz (1984), 9 Ohio St. 3d 12.* [*6]

Appellants' complaint stated that the alleged torts occurred in February 1986. Appellee's forcible entry and detainer action, however, was filed on March 17, 1986. Accordingly, the first prong of the test is satisfied because appellants' claims existed at the time appellee commenced his action.

Regarding the second prong, this same issue has been previously addressed by the Court of Appeals for Cuyahoga County in *Maduka v. Parries (1984), 14 Ohio App. 3d 191*. In Maduka, the landlord filed a forcible entry and detainer action in the Housing Division of the Cleveland Municipal Court n2 seeking restitution of the premises occupied by a tenant. A default judgment was granted to the landlord, but this judgment was later vacated and the complaint amended to add a count seeking damages for back rent. While the suit was pending, the tenant vacated the premises rendering that portion of the landlord's action moot. While that case was still pending in housing court, the tenant filed suit in the Cuyahoga County Court of Common Pleas for various claims including malicious prosecution, abuse of process, intrusion on the right to privacy and personal injury by reason of negligent maintenance [*7] and repair of the premises. The common pleas court dismissed the tenant's suit for lack of subject matter jurisdiction.

The court of appeals found that under Civ. R. 13(A) the factual backgrounds of the claims need not be identical, as long as they are logically related. The court held that all of the tenant's contentions, including those sounding in tort, arose from complaints stemming from the landlord-tenant relationship because they concerned either the maintenance of the premises or actions taken by the landlord to oust the tenant from possession. Accordingly, the tenant's claims fell within the compulsory counterclaim mandate of Civ. R. 13(A).

A motion to dismiss for failure to state a claim upon which relief can be granted is proper only if it appears beyond doubt from the allegations in the complaint that appellants can prove no set of facts which would entitle them to relief. *O'Brien v. University Community Tenants Union (1975), 42 Ohio St. 2d 242.* In the case sub judice, appellants' complaint does not contain any facts which would show whether the alleged torts of trespass, intentional and/or negligent infliction of emotional distress and reckless and/or wanton **[*8]** conduct arose out of the earlier forcible entry and detainer action.

Appellants' allegation as to the violation of *R.C. 5321.04*, however, does arise out of the landlord-tenant relationship because this section deals with appellee's maintenance of the premises or his actions taken to oust appellants from possession. Therefore, it is clear from the face of appellants' complaint that this claim was a compulsory counterclaim which was waived by appellants' failure to assert it in the previous forcible entry and detainer action.

Accordingly, granting of the motion to dismiss by the trial court was improper and premature as to all claims except the claim for violation of *R.C. 5321.04* because insufficient facts existed to determine whether appellants' claims were compulsory counterclaims which should have been brought in the earlier forcible entry and detainer proceeding. For this reason, appellants' second issue presented for review is overruled in part and sustained in part.

Under the third issue presented for review, appellants contend that Civ. R. 13(A) does not apply to Shaun and Jimmy McCord because they were not parties in the previous action.

Civ. R. 13(A) states that a party **[*9]** "shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against the opposing party ***." Therefore, in order for the failure to assert a compulsory counterclaim to be res judicata, an identity of parties or persons in privity with those parties must exist.

Shaun and Jimmy McCord were not parties to the forcible entry and detainer proceeding. Neither were the children in privity with their parents. "[A] person is in privity with another if [that person] succeeds to an estate or an interest formerly held by another." *Whitehead v. Genl. Tel. Co. (1969), 20 Ohio St. 2d 108, 115.* "Privity does not generally arise from the relationship between parent and child." *Johnson v. Norman (1981), 66 Ohio St. 2d 186, 190,* citing *Arsenault v. Carrier (Me. 1978), 390 A.2d 1048, 1051.*

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed in part and reversed in part, and the cause is remanded for further proceedings according to law and not inconsistent with this **[*10]** decision.

n1 The defense of res judicata, although listed as an affirmative defense in Civ. R. 8(C), is not specified as a ground for a pretrial motion to dismiss pursuant to Civ. R. 12(B). Nevertheless, when interpreting Fed. R. Civ. P. 12(B) which is identical to Civ. R. 12 of the Ohio Civil Rules, federal courts have held that the defense of res judicata can be raised at and considered at this stage. See, i.e., *Westwood Chemical Co., Inc. v. Kulick (6th Cir. 1981), 656 F.2d 1224.*

n2 Under *R.C. 1901.181(B)*, the housing division of a municipal court has exclusive jurisdiction over counterclaims or cross-claims because the jurisdictional limit of $ 10,000 is waived. When a county court is involved, as is the instant case, the county court has exclusive original jurisdiction in forcible entry and detainer actions not exceeding $ 500. Above that amount, the common pleas court has concurrent jurisdiction with the county court in forcible entry and detainer actions. *R.C. 1907.03*; see *Seventh Urban, Inc. v. University Circle (1981), 67 Ohio St. 2d 19, 23-24. R.C. 1907.03* restricts the jurisdiction of a county court to cases where the amount claimed by either party does not exceed $ 3,000. Accordingly, if a tenant's counterclaim exceeds the $ 3,000 limit, the county court lacks monetary jurisdiction and therefore must certify the proceedings to the common pleas court pursuant to 1907.03(B). *Fay Gardens Mobile Home Park v. Newman (1983), 14 Ohio App. 3d 144.* If a party has a compulsory counterclaim and its amount is over the monetary jurisdiction of the county court, under Civ. R. 13(A) it still must be pleaded in the responsive pleading or it is lost. See *Behrle v. Beam (1983), 6 Ohio St. 3d 41, 45, fn. 1.* **[*11]**

Case 1:02-cv-00006-SAS     Document 38-5     Filed 09/29/2003     Page 4 of 4