# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **SHIRDENIA BRYANT** | : | **Civil Action No. C-1-02-006** |
| | | **(Judge Spiegel)** |
| **Plaintiff,** | : | **(Magistrate Judge Sherman)** |
| **vs.** | : | |
| **PRESCOTT BIGELOW, IV, et al.** | : | **PLAINTIFF SHIRDENIA** |
| | | **BRYANT'S RESPONSES** |
| | | **TO DEFENDANT ROSEANNE** |
| | : | **CHRISTIAN'S FIRST SET** |
| **Defendants.** | : | **INTERROGATORIES AND** |
| | : | **REQUEST FOR PRODUCTION** |
| | | **OF DOCUMENTS** |
| | : | |

## INTERROGATORIES

1. State the full name and address of every individual who assisted in any manner in the answering of these Interrogatories and/or Request for Production of Documents.

RESPONSE: See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's interrogatory number 1.

2. Identify all individuals with knowledge of the transactions with Defendant Bigelow alleged in the Amended and Supplemental Complaint.

RESPONSE: See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's interrogatory number 2.

3. For each person identified in interrogatory number 2 state the facts of which they have knowledge.

RESPONSE: See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's interrogatory number 3.

4. Identify all individuals with knowledge of any misrepresentation of material fact by Defendant Christian as alleged in the Amended and Supplemental Complaint.

RESPONSE: In addition to the Plaintiffs, persons with knowledge include Prescott Bigelow, IV, John Meckstroth, John Marfisi, and Rula Bryant.



DEFENDANT'S
EXHIBIT NO. 3
FOR IDENTIFICATION
Bryant
DATE: 9-3-03  RPTR

5. For each person identified in interrogatory number 4 state the facts of which they have knowledge.

RESPONSE: For Prescott Bigelow, IV, John Meckstroth and John Marfisi, see Plaintiff's RICO case statement at §§ 2(a), 3(a) and 3(b).

For Rula Bryant, see Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's interrogatory number 5.

6. Identify all of the other victims referred to in paragraph 29 of the Amended and Supplemental Complaint.

RESPONSE: See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's interrogatory number 6.

7. Identify every misrepresentation of material fact, with specificity, which you allege was made by Defendant Christian.

RESPONSE: In the summer of 1997, Defendant Christian knocked on Shirdenia Bryant's door at 1107 Laidlaw and told Bryant that she had a friend who could help Bryant keep her home. A number of weeks later, Christian returned to Shirdenia Bryant's home and told Bryant again that would allow Bryant to avoid losing her home. Christian told Bryant that the bank was going to foreclose soon and that she (Christian) had a friend who could stop the foreclosure. At the same time, Christian told Shirdenia Bryant that the friend could help Byrant with extra money to pay her bills. On January 7, 1998, Defendant Christian returned to Bryant's home accompanied by John Marfisi. Defendant Christian told Bryant that Bryant would receive $20,000.00 at the closing of the sale of her property and that Bryant could use that money to pay rent for one year, pay bills, and purchase the property back at the end of 12 months with 100% financing. Christian told Bryant that this transaction was the best way for Bryant to assure that she would keep her home.

8. Identify each fact upon which your rely in support of the allegation that Defendant Christian engaged in a pattern of racketeering activity as alleged in paragraph 39 of the Amended and Supplemental Complaint.

RESPONSE: See Plaintiff's RICO case statement at §§ 2(b), 5(f) and 6(b).

9. Identify every false statement, misinformation and material omission referenced in paragraph 38 of the Amended and Supplemental Complaint.

RESPONSE: Defendant Christian materially misrepresented to Bryant that she could help Bryant keep her home. Christian deceived Bryant into believing that Tri State Mortgage Assistance was an organization that helped homeowners who were in financial distress or foreclosure. Christian failed to disclose to Bryant that she had intentionally targeted Bryant because she knew that Bryant's home at 1107 Laidlaw Avenue had a lot

of equity in it. Christian failed to disclose to Bryant that she was working for an "investor" named Prescott Bigelow, and that Bigelow wanted to purchase Bryant's property because of the large amount of equity in the home. Christian deceived Bryant into believing that Bryant would receive $20,000.00 within 60 days of the January 27, 1998 closing. Christian misled Bryant into believing that Attorney John Meckstroth was representing Byrant at the January 27, 1998 closing. Christian failed to inform Bryant that she was receiving a fee from Bigelow as a result of Shirdenia Bryant's sale of her home to Bigelow on January 28, 1998. Christian materially misled Bryant by stating that Prescott Bigelow was no longer obligated to pay Bryant $19,000.00, but that the sole obligor on the promissory note was John Marfisi.

