| Form **W-9** (Rev. November 1999) Department of the Treasury Internal Revenue Service | Request for Taxpayer Identification Number and Certification | Give form to the requester. Do NOT send to the IRS. |

**Please print or type**

Name (If a joint account or you changed your name, see Specific Instructions on page 2.)
SHIRDENIA BRYANT

Business name, if different from above. (See Specific Instructions on page 2.)
N.A.

Check appropriate box: ☐ Individual/Sole proprietor ☐ Corporation ☐ Partnership ☐ Other ▶

Address (number, street, and apt. or suite no.)
1107 LAIDLAW AVENUE

City, state, and ZIP code
CINCINNATI, Ohio 45237

Requester's name and address (optional)

### Part I — Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. For individuals, this is your social security number (SSN). However, if you are a resident alien OR a sole proprietor, see the instructions on page 2. For other entities, it is your employer identification number (EIN). If you do not have a number, see How to get a TIN on page 2.

Note: *If the account is in more than one name, see the chart on page 2 for guidelines on whose number to enter.*

Social security number: **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**

OR

Employer identification number:

List account number(s) here (optional)

### Part II — For Payees Exempt From Backup Withholding (See the instructions on page 2.)

### Part III — Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. (See the instructions on page 2.)

Sign here ▶ Signature ▶ _____ Date ▶ _____

**Purpose of form.** A person who is required to file an information return with the IRS must get your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9, if you are a U.S. person (including a resident alien), to give your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify the TIN you are giving is correct (or you are waiting for a number to be issued),
2. Certify you are not subject to backup withholding, or
3. Claim exemption from backup withholding if you are an exempt payee.

If you are a foreign person, IRS prefers you use a Form W-8 (certificate of foreign status). After December 31, 2000, foreign persons must use an appropriate Form W-8.

Note: *If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.*

**What is backup withholding?** Persons making certain payments to you must withhold and pay to the IRS 31% of such payments under certain conditions. This is called "backup withholding." Payments that may be subject to backup withholding include interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee pay, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

If you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return, payments you receive will not be subject to backup withholding. Payments you receive will be subject to backup withholding if:

1. You do not furnish your TIN to the requester, or
2. You do not certify your TIN when required (see the Part III instructions on page 2 for details), or
3. The IRS tells the requester that you furnished an incorrect TIN, or
4. The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only), or
5. You do not certify to the requester that you are not subject to backup withholding under 3 above (for reportable interest and dividend accounts opened after 1983 only).

Certain payees and payments are exempt from backup withholding. See the Part II instructions and the separate Instructions for the Requester of Form W-9.

**Penalties**

**Failure to furnish TIN.** If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

**Civil penalty for false information with respect to withholding.** If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal penalty for falsifying information.** Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.** If the requester discloses or uses TINs in violation of Federal law, the requester may be subject to civil and criminal penalties.

-9030 (9912)   Form **W-9** (Rev. 11-99)
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 2

Document # L879



BRYANT -678

## Specific Instructions

**Name.** If you are an individual, you must generally enter the name shown on your social security card. However, if you have changed your last name, for instance, due to marriage, without informing the Social Security Administration of the name change, enter your first name, the last name shown on your social security card, and your new last name.

If the account is in joint names, list first and then circle the name of the person or entity whose number you enter in Part I of the form.

*Sole Proprietor.* You must enter your individual name as shown on your social security card. You may enter your business, trade, or "doing business as" name on the business name line.

*Other Entities.* Enter your business name as shown on required Federal tax documents. This name should match the name shown on the charter or other legal document creating the entity. You may enter any business, trade, or "doing business as" name on the business name line.

### Part I - Taxpayer Identification Number (TIN)

You must enter your TIN in the appropriate box. If you are a resident alien and you do not have and are not eligible to get an SSN, your TIN is your IRS individual taxpayer identification number (ITIN). Enter it in the social security number box. If you do not have an ITIN, see How to get a TIN below.

If you are a sole proprietor and you have an EIN, you may enter either your SSN or EIN. However, using your EIN may result in unnecessary notices to the requester.

