ESTATE TAX FORM 22

**CERTIFICATE OF ESTATE TAX PAYMENT AND REAL PROPERTY DISCLOSURE**
**FOR DATES OF DEATH ON OR AFTER NOVEMBER 8, 1990**
(Section 5731.21 O.R.C.)

**PART II**

A. **THIS SECTION IS TO BE COMPLETED BY ESTATE REPRESENTATIVE.**

Estate of __Johnie Worthy__    Case No. __980499__

Date of Death __May 31, 1996__    County __Hamilton__

B. **THIS SECTION IS TO BE COMPLETED BY THE COUNTY AUDITOR.**

I hereby verify that the estate taxes shown due in the estate tax return filed on _____ have been paid in full.

__Dusty Rhodes__
County Auditor

By: _____
Deputy

Date Tax Paid to County Auditor

C. **THIS SECTION IS TO BE COMPLETED BY THE PROBATE JUDGE.**

The verification of this certificate by the County Auditor was filed in this Court on the date stamped hereon.

__Wayne F. Wilke__
Probate Judge

By: _____
Deputy

Date Received in Probate Court

EXHIBIT "A"

980499

Situated in the County of Hamilton, in the State of Ohio and in the Township of Millcreek, and more particularly described as follows:

Being part of Section 11, Millcreek Township, Fractional Range 2 of the Miami Purchase, and being the East twenty (20) feet of Lot No. Twenty-one (21) and the West twenty (20) feet of Lot No. Twenty-two (22) on the Plat of the Ruffner Subdivision in Bond Hill, recorded in Plat Book 27, pages 58 and 59 of the records of Hamilton County, Ohio.

Auditor's Parcel No. 118-1-61

# OHIO ESTATE TAX RETURN FOR A RESIDENT FILING
## FOR DATES OF DEATH ON OR AFTER JULY 1, 1993
### FILE IN DUPLICATE OR TRIPLICATE WITH THE PROBATE COURT

CHECK ONE: ☒ TAXABLE ☐ NONTAXABLE

| Estate of: Decedent's last name | Decedent's first name & initial | Date of death |
|---|---|---|
| Worthy | Johnie | May 31, 1996 |

| Date of birth | Cause of death | Occupation |
|---|---|---|
| | | Decedent retired yes ☐ no ☐ |

| Address of decedent at time of death | Decedent's social security number |
|---|---|
| 1107 Laidlaw Avenue  Cincinnati, Ohio  45237 | 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 |

| County in Ohio, in which Probate Court located, where will probated or estate administered | Case number |
|---|---|
| Hamilton | 980499 |

## TAX COMPUTATION

| | | |
|---|---|---|
| 1. TOTAL GROSS ESTATE (from page 2) | $ | 48,000.00 |
| 2. Total Deductions (from page 2) | $( 19,164.34 ) | |
| 3. Net Taxable Estate (line 1 minus line 2) | $ | 28,835.66 |
| 4. Tentative tax based on line 3 (use table on page 2) | $ | 576.71 |
| 5. Less: Estate Tax Credit | $ ( 500.00 ) | |
| 6. TAX DUE (line 4 minus line 5) | $ | 76.71 |

### EXECUTOR/ADMINISTRATOR WAIVER TO RECEIVE CORRESPONDENCE

I/we do not wish to receive further correspondence from the Ohio Department of Taxation regarding this estate, and hereby authorize all such communication to be directed only to the estate's legal representative named below.

Signature of Executor/Administrator

### DECLARATION

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct and complete. Declaration of preparer other than deceased's personal representative or person in possession of property is based on all information of which preparer has any knowledge.

| Name of Attorney representing the estate | Address | Telephone number |
|---|---|---|
| John R. Meckstroth, Jr. | 22 West Ninth Street  Cincinnati, Ohio  45202 | (513) 721-8808 |

| Name of Executor/Administrator(s) | Address | Telephone number |
|---|---|---|
| Shirdenia Bryant | 1107 Laidlaw Avenue  Cincinnati, Ohio  45237 | |

