# COMBINED TABLE OF CONTENTS AND AUTHORITIES

PAGE(S)

**MEMORANDUM IN SUPPORT OF MOTION** ............................................................. 1

I   **INTRODUCTION** ................................................................................................1-3

II  **STATEMENT OF FACTS** ....................................................................................3

    **A. Shirdenia Bryant** ................................................................................. 3-9

    **B. Harry Curtis** ........................................................................................9-13

III **LEGAL ARGUMENT** ...........................................................................................13

    A.   **SUMMARY JUDGMENT STANDARD** ..................................................13-14

**Authorities Cited:**
Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) ........................................................................................................ 13
Celotex v. Catrett, 477 U.S. 317, 321, 106 S.Ct. 2548 (1986).................................13
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986) ...................13-14

    B.   **THE MUNICIPAL COURT DETERMINED THAT CURTIS BREACHED THE PURCHASE CONTRACT AND BIGELOW WAS ENTITLED TO POSSESSION** .......................................... ......................14-15

    C.   **THIS COURT MUST GIVE RES JUDICATA EFFECT TO THE PRIOR STATE COURT JUDGMENT AGAINST CURTIS**..................15-16

**Authorities Cited:**
City of Canton, Ohio v. Maynard, 766 F.2d 236, (6th Cir. 1985) ............................. 15
Montana v. United States, 440 U.S. 147, 59 L.Ed. 2d 210, 99 S.Ct. 910 (1979) ........................................................................................................... 15
Anchor Motor Freight Inc. v. International Brotherhood of Teamsters, 700 F. 2d 1067, (6th Cir.), cert. denied 464 U.S. 819, 104 S.Ct. 81 (1983) .............................. 15
Harrington v. Vandalia-Butler Bd. Of Education, 649 F. 2d 434, 437 (6th Cir. 1981) ................................................................................................... 16
Marrese v. American Academy of Orthopedic Surgeons, 470 U.S. 373, 84 L.Ed. 2d 274, 105 S.Ct. 1237 (1985) ........................................................................................16
Hapgood v. City of Warren, 127 F. 3d 490, 493 (6th Cir. 1997) ..............................16
Hospital Underwriting Group, Inc. v. Summit Health Ltd., 63 F.3d 486, 494 (6th

Cir. 1995), cert. denied, 523 U.S. 1046 (1998) ........................................................16
Migra v. Warren Cty. Sch. Dist. Bd. Of Educ., 465 U.S. 75, 79 L.Ed. 2d 56, 104
S. Ct. 892 (1984)........................................................................................................16
     Nilavar v. Mercy Health Sys., 142 F. Supp. 2d 859  (S.D. Ohio
2000).....................16

**D.    RES JUDICATA APPLIES TO CURTIS' CLAIMS BASED ON THE
        JUDGMENT ENTRY AND THE WRIT OF RESTITUTION
        ENTERED IN THE MUNICIPAL COURT ACTION** ............................16-18

**Authorities Cited:**
Hapgood v. City of Warren, 127 F. 3d 490, 493 (6th Cir. 1997) ................................17
Grava v. Parkman Township, 73 Ohio St. 3d 379, 653 N.E. 2d 226, 229 (1995)......17
Stuhlruier v. Armco, Inc., 12 F. 3d 75, 77 (6th Cir. 1993) ..........................................17
National Amusements, Inc. v. City of Springdale, 53 Ohio St. 3d 60, 558 N.E. 2d
1178, 1180 (1990), cert. denied, 498 U.S. 1120, 111 S. Ct. 1075 (1991) .................17
Rogers v. Whitehall, 25 Ohio St. 3d 67, 69, 494 N.E. 2d 1387, 1388 (1986)............17
City of Canton, Ohio v. Maynard, 766 F.2d 236, 238 (6th Cir. 1985) (per curiam)..18
Johnson's Island, Inc. v. Board of Township Trustees, 69 Ohio St. 2d 241, 431
N.E.2d 672, 674-75 (1982) ...................................................................................... 18
Stromberg v. Board of Education, 64 Ohio St. 2d 98, 100, 413 N.E. 2d 1184
(1980) ........................................................................................................................18
Ashley v. Ashley, 118 Ohio App. 155, 193 N.E. 2d 535 (1962) ............................... 18

