## APPENDIX A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **SHIRDENIA BRYANT** | : | Civil Action No. C-1-02-006 |
| Plaintiff, | : | (Judge Spiegel) |
| vs. | : | |
| **PRESCOTT BIGELOW, IV, et al.** | : | **AFFIDAVIT OF ROSEANNE CHRISTIAN** |
| Defendants. | : | |

**STATE OF OHIO** )
               )SS:
**COUNTY OF HAMILTON** )

Roseanne Christian, being first duly cautioned and sworn, states as follows:

1.    I am a Defendant in this civil action.

2.    I am a self-employed independent contractor.  During the time period when I was involved in the transactions with Shirdenia Bryant and Harry Curtis, I would research public records to locate properties that were subject to foreclosure actions.  I would make the initial contact with the homeowner to determine if they were interested in selling their property.  If the homeowners expressed an interest, I would contact a potential buyer to discuss a purchase contract.

3.    At the time I was involved in the transactions with Shirdenia Bryant and Harry Curtis, I was working with various individuals, including John Marfisi and Pete Bigelow.  My compensation was negotiated between the individual buyer and me.  There was no set formula

or commission for my services. I was paid for bringing real estate transactions to buyers.

4. At no time did I have any financial interest in Bigelow Properties, the Keene Group, or Tri-State Mortgage Assistance. I did not participate in the management or operations of these businesses, nor did I participate in the management or operation of any business owned by Pete Bigelow.

5. I believe I introduced John Marfisi to Pete Bigelow.

6. Attached to this Affidavit as Exhibit A is a true and accurate copy of a contract to purchase January 7, 1998 between John Marfisi and Shirdenia Bryant. Marfisi prepared this contract. Regarding the transaction with Shirdenia Bryant, I was paid by John Marfisi. I did not receive any monies from Pete Bigelow in connection with the Bryant transaction.

7. I did not attend the closing on the Bryant transaction. I was not involved in any transactions involving promissory notes to Ms. Bryant, the release signed by Ms. Bryant, nor was I involved in the lease agreement signed between Ms. Bryant and Mr. Bigelow.

8. I was also involved in the transaction between Harry Curtis, Patricia Curtis and Pete Bigelow. Attached to this Affidavit as Exhibit B is a true and accurate copy of the contract to purchase dated August 2, 1999. Harry Curtis and Patricia Curtis signed this contract in my presence. I printed in the language on the contract that describes the lease option for the seller in Section 2 of the contract. Harry Curtis and Patricia Curtis initialed that section in my presence at the time they signed the contract. Mr. Curtis requested that the lease option provision be inserted in the contract. I called Mr. Bigelow on the phone from the Curtis' residence, we discussed the lease option language and I printed the terms into Section 2 of the contract.

9. Regarding the Curtis transaction, I was paid by Mr. Bigelow for my services. Mr.

Bigelow and I negotiated my fee.

The above statements are true to the best of my knowledge and belief.

/s/ Roseanne Christian
Roseanne Christian

Sworn to and subscribed before me in my presence this 30th day of September, 2003.

/s/ Gary R. Lewis
Notary Public

GARY R. LEWIS, Attorney at Law
NOTARY PUBLIC-STATE OF OHIO
My Commission has no expiration
Date. Section 147.03 O.R.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Affidavit of Roseanne Christian was served upon William H. Blessing, Esq., and James Schwantes, Esq., Attorneys for Plaintiff, 119 East Court Street, Suite 500, Cincinnati, Ohio 45202 by regular U.S. Mail, postage pre-paid this 1st day of October, 2003.

/s/ Gary R. Lewis
Gary R. Lewis
Attorney for Defendant Prescott Bigelow and
Defendant Roseanne Christian