# SETTLEMENT STATEMENT
1107 LAIDLAW AVENUE
CINCINNATI, OHIO 45237
January 27, 1998

**SELLER(S)**

| | | |
|---|---|---|
| Sales Price | | $ 36,154.98 |
| Deductions | | |
| - Principal balance of Mortgage Assumed (Purchaser) | ($ 14,884.88) | |
| - Real estate tax proration (1/1/97-1/27/98) - Purchaser(s) | (     871.98) | |
| - Attorney Fees (Estate of Johnie Worthy) - John R. Meckstroth, Jr. | (     150.00) | |
| - Filing and Recording Costs (Estate of Johnie Worthy) - Probate Court, Auditor and Recorder | (      25.00) | |
| - Estate Tax (Estate of Johnie Worthy) - Hamilton County Treasurer | (      83.12) | |
| - Principal of Promissory Note - Purchaser(s) | ( 19,000.00) | |
| - Transfer tax - Hamilton County Auditor | (      90.00) | |
| - Deed Preparation - John R. Meckstroth, Jr. | (      50.00) | |
| Total Deductions | ($ 35,154.98) | |
| Balance Due to Seller(s) | | $  1,000.00 |

**PURCHASER(S)**

| | | |
|---|---|---|
| Purchase Price | | $ 36,154.98 |
| Deductions and Credits | | |
| - Principal Balance of Mortgage Assumed - Seller(s) | ($ 14,884.88) | |
| - Principal of Promissory Note - Seller(s) | ( 19,000.00) | |
| - Real Estate Tax Proration - (1/1/97 - 1/27/98) - Seller(s) | (     871.98) | |
| Total Deductions | ($ 34,756.86) | |
| Charges and Expenses | | |
| - Attorney Fees - John R. Meckstroth, Jr. | $    295.00 | |
| - Recording Costs (deed) - Hamilton County Recorder |       14.50 | |
| Total Charges and Expenses | $    309.50 | |
| Balance Due from Purchaser(s) | | $1,707.62 |

## SETTLEMENT STATEMENT
Page 2

### SUBSTITUTE FORM 1099 SELLER STATEMENT

The information contained on Page 1 of this Closing Statement is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

### SELLER INSTRUCTIONS

If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040).

The undersigned acknowledge receipt of a copy of this Closing Statement and agree to the correctness thereof.

SELLER(S):                                         PURCHASER(S):

_____                    _____
Shirdenia Bryant                                   Prescott Bigelow IV


Prepared by:
John R. Meckstroth, Jr.
Attorney at Law
22 West Ninth Street
Cincinnati, Ohio  45202
3646 Glenmore Avenue
Cincinnati, Ohio  45211
(513) 721-8808

Exhibit B

## PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned promises to pay to Shirdenia Bryant the principal amount of Nineteen Thousand and 00/100 ($19,000.00) Dollars without interest. Said amount shall be due and payable within sixty (60) days of the date of this note or when the borrower has paid the amount due under a note and mortgage to Nationsbanc Mortgage Corporation for the property located at 1107 Laidlaw Avenue, Cincinnati, Ohio 45237, whichever date occurs first.

Signed this 27th day of January 1998.

_____
Prescott Bigelow, IV

Auditor's Parcel No. 118-1-61

# GENERAL WARRANTY DEED

**SHIRDENIA BRYANT**, unmarried, hereinafter referred to as Grantor(s), of Hamilton County, Ohio for valuable consideration paid, grant(s), with general warranty covenants to: **PRESCOTT BIGELOW, IV, Trustee** whose tax-mailing address is P.O. Box 30404, Cincinnati, Ohio 45230.