10. For each false statement, misinformation and material omission identified in the answer to interrogatory number 9, identify the specific manner in which said statements, misinformation or material omission deceived you into parting with your property.

RESPONSE: See Plaintiff's RICO case statement at p 1-3.

11. Identify all damages which you claim in this action, and identify the precise manner in which said damages were calculated.

RESPONSE: See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's interrogatory number 15.

12. Identify each fact upon which you rely in support of the allegation that you have been injured in your business and property as alleged in paragraph 40 of the Amended and Supplemental Complaint.

RESPONSE: See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's interrogatory number 16.

13. Identify, with specificity, the manner in which you have suffered damage to your personal and financial reputation, suffered financial loss and emotional distress, as alleged in paragraph 48 of the Amended and Supplemental Complaint. For each alleged item of damage in paragraph 48, identify the amount of damages you claim.

RESPONSE: See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's interrogatory number 17.

14. State the name and location of every person, other than experts, who may be called by you as a witness.

RESPONSE: See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's interrogatory number 19.

15. For each person identified in interrogatory number 14, state the substance of their expected testimony.

RESPONSE:  See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's interrogatory number 20.

16. State the name and address of every expert witness whom you expect to call as a witness at trial.

RESPONSE:  See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's interrogatory number 21.

17. For each expert identified in interrogatory number 16,

    A.    State the qualifications of such expert;

RESPONSE:  See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's interrogatory number 22(A).

    B.    subject matter on which said expert will testify;

RESPONSE:  See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's interrogatory number 22(B).

    C.    the facts known and opinions held by each expert related to this civil action.

RESPONSE:  See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's interrogatory number 22(C).

18. Identify every exhibit you plan to offer into evidence at trial.  Please produce same for inspection and copying or attach a copy thereof to these answers.

RESPONSE:  See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's interrogatory number 23.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

     1. If any photographs, films, videotapes or audio tapes have been taken by you or any of your agents of representatives, or by any other person, relating to any of the facts alleged in the Amended and Supplemental Complaint, please produce them for inspection and copying.

RESPONSE: See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's document request no. 1.

     2. Please produce copies of all documents containing information relating to the facts alleged in the Amended and Supplemental Complaint.

RESPONSE: See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's document request no. 2.

     3. Produce all documents which refer or relate to Defendants Bigelow, Christian, John Marfisi and John Meckstroth.

RESPONSE: See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's document request no. 3.

     4. Produce all exhibits to be offered at trial.

RESPONSE: See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's document request no. 4.

     5. Produce all documents that relate to or support your claim for damages.

RESPONSE: See Plaintiff Shirdenia Bryant's response to Defendant Prescott Bigelow IV's document request no. 5.

                   Respectfully submitted,

                   William H. Blessing (#0006848)
                   James E. Schwantes (#0068771)
                   119 East Court Street, Suite 500
                   Cincinnati, OH 45202
                   Telephone: (513) 621-9191
                   Telecopier: (513) 621-7086

## VERIFICATION

The foregoing answers to interrogatories are true and correct to the best of my

knowledge, information, and belief.

_Shirdenia Bryant_
Shirdenia Bryant

STATE OF OHIO                )
                            )   SS:
COUNTY OF HAMILTON  )

Signed and sworn to before me this _27th_ day of June, 2003.

_____
Notary Public

JAMES SCHWANTES, Attorney at law
NOTARY PUBLIC - STATE OF OHIO
My Commission has no expiration
date. Section 147-03 O.R.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by hand delivery upon:

Gary R. Lewis, Attorney
Cincinnati Club Building, Suite 915
30 Garfield Place
Cincinnati, OH  45205

on this 2nd day of July, 2003.

# PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned promises to pay to Shirdenia Bryant the principal amount of Nineteen Thousand and 00/100 ($19,000.00) Dollars without interest. Said amount shall be due and payable within sixty (60) days of the date of this note or when the borrower has paid the amount due under a note and mortgage to Nationsbanc Mortgage Corporation for the property located at 1107 Laidlaw Avenue, Cincinnati, Ohio 45237, whichever date occurs first.

Signed this 27th day of January 1998.

_____
Prescott Bigelow, IV



DEFENDANT'S
EXHIBIT NO. 4
FOR IDENTIFICATION
Bryant
DATE: 8-5-03    RPTR TAM

BRYANT -622

## PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned promises to pay to Shirdenia Bryant the principal amount of Nineteen Thousand and 00/100 ($19,000.00) Dollars without interest.  Said amount shall be due and payable within sixty (60) days of the date of this note or when the borrower has paid the amount due under a note and mortgage to Nationsbanc Mortgage Corporation for the property located at 1107 Laidlaw Avenue, Cincinnati, Ohio 45237, whichever date occurs first.

Signed this 27th day of January 1998.

_____
Prescott Bigelow, IV

*PAID IN FULL*

*Shirdenia Bryant*

# LEASE AGREEMENT

THIS LEASE AGREEMENT, entered into this _6th_ day of January, 1999, by and between PRESCOTT BIGELOW, IV (hereinafter referred as Landlord) and SHIRDENIA BRYANT (hereinafter referred to as Tenant);

For the considerations, on the terms and subject to the conditions that follow, the Landlord leases and to the Tenant and the Tenant leases from the Landlord the real property and appurtenances thereto commonly known as 1107 Laidlaw Avenue, Cincinnati, OH 45237 (hereinafter referred to as the premises).

1. <u>Term</u>. The term of this agreement shall be the period from January 1, 1999 and running through December 31, 1999.

2. <u>Payments</u>. The total amount due under this agreement shall be the sum of Seven Thousand Two Hundred and 00/100 ($7,200.00) Dollars (US) payable advance as follows:

A. Two Hundred Fifty and 00/100 ($250.00) Dollars upon the execution of this agreement.

B. Two Hundred Fifty and 00/100 ($250.00) Dollars on January 15, 1999 and the same amount on the first day and fifteenth day of each month beginning in February and thereafter.

The monthly payments shall be made at the Seller's address of P.O. Box 30404, Cincinnati, Ohio 45230 or at such other place or places as the Landlord shall from time to time designate in writing addressed to the Tenant and mailed to or left at the premises.

3. <u>Use of the Premises</u>. The Tenant shall use the premises in a careful, safe and proper manner for residential purposes only. In no event shall the Tenant use or permit the premises to be used in any manner whatsoever which shall be unlawful, which shall cause commission of waste therein, or which shall disturb, in any way the peaceful and quiet use and enjoyment of the property of others.

4. <u>Repairs and Maintenance</u>. The Tenant shall keep the exterior of the premises (including window glass) in as good repair as the same is at the commencement of the term of this lease, ordinary wear and tear excepted. The Tenant shall keep the exterior of the premises neat, clear and free of rubbish, including leaves, ice and snow and other obstacles, and shall cut all grass. The

LEGAL EXHIBIT

Tenant shall keep the interior of the premises and its structural portions (including heating equipment, electrical wiring, and plumbing) in good repair and order as the same is at the commencement of the term of this lease, ordinary wear and tear excepted. The Landlord shall not be responsible for or obligated to repair any damage to the premises willfully or negligently caused by the Tenant or the Tenant's agents, invitees, licensees, or guests, which damage shall be repaired at the Tenant's cost.

5. <u>Taxes and Assessments</u>. The Landlord shall pay all installments of real estate taxes and assessments and any interest or penalties related thereto which become due and payable with respect to the premises at any time during the term of this lease.

6. <u>Utilities</u>. The Tenant shall furnish and pay for fuel, water, electricity, telephone, sewage and rubbish disposal and any and all other utilities used on, or in connection with the premises during the term of this lease and the Tenant shall save and keep harmless and indemnify the Landlord from any expense in connection therewith.