**Note:** *See the chart on this page for further clarification of name and TIN combinations.*

**How To Get a TIN.** If you do not have a TIN, apply for one immediately. To apply for an SSN, get Form SS-5, Application for a Social Security Card, from your local Social Security Administration office. Get Form W-7, Application for IRS Individual Taxpayer Identification Number, to apply for an ITIN or Form SS-4, Application for Employer Identification Number, to apply for an EIN. You can get Forms W-7 and SS-4 from the IRS by calling 1-800-TAX-FORM (1-800-829-3676) or from the IRS's Internet Web Site at www.irs.gov.

If you do not have a TIN, write "Applied For" in the space for the TIN, sign and date the form, and give it to the requester. For interest and dividend payments, and certain payments made with respect to readily tradable instruments, generally you will have 60 days to get a TIN and give it to the requester. Other payments are subject to backup withholding.

**Note:** *Writing "Applied For" means that you have already applied for a TIN OR that you intend to apply for one soon.*

### Part II - For Payees Exempt From Backup Withholding

Individuals (including sole proprietors) are not exempt from backup withholding. Corporations are exempt from backup withholding for certain payments, such as interest and dividends. For more information on exempt payees, see the separate Instructions for the Requester of Form W-9.

If you are exempt from backup withholding, you should still complete this form to avoid possible erroneous backup withholding. Enter your correct TIN in Part I, write "Exempt" in Part II, and sign and date the form.

If you are a nonresident alien or a foreign entity not subject to backup withholding, give the requester a completed Form W-8, (certification of foreign status).

### Part III - Certification

For a joint account, only the person whose TIN is shown in Part I should sign (when required).

1. **Interest, dividend, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983.** You must give your correct TIN, but you do not have to sign the certification.

2. **Interest, dividend, broker, and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983.** You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item 2 in the certification before signing the form.

3. **Real estate transactions.** You must sign the certification. You may cross out item 2 of the certification.

4. **Other payments.** You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).

5. **Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified state tuition program payments, IRA or MSA contributions or distributions, and pension distributions.** You must give your correct TIN, but you do not have to sign the certification.

### Privacy Act Notice

Section 6109 of the Internal Revenue Code requires you to give your correct TIN to persons who must file information returns with the IRS to report interest, dividends, and certain other income paid to you; mortgage interest you paid, the acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA or MSA. The IRS uses the numbers for identification purposes and to help verify the accuracy of your tax return. The IRS may also provide this information to the Department of Justice for civil and criminal litigation, and to cities, states, and the District of Columbia to carry out their tax laws.

You must provide your TIN whether or not you are required to file a tax return. Payers must generally withhold 31% of taxable interest, dividend, and certain other payments to a payee who does not give a TIN to a payer. Certain penalties may also apply.

## What Name and Number To Give the Requester

| For this type of account: | Give name and SSN of: |
|---|---|
| 1. Individual | The individual |
| 2. Two or more individuals (joint account) | The actual owner of the account or, if combined funds, the first individual on the account[1] |
| 3. Custodian account of a minor (Uniform Gift to Minors Act) | The minor[2] |
| 4. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee[1] |
| b. So-called trust account that is not a legal or valid trust under state law | The actual owner[1] |
| 5. Sole proprietorship | The owner[3] |

| For this type of account: | Give name and EIN of: |
|---|---|
| 6. Sole proprietorship | The owner[3] |
| 7. A valid trust, estate, or pension trust | Legal entity[4] |
| 8. Corporate | The corporation |
| 9. Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| 10. Partnership | The partnership |
| 11. A broker or registered nominee | The broker or nominee |
| 12. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |

[1] List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.

[2] Circle the minor's name and furnish the minor's SSN.

[3] You must show your individual name, but you may also enter your business or "doing business as" name. You may use either your SSN or EIN (if you have one).

[4] List first and circle the name of the legal trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.)

**Note:** *If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.*

Form **4506**
(Rev. May 1997)
Department of the Treasury
Internal Revenue Service

# Request for Copy or Transcript of Tax Form

OMB No. 1545-0429

☐ Read instructions before completing this form.
☐ Type or print clearly. Request may be rejected if the form is incomplete or illegible.

Note: Do not use this form to get tax account information. Instead, see instructions below.