Signature of Executor/Administrator  1/27/98    Signature of Preparer  1/27/98

| Date Filed with Probate Court | DISTRIBUTION OF SUBDIVISIONS' SHARE OF TAX (Sections 5731.48 & 5731.50 O.R.C.) | | Date Received by Ohio Dept. of Taxation |
|---|---|---|---|
| FILED JAN 28 1998 WAYNE F. WILKE JUDGE & EX-OFFICIO CLERK DEPUTY CLERK | Percentage | City, Village or Township | |

1

## RECAPITULATION OF ASSETS

| Schedule | | Alternate Value | Value at Date of Death |
|---|---|---|---|
| A | Real Property | $ | $ |
| B | Stocks and Bonds | | |
| C | Mortgages, Notes and Cash | | |
| D | Insurance | | |
| E | See Schedule E Part I | | |
| | Joint and Survivorship Property Part II | | 48,000.00 |
| F | Other Miscellaneous Property | | |
| G | Transfers During Lifetime | | |
| H | Powers of Appointment | | |
| I | Annuities, Pensions, Retirement Plans | | |
| **Total Gross Estate** (enter on Line 1, Page 1) | | $ | $ 48,000.00 |

## RECAPITULATION OF DEDUCTIONS

| Schedule | | Amount |
|---|---|---|
| J | Debts and Administration Expenses | $ 19,164.34 |
| K | Charitable Bequests | |
| L | Marital Deduction | |
| **Total Deductions** (enter on Line 2, Page 1) | | $ 19,164.34 |

## ELECTIONS BY THE EXECUTOR

| Please check the "Yes" or "No" box for each question. (See explanation of elections on page 21) | Yes | No |
|---|---|---|
| 1. Do you elect alternate valuation? Section 5731.01(A) and (D) O.R.C. | | X |
| 2. Do you elect qualified farm property valuation? Section 5731.011 O.R.C. | | X |
| 3. Do you elect to claim a marital deduction for qualified terminable interest property (QTIP)? Section 5731.15(B)(2) O.R.C. | | X |

## TAX TABLE

| Net Taxable Estate (From Line 3, Page 1) | Tax Rate |
|---|---|
| Not over $40,000 | 2% of taxable estate |
| Over  40,000 but not over 100,000 | $800+3% of excess over $40,000 |
| Over 100,000 but not over 200,000 | 2,600+4% of excess over 100,000 |
| Over 200,000 but not over 300,000 | 6,600+5% of excess over 200,000 |
| Over 300,000 but not over 500,000 | 11,600+6% of excess over 300,000 |
| Over 500,000 | 23,600+7% of excess over 500,000 |

2

# INFORMATION

|   | Yes | No |
|---|---|---|
| 1. Did the decedent die testate? .................................................................................................................<br>If "Yes", please attach a copy of the will. |   | X |
| 2. During the decedent's lifetime, were any trusts created (by decedent or others for decedent)?..........<br>If "Yes", please attach a copy of the trust. |   | X |
| 3. Were any disclaimers filed or elections to take against the will made? ................................................<br>If "Yes", please attach copies of entries. |   | X |
| 4. Have Federal gift tax returns ever been filed? ...................................................................................<br>If "Yes", please attach copies of the returns. |   | X |
| 5. Was a Federal estate tax return required?..........................................................................................<br>If "Yes", please attach pages 1, 2, 3 of Federal Form 706. |   | X |

6. Marital Status of the decedent at time of death:
   - ☐ Married
     Name of Surviving Spouse (if applicable)    _____
     Social Security Number of Surviving Spouse  _____|_____|_____
   - ☐ Single
   - ☐ Legally Separated
   - ☐ Divorced
   - ☒ Widowed
     Name of Deceased Spouse                    _Charles J. Worthy_____
     Social Security Number of Deceased Spouse  _301_|_05_|_3210_
     Date of Death of Deceased Spouse           _November 5, 1995_____
     Case Number of Deceased Spouse's Estate    _____
     County of Deceased Spouse's Estate         _____

|   | Yes | No |
|---|---|---|
| 7. If widow or widower, was a qualified terminable interest property (QTIP) deduction elected in the predeceased spouse's estate? ........................................................................................... |   | X |

If yes, please read information below and complete Schedule F, page 10.