**E.    THE ORDER AND THE WRIT OF RESTITUTION ENTERED ON
        FEBRUARY 1, 2000 IN THE MUNICIPAL COURT ACTION ARE
        FINAL JUDGMENTS UNDER OHIO LAW** ......................................... 18-21

**Authorities Cited:**
Haas v. Gerski (1963), 175 Ohio St. 327, 330, 194 N.E. 2d 765, 767 ..................... 19
Ruebeno v. Showalter (1985), 24 Ohio App. 3d 232, 233, 495 N.E. 2d 31, 32........ 19
Cuyahoga Metro. Hous. Auth. v. Jackson, (1981), 67 Ohio St. 2d 129, 130, 423
N.E. 2d 177, 178 ..................................................................................................... 19
Cuyahoga Metropolitan Housing Authority v. Jackson, (1981), 67 Ohio St. 2d 129
423 N.E. 2d 177  ..................................................................................................... 20

Skillman v. Browne, (1990), 68 Ohio

| | |
|---|---|
| | App. 3d 615, 619, 589 N.E. 2d 407 ............ 20 |
| Colonial American Development Co. dba Georgetown Village Apartments v. Griffith, 48 Ohio St. 3d 72, 549 N.E. 2d 513 (1990) ............................................... | 20 |
| Tillimon v. Rideout 2001 Ohio App. LEXIS 5308 (6th Dist. 2001) ......................... | 21 |

6.  UNDER RULE 13(A) OF THE OHIO RULES OF CIVIL PROCEDURE THE FAILURE OF CURTIS TO RAISE HIS CLAIMS AGAINST BIGELOW AS COMPULSORY COUNTERCLAIMS IN THE PRIOR STATE ACTION BARS THE CLAIMS AS RES JUDICATA IN THIS ACTION AND THE OHIO ACTION .......................................... 21-24

**Authorities Cited:**

| | |
|---|---|
| Rettig Enterprises, Inc. v. Koehler, 68 Ohio St. 3d 274, 278, 626 N.E. 2d 99 (1994)...................................................................................................... | 21 |
| Geuga Truck and Implement Co. v. Juskiewicz, 9 Ohio St. 3d 12, 14, 457 N.E. 2d 827 (1984) ......................................................................................... | 22 |
| Grava v. Parkman Township, 73 Ohio St. 3d 379, 653 N.E. 2d 226, 229 (1995) 653 N.E. 2d ............................................................................................. | 22 |
| Hershman's Inc. v. Sachs-Dolmar Div., 89 Ohio App. 3d 74, 623 N.E. 2d 617 (1993) ................................................................................................... | 22 |
| Eastman v. Benchmark Minerals, Inc., 34 Ohio App. 3d 255, 257, 518 N.E. 2d 23 (1986) ............................................................................................ | 22 |
| Keisser v. Nationwide Mutual Insurance Co., 246 F. Supp. 2d 833 (N.D. Ohio 2003) .................................................................................................. | 23 |
| Jemo Assoc., Inc. v. Garman, 70 Ohio St. 2d 267, 270, 436 N.E. 2d 1353 (1982). | 23 |
| Haney v. Roberts, 130 Ohio App. 3d 293, 720 N.E. 2d 101 (1998) ....................... | 23 |
| Maduka v. Parries, 14 Ohio App. 3d 191, 192, 470 N.E. 2d 464 (1984) ................ | 23 |
| Sherman v. Pearson, 110 Ohio App. 3d 70, 72, 673 N.E. 2d 643 (1996)................ | 23 |
| Tafflin v. Levitt, 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed. 2d 887 (1990) ............... | 23 |
| Wunderle v. Central Trust Co., N.A., 829 F. 2d 1127 (6th Cir. 1987) .................... | 24 |
| Brick Processors, Inc. v. Culbertson, 2 Ohio App. 3d 478, 442 N.E. 2d 1313 (1981) ................................................................................................ | 24 |