The following REAL PROPERTY:

Situated in the County of Hamilton, in the State of Ohio and in the Township of Millcreek and more particularly described as follows:

Being part of Section 11, Millcreek Township, Fractional Range 2, of the Miami Purchase, and being the East twenty (20) feet of Lot No. Twenty-one (21) and the West twenty (20) feet of Lot No. Twenty-two (22) on the Plat of the First Ruffner Subdivision in Bond Hill, recorded in Plat Book 27, pages 58 and 59 of the records of Hamilton County, Ohio;

Subject to a mortgage from Charles Worthy and Johnie Worthy in favor of Ameritrust Co., NA as recorded in Mortgage Book 4708, Page 483 and assigned to Nationsbanc Mortgage Corporation in the approximate principal balance of $14,884.88 which the Grantee assumes and agrees to pay.

Subject to taxes and assessments, if any, due and payable in December, 1997 which the grantee assumes and agrees to pay.

Being the property conveyed to the Grantor(s) herein by instrument recorded in Official Record 6999, Page 534 of the Deed Records of Hamilton County, Ohio.

Grantor(s) releases any right of dower therein.. Witness her hands this 27th day of January, 1998.

Signed and acknowledged in the presence of:

_____
Witness

_____
Witness

Shirdenia Bryant

REBECCA PREM GROPPE
HAMILTON COUNTY RECORDER
Doc #:98 - 14969 Type: DE
Filed:01/28/1998 11:29:20 AM  $ 14.00
Off.Rec.: 7558  1954 F  M27  1  641

DESCRIPTION ACCEPTABLE
HAMILTON COUNTY ENGINEER
Tax Map - 1-28-98
CAGIS -

STATE OF OHIO, COUNTY OF HAMILTON, ss:

BE IT REMEMBERED, That on the 27th day of January, 1998, before me, the subscriber, a Notary Public, in and for said County and State, personally came **Shirdenia Bryant**, unmarried, Grantor in the foregoing deed, known to me and whose identity was proven by satisfactory evidence, and acknowledge the signing thereof to be her voluntary act and deed.

IN TESTIMONY THEREOF, I have hereunto subscribed my name and affixed my seal on this day and year aforesaid.

_____
Notary Public

Prepared by:
James J. Meckstroth
Attorney at Law
22 West Ninth Street
Cincinnati, Ohio 45202

JOHN R. MECKSTROTH, JR., Attorney at Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration
Sec. Section 147.03 O.R.C.C.

7558  1954

Examined & Compliance with
Sec. 322.02 R.C.
Real Property Transfer Tax
54.30
DUSTY RHODES
HAMILTON COUNTY, OHIO

9801164
DUSTY RHODES
HAMILTON COUNTY, OHIO

## PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned promises to pay to Shirdenia Bryant the principal amount of Nineteen Thousand and 00/100 ($19,000.00) Dollars without interest. Said amount shall be due and payable within sixty (60) days of the date of this note or when the borrower has paid the amount due under a note and mortgage to Nationsbanc Mortgage Corporation for the property located at 1107 Laidlaw Avenue, Cincinnati, Ohio 45237, whichever date occurs first.

Signed this 27th day of January 1998.

_____
Prescott Bigelow, IV

*Paid in Full*

*[signature: Shirdenia Bryant]*

Exhibit E

## PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned promises to pay to Shirdenia Bryant the principal amount of Nineteen Thousand and 00/100 ($19,000.00) Dollars without interest. Said amount shall be due and payable within sixty (60) days of the date of this note or when the borrower has paid the amount due under a note and mortgage to Nationsbanc Mortgage Corporation for the property located at 1107 Laidlaw Avenue, Cincinnati, Ohio 45237, whichever date occurs first.

Signed this 27th day of January 1998.

_____
John Marfisi

```
                                                                    2764
BIGELOW PROPERTIES                        13-1/420 083
4825 EASTERN AVE.                         008095119
CINCINNATI, OH 45208              DATE  2/24/98

PAY TO THE
ORDER OF  John MarFisi              $ 22,701.66

Twenty two thousand Seven hundred one dollars and 66/100   DOLLARS

STAR BANK, N.A.                        [signature] Susan Bigelow

MEMO  Laidlaw

⑈042000131⑈ 2764  008095119⑈
```

Consulting

## RELEASE

This agreement dated this _6TH_ day of January, 1999 by and between Prescott Bigelow, IV, hereinafter referred to as Bigelow and Shirdenia Bryant, hereinafter referred to as Bryant.