7. <u>Alterations, Additions and Improvements to Premises</u>. The Tenant shall not make any alteration, addition, or improvement to the premises without first obtaining the written consent of the Landlord, and any such consent may be made subject to any terms and conditions that the Landlord may impose. Any alteration, addition, or improvement to the premises shall become and remain the property of the Landlord, and the Tenant shall not be required to remove the improvements upon termination of this lease, unless the Landlord otherwise agrees and specifies when granting written consent thereto.

8. <u>Damage to Premises</u>. If by fire or other casualty the premises or appurtenances are destroyed or damaged to the extent that the Tenant is deprived of occupancy of use of the premises, the Landlord or Tenant may elect to: (a) proceed with due diligency to restore the premises and appurtenances to substantially the same condition as existed before such damage or destruction or (b) cancel this lease as of the date of such fire or casualty by written notice to the other party not more than 30 days thereafter. Should the parties elect to proceed under (a) above, all monthly payments shall abate until restoration or repair is completed. In the event the parties hereto are unable to agree on how to proceed, they shall proceed under (b) above.

-2-

BRYANT -625

9. <u>Damage to Contents of Premises</u>. Except in the case of willful acts of Landlord, the Landlord shall not be responsible or liable for loss of or damage to the contents of the premises, regardless of who owns the contents and regardless of how or by whom the loss or damage is caused Tenant.

10. <u>Indemnification</u>. The Tenant shall save and keep harmless and indemnify the Landlord from and against all loss, damage or injury to any person or property while on the premises arising out of the use or occupancy of the premises by the Tenant or the Tenant's employees, guests, licensees, or invitees, or which shall be occasioned by any nuisance made or suffered in the premises.

In addition, the Tenant shall maintain and pay for adequate comprehensive public liability insurance against such hazards in the name of the Landlord and the Tenant, as their respective interest may appear, which insurance shall be with a company authorized to issue the same in the State of Ohio and which shall have limits satisfactory to the Landlord.

11. <u>Entry by Landlord</u>. The Landlord and the Landlord's agents shall have the right to enter upon the premises at all reasonable times for the purposes of inspecting the condition of the premises upon 24 hours advance notice, and inspections no more frequently than monthly.

12. <u>Default by Tenant</u>. If the Tenant fails to pay any installment of rent fifteen (15) days after it becomes due hereunder, or if the Tenant fails to observe or perform obligations herein imposed on the Tenant, or if the Tenant abandons or vacates the premises at any time during the term of this lease, or if the Tenant makes an assignment for the benefit of creditors or enters into a composition agreement with creditors, or if the interest of the Tenant in the premises is attached, levied upon, or seized by legal process, or if a bankruptcy or insolvency proceeding is filed by the Tenant, or the Tenant is adjudged a bankrupt, or if a receiver is appointed for the Tenant by any court of competent jurisdiction, or if this lease is assigned or terminated by operation of law; in any such event, then or at the time thereafter, without prior notice to or demand upon the Tenant, at the option of the Landlord, the Landlord shall have the right to immediately resort to the remedies authorized by the law and either (a) declare this lease agreement to be rescinded, in which event this lease, all rights of the Tenant, and all duties of the Landlord shall immediately cease and terminate, and the Landlord may possess and enjoy the premises as though this lease had never been made, without prejudice, subject however, to any and all rights of action against the Tenant having at the time of recision accrued to the Landlord for rent, damages or breach of covenant, or (b) relet the premises on behalf of the

-3-

BRYANT -626

Tenant for the highest rent reasonable obtainable in the judgement of the Landlord, which event shall not be considered as a surrender or acceptance-back of the premises or termination of this lease, and recover from the Tenant any deficiency between the amount received as rent upon such reletting and the amount of rent payable under this lease plus any expenses incurred by the Landlord in connection with such reletting, including without limitation, the expenses of any decorating, repairs or alterations that the Landlord deems necessary or appropriate to make in connections with such reletting.

All payments made by Tenant to Landlord of whatever nature may be retained by Landlord as liquidated damages in the event of default as provided herein.