**1a** Name shown on tax form

SHIRDENIA BRYANT

**1b** First social security number on tax form or employer identification number (See instructions)

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

**2a** If a joint return, spouse's name shown on tax form

**2b** Second social security number on tax form

**3** Current name and address (including apt., room, or suite no.), city state, and ZIP code (See instructions.)

SHIRDENIA BRYANT, 1107 LAIDLAW AVENUE, CINCINNATI, Ohio 45237

**4** Address, (including apt., room, or suite no.), city, state, and ZIP code shown on the last return filed if different from line 3.

**5** If copy of form or a tax return transcript is be mailed to someone else, enter the third party's name and address

First Franklin QC Dept,
2150 North First Street, San Jose, CA 95131

**6** If we cannot find a record of your tax form and you want the payment refunded to the third party, check here ▶ ☐

**7** If name in third party's records differs from line 1a above, enter that name here. (See instructions.)

**8** Check only one box to show what you want. There is no charge for items 8a, b, and c:
  a ☐ Tax return transcript of Form 1040 series filed during the current calendar year and the 3 prior calendar years (see instructions).
  b ☐ Verification of nonfiling
  c ☐ Form(s) W-2 information (see instructions).
  d ☐ Copy of tax form and all attachment (including Form(s) W-2, schedules, or other forms). The charge is $23 for each period requested.
    Note: If these copies must be certified for court or administrative proceedings, see instructions and check here ▶ ☐

**9** If this request is to meet a requirement of one of the following, check all boxes that apply.
  ☐ Small Business Administration  ☐ Department of Education  ☐ Department of Veterans Affairs  ☐ Financial Institution

**10** Tax form number (form 1040, 1040A, 941, etc.)

**11** Tax period(s) (year or period ended date). If more than four, see instructions.

**12** Complete only if line 8d is checked.
  Amount due:
  a Cost for each period $ 23.00
  b Number of tax periods requested on line
  c Total cost (multiply line 11a by line 11b) $

Full payment must accompany your request. Make check or money order payable to "Internal Revenue Service"

Caution: Before signing, make sure all items are complete and the form is dated.

I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. I am aware that based upon this form, the IRS will release the tax information requested to any party shown on line 5. The IRS has no control over what that party does with the information.

**Please Sign Here** ▶

Signature. See instructions. If other than taxpayer, attach authorization document.   Date

Telephone number of requester

Best time to call

Title (if line 1a above is a corporation, partnership, estate, or trust)

Spouse's Signature   Date

## Instructions

Section references are to the Internal Revenue Code.

**TIP:** If you had your tax form filled in by a paid preparer, check first to see if you can get a copy from the preparer. This may save you both time and money.

**Purpose of Form.** - Use Form 4506 to get a tax return transcript, verification that you did not file a Federal tax return, Form W-2 information, or a copy of a tax form. Allow 6 weeks after you file a tax form before you request a copy of it or a transcript. For W-2 information, wait 13 months

after the end of the year in which the wages were earned. For example, wait until Feb. 1999 to request W-2 information for wages earned in 1997.

Do not use this form to request Forms 1099 or tax account information. See this page for details on how to get these items.

Note: Form 4506 must be received by the IRS within 60 calendars days after the date you signed and dated the request.

**How Long Will It Take?** - You can get a tax return transcript or verification of nonfiling within 7 to 10 workdays after the IRS receives

your request. It can take up to 60 calendar days to get a copy of a tax form or W-2 information. To avoid any delay be sure to furnish all the information asked for on Form 4506.

**Forms 1099.** - If you need a copy of a Form 1099, contact the payer. If the payer cannot help you, call or visit the IRS to get Form 1099 information.

**Tax Account Information.** - If you need a statement of your tax account showing any later changes that you or the IRS made to the original return, request tax account

(Continued on page 2)

For Privacy Act and Paperwork Reduction Act Notice, see page 2   Page 1 of 2   Form **4506** (Rev. 5-97)

BRYANT -680

# NOTICE OF RIGHT TO CANCEL

Transaction I.D. No.                          Loan Number    0002662955

Borrowers:     SHIRDENIA BRYANT,

Property Address:     1107 LAIDLAW AVENUE
                            CINCINNATI, Ohio 45237

**YOUR RIGHT TO CANCEL:**
You are entering into a transaction that will result in a mortgage, lien, or security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of the transaction, which is                  ;or
2. the date you receive your Truth in Lending disclosures; or
3. the date you receive this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien, or security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien, or security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL:**