Section 5731.131 O.R.C. requires the estate to include any property in which the decedent had an income interest for life for which a marital deduction was allowed with respect to the transfer of that property under any of the following:

   a. Section 5731.15(A)(1) O.R.C. (for dates of death on or before June 30, 1993)
   b. Section 5731.15(B) O.R.C. (for dates of death on or after July 1, 1993)
   c. Section 2523(f) I.R.C. (lifetime QTIP gift tax election)
   d. Where the decedent's predeceased spouse was not a resident of the State of Ohio but was permitted a marital deduction under Section 2056(b)(7) I.R.C.

3

## SCHEDULE A — Real Estate
### (Jointly owned property must be listed on Schedule E)

List any interest in real estate that the decedent owned or had contracted to purchase. Only probate real estate held in the decedent's name alone or held by the decedent as a tenant in common is reported on Schedule A **(Report jointly owned property on Schedule E)**. For real estate held by decedent as a tenant in common, submit the deed or other appropriate documentation indicating proof of decedent's fractional interest. If a qualified farm property valuation election is made, please submit documentation as noted on page 21.

| Item number | Description | Qualified farm value | Value at date of death |
|---|---|---|---|
| 1. | | | |
| Total from continuation Schedule(s) | | | |
| Total (also enter on Recapitulation of Assets, page 2) | | | |

SCHEDULE A

4

## SCHEDULE E — Joint & Survivorship Assets (Section 5731.10 O.R.C.)

### PART II. — All Other Joint Interests

The full value of the joint property is presumed to be part of the gross estate, but the presumption may be overcome if it is established that a part of the property originally belonged to or was contributed by the other co-tenant(s). Supporting documentation should be attached if the estate claims the decedent held only a partial interest.

For joint accounts held between spouses and any additional parties, subtract any contribution by those parties and report the balance at one-half (½) value. State the name, relationship and address of each surviving co-tenant.

|    | Name | Relationship | City and State |
|----|------|--------------|----------------|
| A. | Shirdenia Bryant | Daughter | Cincinnati, Ohio |
| B. |  |  |  |
| C. |  |  |  |
| D. |  |  |  |

| Item number | Enter letter for co-tenant | Description | Percentage Includible | Alternate value | Value at date of death |
|---|---|---|---|---|---|
| 1. | A. | Real estate and improvements commonly known as 1107 Laidlaw Avenue, City of Cincinnati, Hamilton County, Ohio and also known as Auditor's Parcel No. 118-1-61 |  |  | $ 48,000.00 |
| Total from continuation Schedule(s) |  |  |  |  |  |
| Total (also enter on Recapitulation of Assets, page 2) |  |  |  |  | $ 48,000.00 |

SCHEDULE E, PART II

9

# SCHEDULE F — Miscellaneous Property
(Jointly owned property must be listed on Schedule E)

All property not reported on any other schedule is reported on this schedule. Include partnership interests, sole proprietorship or other business interests with supporting information for valuation including goodwill. Also include claims of decedent, rights, royalties, reversionary or remainder interests, tax refunds, judgments, unpaid wages, household goods, personal effects, automobiles, trailers, farm products, machinery, stored and/or growing crops and collections (such as coins and stamps).

Qualified terminable interest property (QTIP) is included in the estate of a surviving spouse when either a full or partial QTIP deduction was previously allowed on the estate or gift tax return of the first spouse to die. For further information regarding QTIP refer to E.T. Bulletin 4.