7.  PLAINTIFFS HAVE PRODUCED NO EVIDENCE OF FRAUD

      TO SUPPORT THE ALLEGATIONS OF THE AMENDED
      COMPLAINT ................................................................................................ 24-27

**Authorities Cited:**
Sedima, S.D.P.R.L. v. Impex Company, Inc., 473 U.S. 479, 497, 105 S.Ct. 3275,
87 L.Ed. 2d 346 (1985) ............................................................................................... 25
Hofstetter v. Fletcher, 905 F. 2d 897, 902 (6th Cir. 1988)....................................... 25
Finimore v. Epstein, 18 Ohio App. 3d 88, 90, 481 N.E. 2d 1193 (Cuyahoga
Cty. 1984) .................................................................................................................. 25
U.S. v. VanDyke, 605 F.2d 220, 225 (6th Cir. 1979) ................................................ 25
Watkins & Son Pet Supplies v. Iams Co., 254 F. 3d 607 (6th Cir. 2001) ................ 25-26
Daup v. Tower Cellular, Inc., 136 Ohio App. 3d 555, 568, 737 N.E. 2d
128, 138 (2000) .......................................................................................................... 26
Blount Financial Services, Inc., et al. v. Walter E. Heller and Company, et al.,
819 F. 2d 151 (6th Cir. 1987) ..................................................................................... 26
Kenty v. Bank One, Columbus, N.A., 92 F. 3d 384, 389-390 (6th Cir. 1996) .......... 26
VanDenBroeck v. CommonPoint Mortgage Co., 210 F. 3d 696, 699, 701
(6th Cir. 2000) ...........................................................................................................26

H.    **PLAINTIFFS HAVE FAILED TO PRODUCE EVIDENCE OF A
      PATTERN OF RACKETEERING ACTIVITY**................................... 27-28

**Authorities Cited:**
H.J. Inc. v. Northwestern Bell Telephone, Inc., 492 U.S. 229, 109 S.Ct. 2893
(1989) ........................................................................................................................ 27
Grantham and Mann, Inc. v. American Safety Products, Inc., 831 F. 2d 596,
605 (6th Cir. 1987)..................................................................................................... 27
Haroco, Inc. v. American National Bank & Trust Co., 747 F. 2d 384, 398 (7th Cir.
1984), aff'd 473 U.S. 606 (1985) ............................................................................... 27
Vild v. Visconsi, 956 F. 2d 560, 569 (6th Cir. 1992) ............................................. 28
American Eagle Credit Corp. v. Gaskins, 920 F. 2d 352 (6th Cir. 1990)................ 28

1.    PLAINTIFFS HAVE FAILED TO PRODUCE EVIDENCE OF THE
      EXISTENCE OF A RICO ENTERPRISE, SEPARATE FROM THE
      RICO DEFENDANTS ........................................................................ 28-29

**Authorities Cited:**
Frank v. D'Ambrosi, 4 F. 3d 1378 (6th Cir. 1993)............................................... 28
VanDenBroeck v. CommonPoint Mortgage Co., 210 F. 3d 696, 699 (6th Cir.
2000)......................................................................................................................... 28
Puckett v. Tennessee Eastman Co., 889 F. 2d 1481, 1489 (6th Cir. 1989) ............ 29

J.    **THE CLAIMS OF BRYANT AND CURTIS ARE BARRED BY**

    **THE OHIO STATUTE OF FRAUDS**.................................................. 29-31

**Authorities Cited:**

Hamilton Foundry & Machine Co. v. International Molders Union, 193 F. 2d 209 (6th Cir. 1991) ....................................................................................... 29

American Int'l Enters v. FDIC, 732 F. Supp. 828, 829 (E.D. Tenn.) 894 F. 2d 1336 (6th Cir. 1989) ............................................................................... 29