WHEREAS Bigelow previously purchased from Bryant the property commonly known as 1107 Laidlaw Avenue, Cincinnati, Ohio. In connection with that transaction Bigelow signed a promissory note to Bryant for the payment of Nineteen Thousand and 00/100 ($19,000.00) Dollars.

WHEREAS Bigelow's responsibility under said promissory note has been previously transferred to John Marfisi and the original promissory note was marked paid in full.

WHEREAS Bryant has previously rented the before-described property from Bigelow and a dispute remains unresolved in regards to her tenancy and his liability under the promissory note.

Now Therefore, it is agreed by and between the parties as follows:

1. Bigelow shall pay to Bryant the sum of Two Thousand and 00/100 ($2,000.00) Dollars.

2. Bigelow shall release Bryant of the responsibility to pay the amount of Six Hundred and 00/100 ($600.00) Dollars which remains due for the period prior to December 31, 1998 as rent for the before-described property.

3. The parties agree to enter into a lease agreement for the property as set forth in an agreement executed at the same time as this release.

4. Bryant agrees to release Bigelow of any further obligation of whatsoever nature in regards to her previous tenancy and the promissory note dated January 27, 1998.

Signed on the date first named above.

_____
Prescott Bigelow, IV

_____
Shirdenia Bryant

Case 1:02-cv-00006-SAS    Document 40-7    Exhibit G    Filed 10/01/2003    Page 9 of 18

Home - 242-4652    Exhibit H    S/N - 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
Pryor - 5080627

**THIS IS A LEGALLY BINDING CONTRACT.
IF NOT UNDERSTOOD, SEEK LEGAL ADVICE.**

# CONTRACT TO PURCHASE

Cincinnati, Ohio

JAN 7 19 98

1. The undersigned Purchaser hereby offers to purchase, the following described property to-wit, property located at: 1107 LAIDLAW AVE CINCINNATI OHIO 45237

2. The purchase price is to be $ SEE BELOW payable as follows:
$ -0- as earnest money to apply toward purchase price.
$20,000.00 CASH TO Seller, Buyer WILL SATISFY LIEN WITH NATIONS BANC mortgage Corp. Plus Buyer WILL PAY ATTORNEY'S FEE'S, COURT COST, TAXES ECT. Seller WILL LEASE OPTION property FOR $200.00 A MONTH FOR ONE YEAR. Buyer WILL help Seller TO Purchase property AT 100% FINANCING.

3. The above described real estate shall include all land and appurtenant rights; also all electrical; plumbing, heating and air conditioning equipment, including window units, bathroom fixtures; shades, venetian blinds; awnings; curtain rods; window/door screens, storm windows/doors; landscaping and shrubbery; wall-to-wall/stair carpeting; built-in kitchen appliances; attached radios and/or television aerials; all affixed/built-in furniture fixtures; and utility/storage buildings or sheds; except: NONE

4. The following personal property shall be included in the sale: NONE
NONE

5. Title to the above described real estate is to be conveyed by Warranty Deed with release of dower, on or before JAN 28 19 98; said title to be free, clear, and unencumbered, free of building orders, subject to zoning regulations of record, and except assessments, easements and restrictions of record, and EXCEPT NONE

6. Seller certifies to Purchaser that: there is no termite damage to the real estate or active infestation; electrical, plumbing, heating, air conditioning equipment and systems, fireplaces, chimneys and other items included herein will be operational on possession except NONE. Seller agrees that at the time of transfer of title, the above described real estate, and all items thereof, will be in the same condition as on the date of this offer, reasonable wear and tear excepted.

7. The following items shall be prorated between seller and purchaser as of closing: real estate taxes, assessment installments of record, rents, operating expenses and interest on encumbrances. Security and/or damage deposits held by Seller will be transferred to Purchaser at closing without proration.