13.  <u>Assignment or Subletting</u>.  Tenant shall not assign any right, title or interest hereunder or sublet all or any part of the premises without first obtaining the written consent of the Landlord.  If the Tenant assigns any right, title or interest hereunder or sublets all or any part of the premises, neither the assignment nor the subletting nor the receipt and acceptance by the Landlord from the assignee or subtenant or rent shall operate to release the Tenant from the terms, covenants, and conditions hereof unless the Landlord specifically so agrees in writing.

14. <u>Quiet Enjoyment</u>.  If the Tenant pays the rent and keeps and performs the covenants of this lease on the Tenant's part to be kept and performed, according to the provisions and conditions hereof, the Tenant shall peaceably and quietly hold, occupy, and enjoy said premises during the term hereof, or any renewals without any hinderance or molestation by the Landlord or the Landlord's successors or assigns.

15. <u>Security Deposit</u>.  The Landlord and Tenant acknowledge that there has been no security deposit paid by the Tenant.

16.  <u>Time of the Essence</u>.  Time is of the essence in the doing, performing, and observing of each and every term, covenant, or condition of this lease by both the Landlord and the Tenant.

17.  <u>Joint and Singular Obligations</u>.  As used herein, "Tenant" shall include tenant, "Landlord" shall include Landlord and the obligations and duties of the Tenant and the Landlord, respectively, if more than one, shall be joint and several.

-4-

BRYANT -627

18. <u>Captions</u>. The captions of the several items of this lease are not a part of the context hereof and shall be ignored in construing this lease. They are extended only as aids in locating and reading the various provisions hereof.

19. <u>Late Charge</u>. A late charge of Five (5%) Percent of the amount due shall be assessed five (5) days after the due date.

20. <u>Binding Effect</u>. This Lease Agreement is binding on the heirs, executors, administrators and assigns of the parties hereto.

IN WITNESS WHEREOF, the parties hereto have set their hands as the date first mentioned above.

In the Presence of:

_____
WITNESS

_____
WITNESS

_____
WITNESS

_____
WITNESS

LANDLORD:

_____
PRESCOTT BIGELOW, IV

TENANT:

_____
SHIRDENIA BRYANT

-5-

BRYANT -628



59/270

64/281-C

## Know All Men By These Presents:

THAT THE MORTGAGORS   PRESCOTT BIGELOW, IV, TRUSTEE AND PRESCOTT BIGELOW, IV,

in consideration of the sum of  Fifty-Six Thousand

the estimated value of   One Hundred Twelve (112)                                             is  56,000.00                    Dollars,
CHEVIOT BUILDING AND LOAN COMPANY, the Mortgagee, a corporation organized and existing under and by virtue of
the laws of the State of Ohio, its address being 3724 Glenmore Avenue, Cheviot, Ohio 45211, in Hamilton County, the receipt
of which is hereby acknowledged, do hereby GRANT, BARGAIN, SELL AND CONVEY to the said Mortgagee, its
successors and assigns, the following described real estate, to-wit:

Situated in the City of Cincinnati, Hamilton County, Ohio and more particularly
described as follows:

Being the east 20 feet of Lot No. 21 and the west 20 feet of Lot No. 22 on
the Plat of the First Ruffner Subdivision in Bond Hill, recorded in Plat Book
27, pages 58 and 59 of the Records of Hamilton County, Ohio.

## Release

REBECCA PRICK GROPPE
HAMILTON COUNTY RECORDER
Doc 0/00  -  49296  Type: MT
Filed:03/24/1998  P:36:05 PM   $  16.00
Off.Rec.: 7605  2813 F  E2      J   749

REBECCA PRICK GROPPE
HAMILTON COUNTY RECORDER
Doc 0/0  -  106299  Type: REL
Filed:07/13/2000  10:54:14 AM   $  22.00
Off.Rec.: 6358  1562 F      4  387

8218      1562

7605   2813

BRYANT -629



Prescott Bigelow, IV, Trustee and Prescott Bigelow, IV

24th                    March
one thousand nine hundred and ninety-eight (1998).

Prescott Bigelow, IV, Trustee

Prescott Bigelow, IV

24th              March
one thousand nine hundred and ninety-eight (1998),
me, Prescott Bigelow, IV, individually and as Trustee.

8318    1564

605    2815

JOHN G. ECKERT, Attorney at Law
Notary Public, State of Ohio
My Commission has No Expiration Date
Section 147.03 R.C.