If you decide to cancel this transaction, you may do so by notifying us in writing,

Name of Creditor

at      FIRST FRANKLIN FINANCIAL CORPORATION
       4790 Red Bank Expressway, Suite 128
       Cincinnati, OH 45227

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send a notice no later than midnight of                (or midnight of the third business day following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

_____      _____
Date                                            Consumer's Signature

ON THE DATE LISTED ABOVE I/WE UNDERSIGNED EACH RECEIVED TWO (2) COMPLETED COPIES OF THE NOTICE OF RIGHT TO CANCEL IN THE FORM PRESCRIBED BY LAW ADVISING ME/US OF MY/OUR RIGHT TO CANCEL THIS TRANSACTION.

_____      _____
SHIRDENIA BRYANT

HP022

Document # L884            BRYANT -681

# NOTICE OF RIGHT TO CANCEL

Transaction I.D. No.                                    Loan Number    0002662955
Borrowers:      SHIRDENIA BRYANT,

Property Address:    1107 LAIDLAW AVENUE
                     CINCINNATI, Ohio 45237

---

**YOUR RIGHT TO CANCEL:**
You are entering into a transaction that will result in a mortgage, lien, or security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of the transaction, which is                         ;or
2. the date you receive your Truth in Lending disclosures; or
3. the date you receive this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien, or security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien, or security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL:**

If you decide to cancel this transaction, you may do so by notifying us in writing.

Name of Creditor
              FIRST FRANKLIN FINANCIAL CORPORATION
at            4790 Red Bank Expressway, Suite 128
              Cincinnati, OH 45227

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send a notice no later than midnight of                         (or midnight of the third business day following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

_____        _____
Date                        Consumer's Signature

---

ON THE DATE LISTED ABOVE I/WE UNDERSIGNED EACH RECEIVED TWO (2) COMPLETED COPIES OF THE NOTICE OF RIGHT TO CANCEL IN THE FORM PRESCRIBED BY LAW ADVISING ME/US OF MY/OUR RIGHT TO CANCEL THIS TRANSACTION.

_____
SHIRDENIA BRYANT

HP022

Document # L884

BRYANT -682

Transaction I.D. No.                                           Loan Number  0002662955
Borrowers:         SHIRDENIA BRYANT,

Property Address:  1107 LAIDLAW AVENUE
                   CINCINNATI, Ohio 45237

**YOUR RIGHT TO CANCEL:**

You are entering into a transaction that will result in a mortgage, lien, or security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of the transaction, which is                        ;or
2. the date you receive your Truth in Lending disclosures; or
3. the date you receive this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien, or security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien, or security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL:**

If you decide to cancel this transaction, you may do so by notifying us in writing,

Name of Creditor

at      FIRST FRANKLIN FINANCIAL CORPORATION
        4790 Red Bank Expressway, Suite 128
        Cincinnati, OH 45227

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send a notice no later than midnight of                      (or midnight of the third business day following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

_____           _____
Date                                Consumer's Signature

ON THE DATE LISTED ABOVE I/WE UNDERSIGNED EACH RECEIVED TWO (2) COMPLETED COPIES OF THE NOTICE OF RIGHT TO CANCEL IN THE FORM PRESCRIBED BY LAW ADVISING ME/US OF MY/OUR RIGHT TO CANCEL THIS TRANSACTION.

_____           _____
SHIRDENIA BRYANT

HP022

Document # L884

BRYANT -683

# MCKINLEY MORTGAGE LLC
## Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when [X] the income or assets of a person other than the "Borrower" (including Borrower's spouse) will be used as a basis for loan qualification or [X] the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

### I. TYPE OF MORTGAGE AND TERMS OF LOAN

Mortgage Applied for: [ ] VA  [X] Conventional  [ ] Other  [ ] FHA  [ ] FmHA

Agency Case Number: 
Lender Case Number:

Amount: $64000
Interest Rate: 10.75 %
No. of Months: 360
Amortization Type: [ ] Fixed Rate  [ ] GPM  [X] ARM type: Other (explain)

### II. PROPERTY INFORMATION AND PURPOSE OF LOAN

Subject Property Address: 1107 LAIDLAW AVE, Cincinnati, Hamilton OH 45237
No. of Units: 1

Legal Description of Subject Property: See Preliminary Title Report
Year Built:

Purpose of Loan: [ ] Purchase  [ ] Construction  [ ] Other (explain)  [X] Refinance  [ ] Construction-Permanent

Property will be: [X] Primary Residence  [ ] Secondary Residence  [ ] Investment

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements [ ] made [ ] to be made |
|---|---|---|---|---|
| | $ | | | Cost: $ |

Title will be held in what Name(s): SHIRDENIA BRYANT
Manner in which Title will be held: INDIVIDUAL
Estate will be held in: [X] Fee Simple  [ ] Leasehold (show expiration date)

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain): PROCEEDS OF LOAN

### III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Name | SHIRDENIA BRYANT | |
| Social Security Number | 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 | |
| Home Phone | 513-242-4652 | |
| Age | 53 | |
| Yrs. School | 16 | |
| Marital Status | [X] Unmarried | |
| Dependents | no | |

Present Address: 1107 LAIDLAW AVE, Cincinnati, OH 45237  [X] Own  [ ] Rent  No. Yrs: 5

### IV. EMPLOYMENT INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Name & Address of Employer | MONTGOMERY CARE CENTER, ATTN:PERSONNEL, 7773 CODIER RD, Cincinnati, OH 45237 | |
| Years on this job | 11 | |
| Years employed in this line of work/profession | 11 | |
| Position/Title/Type of Business | UNIT COORDINATOR TEAM LE | |
| Business Phone | 513-793-5092 | |

Fannie Mae Form 65/Rev. 10/92
Printed by The Loan Handler from Centaur Software, Inc. (408) 370-1700
Page 1 of 3    INITIALS _____
Freddie Mac Form 1003/Rev. 10/92

BRYANT -684

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income | $ 2312.00 | $ | $ 2312.00 | Rent | $ 500.00 | $ |
| Overtime | | | | First Mortgage (P & I) | | 597.43 |
| Bonuses | | | | Other Financing (P & I) | | |
| Commissions | | | | Hazard Insurance | | 25.00 |
| Dividends/Interest | | | | Real Estate Taxes | | 100.00 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other | | | | Homeowner Assn. Dues | | |
| | | | | Other: | | |
| Total | $ 2312.00 | $ | $ 2312.00 | Total | $ 500.00 | $ 722.43 |

## VI. ASSETS AND LIABILITIES

| ASSETS Description | Cash or Market Value | LIABILITIES Name and address of Company | Monthly Payt. & Mos. Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Cash deposit toward purchase held by | $ | CROSS COUNTRY | 35 | 181 |
| List checking and savings accounts below | | | | |
| Name and address of Bank, S & L, or Credit Union SHAREFAX | | Acct. no. 422709721231 | | |
| Acct no. | $ 1200 | PROVIDIAN | 15 | 226 |
| Name and address of Bank, S & L, or Credit Union WINTON SAVINGS BANK | | | | |
| Acct no. | $ 3000 | Acct. no. | | |
| Name and address of Bank, S & L, or Credit Union | | PETE BIGALOW LAND CONTRACT | 500 | *R.E. Loan 58800. |
| Acct no. | $ | Acct. no. | | |
| Name and address of Bank, S & L, or Credit Union | | | | |
| Acct no. | $ | | | |
| Stocks & Bonds (Company name/number) 401K | $ 300 | Acct. no. | | |
| Life insurance net cash value Face amount $ | $ | | | |
| Subtotal Liquid Assets | $ 4500 | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ 82000 | Acct. no. | | |
| Vested interest in retirement fund | $ | | | |
| Net worth of business(es) owned (attach financial statement) | $ | | | |
| Automobiles owned (make and year) 82 FORD | $ 2000 | Acct. no. | | |
| | | Alimony/Child Support/Separate Maintenance Payments Owed to | $ | |
| Other Assets (itemize) PERSONAL PROPERTY | $ 25000 | Job Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | $ 550 | |
| Total Assets a. | $ 113500 | Net Worth $ 52819 | Total Liabilities b. | $ 60907 |

Freddie Mac 65/Rev. 10/92
Printed by The Loan Handler from Contour Software, Inc. (408) 370-1700
Page 2 of 3
INITIALS. _____
Fannie Mae Form 1003/Rev. 10/92