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1. | | | | |
| | Total from continuation Schedule(s) | | | |
| | Total (also enter on Recapitulation of Assets, page 2) | | | |

SCHEDULE F

Estate of: Johnie Worthy

## SCHEDULE J — Debts and Administration Expenses
### (The deductions must reflect the interest held by decedent)

Include only those debts which are outstanding as of the date of death, but only to the percentage attributable to the decedent. If the decedent owned credit life insurance on an asset listed in the gross estate, claims equaling the insurance proceeds are not an allowable deduction. Name all creditors and describe nature of the claim. List only attorney and fiduciary fees which have been or actually will be paid. Income taxes on income received after date of death and real and personal property taxes not accrued before date of death are not deductible. Only administration expenses and debts which may be claimed on both the Federal Forms 706 and 1041, will be allowed to be claimed on both the Ohio Estate Tax Return and Ohio Estate Income Tax Return, pursuant to Section 5747.01(S)(8) O.R.C. and I.R.C. Reg. Section 1.642(g).

| Item number | Item | Amount |
|---|---|---|
| 1. | Jamison and Jamison Funeral Home | $ 3,092.48 |
| 2. | John R. Meckstroth, Jr. - Attorney Fees | 200.00 |
| 3. | Hamilton County Auditor - Transfer Tax | 90.00 |
| 4. | Nationsbanc Mortgage Company - Mortgage | 14,884.88 |
| 5. | Hamilton County Treasurer - County Real Estate Taxes | 871.98 |
| 6. | Hamilton County Probate Court - Recorder and Auditor- filing fees | 25.00 |
| | Total from continuation Schedule(s) | |
| | **Total (also enter on Recapitulation of Deductions, page 2)** | $ 19,164.34 |

### SCHEDULE J

14

## SCHEDULE I — Annuities, Pensions, Retirement and Other Employer Death Benefit Plans
### (Jointly owned property must be listed on Schedule E)

All annuity interests held by the decedent must be shown. List payments under commercial annuity contracts, IRA's, or similar contracts, all employer bonus plans, deferred compensation contracts and employer death benefit plans, unless specifically excluded under Section 5731.09(C) O.R.C.

Teachers Insurance and Annuity Association (TIAA) and College Retirement Equity Fund (CREF) benefits are **not** exempt from taxation. These funds do not fall into the same category as the State Teachers Retirement System, therefore must be included under this Schedule. For further information please refer to E.T. Bulletin 1.

| Item number | Description | Value at date of death |
|---|---|---|
| 1. | | |
| | Total from continuation Schedule(s) | |
| | Total (also enter on Recapitulation of Assets, page 2) | |

**SCHEDULE I**

13

INTERNAL REVENUE SERVICE REAL
ESTATE TRANSACTION REPORT

The undersigned state that they are the parties to a real estate transaction occurring on 1/27/98 regarding the property located at 1107 Laidlaw Avenue  Cincinnati, Ohio  45237.

The gross sale price for the above-described property is $ 36,154.98.

The parties to this transaction are as follows:

Seller(s):

Shirdenia Bryant
Name

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
Social Security Number

Name

Social Security Number

Address
1107 Laidlaw Av

Purchaser(s):

Prescott Bigelow, IV
Name

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
Social Security Number

Name

Social Security Number

P.O. Box 30404
Address
Cincinnati, Ohio  45230

The Seller(s) state that the before-described property ___ is or ___ is not their principal residence.

We understand this information will be reported to the Internal Revenue Service as required by Federal Law.

Under penalties of perjury, the undersigned state that the foregoing information is true and accurate to the best of their knowledge.

Signed this 27th day of January, 19 98

_____    _____
Shirdenia Bryant                Prescott Bigelow, IV



# CARLISLE, McNELLIE & RINI Co., L.P.A.
## ATTORNEYS AT LAW

GERALD K. CARLISLE
RICHARD L. McNELLIE
WILLIAM T. RINI

HERBERT J. KRAMER
PHYLLIS A. ULRICH
JAMES L. SASSANO

25200 CHAGRIN BOULEVARD
SUITE 240
CLEVELAND, OHIO 44122-5681

216-360-7200
(TELEFAX #216-360-7210)

January 16, 1998

IN COLUMBUS, OHIO
RICHARD A. UTZ
155 WEST MAIN STREET
COLUMBUS, OHIO 43215
(614) 464-2704

Attention: Amy Clements
Tri-State Mortgage Assistance
Fax: 513-321-4792

RE: NationsBanc Mortgage Corporation
vs. Charles Worthy, et al.,
Our File No.: 97-0767
Loan No.: 1085878336