BML Invs. V. FDIC, 732 F. Supp. 828m, 829 (E.D. Tenn.) aff'd, 894 F. 2d 1336 (6th Cir. 1989)............................................................................... 29

Beggin v. Fort Woth Mortgage Corp, 638 N.E. 2d 604, 608 (Ohio App.) appeal not allowed, 637 N.E. 2d 11 (1994) ................................................... 30

Kling v. Bordner, 65 Ohio St. 86, 61 N.E. 2d 148, 148 (1901) .......................... 30

North Coast Cookies, Inc. v. Sweet Temptations, Inc., 16 Ohio App. 3d 342, 348, 476 N.E. 2d 388 (1984) ................................................................. 30, 31

Marion Production Credit Assn. V. Cochran (1988), 40 Ohio St. 3d 265, 274, 533 N.E. 2d 325 ..................................................................................... 31


11.    THE CLAIMS OF BRYANT AND CURTIS ARE BARRED BY
        THE PAROL EVIDENCE RULE ...................................................... 32-33

**Authorities Cited:**

Charles A. Burton, Inc. v. Durkee (1952), 158 Ohio St. 313, 109 N.E. 2d 265.. 32

Columbia Gas Transmission Corp. v. Ogle, 51 F. Supp. 2d 866, 871 (S.D. Ohio 1997) ................................................................................... 32

Charles A. Burton, Inc. v. Durkee (1952), 158 Ohio St. 313, 109 N.E. 2d 265.. 33

Gerwin v. Clark (1977), 50 Ohio App. 2d 331, 363 N.E. 2d 602 ...................... 33

Harris v. Equilon Enters., L.L.C., 107 F. supp. 2d 921, 936 (S.D. Ohio 2000).. 33

Lincoln Elec. Co. v. St. Paul & Fire Marine Ins. Co., 10 F. Supp. 2d 856, 878 (N.D. Oh. 1998) .................................................................................... 33

Ameritrust Co. v. Murray (1984), 20 Ohio App. 3d 333, 486 N.E. 2d 180, 183 ....................................................................................................... 33

Maust v. Bank One Columbus, N.A., 83 Ohio App. 3d 103, 108, 614 N.E. 2d 765 (1992) ........................................................................................... 33


12.    CURTIS HAS NO CLAIMS AGAINST THE DEFENDANTS
        BASED ON A LAND CONTRACT THAT WAS NOT SIGNED.... 34-35

**Authorities Cited:**

Cuyahoga Met. Housing Auth. v. Watkins, (1984), 23 Ohio App. 3d 20, 491 N.E. 2d 701.................................................................................................. 34

Dalton v. Acker (1981), 5 Ohio App. 3d 150, 450 N.E. 2d 288 .... ....................... 34

Sattler v. Sattler (1986), 30 Ohio App. 243, 507 N.E. 2d 430.............................. 35

13.   BRYANT IS BOUND BY THE TERMS OF THE RELEASE
      SIGNED IN FAVOR OF BIGELOW...................................................... 35-36

**Authorities Cited:**
McCluskey v. Rob San Services, Inc., 443 F. Supp., 65, 68 (S.D. Ohio 1977)... 35
Barden Detroit Casino, LLC v. City of Detroit 59 F. Supp. 641, 659
(E.D. MI 1999)............................................................................................... 35
Whit v. Huchinson, (1975), 43 Ohio St. 2d 53, 58, 330 N.E. 2d 678, 682.......... 36

14.   BIGELOW OWED NO FIDUCIARY DUTY TO PLAINTIFFS...... 36

**Authorities Cited:**
Smith v. Provident Bank, 170 F. 3d 609 (6th Cir. 1999)...................................... 36
Layman v. Binns (1988), 35 Ohio St. 3d 176, 519 N.E. 2d 642 ........................ 36

IV    CONCLUSION ............................................................................... 36

**APPENDIX A - ROSEANNE CHRISTIAN AFFIDAVIT**

**APPENDIX B - PRESCOTT BIGELOW IV AFFIDAVIT**

**APPENDIX C - TILLIMON V. RIDEOUT**