8. Seller will maintain, until closing, hazard insurance in the amount of the above stated purchase price. If any building or other improvements are damaged or destroyed prior to closing, purchaser shall have the option to receive the proceeds of any insurance payable or to cancel this agreement and be refunded all consideration therefore paid.

9. Possession shall be given on or before DAY OF CLOSING, subject to tenant's rights. Any lease or tenant agreement will be supplied to Purchaser prior to closing.

10. This agreement is subject to the arranging of financing within -0- banking days, at any terms acceptable to Purchaser. Seller held mortgages, if any, shall be subordinate and inferior to any new, additional, or refinancing of existing mortgages. Purchaser's liabilities are limited to the securing property itself and shall not extend beyond. Financing will, at Purchaser's option, additionally or entirely be secured by subject or other similar real property.

11. This contract is contingent on an inspection of the above real estate by Purchaser, which is satisfactory without limitations to said Purchaser.

12. This agreement survives closing and pertinent language contained herein becomes part of any deeds, notes, mortgages, and documents pertinent to this transaction and shall take precedence in the event of any conflicting provisions of terms.

13. This offer, when accepted, comprises the entire agreement of Purchaser and Seller, and it is agreed that no other representation or agreements have been made or relied upon.

14. This offer, when accepted, shall constitute a binding contract to be binding upon the parties, their heirs, personal representatives, executors, administrators and assigns.

15. Offer void if not accepted by _____

Date JAN 7 1997

_____
Purchaser

_____
Purchaser

I/We as Sellers accept the above offer and earnest money submitted to us.

Date Jan 7, 1998

_____
Seller

_____
Seller

# **LEASE AGREEMENT**

THIS LEASE AGREEMENT, entered into this 6th day of January, 1999, by and between PRESCOTT BIGELOW, IV (hereinafter referred as Landlord) and SHIRDENIA BRYANT (hereinafter referred to as Tenant);

For the considerations, on the terms and subject to the conditions that follow, the Landlord leases and to the Tenant and the Tenant leases from the Landlord the real property and appurtenances thereto commonly known as 1107 Laidlaw Avenue, Cincinnati, OH 45237 (hereinafter referred to as the premises).

1. <u>Term</u>. The term of this agreement shall be the period from January 1, 1999 and running through December 31, 1999.

2. <u>Payments</u>. The total amount due under this agreement shall be the sum of Seven Thousand Two Hundred and 00/100 ($7,200.00) Dollars (US) payable advance as follows:

   A. Two Hundred Fifty and 00/100 ($250.00) Dollars upon the execution of this agreement.

   B. Two Hundred Fifty and 00/100 ($250.00) Dollars on January 15, 1999 and the same amount on the first day and fifteenth day of each month beginning in February and thereafter.

   The monthly payments shall be made at the Seller's address of P.O. Box 30404, Cincinnati, Ohio 45230 or at such other place or places as the Landlord shall from time to time designate in writing addressed to the Tenant and mailed to or left at the premises.

3. <u>Use of the Premises</u>. The Tenant shall use the premises in a careful, safe and proper manner for residential purposes only. In no event shall the Tenant use or permit the premises to be used in any manner whatsoever which shall be unlawful, which shall cause commission of waste therein, or which shall disturb, in any way the peaceful and quiet use and enjoyment of the property of others.

4. <u>Repairs and Maintenance</u>. The Tenant shall keep the exterior of the premises (including window glass) in as good repair as the same is at the commencement of the term of this lease, ordinary wear and tear excepted. The Tenant shall keep the exterior of the premises neat, clear and free of rubbish, including leaves, ice and snow and other obstacles, and shall cut all grass. The

Tenant shall keep the interior of the premises and its structural portions (including heating equipment, electrical wiring, and plumbing) in good repair and order as the same is at the commencement of the term of this lease, ordinary wear and tear excepted. The Landlord shall not be responsible for or obligated to repair any damage to the premises willfully or negligently caused by the Tenant or the Tenant's agents, invitees, licensees, or guests, which damage shall be repaired at the Tenant's cost.