This instrument was prepared by
Eckert, Eckert & Eckert, Attorneys

GENERAL WARRANTY DEED, Statutory Form No. 22-2    (Reprinted 5/88)

**RETURN TO:**

V-9937

118-1-61

# General Warranty Deed*

Prescott Bigelow, IV, Trustee    915825

VINTAGE TITLE AGENCY, INC.
281 BUTTERMILK PIKE
FT. MITCHELL, KY. 41017

, of  Hamilton  County,  Ohio

for valuable consideration paid, grant(s) with general warranty covenants, to    Shirdenia Bryant,
unmarried    , whose tax-mailing address is

1107 Laidlaw Avenue Cincinnati, Ohio  45237
the following **REAL PROPERTY**: Situated in the County of    Hamilton    in the State
of Ohio and in the    City    of  Cincinnati    :

Situated in the County of Hamilton, in the State of Ohio and in the Township
of Millcreek and more particularly described as follows:  Being part of
Section 11, Millcreek Township, Fractional Range 2, of the Miami Purchase, and
being the East twenty (20) feet of Lot No. Twenty-one (21) and the West twenty
(20) feet of Lot No. Twenty-two (22) on the Plat of the First Ruffner
Subdivision in Bond Hill, recorded in Plat Book 27, pages 58 and 59 of the
records of Hamilton County, Ohio.

ax Map  27-11.00

Examined & Compliance with
Sec. 319.202 R.C.
Paid     91-30
DUSTY RHODES
HAMILTON COUNTY, OHIO

012719

Examined & Compliance with
Sec. 319.202 R.C.
DUSTY RHODES
HAMILTON COUNTY, OHIO

1.00

TAX   61.00

Prior Instrument Reference: Volume    7558  Page 1954  of the Deed Records of  Hamilton
County, Ohio.

Grantor releases all rights of dower therein. Witness  his        hand(s) this    9th    day
of June    , 2000

REBECCA PREW GROPPE
HAMILTON COUNTY RECORDER
Doc #: 0 - t34653 Type: DE
Filed:06/30/2000 7:14:15 AM  $  14.00
Off.Rec.: 8359   622 F  V2   1   116

Signed and acknowledged in presence of:

*Nath Giske*

NATHAN GISKE

*Cynthia L. Taylor*

*Prescott Bigelow, IV, Trustee*

State of Ohio    Cynthia L. Taylor,      County of    Hamilton      ss.
**BE IT REMEMBERED,** That on this    9th    day of    June    , 2000 ,before me,
the subscriber, a    Notary Public    in and for said state, personally came,
Prescott Bigelow, IV, Trustee    the Grantor(s) in the
foregoing deed, and acknowledged the signing thereof to be    his    voluntary act and deed.
**IN TESTIMONY THEREOF,** I have hereunto subscribed my name and affixed my  Official seal
on the day and year last aforesaid.

*Cynthia R. Taylor*

My Commission Expires:

This instrument was prepared by   VINTAGE TITLE AGENCY, INC.
McKinley Mortgage
8359    622    Cincinnati, Ohio

CYNTHIA L. TAYLOR
Notary Public, State of Ohio

**Auditor's and Recorder's Stamps**

*See Sections 5302.05 and 5302.06 Ohio Revised Code.

LOAN #: 2662955

831634

# AFFIDAVIT

STATE OF OHIO )
)ss:
COUNTY OF HAMILTON )

REBECCA PREN GROPPE
HAMILTON COUNTY RECORDER
Doc #:98 - 14968 Type: AFF
Filed:01/28/1998 11:28:55 AM $ 14.00
Off.Rec.: 7558 1952 F M27  2  640

      Shirdenia Bryant, being first duly sworn and cautioned, states that she holds title with Johnnie

*aka Johnnie Worthy*

Worthy also known as Johnie Worthy in survivorship to the property commonly known as 1107

Laidlaw Avenue, Cincinnati, Ohio  which is more particularly described as follows:

      Situated in the County of Hamilton, in the State of Ohio and in the Township of Millcreek and more particularly described as follows:

      Being part of Section 11, Millcreek Township, Fractional Range 2, of the Miami Purchase, and being the East twenty (20) feet of Lot No. Twenty-one (21) and the West twenty (20) feet of Lot No. Twenty-two (22) on the Plat of the First Ruffner Subdivision in Bond Hill, recorded in Plat Book 27, pages 58 and 59 of the records of Hamilton County, Ohio;

That the said Johnnie Worthy died on May 31, 1996.  A copy of her death certificate is attached hereto.  An Ohio Estate Tax Return was filed under Hamilton County Probate Court Case No. 980499

That the Auditor is instructed to reflect that the property is solely in the name of Shirdenia Bryant.