SHIRDENIA BRYANT

BRYANT -685

# Continuation Sheet/Residential Loan Application

| Use the continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower | Borrower: **SHIRDENIA BRYANT** | Agency Case Number: |
|---|---|---|
| | Co-Borrower: | Lender Case Number: |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |

Freddie Mac 65/Rev. 10/92 (Amended)    Addendum to 1003    Fannie Mae Form 1003A/Rev. 10/92 (Amended)
Printed by The Loan Handler from Contour Software, Inc. (408) 370-1700

BRYANT -686

THIS SERVICE PERFORMED FOR AND AT THE INSTANCE OF:
## MCKINLEY MORTGAGE & VINTAGE TITLE AGENCY

NOTE: This Mortgage Location Survey is prepared in accordance with Chapter 4733-38 Ohio Administrative Code for identification purposes solely for the intent of and use by the Mortgagee and/or title insurer, and is not intended or represented to be a boundary or property line survey pursuant to Chapter 4733-37 Ohio Administrative Code. No property corners were set. Do not use for establishing fence or property lines. No responsibility is extended herein to the land owner or occupant.



I hereby state to the best of my knowledge that this plat shows the improvements located on the premises described, that the improvement or improvements are located within the lot lines except as shown or noted.



KEITH R. BECKER, REG. SURVEYOR # 6220
TODD K. TURNER, REG. SURVEYOR # 7684

ADDRESS: 1107 LAIDLAW AVENUE
NEW OWNER: SHIRDENIA BRYANT
PRESENT OWNER: PRESCOTT BIGELOW
PT. LOTS 21 & 22
CITY OF CINCINNATI        HAMILTON COUNTY        PAGE 1 OF 1
DATE: 6/5/00
SURVEYORS NOTES:                                 JOB # 65504

ORDER #

## TRI-STATE LOCATION SERVICES, INC.
722 NILLES ROAD  FAIRFIELD, OHIO 45014  PHONE (513) 829-7722  FAX (513) 829-7770

BRYANT -687

# ADJUSTABLE RATE NOTE
(LIBOR Index-Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

June 9th, 2000    Cincinnati, Ohio
                   [City]         [State]

1107 LAIDLAW AVENUE, CINCINNATI, Ohio 45237
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $64,000.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is FIRST FRANKLIN FINANCIAL CORPORATION, a Delaware Corporation. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 10.750 %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making payments every month.
I will make my monthly payments on the first day of each month beginning on August 1, 2000 I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on July 1st, 2030, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."
I will make my monthly payments at 1 Ada Street
Irvine, CA 92618 or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $597.43. This amount may change.

(C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

(A) Change Dates

The interest rate I will pay may change on the first day of July, 2002, and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average on interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding Six and One-Eighth percentage point(s) ( 6.125 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

BRYANT -688

HP053    Document # L387A    (page 1 of 3 pages)

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than ....13.750.... % or less than 10.750....... %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than One........................ percentage point(s) ( 1.000 %) from the rate of interest I have been paying for the preceding six months; subject to the following limits: my interest rate will never be greater than 16.750...... % nor less than 10.750....... %.

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of ........15....................... calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00.......... % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

BRYANT -689

HP115

(page 2 of 3 pages)

Document # L388AX

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

\* THE PREPAYMENT NOTE ADDENDUM ATTACHED HERETO AND MADE A PART
HEREOF AMENDS THE PREPAYMENT PROVISIONS OF THIS NOTE _____ _____
INITIAL INITIAL

_____ _____
INITIAL INITIAL

............................................................................................(Seal)
SHIRDENIA BRYANT                                                            -Borrower

............................................................................................(Seal)
                                                                             -Borrower

............................................................................................(Seal)
                                                                             -Borrower

[Sign Original Only]

BRYANT -690

HP055                          Document # L389A                     (page 3 of 3 pages)

# PREPAYMENT NOTE ADDENDUM

This prepayment Note Addendum is made this __9TH__ day of __JUNE__, 2000, and is incorporated into and shall be deemed to amend and supplement the note of the same date (the "Note") given by the undersigned (the "Borrower") to evidence Borrower's indebtedness to First Franklin Financial Corporation, A Delaware corporation, (the "Lender"), which indebtedness is secured by a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), of the same date and covering the property described in the Security Instrument and located at: 1107 LAIDLAW AVENUE CINCINNATI, OHIO 45237

**ADDITIONAL COVENANTS.** Notwithstanding anything to the contrary set forth in the Note or Security Instrument, Borrower and Lender further covenant ad agree as follows:

1. The Note is modified to provide for a prepayment charge upon Borrower's full prepayment. A "full prepayment" is the prepayment of all of the unpaid principal due under the Note. A prepayment of only part of the unpaid principal is known as a "partial prepayment."