Dear Ms. Clements:

Please be advised that the total amount now necessary to reinstate the above captioned mortgage loan, the subject of the above-referenced foreclosure action, is $5,867.56 which sum includes the monthly installment due January 1, 1998. A breakdown of that amount is as follows:

| | |
|---|---:|
| Total Payment Amount | $3,084.66 |
| Accrued Late Charge | $52.32 |
| Late Charge Forecasted | $6.54 |
| Bad Check | $21.54 |
| Other Fees | $21.50 |
| Inspections | $75.00 |
| Foreclosure Fees and Costs | $2,606.00 |
| **TOTAL:** | **$5,867.56** |

Please be advised that in order to reinstate the above loan, the sum of $5,867.56 must be received by January 30, 1998, tendered in the form of a certified check, cashiers check or money order. A Personal Check will not be accepted. *Please make check payable to NationsBanc Mortgage Corporation and forward same to our office at the address listed above.*

*Please be advised that this office is collecting a debt and any information obtained will be used for that purpose.*

Very truly yours,

CARLISLE, McNELLIE & RINI

Herbert J. Kramer

HJK/tak



DEFENDANT'S
EXHIBIT NO. 8
FOR IDENTIFICATION
Bryant
DATE: 9-3-03  RPTR: TM

TN-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

**THIS IS A LEGALLY BINDING CONTRACT.
IF NOT UNDERSTOOD, SEEK LEGAL ADVICE.**

## CONTRACT TO PURCHASE

Cincinnati, Ohio
JAN 7 19 98

1. The undersigned Purchaser hereby offers to purchase, the following described property to-wit, property located at:
   1107 LAIDLAW AVE
   CINCINNATI OHIO 45237

2. The purchase price is to be $ See below  payable as follows:
   $ -0-  as earnest money to apply toward purchase price.
   $20,000.00 CASH TO Seller, Buyer will SATISFY LIEN WITH NATIONSBANC Mortgage Corp. Plus Buyer will pay Attorney's Fee's, Court Cost, Taxes ect. Seller will lease option property for $200.00 A month for one year. Buyer will help Seller to Purchase property at 100% FINANCING.

3. The above described real estate shall include all land and appurtenant rights; also all electrical; plumbing, heating and air conditioning equipment, including window units, bathroom fixtures; shades, venetian blinds; awnings; curtain rods; window/door screens, storm windows/doors; landscaping and shrubbery; wall-to-wall/stair carpeting; built-in kitchen appliances; attached radios and/or television aerials; all affixed/built-in furniture fixtures; and utility/storage buildings or sheds; except: NONE

4. The following personal property shall be included in the sale: NONE
   NONE

5. Title to the above described real estate is to be conveyed by Warranty Deed with release of dower, on or before JAN 28 19 98 ; said title to be free, clear, and unencumbered, free of building orders, subject to zoning regulations of record, and except assessments, easements and restrictions of record, and EXCEPT NONE

6. Seller certifies to Purchaser that: there is no termite damage to the real estate or active infestation; electrical, plumbing, heating, air conditioning equipment and systems, fireplaces, chimneys and other items included herein will be operational on possession except NONE . Seller agrees that at the time of transfer of title, the above described real estate, and all items thereof, will be in the same condition as on the date of this offer, reasonable wear and tear excepted.

7. The following items shall be prorated between seller and purchaser as of closing: real estate taxes, assessment installments of record, rents, operating expenses and interest on encumbrances. Security and/or damage deposits held by Seller will be transferred to Purchaser at closing without proration.

8. Seller will maintain, until closing, hazard insurance in the amount of the above stated purchase price. If any building or other improvements are damaged or destroyed prior to closing, purchaser shall have the option to receive the proceeds of any insurance payable or to cancel this agreement and be refunded all consideration therefore paid.

9. Possession shall be given on or before DAY OF CLOSING , subject to tenant's rights. Any lease or tenant agreement will be supplied to Purchaser prior to closing.