5. <u>Taxes and Assessments</u>. The Landlord shall pay all installments of real estate taxes and assessments and any interest or penalties related thereto which become due and payable with respect to the premises at any time during the term of this lease.

6. <u>Utilities</u>. The Tenant shall furnish and pay for fuel, water, electricity, telephone, sewage and rubbish disposal and any and all other utilities used on, or in connection with the premises during the term of this lease and the Tenant shall save and keep harmless and indemnify the Landlord from any expense in connection therewith.

7. <u>Alterations, Additions and Improvements to Premises</u>. The Tenant shall not make any alteration, addition, or improvement to the premises without first obtaining the written consent of the Landlord, and any such consent may be made subject to any terms and conditions that the Landlord may impose. Any alteration, addition, or improvement to the premises shall become and remain the property of the Landlord, and the Tenant shall not be required to remove the improvements upon termination of this lease, unless the Landlord otherwise agrees and specifies when granting written consent thereto.

8. <u>Damage to Premises</u>. If by fire or other casualty the premises or appurtenances are destroyed or damaged to the extent that the Tenant is deprived of occupancy of use of the premises, the Landlord or Tenant may elect to: (a) proceed with due diligency to restore the premises and appurtenances to substantially the same condition as existed before such damage or destruction or (b) cancel this lease as of the date of such fire or casualty by written notice to the other party not more than 30 days thereafter. Should the parties elect to proceed under (a) above, all monthly payments shall abate until restoration or repair is completed. In the event the parties hereto are unable to agree on how to proceed, they shall proceed under (b) above.

9. <u>Damage to Contents of Premises</u>. Except in the case of willful acts of Landlord, the Landlord shall not be responsible or liable for loss of or damage to the contents of the premises, regardless of who owns the contents and regardless of how or by whom the loss or damage is caused Tenant.

10. <u>Indemnification</u>. The Tenant shall save and keep harmless and indemnify the Landlord from and against all loss, damage or injury to any person or property while on the premises arising out of the use or occupancy of the premises by the Tenant or the Tenant's employees, guests, licensees, or invitees, or which shall be occasioned by any nuisance made or suffered in the premises.

In addition, the Tenant shall maintain and pay for adequate comprehensive public liability insurance against such hazards in the name of the Landlord and the Tenant, as their respective interest may appear, which insurance shall be with a company authorized to issue the same in the State of Ohio and which shall have limits satisfactory to the Landlord.

11. <u>Entry by Landlord</u>. The Landlord and the Landlord's agents shall have the right to enter upon the premises at all reasonable times for the purposes of inspecting the condition of the premises upon 24 hours advance notice, and inspections no more frequently than monthly.

12. <u>Default by Tenant</u>. If the Tenant fails to pay any installment of rent fifteen (15) days after it becomes due hereunder, or if the Tenant fails to observe or perform obligations herein imposed on the Tenant, or if the Tenant abandons or vacates the premises at any time during the term of this lease, or if the Tenant makes an assignment for the benefit of creditors or enters into a composition agreement with creditors, or if the interest of the Tenant in the premises is attached, levied upon, or seized by legal process, or if a bankruptcy or insolvency proceeding is filed by the Tenant, or the Tenant is adjudged a bankrupt, or if a receiver is appointed for the Tenant by any court of competent jurisdiction, or if this lease is assigned or terminated by operation of law; in any such event, then or at the time thereafter, without prior notice to or demand upon the Tenant, at the option of the Landlord, the Landlord shall have the right to immediately resort to the remedies authorized by the law and either (a) declare this lease agreement to be rescinded, in which event this lease, all rights of the Tenant, and all duties of the Landlord shall immediately cease and terminate, and the Landlord may possess and enjoy the premises as though this lease had never been made, without prejudice, subject however, to any and all rights of action against the Tenant having at the time of recision accrued to the Landlord for rent, damages or breach of covenant, or (b) relet the premises on behalf of the

-3-

Tenant for the highest rent reasonable obtainable in the judgement of the Landlord, which event shall not be considered as a surrender or acceptance-back of the premises or termination of this lease, and recover from the Tenant any deficiency between the amount received as rent upon such reletting and the amount of rent payable under this lease plus any expenses incurred by the Landlord in connection with such reletting, including without limitation, the expenses of any decorating, repairs or alterations that the Landlord deems necessary or appropriate to make in connections with such reletting.