Being the same property described in Official Record 6999, Page 534 of the Hamilton County Recorder's Office and also known as Auditor's Parcel No. 118-1-61

*Shirdenia Bryant*
Shirdenia Bryant

Sworn to and subscribed in my presence this 27th day of January, 1998.

**DESCRIPTION ACCEPTABLE
HAMILTON COUNTY ENGINEER**

Tax Map - 1-28-98

CAGIS -

Notary Public

EXHIBIT
ALL-STATE LEGAL

JOHN R. MECKSTROTH, JR., Attorney at Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration
date. Section 147.03 O.R.C.

Prepared by:
John R. Meckstroth, Jr.
Attorney at Law
22 West Ninth Street
Cincinnati, Ohio 45202
(513) 721-8808

7558    1952

DUSTY RHODES
HAMILTON COUNTY, OHIO    50

BRYANT -632

831635

Auditor's Parcel No. 118-1-61

54/280-B

# GENERAL WARRANTY DEED

**SHIRDENIA BRYANT**, unmarried, hereinafter referred to as Grantor(s), of Hamilton County, Ohio

for valuable consideration paid, grant(s), with general warranty covenants to: **PRESCOTT**

**BIGELOW, IV**, Trustee whose tax-mailing address is P.O. Box 30404, Cincinnati, Ohio 45230.

The following REAL PROPERTY:

Situated in the County of Hamilton, in the State of Ohio and in the Township of Millcreek and more particularly described as follows:

Being part of Section 11, Millcreek Township, Fractional Range 2, of the Miami Purchase, and being the East twenty (20) feet of Lot No. Twenty-one (21) and the West twenty (20) feet of Lot No. Twenty-two (22) on the Plat of the First Ruffner Subdivision in Bond Hill, recorded in Plat Book 27, pages 58 and 59 of the records of Hamilton County, Ohio;

Subject to a mortgage from Charles Worthy and Johnie Worthy in favor of Ameritrust Co., NA as recorded in Mortgage Book 4708, Page 483 and assigned to Nationsbanc Mortgage Corporation in the approximate principal balance of $14,884.88 which the Grantee assumes and agrees to pay.

Subject to taxes and assessments, if any, due and payable in December, 1997 which the grantee assumes and agrees to pay.

Being the property conveyed to the Grantor(s) herein by instrument recorded in Official Record 6999, Page 534 of the Deed Records of Hamilton County, Ohio.

Grantor(s) releases any right of dower therein.. Witness her hands this 27th day of January, 1998.

Signed and acknowledged in the presence of:

_____
Witness

_____
Witness

_____
Shirdenia Bryant

REBECCA PREM GROPPE
HAMILTON COUNTY RECORDER
Doc #:98 - 14969 Type: DE
Filed:01/28/1998 11:29:20 AM    $ 14.00
Off.Rec.: 7558   1954 F   M27   1  641

DESCRIPTION ACCEPTABLE
HAMILTON COUNTY ENGINEER
Tax Map - 01-28-98
CAGIS -

STATE OF OHIO, COUNTY OF HAMILTON, ss:

BE IT REMEMBERED, That on the 27th day of January, 1998, before me, the subscriber, a Notary Public, in and for said County and State, personally came Shirdenia Bryant, unmarried, Grantor in the foregoing deed, known to me and whose identity was proven by satisfactory evidence, and acknowledge the signing thereof to be her voluntary act and deed.

IN TESTIMONY THEREOF, I have hereunto subscribed my name and affixed my seal on this day and year aforesaid.

_____
Notary Public

JOHN R. MECKSTROTH, JR., Attorney at Law
NOTARY PUBLIC - STATE OF OHIO
My comm. has no expiration
date. Section 147.03 O.R.C.