Except as provided below, Borrower may make a full prepayment of a partial prepayment at any time without paying any charge. However, if within the first __3__ year(s) after the date Borrower executes the Note, Borrower makes a full prepayment (including prepayment occurring as a result of the acceleration of the maturity of the Note), Borrower must, as a condition precedent to a full prepayment, pay a prepayment charge that will not be greater the 1% of the original principal amount..

2. All other provisions of the Note are unchanged by this addendum and remain in full force and effect.

## NOTICE TO BORROWER

**Do not sign this loan agreement before you read it. This loan agreement provides for the payment of a penalty if you wish to repay the loan prior to the date provided for repayment in the loan agreement.**

By signing below, Borrower accepts and agrees to the terms and covenants contained in the Prepayment Note Addendum.

_____ (Seal)   _____ (Seal)
SHIRDENIA BRYANT

_____ (Seal)   _____ (Seal)

BRYANT -691

**831634**

# AFFIDAVIT

REBECCA PREM GROPPE
HAMILTON COUNTY RECORDER
Doc #:98 - 14968  Type: AFF
Filed:01/28/1998 11:28:55 AM   $ 14.00
Off.Rec.: 7558  1952 F   M27   2  640

STATE OF OHIO        )
                     )ss:
COUNTY OF HAMILTON   )

Shirdenia Bryant, being first duly sworn and cautioned, states that she holds title with Johnnie Worthy also known as Johnie Worthy *aka Johnnie Worthy* in survivorship to the property commonly known as 1107 Laidlaw Avenue, Cincinnati, Ohio which is more particularly described as follows:

Situated in the County of Hamilton, in the State of Ohio and in the Township of Millcreek and more particularly described as follows:

Being part of Section 11, Millcreek Township, Fractional Range 2, of the Miami Purchase, and being the East twenty (20) feet of Lot No. Twenty-one (21) and the West twenty (20) feet of Lot No. Twenty-two (22) on the Plat of the First Ruffner Subdivision in Bond Hill, recorded in Plat Book 27, pages 58 and 59 of the records of Hamilton County, Ohio;

That the said Johnnie Worthy died on May 31, 1996. A copy of her death certificate is attached hereto. An Ohio Estate Tax Return was filed under Hamilton County Probate Court Case No. 980499.

That the Auditor is instructed to reflect that the property is solely in the name of Shirdenia Bryant.

Being the same property described in Official Record 6999, Page 534 of the Hamilton County Recorder's Office and also known as Auditor's Parcel No. 118-1-61.

_____
Shirdenia Bryant

Sworn to and subscribed in my presence this 27th day of January, 1998.

_____
Notary Public

JOHN R. MECKSTROTH, JR., Attorney at Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration
date. Section 147.03 O.R.C.

**DESCRIPTION ACCEPTABLE**
**HAMILTON COUNTY ENGINEER**
Tax Map - 1-28-98
CAGIS -

Prepared by:
John R. Meckstroth, Jr.
Attorney at Law
22 West Ninth Street
Cincinnati, Ohio 45202
(513) 721-8808