10. This agreement is subject to the arranging of financing within -0- banking days, at any terms acceptable to Purchaser. Seller held mortgages, if any, shall be subordinate and inferior to any new, additional, or refinancing of existing mortgages. Purchaser's liabilities are limited to the securing property itself and shall not extend beyond. Financing will, at Purchaser's option, additionally or entirely be secured by subject or other similar real property.

11. This contract is contingent on an inspection of the above real estate by Purchaser, which is satisfactory without limitations to said Purchaser.

12. This agreement survives closing and pertinent language contained herein becomes part of any deeds, notes, mortgages, and documents pertinent to this transaction and shall take precedence in the event of any conflicting provisions of terms.

13. This offer, when accepted, comprises the entire agreement of Purchaser and Seller, and it is agreed that no other representation or agreements have been made or relied upon.

14. This offer, when accepted, shall constitute a binding contract to be binding upon the parties, their heirs, personal representatives, executors, administrators and assigns.

15. Offer void if not accepted by _____

    Date JAN 7 1997
    _____
    Purchaser

    _____
    Purchaser

I/We as Sellers accept the above offer and earnest money submitted to us.
    Date Jan 7, 1998
    _____
    Seller

    _____
    Seller

DEFENDANT'S EXHIBIT NO. 9 FOR IDENTIFICATION
Bryant
DATE: 9-3-03  RPTR: am

## SETTLEMENT STATEMENT
1107 LAIDLAW AVENUE
CINCINNATI, OHIO 45237
January 27, 1998

**SELLER(S)**

| | | |
|---|---|---|
| Sales Price | | $ 36,154.98 |
| Deductions | | |
| - Principal balance of Mortgage Assumed (Purchaser) | ($ 14,884.88) | |
| - Real estate tax proration (1/1/97-1/27/98) - Purchaser(s) | ( 871.98) | |
| - Attorney Fees (Estate of Johnie Worthy) - John R. Meckstroth, Jr. | ( 150.00) | |
| - Filing and Recording Costs (Estate of Johnie Worthy) - Probate Court, Auditor and Recorder | ( 25.00) | |
| - Estate Tax (Estate of Johnie Worthy) - Hamilton County Treasurer | ( 83.12) | |
| - Principal of Promissory Note - Purchaser(s) | ( 19,000.00) | |
| - Transfer tax - Hamilton County Auditor | ( 90.00) | |
| - Deed Preparation - John R. Meckstroth, Jr. | ( 50.00) | |
| Total Deductions | ($ 35,154.98) | |
| Balance Due to Seller(s) | | $ 1,000.00 |

**PURCHASER(S)**

| | | |
|---|---|---|
| Purchase Price | | $ 36,154.98 |
| Deductions and Credits | | |
| - Principal Balance of Mortgage Assumed - Seller(s) | ($ 14,884.88) | |
| - Principal of Promissory Note - Seller(s) | ( 19,000.00) | |
| - Real Estate Tax Proration - (1/1/97 - 1/27/98) - Seller(s) | ( 871.98) | |
| Total Deductions | ($ 34,756.86) | |
| Charges and Expenses | | |
| - Attorney Fees - John R. Meckstroth, Jr. | $ 295.00 | |
| - Recording Costs (deed) - Hamilton County Recorder | 14.50 | |
| Total Charges and Expenses | $ 309.50 | |
| Balance Due from Purchaser(s) | | $1,707.62 |


DEFENDANT'S EXHIBIT NO. 10 FOR IDENTIFICATION Bryant DATE: 9-3-03 RPTR:

# SETTLEMENT STATEMENT
Page 2

## SUBSTITUTE FORM 1099 SELLER STATEMENT

The information contained on Page 1 of this Closing Statement is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

## SELLER INSTRUCTIONS

If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040).

The undersigned acknowledge receipt of a copy of this Closing Statement and agree to the correctness thereof.