All payments made by Tenant to Landlord of whatever nature may be retained by Landlord as liquidated damages in the event of default as provided herein.

13. **Assignment or Subletting**. Tenant shall not assign any right, title or interest hereunder or sublet all or any part of the premises without first obtaining the written consent of the Landlord. If the Tenant assigns any right, title or interest hereunder or sublets all or any part of the premises, neither the assignment nor the subletting nor the receipt and acceptance by the Landlord from the assignee or subtenant or rent shall operate to release the Tenant from the terms, covenants, and conditions hereof unless the Landlord specifically so agrees in writing.

14. **Quiet Enjoyment**. If the Tenant pays the rent and keeps and performs the covenants of this lease on the Tenant's part to be kept and performed, according to the provisions and conditions hereof, the Tenant shall peaceably and quietly hold, occupy, and enjoy said premises during the term hereof, or any renewals without any hinderance or molestation by the Landlord or the Landlord's successors or assigns.

15. **Security Deposit**. The Landlord and Tenant acknowledge that there has been no security deposit paid by the Tenant.

16. **Time of the Essence**. Time is of the essence in the doing, performing, and observing of each and every term, covenant, or condition of this lease by both the Landlord and the Tenant.

17. **Joint and Singular Obligations**. As used herein, "Tenant" shall include tenant, "Landlord" shall include Landlord and the obligations and duties of the Tenant and the Landlord, respectively, if more than one, shall be joint and several.

-4-

18. <u>Captions</u>. The captions of the several items of this lease are not a part of the context hereof and shall be ignored in construing this lease. They are extended only as aids in locating and reading the various provisions hereof.

19. <u>Late Charge</u>. A late charge of Five (5%) Percent of the amount due shall be assessed five (5) days after the due date.

20. <u>Binding Effect</u>. This Lease Agreement is binding on the heirs, executors, administrators and assigns of the parties hereto.

IN WITNESS WHEREOF, the parties hereto have set their hands as the date first mentioned above.

In the Presence of:

_____
WITNESS

_____
WITNESS

LANDLORD:

_____
PRESCOTT BIGELOW, IV

TENANT:

_____
SHIRDENIA BRYANT

-5-

882944

Auditor's Parcel No. 54-2-53

# GENERAL WARRANTY DEED

REBECCA PREM GROPPE
HAMILTON COUNTY RECORDER
Doc #99 - 171745 Type: DE
Filed:08/26/1999 2:49:40 PM  $ 14.00
Off.Rec.: 8052 2954 F   M27   1   885

**HARRY CURTIS AND PATRICIA CURTIS**, husband and wife, hereinafter referred to as Grantor(s), of Hamilton County, Ohio for valuable consideration paid, grant(s), with general warranty covenants to: **PRESCOTT BIGELOW, IV, TRUSTEE**, whose tax-mailing address is P.O. Box 30404, Cincinnati, Ohio 45230. The following REAL PROPERTY:

Situate, lying and being in the City of Cincinnati, County of Hamilton and State of Ohio, and being the east forty and one half (40 ½) feet of Lot number forty (40) of the First Subdivision of The Walnut Hills Land Association, as per plat of said Subdivision recorded in Plat Book 7, Page 97, in the office of the Recorder of Hamilton County, Ohio, and being more particularly described as follows:

Beginning at a point on the northerly line of Fairfax Avenue nine and one-half (9 ½) feet east of the westerly line of said Lot number forty (40); thence running eastwardly along said northerly line of Fairfax Avenue, forty and one-half (40 ½) feet to the easterly line of said Lot number forty (40); thence running northwardly along said easterly line of said Lot number forty (40), one hundred and forty (140) feet to the northerly line of said Lot number forty (40); thence running westwardly along said northerly line of said Lot Number forty (40); forty and one-half (40 ½) feet to a point; thence running southwardly along a line parallel with the westerly line of said Lot number forty (40) a distance of one hundred and forty (140) feet to the north line of said Fairfax Avenue and the place of beginning.