EXHIBIT

Prepared by:
James J. Meckstroth
Attorney at Law
22 West Ninth Street
Cincinnati, Ohio 45202

Examined & Compliance with
Sec. 322.02 R.C.
Real Property Transfer Tax
54.30

DUSTY RHODES
HAMILTON COUNTY, OHIO

7558   1954

9801164

Examined & Compliance with
Sec. 319.202 R.C.
DUSTY RHODES
HAMILTON COUNTY, OHIO
36.00

50

BRYANT -633

## RELEASE

This agreement dated this _____ day of January, 1999 by and between Prescott Bigelow, IV, hereinafter referred to as Bigelow and Shirdenia Bryant, hereinafter referred to as Bryant.

WHEREAS Bigelow previously purchased from Bryant the property commonly known as 1107 Laidlaw Avenue, Cincinnati, Ohio. In connection with that transaction Bigelow signed a promissory note to Bryant for the payment of Nineteen Thousand and 00/100 ($19,000.00) Dollars.

WHEREAS Bigelow's responsibility under said promissory note has been previously transferred to John Marfisi and the original promissory note was marked paid in full.

WHEREAS Bryant has previously rented the before-described property from Bigelow and a dispute remains unresolved in regards to her tenancy and his liability under the promissory note.

Now Therefore, it is agreed by and between the parties as follows:

1.    Bigelow shall pay to Bryant the sum of Two Thousand and 00/100 ($2,000.00) Dollars.

2.    Bigelow shall release Bryant of the responsibility to pay the amount of Six Hundred and 00/100 ($600.00) Dollars which remains due for the period prior to December 31, 1998 as rent for the before-described property.

3.    The parties agree to enter into a lease agreement for the property as set forth in an agreement executed at the same time as this release.

4.    Bryant agrees to release Bigelow of any further obligation of whatsoever nature in regards to her previous tenancy and the promissory note dated January 27, 1998.



BRYANT -634

Signed on the date first named above.


_____
Prescott Bigelow, IV


_____
Shirdenia Bryant

BRYANT -635

# SETTLEMENT STATEMENT
## 1107 LAIDLAW AVENUE
### CINCINNATI, OHIO  45237
January 27, 1998

### SELLER(S)

Sales Price

|  | | |
|---|---|---|
| Deductions |  | $ 36,154.98 |
| - Principal balance of Mortgage Assumed (Purchaser) | ($ 14,884.88) | |
| - Real estate tax proration (1/1/97-1/27/98) - Purchaser(s) | ( 871.98) | |
| - Attorney Fees (Estate of Johnie Worthy) - John R. Meckstroth, Jr. | ( 150.00) | |
| - Filing and Recording Costs (Estate of Johnie Worthy) - Probate Court, Auditor and Recorder | ( 25.00) | |
| - Estate Tax (Estate of Johnie Worthy) - Hamilton County Treasurer | ( 83.12) | |
| - Principal of Promissory Note - Purchaser(s) | ( 19,000.00) | |
| - Transfer tax - Hamilton County Auditor | ( 90.00) | |
| - Deed Preparation - John R. Meckstroth, Jr. | ( 50.00) | |
| Total Deductions | ($ 35,154.98) | |

Balance Due to Seller(s)                                                                      $  1,000.00

### PURCHASER(S)

Purchase Price                                                                                $ 36,154.98

|  | | |
|---|---|---|
| Deductions and Credits | | |
| - Principal Balance of Mortgage Assumed - Seller(s) | ($ 14,884.88) | |
| - Principal of Promissory Note - Seller(s) | ( 19,000.00) | |
| - Real Estate Tax Proration - (1/1/97 - 1/27/98) - Seller(s) | ( 871.98) | |
| Total Deductions | ($ 34,756.86) | |
| Charges and Expenses | | |
| - Attorney Fees - John R. Meckstroth, Jr. | $ 295.00 | |
| - Recording Costs (deed) - Hamilton County Recorder | 14.50 | |
| Total Charges and Expenses | $ 309.50 | |

Balance Due from Purchaser(s)

$1,707.62

EXHIBIT
7

BRYANT -636