7558  1952

DUSTY RHODES
HAMILTON COUNTY, OHIO

DEFENDANT'S EXHIBIT NO. 5 FOR IDENTIFICATION
Bryant
DATE 9-3-03  RPTR: TMM

01/16/98 08:10 ☎9842930    BETH MONTG CARE    ☒003

# CERTIFICATE OF DEATH

**Ohio Department of Health — VITAL STATISTICS**

Reg. Dist. No.: **3101**

1. Decedent's Name: Johnie Bernice WORTHY
2. Sex: Female
3. Date of Death: May 31, 1996
4. Social Security Number: 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
5a. Age: 76
6. Date of Birth: Sept 7, 1919
7. Birthplace: Crawford, Cty Georgia
8. Was Decedent Ever in U.S. Armed Forces?: No
9a. Place of Death: Hospital — Inpatient
9b. Facility Name: Bethesda Oak Hospital
9c. City: Cincinnati
9d. County of Death: Hamilton
10. Marital Status: Widowed
12a. Usual Occupation: Cook
12b. Kind of Business/Industry: Xavier University
13a. Residence - State: Ohio
13b. County: Hamilton
13c. City: Cincinnati
13d. Street and Number: 1107 Laidlaw Avenue
13e. Inside City Limits: Yes
13f. Zip Code: 45237
15. Race: Black
16. Education: 12th
17. Father's Name: Wilson Raines
18. Mother's Name: Marzilla Searcy
19a. Informant's Name: Shirdenia Bryant
19b. Mailing Address: 1107 Laidlaw Ave Cincinnati, Ohio 25237
20a. Method of Disposition: Burial
20b. Place of Disposition: Vine Street Hill Cemetery Cincinnati, Ohio
20c. Date of Disposition: June 4, 1996
21a. Name of Embalmer: Gregory Brown
21b. License Number: 8235
21. Name and Address of Facility: Jamison & Jamison Jr. Inc., 437 Hopkins & John Street, Cincinnati Ohio 45203
25. Date Filed: JUN 11 1996

28a. Certifier: Certifying Physician
28b. Time of Death: 2:30 PM
28c. Date Pronounced Dead: 5-31-96
28d. Was Case Referred to Coroner?: No
29. License Number: 047904
30. Date Signed: 6-13-96

31. Part I. Cause of Death:
a. Congestive Heart Failure
b. Stroke

36a. Was Autopsy Performed?: No

7558    1953

```
            HAMILTON COUNTY
         COURT OF COMMON PLEAS
            PROBATE DIVISION

Case #  980499  JOHNIE  WORTHY

     Deposit balance_____        0.00

 )) TAX PAPERS                   15.00

     Amount due_____         15.00

     Check tendered_____        15.00

     Change due_____          0.00

     Deposit balance_____       15.00

Jan 28, 1998   10:06-AM  cntl 00200888
```



DEFENDANT'S
EXHIBIT NO. 6
FOR IDENTIFICATION
Bryant
DATE: 9-3-03   RPTR: TKM

# CERTIFICATE OF ESTATE TAX PAYMENT
# AND REAL PROPERTY DISCLOSURE
# FOR DATES OF DEATH ON OR AFTER NOVEMBER 8, 1990
## (Section 5731.21 O.R.C.)

Filed in Probate Court

**FILED**

JAN 28 1998

WAYNE F. WILKE
JUDGE & EX-OFFICIO CLERK

BY 980499 DEPUTY CLERK

## PART I

**A. THIS SECTION IS TO BE COMPLETED BY THE ESTATE REPRESENTATIVE.**

Estate of __Johnie Worthy__   Case No. _____

Date of Death __May 31, 1996__   County __Hamilton__

1. The estate tax return due for this estate was filed in the probate court on the date stamped hereon.

2. All estate taxes shown due, if any, in the return have been paid in full. (This step will take effect upon verification by the county auditor on Part II of this form.)

3. All real property listed in the inventory for the decedent's estate is included in the estate tax return as well as the following real property **not** listed in the inventory described as follows:

### DESCRIPTION

Include permanent parcel number, address and full legal description. (if additional space is needed, use back of this page)

1107 Laidlaw Avenue, City of Cincinnati, Hamilton County, Ohio and also known as Auditor's Parcel No. 118-1-61 which is more particularly described on the attached Exhibit "A"

### DECLARATION

I declare that I have completed Part I-A and Part II-A of this certificate and to the best of my knowledge and belief the information is true and complete.

__Shirdenia Bryant__    1107 Laidlaw Avenue  Cincinnati, Ohio  45237
Name of estate representative    Address of estate representative

_/s/ Shirdenia Bryant_    1-27-98
Signature of estate representative    Date

**B.** The real property referred to in this certificate shall be free of, and may be regarded by all persons as being free of, any lien for estate taxes under Section 5731.02 and division (A) of Section 5731.19 of the Ohio Revised Code. This certificate does not take effect until verification of payment of tax is received from the county auditor's office. This certificate does not reflect the Tax Commissioner's Final Determination of Estate Tax under Section 5731.26 O.R.C.