SELLER(S):                                          PURCHASER(S):

_/s/ Shirdenia Bryant_                              _/s/ Prescott Bigelow_
Shirdenia Bryant                                    Prescott Bigelow IV

Prepared by:
John R. Meckstroth, Jr.
Attorney at Law
22 West Ninth Street
Cincinnati, Ohio 45202
3646 Glenmore Avenue
Cincinnati, Ohio 45211
(513) 721-8808

**JOHN R. MECKSTROTH, JR.**
ATTORNEY AT LAW
TRUST ACCOUNT

14368
13-31/420

January 21   98

Shirdenia Bryant   $1,000.00

One Thousand and 00/100----------

Fifth Third Bank
COURT & MAIN BANKING CENTER
916 MAIN ST
CINCINNATI, OH 45202

RE: Seller's Proceeds - 1107 Laidlaw Ave.

⑈014368⑈ ⑆042000314⑆ 706⑈15334⑈

NOT NEGOTIABLE



PENGAD-Bayonne, N.J.
DEFENDANT'S
EXHIBIT NO. ___
FOR IDENTIFICATION
Bryant
DATE: 9/3/03
RPTR: [signature]

Auditor's Parcel No. 118-1-61

# GENERAL WARRANTY DEED

**SHIRDENIA BRYANT**, unmarried, hereinafter referred to as Grantor(s), of Hamilton County, Ohio for valuable consideration paid, grant(s), with general warranty covenants to: **PRESCOTT BIGELOW, IV, Trustee** whose tax-mailing address is P.O. Box 30404, Cincinnati, Ohio 45230.

The following REAL PROPERTY:

Situated in the County of Hamilton, in the State of Ohio and in the Township of Millcreek and more particularly described as follows:

Being part of Section 11, Millcreek Township, Fractional Range 2, of the Miami Purchase, and being the East twenty (20) feet of Lot No. Twenty-one (21) and the West twenty (20) feet of Lot No. Twenty-two (22) on the Plat of the First Ruffner Subdivision in Bond Hill, recorded in Plat Book 27, pages 58 and 59 of the records of Hamilton County, Ohio;

Subject to a mortgage from Charles Worthy and Johnie Worthy in favor of Ameritrust Co., NA as recorded in Mortgage Book 4708, Page 483 and assigned to Nationsbanc Mortgage Corporation in the approximate principal balance of $14,884.88 which the Grantee assumes and agrees to pay.

Subject to taxes and assessments, if any, due and payable in December, 1997 which the grantee assumes and agrees to pay.

Being the property conveyed to the Grantor(s) herein by instrument recorded in Official Record 6999, Page 534 of the Deed Records of Hamilton County, Ohio.

Grantor(s) releases any right of dower therein.. Witness her hands this 27th day of January, 1998.

Signed and acknowledged in the presence of:

_____
Witness

_____
Witness

_____
Shirdenia Bryant

REBECCA PREM GROPPE
HAMILTON COUNTY RECORDER
Doc #:98 - 14969  Type: DE
Filed:01/28/1998 11:29:20 AM  $ 14.00
Off.Rec.: 7558  1954 F  M27  1  641

DESCRIPTION ACCEPTABLE
HAMILTON COUNTY ENGINEER
Tax Map - 1-28-98
CAGIS -

STATE OF OHIO, COUNTY OF HAMILTON, ss:

BE IT REMEMBERED, That on the 27th day of January, 1998, before me, the subscriber, a Notary Public, in and for said County and State, personally came **Shirdenia Bryant**, unmarried, Grantor in the foregoing deed, known to me and whose identity was proven by satisfactory evidence, and acknowledge the signing thereof to be her voluntary act and deed.

IN TESTIMONY THEREOF, I have hereunto subscribed my name and affixed my seal on this day and year aforesaid.

_____
Notary Public

JOHN R. MECKSTROTH, JR., Attorney at Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration
date. Section 147.03 O.R.C.

DEFENDANT'S EXHIBIT NO. 12
FOR IDENTIFICATION
Bryant
DATE 9-3-03  RPTR: TAm

Prepared by:
James J. Meckstroth
Attorney at Law
22 West Ninth Street
Cincinnati, Ohio 45202

Examined & Compliance with
Sec. 322.02 R.C.
Real Property Transfer Tax
$4.30

7558  1954

DUSTY RHODES
HAMILTON COUNTY, OHIO

9801164