Subject to easements and restrictions of record and taxes and assessments due and payable in December, 1999 and thereafter which the Grantees assume and agree to pay.

Being the property conveyed to the Grantor(s) herein by instrument recorded in Official Record 8052, Page 2952 of the Deed Records of Hamilton County, Ohio.

Grantor(s) releases any right of dower therein. Witness his hand this 25th day of August, 1999.

Signed and acknowledged in the presence of:

_____      _____
WITNESS                                Harry Curtis

_____      _____
WITNESS                                Patricia Curtis

STATE OF OHIO, COUNTY OF HAMILTON, ss:          013731

BE IT REMEMBERED, That on the 25th day of August, 1999, before me, the subscriber, a Notary Public in and for said County and State, personally came, **HARRY CURTIS AND PATRICIA CURTIS**, Grantor(s) in the foregoing Deed, known to me and whose identity was proven by satisfactory evidence, and acknowledged the signing thereof to be their voluntary act and deed.

IN TESTIMONY THEREOF, I have hereunto subscribed my name and affixed my seal on this day and year aforesaid.

_____
Notary Public

Prepared by:
John R. Meckstroth, Jr.
Attorney at Law
22 West Ninth Street
Cincinnati, Ohio 45202
(513) 721-8808

8052   2954

## SETTLEMENT STATEMENT

1966 Fairfax Avenue
Cincinnati, Ohio 45207
August 25, 1999

### SELLER(S)

| | | |
|---|---:|---:|
| Sales Price | | $15,432.24 |
| Deductions | | |
| - Delinquent real estate taxes-Hamilton County Treasurer | ($4,527.00) | |
| - Tax foreclosure court costs-Clerk of Courts | (206.00) | |
| - Recording costs (certificate of transfer and affidavit) - Hamilton County Recorder | (28.50) | |
| - Attorney fees (Estate of Betty Lou Pringle) - Stephen Kurlansky | (15.18) | |
| - Real estate tax proration (1/1/99-8/25/99) - Purchaser(s) | (595.49) | |
| - Transfer tax-Hamilton County Auditor | (38.75) | |
| - Deed and Affidavit Preparation - John R. Meckstroth, Jr. | (150.00) | |
| Total Deductions | ($5,560.92) | |
| Balance Due to Seller(s) | | $9,871.32 |

### PURCHASER(S)

| | | |
|---|---:|---:|
| Purchase Price | | $15,432.24 |
| Deductions and Credits | | |
| - Real estate tax proration (1/1/99-8/25/99) - Seller(s) | ($595.49) | |
| Charges and Expenses | | |
| - Attorney Fees - John R. Meckstroth, Jr. | 295.00 | |
| - Recording costs - Hamilton County Recorder | 14.50 | |
| Total Charges and Expenses | $309.50 | |
| Balance Due from Purchaser(s) | | $15,146.25 |



# SETTLEMENT STATEMENT
Page 2

## SUBSTITUTE FORM 1099 SELLER STATEMENT

The information contained on Page 1 of this Closing Statement is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

## SELLER INSTRUCTIONS

If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040).

The undersigned acknowledge receipt of a copy of this Closing Statement and agree to the correctness thereof. The parties further acknowledge that the real estate taxes have been prorated and the Seller shall be entitled to the amount held in escrow by the lender upon the final payoff of the mortgage.

SELLER(S):

_____
Harry Curtis

_____
Patricia Curtis

PURCHASER(S):

_____
Prescott Bigelow, IV, Trustee

Prepared by:
John R. Meckstroth, Jr.
Attorney at Law
22 West Ninth Street
Cincinnati, Ohio 45202
(513) 721-8808