Request No. M2505102783001   Account No. ▮▮▮▮▮▮▮▮





Hallway
What Not Shelf
Brass Car with key Plays Chitty Chitty Bang, Bang
Oriental Tea Set (2)
Beer Mug Salt & Pepper Shaker
Jamaican Horn Blower
Basket ball Player
Kitchen Cook-Tooth Pick Holder
Angel Figure
Baseball Bank (Reds) Filled with quarters
Bass Picher (3)
Antique Clock
Pen & Pencil Set
Golf Umberlla
Living Room — 4 Head VCR
25' RCA Stereo TV Color with remote
Toshiba 5 Disc CD Player with remote
Two CD Towers with 200 CD in each
Answering Machine, Wall Clock
Stereo Player with Cassett & Turntable
2 Pairs of Burgandy Drapes
Dining Room
Set of China Service for (8)
Set of Crystal Goblets
Set of Blue Willow Tea Set
6 Large Goblets
White Handle drawing Set

BRYANT -708

Cable TV Hook Book (Warner Cable Property

Glass Chess Set
Walking Stick (Hand Craved)
Sterling Silver Platers
Set of Antique Silverware Set
56 Piece of Silverware
Antique Sewing Machine in Cabinet
Canister Set (White)
Bass Planter wall hangers
Plants (Set of Bridge Drapes
Kitchen
8 Glasses of Ohio Indians
Potoy Pans
Cook Books
Front Bed Room
2 Pairs of White Curtains
Weight Bench & Weights
Iron
Atari Viedo Game + Tapes
RCA Portable Cassette Reorder Player
Panasonic Portable Cassett Player
6' Tree
Clothes Hanger
End Tables with Elephants
Viedo Holder with 100 Viedos
CD Tower with 50 CD's
In Closet
Sewing Machine (Singer)
Crate with 100 LP's
Box with 200 1/5 RPMs

BRYANT -709

Towels Beach
Money
Purses
Shoes + Sandles, Boots, Gym Shoes
Dress, Suits, Shorts Sets
Hair Dryer, Blower Dryer
Jackets
Portable TV with cassett + Radio
Radio, Cassette Player
Antique Chest with
Sweat Shirts, Pictures, Cell Phone
Jewerly Box, Pouch Pictures
Antique Trunk
Small Vicdo Chast with Vicdo
Set of Head Phones
Board games + Bangamo, Checkes,
Monopoly
Totes Umbrella
Middle Bedroom - Blue Curtains
20' Quazer Color TV with Remote VCR
Warner Cable TV Hookup Box with remote
Clothes, Pants, Shoes, Jewerly
Trunk, Stuff Animals, Binoctars
Hats, Bedding, Tapes, Pool Stick
Cook Books, Albums, Books, Blue
Curtains
Bathroom
Linen, Bathroom Scale
Curtains, Hanger

BRYANT -710

Back Bedroom — Pink Curtains
Clothes, Coats, Jewerly
Stuff Animals, Antique Dresser
20' Color TV with ranote
In closet
Vaccum Cleaner (Hoover)
Rugs
Dishes, Poppcorn popper, Bun warmer
Glasses, Pots + Pans, Cockpot
Blankets,
Fishing Rod + Tackle Box
Bowling Bag, Parses, Shoes,
Basement
Pots + Pans
Punch Bowls
Coat
Easy Glider
~~Fan~~ Dishes
Clothes, Pictures,
Ironing Board
Dog Feeding Dish
Dog Food
Clothes Hangers
Washer, + Dryer
3 Fans (Upright) 1 Box Fan
(1 Window Fan, Air Conditioner

BRYANT -711

**RE: HARRY CURTIS**

Investigator:   17:47 hours, there is an interview here with Mr. Harry Curtis and he lives at 1966 Fairfax, he's going to tell us what happened there concerning the fire and the particulars that happened and why he started the fire and he has been very cooperative with us so far and up front with us and understand what's going on with him and his past what this gentleman has been doing. Mr. Curtis would you like to tell us what happened?  Hold on one second, this is Captain Dan Rottmiller with Cincinnati Fire Division, Fire Investigation Unit, interviewing Mr. Harry Curtis. Okay, Mr. Curtis, can you tell us what happened today.

Curtis:  Well, I just a

Investigator:  From the start?

Curtis:  Well basically in November of last year, um, well September is when the whole deal had started.  My property was getting ready to go in foreclosure, so a friend of the family came to the house and told me (inaudible) thought he would be a help, I got the information from her and she was like a medium between the two of us and a, then finally he came over and (inaudible) he would straighten out the taxes and put a roof on the house and give me a certain amount of dollars and I would in turn go under land contract to get the house back, okay.  I was supposed to pay $350.00 a month for one year and at that time I was supposed to pay him $37,000 in order to pay for the preceding year.  Part of this deal, probably one of the major portions of it still, attributed to the signing of this deal was that he put the roof on the house and doing the (inaudible) and stuff on the house on the roof, well he put a roof on the house, did the (inaudible) three quarters of the house, but then there was one side of the house that still had a hole in it and the roof set.  I talked to him about that and at that particular time he blew me off, you know.  And like he wasn't going to fix it, so at that point, I held the money.

Investigator:  Held your rent?

Curtis:  Held my rent.  Okay, two months after this particular incident, it was in December, early part of December, uh, I got an eviction notice.  Now I got a (inaudible) be in court and I told him I said well, you know, I asked, first of all, I tried to get a continuance.  I did get a continuance because I was going to try to get a lawyer, well the money being as minimal as it was, I wasn't able to do that and still hold off that other money, so, after that, we went back again and at that time I presented the contract for the land contract.  Well it was just a contract, all of our names were printed on it, but we didn't have any signatures on it, so therefore, he was saying that we didn't have a contract at all.

Investigator:  Right.

Curtis:  So at that particular point, that means I didn't have anything.  You know, I didn't have no leg to stand on so uh, I went, we got another, the Judge gave us another continuance at that particular time. We went back and Judge said, you know he had his attorney with him and he was

saying so and so, but they didn't go (inaudible) any kind of information beyond the point of his ownership so I wasn't really saying that much about anything. You know, the next thing I knew, I had 3 days to get out of there.

Investigator: Right.

Curtis: Well, I have been in the house, living in the house for almost 6 years, okay. Uh, it had been my house for over 35 years so there were numerous things in the house. There was no way in the world I could all of that stuff out of there in 3 days. You know

Investigator: You received an eviction notice on what day?

Curtis: Not even a week, it was 3 days, I went to court last Tuesday, so it was 3 days. Well they said they would contact me the following week. Well I still wasn't able to get all of that stuff out of there, I mean you got a 3 bedroom house, fully furnished, you know. And we had been adding stuff the whole time. We still had a closet full of wedding gifts that we had never opened, all kinds of stuff. We an enormous wedding. And um, so this morning I just went downstairs after the furnace went out (inaudible) and I was just standing there and I just said what the heck, you know and that was just the reaction, that's all, I wasn't trying to hurt anybody.

Investigator: What did you do when you were standing there and you said what the heck, what did you do?

Curtis: Well that's what I'm saying, there was, I used the matches to light the furnace, I kept a pack of long stem wooden matches and there was stuff there that was already stocked for storage and everything, and I just put a couple of the matches close to the boxes.

Investigator: Boxes of what?

Curtis: Of clothes and stuff, they were down there in a pile.

Investigator: Can you say what area of the basement this was in?

Curtis: This is right next to the furnace.

Investigator: Okay, to the left of the furnace?

Curtis: To the left of the furnace.

Investigator: Okay.

Curtis: To the left of the furnace and I don't know, I didn't know if they caught, I didn't do anything else after I put them in, I just left. I didn't, walked out of the house, (inaudible), locked the door.

Investigator:  Okay, so let me get this straight here, you were lighting the furnace, lit the furnace and you put some matches over by some storage boxes that were to the left of the furnace.

Curtis:  Yeah, to the left.

Investigator:  Some lit matches?

Curtis:  Yes.

Investigator:  Took your dog and left.

Curtis:  Yes.

Investigator:  And did you mean to hurt anybody when you did this?

Curtis:  I had no idea, I knew the house was totally empty, you know there was nobody there, there was nobody expected.

Investigator:  Okay.  Are you sorry for doing it?

Curtis:  Absolutely.  I was sorry after I did it, but I didn't know what to do after that, so I just kept on.

Investigator:  This was just a mistake.

Curtis:  Absolutely, absolutely, I never done anything like this.  I'm 51 years old, I wouldn't, you know, it's just that I guess I was just really hurt and I didn't know what else to do.  I just didn't know what else to do.  I was at that point where it was just a mistake, I've never done it before, I didn't even think about doing it this time, I just did it.  You know, it wasn't like I sat there and contemplated you know what I was going to do.

Investigator:  You didn't plan this, it was just all of a sudden.

Curtis:  No, it was a total spontaneous thing, you know I was there, I looked and I just did it, I was just that mad, I was that upset about what he had done to her, I mean it wasn't like we couldn't pay him, it wasn't like we didn't have the money to pay, you know, he wouldn't accept the money.  And then the last thing he said was it would be better this way, better for who?  He just took my house, what are you talking about it would be better for somebody, who was it better for.  I'm sorry I did it, sorry I did it.

Investigator:  Okay, all right.  Well as we've talked before, I know the Chief talked to you too, you've been very cooperative through this whole interview and everything, very cooperative witness and we will let the prosecutors know that.

Curtis:  Well, I'm just trying to tell, there was a reason behind it, I wouldn't have done it, I've never done it before, there was a real reason behind it just taking me over.  I've been in situations

before, pressure situations, (inaudible), I did my time as far as trying to do things the right way, I pay my taxes, I'm not a person that steals from anybody, I don't have a record, I've never had a record like that. After 50 years, I just couldn't be pushed farther, that's all and he was doing it wrong, it was wrong, and nobody (inaudible) nobody. He was taking our home and he was wrong.

Investigator: Okay.

Curtis: I just didn't know anything else, it just happened, it just happened you know, I couldn't reason with it. Just like you said, you were over there, you know, (inaudible) and saw the fire and said the hell with it you know, throw it out anyway, he wouldn't even allow us another day to see what was going on, I didn't know what was happening, I didn't know what I had done, if I had done anything, I didn't know, I still don't know, I don't know what (inaudible) I haven't been in there since...

Investigator: Because you haven't been able to get back in the house.

Curtis: No, I haven't been there since I left.

Investigator: Okay.

Curtis: So I don't have the slightest idea what damage was done, I've got a good wife, she says tell the truth, so, I'm telling the truth.

Investigator: We appreciate you telling the truth, it means a lot to us if you tell the truth and you're honest with us, and I feel you've been honest with us.

Curtis: I've been as straight as I can be, I wouldn't have done it, you know, it not something that normal for me.

Investigator: Right.

Curtis: And I did make a mistake.

Investigator: You made a mistake, I understand that.

Curtis: Sorry, I'm glad nobody was injured.

Investigator: Nobody was home at the time.

Curtis: No, the house was totally empty, you know, I even took the dog, so just in case, I didn't know, but I thought Lord that's a dog

Investigator: You didn't want to hurt anybody or the dog?

Curtis:  Not even my dog.

Investigator:  Right.
Curtis:  You know I wasn't trying to injure anyone and I know it was a bad mistake, I know it was a mistake and (inaudible) and she knows I was just pushed to the edge, she knows me, for 15, 16 years, I never laid a hand on her, you know I'm not that type, I'm not a violent person, I'm a peaceful person, but you can only (inaudible) so far, it's not right, you know sometimes (inaudible)

Investigator:  Okay.

Curtis:  The point is that he used that to get my home, he used something that he wouldn't do to get my home, you know, to take my home.

Investigator:  Okay.

Curtis:  I'm sorry, you know before this time I never would have said a thing (inaudible) he used us.

Investigator:  Okay.  Anything else you can think of that you might want to say here?

Curtis:  No, I guess, I've already just, I've been honest, I've been honest to you (inaudible)

Investigator:  Right, we appreciate you being honest, we told we would be honest with you, we'll let the prosecutors know that you're very cooperative with us and real honest with us.

Curtis:   (inaudible) I don't know (inaudible) that's why I was going back to see I don't know, at that point in time, I just knew I had to go back.  (inaudible), but I'll have to deal with that.  I know I made a mistake, I had to come back and see what was going on.

Investigator:  We appreciate you coming down and talking to us and being honest with us.  It helps us out and helps yourself out also.

Curtis:  I hope man, I'm really too old to be keep going through this.  It's just I couldn't take no more, that's all.

Investigator:  Okay.  Well we appreciate it, this concludes the interview with Mr. Harry Curtis, he's confessed to the fire that happened this morning at 8:01 hours at 1966 Fairfax Avenue and it is 18:01 hours now on the 9th of February, the interview is concluded, Dan Rottmiller and also Mr. Curtis here for the interview.

BRYANT -716

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

ROBERT A. GOERING, Treasurer    :    CASE NO.  **A9803095**
Hamilton County, Ohio
                                 :
            Plaintiff
                                 :    **COMPLAINT**
     vs.
                                 :

VIOLA COWAN PRINGLE
Heir of the estate of ~~REGULAR MAIL WAVER~~
Betty Lou Pringle, deceased
1966 Fairfax Avenue
Cincinnati   OH 45207

ORIG, COMP, PARTIES, SUMMONS
( X ) CERT MAIL   ( ) SHERIFF   ( ) WAVE
( ) PROCESS SERVER   ( ) NONE
CLERKS FEES _____
SECURITY FOR COST _____
DEPOSITED BY __ 1-7541 __
FILING CODE __ E-520 __

JOHN DOE, UNKNOWN SPOUSE
OF VIOLA COWAN PRINGLE
Heir of the estate of
Betty Lou Pringle, deceased
1966 Fairfax Avenue
Cincinnati   OH 45207

REGULAR MAILING WAIVER

HARRY CURTIS    REGULAR MAIL WAIVER
Heir of the estate of
Betty Lou Pringle, deceased
731 N. Crescent, #5
Cincinnati   OH 45229

JANE DOE, UNKNOWN SPOUSE
OF HARRY CURTIS
Heir of the estate of    REGULAR MAIL WAIVER
Betty Lou Pringle, deceased
731 N. Crescent, #5
Cincinnati   OH 45229

            Defendant(s)

        1.   Now comes the Plaintiff and states that he is the
duly appointed, qualified and acting County Treasurer of Hamilton
County, Ohio.

        2.   Plaintiff states that the parcel(s) of land have been
certified as delinquent and filed with the Prosecuting Attorney as
required by law, and that the sum of Three Thousand Two Hundred
Ninety-Nine and 81/100 Dollars ($3,299.81) together with the accrued
taxes, assessments, penalties and interest, payable subsequent to
certification, plus proper and necessary cost of Preliminary
Foreclosure Report, are due and unpaid, and are a first and prior
lien against the property.



DEFENDANT'S
EXHIBIT NO. 5
FOR IDENTIFICATION
DATE: 8-29-03  RPTR: TPMC

3.   Defendant(s) Betty Lou Pringle currently hold(s) title to said real property by virtue of a deed recorded on 2/28/64 at Deed Book 3334, page 472 of the deed records of Hamilton County, Ohio, a copy which is attached hereto and marked Exhibit "A".

4.   The Plaintiff states that said land(s) are situated in Hamilton County and are described as follows:

Plat Book 054, page 0002, parcel 0053

Street Address:  1966 Fairfax Ave

Property Description:

    1966 FAIRFAX AVE 40.50 X
    140 PT LOT 40 WALNUT
    HILLS LAND ASSN NO 1

5.   Plaintiff further states that the following named Defendants have or claim to have some interest in or lien upon said premises, to wit:

    The last owner of record for the subject real estate is Betty Lou Pringle.   However, Betty Lou Pringle is deceased.   An estate for her was administered in the Hamilton County Probate Court under Case No. 755085.   A Certificate of Transfer was issued by the Hamilton County Probate Court transferring a life estate in the real estate to Viola Cowan Pringle and the remainder to Harry Curtis.   The Certificate of Transfer was not recorded with the Hamilton County Recorder.

    The unknown spouses, if any, of Viola Cowan Pringle and Harry Curtis may claim a marital interest in the real estate.

but Plaintiff, not being fully advised as to the extent, if any, of such liens or claims, says that the same, if any, are inferior and subject to the lien of your petitioner, and prays that said defendants be required to set their liens or claims, or be forever barred from asserting same against the within described premises.

WHEREFORE, this Plaintiff prays that he be found to have a good and valid first lien on the within described premises, in the sum of Three Thousand Two Hundred Ninety-Nine and 81/100 Dollars ($3,299.81) and accrued taxes, assessments, penalties and interest payable subsequent to certification, plus reasonable costs for Preliminary Foreclosure Report; that each of the Defendants be required to answer, setting up their interest, if any, in said premises or be forever barred from asserting same; that unless the amount found due this Plaintiff be paid within a reasonable time to be named by the Court, the equity of redemption shall be foreclosed and an order of sale issued to the Sheriff directing him to sell said premises as upon execution, as provided by law; and for such

other and further relief as in law and equity this petitioner may be
entitled.

JOSEPH T. DETERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO


Dale H. Bernhard, 0007541P
Ass't Prosecuting Attorney
Hamilton County, Ohio
230 E. Ninth Street, Suite 4000
Cincinnati, Ohio  45202
(513) 946-3004
ATTORNEYS FOR PLAINTIFF

## IN THE COURT OF COMMON PLEAS
### HAMILTON COUNTY, OHIO

ROBERT A. GOERING, Treasurer    :    CASE NO.    A9904402
Hamilton County, Ohio

      Plaintiff                              **COMPLAINT**

    vs.

VIOLA COWAN PRINGLE
1966 Fairfax Avenue
Cincinnati  OH  45207

HARRY CURTIS
732 N. Crescent #5
Cincinnati  OH  45229

JANE DOE, UNKNOWN SPOUSE
OF HARRY CURTIS
732 N. Crescent #5
Cincinnati  OH  45229

      Defendant(s)

```
ORIG, COMP, PARTIES, SUMMONS
( ) CERT MAIL      ( ) SHERIFF      ( ) WAVE
( ) PROCESS SERVER      ( ) NONE
CLERKS FEES_____      TIC
SECURITY FOR COST _____
DEPOSITED BY _____ P18263
FILING CODE_____ 0520
```

      1.    Now comes the Plaintiff and states that he is the duly appointed, qualified and acting County Treasurer of Hamilton County, Ohio.

      2.    Plaintiff states that the parcel(s) of land have been certified as delinquent and filed with the Prosecuting Attorney as required by law, and that the sum of Four Thousand Two Hundred Seventy Five and 96/100 Dollars ($4,275.96) together with the accrued taxes, assessments, penalties and interest, payable subsequent to certification, plus proper and necessary cost of Preliminary Foreclosure Report, are due and unpaid, and are a first and prior lien against the property.

      3.    That title of record is held by Betty Lou Pringle by deed recorded 2/28/64 in Deed Book 3334, page 472 Hamilton County, Ohio Records.  That Betty Lou Pringle is deceased (Probate Court #755085) and that a Certificate of Transfer was issued in her estate transferring a life estate to Viola Cowan Pringle and the remainder to Harry Curtis.  This Certificate of Transfer was never presented for Transfer and Recording.

      4.    The Plaintiff states that said land(s) are situated in Hamilton County and are described as follows:

Plat Book 54, page 2, parcel 53

DEFENDANT'S
EXHIBIT NO. 6
FOR IDENTIFICATION
DATE: 9-29-03    RPTR: TRM

Street Address:   1966 Fairfax Avenue

Property Description:          54   2   53
                              1966 FAIRFAX AVE 40.50 X
                              140 PT LOT 40 WALNUT
                              HILLS LAND ASSN NO 1


     5.   Plaintiff further states that the following named Defendants have or claim to have some interest in or lien upon said premises, to wit:

    Jane Doe, unknown spouse of Harry Curtis, may have an interest in said premises by virtue of the spousal relationship.

but Plaintiff, not being fully advised as to the extent, if any, of such liens or claims, says that the same, if any, are inferior and subject to the lien of your petitioner, and prays that said defendants be required to set their liens or claims, or be forever barred from asserting same against the within described premises.

     WHEREFORE, this Plaintiff prays that he be found to have a good and valid first lien on the within described premises, in the sum of Four Thousand Two Hundred Seventy Five and 96/100 Dollars ($4,275.96) and accrued taxes, assessments, penalties and interest payable subsequent to certification, plus reasonable costs for Preliminary Foreclosure Report; that each of the Defendants be required to answer, setting up their interest, if any, in said premises or be forever barred from asserting same; that unless the amount found due this Plaintiff be paid within a reasonable time to be named by the Court, the equity of redemption shall be foreclosed and an order of sale issued to the Sheriff directing him to sell said premises as upon execution, as provided by law; and for such other and further relief as in law and equity this petitioner may be entitled.

               MICHAEL K. ALLEN
               PROSECUTING ATTORNEY
               HAMILTON COUNTY, OHIO

               Gerald A. Lampe, 0018263P
               Ass't Prosecuting Attorney
               Hamilton County, Ohio
               230 E. Ninth Street, Suite 4000
               Cincinnati, Ohio  45202 2151
               (513) 946-3037
               ATTORNEYS FOR PLAINTIFF

National Graphics Corp., Cols., O
Form No. P 12.1

35

## PROBATE COURT OF HAMILTON COUNTY, OHIO

ESTATE OF __BETTY LOU PRINGLE_____, DECEASED

Case No.____755085_____     Docket_____     Page_____

## CERTIFICATE OF TRANSFER

Exhibit A

## NO.__I____

Decedent died on __October 16, 1975_____ owning the real estate described in this certificate. The persons to whom such real estate passed by devise, descent or election are as follows.

| Name | Rel. to Dec'd | Residence Address | Age. | Interest in Real Estate so Passing |
|---|---|---|---|---|
| VIOLA COWAN PRINGLE | Mother | 1966 Fairfax Avenue Cincinnati OH 45207 | Adult | Life Estate |
| HARRY CURTIS | Son | 731 North Crescent,#5 Cincinnati OH 45229 | Adult | Remainder |

**[Complete if applicable]** The real estate described in this certificate is subject to a charge of $___N/A_____ in favor of decedent's surviving spouse,_____: in respect of the unpaid balance of the specific monetary share which is part of the surviving spouse's total intestate share.

FORM 12.I - CERTIFICATE OF TRANSFER

The real estate, the transfer of which is memorialized by this certificate, is described as follows [describe below, using extra sheets if necessary. If decedent's interest was a fractional share, be sure to so state]:

Situate, lying and being in the City of Cincinnati, County of Hamilton, and State of Ohio, and being the east forty and one half (40 1/2) feet of Lot number Forty (40) of the First Subdivision of The Walnut Hills Land Association, as per plat of said Subdivision recorded in plat book 7, page 97, in the officer of the Recorder of Hamilton County, Ohio, and being more particularly described as follows:

Beginning at a point on the northerly line of Fairfax Avenue nine and one-half (9 1/2) feet east of the westerly line of said Lot number forth (40); thence running eastwardly along said northerly line of Fairfax Avenue, forth and one-half (40 1/2) feet to the easterly line of said Lot number forty (40); thence running northwardly along said easterly line of said Lot number forth (40), one hundred and forty (140) feet to the northerly line of said Lot number forth (40); thence running westwardly along said northerly line of said Lot number forty (40), forty and one-half (40 1/2) feet to a point; thence running southwardly along a line parallel with the westerly line of said Lot number forty (40) a distance of one hundred and forty (140) feet to the north line of said Fairfax Avenue and the place of beginning.

PRIOR INSTRUMENT REFERENCE:  Deed Book 3334, p. 472
                             Recorder's Office
                             Hamilton County, Ohio

January 29, 1979
Date Issued

Probate Judge  Melvin G. Rueger, Judge

AUTHENTICATION

I certify that the above document is a true copy of the original kept by me as custodian of the official records of this Court.

January        , 1979
Date                                     Probate Judge/Clerk



Ex. 7

National Graphics Corp., Cols., O.
Form No. P 12.1



## PROBATE COURT OF HAMILTON COUNTY, OHIO

ESTATE OF __BETTY LOU PRINGLE_____, DECEASED

Case No. _____755085_____ Docket _____ Page _____

## CERTIFICATE OF TRANSFER

## NO. ___1___

Decedent died on __October 16, 1975_____owning the real estate described in this certificate. The persons to whom such real estate passed by devise, descent or election are as follows.

| Name | Rel. to Dec'd | Residence Address | Age. | Interest in Real Estate so Passing |
|---|---|---|---|---|
| VIOLA COWAN PRINGLE | Mother | 1966 Fairfax Avenue Cincinnati OH 45207 | Adult | Life Estate |
| HARRY CURTIS | Son | 731 North Crescent, #5 Cincinnati OH 45229 | Adult | Remainder |

REBECCA PREM GROPPE
HAMILTON COUNTY RECORDER
Doc #:99 - 171743 Type: DE
Filed:08/26/1999 2:49:20 PM $ 14.00
Off.Rec.: 8052 2952 F M27 2 884

Examined & Compliance with Sec. 319.202 R.C. Conveyance
is exempt from fee under Sec. Sec. 319.54 (F) 3.

DUSTY RHODES
HAMILTON COUNTY, OHIO

RECD FOR TRANS
99 AUG 26 PH 2:36

**[Complete if applicable]** The real estate described in this certificate is subject to a charge of $ __N/A__ in favor of decedent's surviving spouse,_____ in respect of the unpaid balance of the specific monetary share which is part of the surviving spouse's total intestate share.

8052    2952

DEFENDANT'S
EXHIBIT NO.
FOR IDENTIFICATION
DATE: 8-25-03 RPTR:

The real estate, the transfer of which is memorialized by this certificate, is described as follows [describe below, using extra sheets if necessary. If decedent's interest was a fractional share, be sure to so state]:

Situate, lying and being in the City of Cincinnati, County of Hamilton, and State of Ohio, and being the east forty and one half (40 1/2) feet of Lot number forty (40) of the First Subdivision of The Walnut Hills Land Association, as per plat of said Subdivision recorded in plat book 7, page 97, in the officer of the Recorder of Hamilton County, Ohio, and being more particularly described as follows:

Beginning at a point on the northerly line of Fairfax Avenue nine and one-half (9 1/2) feet east of the westerly line of said Lot number forth (40); thence running eastwardly along said northerly line of Fairfax Avenue, forth and one-half (40 1/2) feet to the easterly line of said Lot number forty (40); thence running northwardly along said easterly line of said Lot number forth (40), one hundred and forty (140) feet to the northerly line of said Lot number forth (40); thence running westwardly along said northerly line of said Lot number forty (40), forty and one-half (40 1/2) feet to a point; thence running southwardly along a line parallel with the westerly line of said Lot number forty (40) a distance of one hundred and forty (140) feet to the north line of said Fairfax Avenue and the place of beginning.

PRIOR INSTRUMENT REFERENCE:    Deed Book 3334, p. 472
                               Recorder's Office
                               Hamilton County, Ohio

**DESCRIPTION ACCEPTABLE
HAMILTON COUNTY ENGINEER**

Tax Map - 8-26-99

CAGIS -

January 29, 1979
Date Issued

Probate Judge

Melvin G. Rueger, Judge

AUTHENTICATION    David W. Pfeiffer

I certify that the above document is a true copy of the original kept by me as custodian of the official records of this Court.

January 29, 1979
Date

Probate Judge/Clerk

8052    2953

DUSTY RHODES
COUNTY AUDITOR

STATE OF OHIO )
)SS:        **AFFIDAVIT**
COUNTY OF HAMILTON )

The undersigned, Harry Curtis, being first duly sworn and cautioned, states that he holds fee

simple title to the property commonly known as 1966 Fairfax Avenue, Cincinnati, Ohio 45207

which is more particularly described as follows:

Situate, lying and being in the City of Cincinnati, County of Hamilton and State of Ohio, and being the east forty and one half (40 ½) feet of Lot number forty (40) of the First Subdivision of The Walnut Hills Land Association, as per plat of said Subdivision recorded in Plat Book 7, Page 97, in the office of the Recorder of Hamilton County, Ohio, and being more particularly described as follows:

Beginning at a point on the northerly line of Fairfax Avenue nine and one-half (9 ½) feet east of the westerly line of said Lot number forty (40); thence running eastwardly along said northerly line of Fairfax Avenue, forty and one-half (40 ½) feet to the easterly line of said Lot number forty (40); thence running northwardly along said easterly line of said Lot number forty (40), one hundred and forty (140) feet to the northerly line of said Lot number forty (40); thence running westwardly along said northerly line of said Lot Number forty (40); forty and one-half (40 ½) feet to a point; thence running southwardly along a line parallel with the westerly line of said Lot number forty (40) a distance of one hundred and forty (140) feet to the north line of said Fairfax Avenue and the place of beginning.

That Viola C. Pringle, who held a life estate in said property from the Estate of Betty Lou

Pringle, Hamilton County Probate Court Case No. 755085 died on September 14, 1994. A copy of

her death certificate is attached hereto.

The purpose of this affidavit is to state that the title is now clear of the life estate. This

affidavit is filed pursuant to R.C. 5301.252 and the affiant is competent to testify in open court as

to these facts.

Affiant further sayeth naught.

_____
Harry Curtis

Sworn to and subscribed in my presence this 25th day of August, 1999.

_____
Notary Public

Prepared by:
John R. Meckstroth, Jr.
Attorney at Law
22 West Ninth Street
Cincinnati, Ohio 46202
(513) 721-8808



REBECCA PREM GROPPE
HAMILTON COUNTY RECORDER
Doc #:99 - 171742  Type: AFF
Filed:08/26/1999  2:49:04 PM  $  14.00
Off.Rec.: 8052  2950 F  M27    2   883

8052    2950

DEFENDANT'S
EXHIBIT NO.
FOR IDENTIFICATION

Telecopier Dispatch

To:     Recipient FAX Terminal      ( 513 )   721 - 1178
        JOHN R. MECKSTROTH, JR., ESQ.

        22 W. 9th Street

        Cincinnati OH 45202


            ( 513 )    721 - 8808

From:   Stephen E. Kurlansky, Esq.
        Attorney and Counsellor-at-Law
        432 Walnut Street, Suite 609
        Cincinnati OH 45202-3914
            513   621-4527

Date:                                   August 19, 1999

Origination FAX terminal                 513   345-2302

Contact Person        S. Kurlansky

                    (    )   621 - 4527

No. of pages sent including this page          3

Dear Mr. Meckstroth:

Here is a copy of the death certificate of Viola C. Pringle.

Here, too, is a copy of the order allowing attorney's fees

from January 29, 1979. Both Mr. Curtis and his aunt Katherine

Thomas ignored requests for payment of this modest allowed fee.

However, this fee accrued 20 years of interest at the rate of

$35.00 per year for a total of $700.00 in interest for a total

due of $1,050.00.        ( $15.18 )

Please tell me when these numbers are approved and I shall

deliver all documents to you for your closing.

If you do not receive all pages sent in readable condition,
or there is any other trouble with the quality of the
transmission, please call the Contact Person IMMEDIATELY.

7R:  7/10/97

DEFENDANT'S
PENGAD-Bayonne, N.J.
EXHIBIT NO. 10
FOR IDENTIFICATION
DATE         RPTR:
8-22-02      TAM

THIS IS A LEGALLY BINDING CONTRACT.
IF NOT UNDERSTOOD, SEEK LEGAL ADVICE.

## CONTRACT TO PURCHASE

Cincinnati, Ohio

_8/3_____ 19 _99_

1. The undersigned Purchaser hereby offers to purchase, the following described property to-wit, property located at:

_1866 Fairfax Avenue_
_Cincinnati, OH. 45207_                    _Avg 350 per mo's._

2. The purchase price is to be $_____0_____ payable as follows:

$_____1_____ as earnest money to apply toward purchase price.

_Seller to receive $10,000. as cash at closing._
_Buyer to repair roof and pool after closing. Buyer to pay all cost of P._
_+ cost and closing fees. Buyer to satisfy back taxes._     _R.C. Att_
_SELLER TO LEASE OPTION PROPERTY FOR 2 YEARS TO REPURCHASE_
_FOR $110,000.00 AT END OF 2 YEARS FROM THIS_
_DATE_
_AT_
_CLOSING_

3. The above described real estate shall include all land and appurtenant rights; also all electrical; plumbing, heating and air conditioning equipment, including window units, bathroom fixtures; shades, venetian blinds; awnings; curtain rods; window/door screens, storm windows/doors; landscaping and shrubbery; wall-to-wall/stair carpeting; built-in kitchen appliances; attached radios and/or television aerials; all affixed/built-in furniture fixtures; and utility/storage buildings or sheds; except: _None, Anything used in connection with_

4. The following personal property shall be included in the sale: _None_

5. Title to the above described real estate is to be conveyed by Warranty Deed with release of dower, on or before _Time of Closing_ 19___; said title to be free, clear, and unencumbered, free of building orders, subject to zoning regulations of record, and except assessments, easements and restrictions of record, and EXCEPT

6. Seller certifies to Purchaser that: there is no termite damage to the real estate or active infestation; electrical; plumbing, heating, air conditioning equipment and systems, fireplaces, chimneys and other items included herein will be operational on possession except _Unknown_. Seller agrees that at the time of transfer of title, the above described real estate, and all items thereof, will be in the same condition as on the date of this offer, reasonable wear and tear excepted.

7. The following items shall be prorated between seller and purchaser as of closing:  real estate taxes, assessment installments of record, rents, operating expenses and interest on encumbrances.  Security and/or damage deposits held by Seller will be transferred to Purchaser at closing without proration.

8. Seller will maintain, until closing, hazard insurance in the amount of the above stated purchase price.  If any building or other improvements are damaged or destroyed prior to closing, purchaser shall have the option to receive the proceeds of any insurance payable or to cancel this agreement and be refunded all consideration therefore paid.

9. Possession shall be given on or before _____, subject to tenant's rights. Any lease or tenant agreement will be supplied to Purchaser prior to closing.

10. This agreement is subject to the arranging of financing within ___0___ banking days, at any terms acceptable to Purchaser. Seller held mortgages, if any, shall be subordinate and inferior to any new, additional, or refinancing of existing mortgages. Purchaser's liabilities are limited to the securing property itself and shall not extend beyond. Financing will, at Purchaser's option, additionally or entirely be secured by subject or other similar real property.

11. This contract is contingent on an inspection of the above real estate by Purchaser, which is satisfactory without limitations to said Purchaser.

12. This agreement survives closing and pertinent language contained herein becomes part of any deeds, notes, mortgages, and documents pertinent to this transaction and shall take precedence in the event of any conflicting provisions of terms.

13. This offer, when accepted, comprises the entire agreement of Purchaser and Seller, and it is agreed that no other representation or agreements have been made or  relied upon.

14. This offer, when accepted, shall constitute a binding contract to be binding upon the parties, their heirs, personal representatives, executors, administrators and assigns.

15. Offer void if not accepted by _6:00 pm 8/3/99_.

Date _8/3/99_

WITNESS
_Roseanne Christian_                    _Don Bieler E. Trustee_
                                        Purchaser

                                        Purchaser

I/We as Sellers accept the above offer and earnest money submitted to us.

Date _____

_Gary Custer_
Seller

_Patricia Custer_
Seller

DEFENDANT'S
EXHIBIT NO. 11
FOR IDENTIFICATION
DATE: 8-39-03  RPTR.

Hamilton County, OH

# Detail Property Report

## 1966 Fairfax Ave                    Sale Date:                    Sale Amount:

| | | | | | | |
|---|---|---|---|---|---|---|
| Owner Name: | Betty Lou Pringle | | | | | |
| Parcel ID: | 054-0002-0053-00 | Yr Blt: 1916 | Lot Size: 40x140 | Rms: 6 | Heat: |
| Location: | Cincinnati | Stories: 1.5 | Acres: .13(Est) | Bedrms: 3 | A/C: |
| Tax Mail: | 1966 Fairfax Ave | Pace Sto: | Irreg: N | Baths: 1:0 | Sewer: Yes |
| Tax CSZ: | Cincinnati, OH 45207-1906 | Style: Conv | SF Fndtn: 737 | Patio: | Easmnt: Y |
| Usage: | R510 Single Family | Constr: Brick | 1st SF: 737 | Deck: | Elec: Y |
| Census: | 0039.00 | Bsmt: Full | 2nd SF: 570 | Porch: | Water: Y |
| School: | Cincinnati City SD | Bsmt Fin: | SF Ttl: 1307 | Enc Pch: | Gas: Y |
| Subdiv: | Walnut Hills Land Assn | Gar: Unatt | Pace SF: | Frplc: No | Sdwlk: Y |
| Topo: | Flat | SF Gar: 252 | | | |
| Owner Occ: | Y | Cars (#): | | | |
| Legal: | 1966 FAIRFAX AVE 40.50 X 140 PT LOT 40 WALNUT HILLS LAND ASSN NO 1 | | | | |
| Comments: | | | | | |
| Features: | | | | | |

|  |  |
|---|---|
| 98 GrossTax An | $1,366.27 |
| 98 HB920 Credit An | ($358.98) |
| 98 RB Credit An | ($100.73) |
| 98 TotalTax An | $906.56 |
| 97 TotalTax An | $897.48 |
| 96 TotalTax An | $898.42 |
| | |
| 100%  Bldg 1998 | $42,100 |
| 100%  Land 1998 | $4,300 |
| 100%  Total 1998 | $46,400 |
| 35% Bldg 1998 | $14,735 |
| 35% Land 1998 | $1,505 |
| 35% Total 1998 | $16,240 |
| 35% Total 1997 | $16,240 |
| 35% Total 1996 | $16,240 |



DEFENDANT'S
EXHIBIT NO. 12
FOR IDENTIFICATION
DATE: 8-29-03  RPTR: TMM
PENGAD-Bayonne, N. J.

## IMPORTANT MESSAGE

FOR _____

DATE ____8/18____ TIME __11:58__ A.M./P.M.

M ___Harry Curtis - Buyer___

OF _____

PHONE ____861-3927____
AREA CODE      NUMBER      EXTENSION

☐ FAX

☐ MOBILE _____
AREA CODE      NUMBER      TIME TO CALL

| TELEPHONED | | PLEASE CALL | ✗ |
|---|---|---|---|
| CAME TO SEE YOU | | WILL CALL AGAIN | |
| WANTS TO SEE YOU | | RUSH | |
| RETURNED YOUR CALL | | SPECIAL ATTENTION | |

MESSAGE _____

Closing on lease

Land Contract Closing?
When is it Closing?

SIGNED

**TOPS.** FORM 3002S
MADE IN U.S.A.

## IMPORTANT MESSAGE

FOR _____

DATE _____ TIME _____ A.M./P.M.

M ___Voice Msg 9/18/0?___

OF _____

PHONE _____
AREA CODE      NUMBER      EXTENSION

☐ FAX

☐ MOBILE _____
AREA CODE      NUMBER      TIME TO CALL

| TELEPHONED | | PLEASE CALL | |
|---|---|---|---|
| CAME TO SEE YOU | | WILL CALL AGAIN | |
| WANTS TO SEE YOU | | RUSH | |
| RETURNED YOUR CALL | | SPECIAL ATTENTION | |

MESSAGE _____

SIGNED

**TOPS.** FORM 3002S
MADE IN U.S.A.


**DEFENDANT'S**
EXHIBIT NO. _13_
FOR IDENTIFICATION
FRI-CAD-Bayonne, N.J.
DATE: ____ RPTR ____
8-27-03  7am

NOTICE TO LEAVE PREMISES                                    Form No. 2019-A Spitzfaden Office Supplies

# NOTICE TO LEAVE THE PREMISES

### (FOR RESIDENTIAL PROPERTY ONLY)

TO: _____ **Harry Patricia Curtis** _____ Tenant:

You are hereby notified that **I** want you on or before **December 23, 1999**

to leave the premises you now occupy and which you have rented of ___**September of 1999**___ Situated and described as follows:

_____ **Single family house  in Cincinnati, in zip code 45207** _____

_____

in _____ **Cincinnati,** _____ County of _____ **Hamilton** _____ and State of _____ **Ohio** _____

Grounds:_____

_____

_____ **Non-Payment of Rent** _____

_____

YOU ARE BEING ASKED TO LEAVE THE PREMISES. IF YOU DO NOT LEAVE, AN EVICTION ACTION MAY BE INITIATED AGAINST YOU. IF YOU ARE IN DOUBT REGARDING YOUR LEGAL RIGHTS AND OBLIGATIONS AS A TENANT, IT IS RECOMMENDED THAT YOU SEEK LEGAL ASSISTANCE.

_**December 20,1999**_                              _____ **Pete Bigelow** _____ Landlord

Phone: **321-4764**

Landlord's Address **PO Box 30404** _____

_____ **Cincinnati, Ohio 45230**





**DEFENDANT'S**
EXHIBIT NO. 14
FOR IDENTIFICATION
DATE: 8-29-03  RPTR: TAM

## HAMILTON COUNTY MUNICIPAL COURT
## HAMILTON COUNTY, OHIO

NAME  **Pete Bigelow**

ADDRESS **PO BOX 30404**

CASE NO. 99 CV 32918

**Cincinnati, Ohio 45230**
CITY. STATE AND ZIP

**COMPLAINT FOR FORCIBLE
ENTRY, DETAINER & MONEY**

IN ACCORDANCE WITH CIVIL RULE
4.6(C) OR (D) AND (E), PLAINTEFF
REQUESIS ORDINARY MAIL WAVIER.

NAME: **Harry & Patrica Curtis**        PLAINTIFF

ADDRESS: **1966 Fairfax Avenue**

ORD. MAIL
~~RESIDENCE SERV~~    JAN 1 8 2000

**Cincinnati, Ohio 45207**
CITY, STATE AND ZIP

DEFENDANT

### FIRST CIAIM

1. Plaintiff states that (he, she, it) is the (agent of) owner of premises located at

   (1) **1966 Fairfax Avenue**_____        APT#    Cincinnati, Hamilton County, Ohio; **45207**

2. That defendant entered said premises as a tenant of the plaintiff,

3. Plaintiff served the.defendant with a notice in writing, a copy of which is attached hereto, made a part herein, described as exhibit "A:' , on the (2) **20**[th] day of **December**_____          ,1 9**99**;

4. That said tenancy expired on the (3) **23**[rd] day of **December**_____          '19 **99** . and from said time, defendant has unlawfully and forcibly detained plaintiff from possession of the said premises.

### SECOND CLAIM

1. Plaintiff reiterates and reaffirms all of the allegations in the first claim and states that there is due from the defendant for rental to the (2) **31th** day of ____**December 1999**____        the sum of, $  **700.00**

2. Plaintiff is entitled to damages for use and occupancy of said premises at the rate of $ **11.29** per day from the (2) **1st** day of ___**December 1999**___            until the date of this judgment, being the reasonable value of the use of the said premises.

### THIRD CLAIM

1. Plaintiff reiterates and reaffirms all of the allegations in both the first and second claim;

2. Plaintiff may be entitled to money for damages beyond "normal wear and tear" in addition to Late Payment charges and utilities in an amount not to exceed $ **2,000.00**

WHEREFORE, plaintiff demands (a) restitution and recovery of said premises (b) judgment in the sum of $ **700.00**          for rent together with the sum of $ **11.29**        per day until date of judgment for use and occupancy and costs herein; and (c) for any damages, late charges and utilities in an amount not to exceed $ **2,000.00**        and costs.

NAME : **Pete Bigelow**

17,000  ADDRESS **POBOX 30404**

CITY, STATE AND ZIP **Cincinnati, Oh. 45230**

TELEPHONE NUMBER
**(513) 321-4764**

DEFENDANT'S
EXHIBIT NO. 15
FOR IDENTIFICATION
DATE: X-2903  RPTR: TAM

(SUMMONS RETURNABLE BY 01-10-2000)                    Personal - Return of Service

SUMMONS IN ACTION IN FORCIBLE ENTRY, DETAINER, AND MONEY                    99CV32813



STATE OF OHIO
HAMILTON COUNTY ss.
CINCINNATI, OHIO
To the bailiff of the Hamilton County Municipal Court GREETING:  You are commanded to notify

    HARRY CURTIS
    1966 FAIRFAX AVE
    CINCINNATI, OH  45207
    (PO)


PATRICA CURTIS
1966 FAIRFAX AVE
CINCINNATI, OH 45207

A COMPLAINT TO EVICT YOU HAS BEEN FILED WITH THIS COURT.  NO PERSON SHALL BE EVICTED UNLESS HIS RIGHT TO POSSESSION H
ENDED AND NO PERSON SHALL BE EVICTED IN RETALIATION FOR THE EXERCISE OF HIS LAWFUL RIGHTS.  IF YOU ARE DEPOSITING RENT WIT
THE CLERK OF COURT YOU SHALL CONTINUE TO DEPOSIT SUCH RENT UNTIL THE TIME OF THE COURT HEARING.  THE FAILURE TO CONTINUE 1
DEPOSIT SUCH RENT MAY RESULT IN YOUR EVICTION.  YOU MAY REQUEST A TRIAL BY JURY.  YOU HAVE THE RIGHT TO SEEK LEG
ASSISTANCE.  IF YOU CANNOT AFFORD A LAWYER, YOU MAY CONTACT YOUR LOCAL LEGAL AID OR LEGAL SERVICE OFFICE.  IF NONE :
AVAILABLE, YOU MAY CONTACT YOUR LOCAL BAR ASSOCIATION.
that they have been sued by
PETE BIGELOW                         ** PLEASE ALLOW SUFFICIENT TIME TO ENTER COURTHOUSE **
PO BOX 30404                         **    DUE TO SECURITY CHECK.  DELAYS POSSIBLE.    **
CINCINNATI, OH  45230


In the Hamilton County Municipal Court, and that unless they appear at the HAMILTON COUNTY COURTHOUSE, ROOM 121
First Floor, of said court on 01-18-2000 at 09:00 A.M. to answer unto said plaintiff PETE BIGELOW in an action for
FORCIBLE DETENTION of the following described premises, to wit:  situated in the County of Hamilton and State of Ohio,
and known as
    1966 FAIRFAX AVE
    CINCINNATI, OH  45207
together with the lot of land on which said premises are situated, the statement of claim of the said plaintiff, against
them filed in the Clerk's office of the said Court, will be taken as true and judgment rendered.
                     2ND CAUSE OF ACTION
A complaint has also been filed with this court on behalf of the plaintiff PETE BIGELOW as to a second cause of action;
copy of complaint attached herewith.  You must serve an answer upon the plaintiff's attorney, if any, or upon the
plaintiff within 28 days after this service is made upon you.  In addition, you must file a copy of this answer in the
office of the Clerk of this court, within 3 days after such service.  Unless you do both of the foregoing, the complaint
of said plaintiff will be taken as true, and a default judgment will be rendered against you.

The following is the name and address of the attorney for the plaintiff, if any, otherwise see name and address of the
above.
-----------------------RETURN OF SUMMONS--------------------JAMES CISSELL, Clerk of Municipal Court
I received this summons on 12-29-19 99 at 2 ' o'clock P M|       Hamilton County, Ohio
[ ]Made personal service of it upon _____ |
[ ]Made residence service of it upon _____ | Date: 12-29-1999
at their usual place of residence with _____ ,|
a person of suitable age and discretion then residing |
therein, tendering a copy of the summons, complaint, and |
accompanying documents. |
[-x]Made service by posting a copy of the complaint in a |
conspicuous place on the premises. |
[ ]I was unable to serve a copy of the summons upon |By:_____
_____ |              Deputy Clerk
for the following reason(s): _____ |
_____ |
_____ |
1-3 2000    _____    | SUMMONS RETURNABLE BY: 01-10-2000
Date        Deputy Bailiff / Special Process Server |



DEFENDANT'S
EXHIBIT NO. 16
FOR IDENTIFICATION
DATE: 8-29-03    RPTR: Tmm

Hamilton County Municipal Court
HAMILTON COUNTY, OHIO

Entered 02/01/2000

IMAGE 64

In the case of:

PETE BIGELOW          vs. HARRY CURTIS
                          PATRICA CURTIS

case #:99CV32813

ORDER FOR FORCIBLE ENTRY
AND DETAINER AND MONEY

E023  Case called: Trial had: Defendant(s) found guilty as charged,
      whereupon it is considered that the Plaintiff have restitution of the
      premises as described in the statement of claim.  The claim for money
      is continued for the filing of an answer or default judgment.

*bOW
      E025  Entry dismissing the first cause of action without prejudice at
            Plaintiff's cost.  The second cause of action is continued for
            the filing of an answer or default judgment.

      E028  Case called: Trial had: Defendant(s) found guilty as charged, whereupon
            it is considered that the Plaintiff have restitution of the premises as
            described in the statement of the claim.

      E126  For good cause shown and by consent of court, this case is hereby
            continued to _____.

      E135  For good cause shown and by consent of court, this case is hereby
            continued to _____.  If Plaintiff prevails _____ day
            writ of restitution shall issue upon a trial of the claims.

      E005  This action is dismissed without prejudice at the Plaintiff's cost.

      E026  This action is dismissed without prejudice at the Plaintiff's cost as
            to all claims.

      E136  Case called: Trial had: Defendant(s) found guilty as charged, whereupon
            it is considered that the Plaintiff have restitution of the premises
            as described in the statement of the claim.  Writ of restitution to
            issue on _____.

      E029  Bond in this action is set at $_____ payable _____
            with an additional amount of $_____ due on the _____
            of each month beginning _____ during pendency of this action.

      MISC

_____
plaintiff/attorney

_____
defendant/attorney

CMSR5201

ORDER:
Notice Mailed
To Parties
On: _____

Int:_____

APPROVED AND FILED
FOR JOURNALIZATION

date 02/01/2000

_____
Magistrate

_____
Judge

DEFENDANT'S
EXHIBIT NO. ____
FOR IDENTIFICATION
DATE: 8-29-03  RPTR: ____
PENGAD-Bayonne, N.J.

2-9 10:00

WRIT OF EXECUTION          ** Forthwith 3 days **          CASE NUMBER: 99CV32813
=================================================================================
STATE OF OHIO     |
HAMILTON COUNTY    | ss.    To the Bailiff of the Hamilton County Municipal Court: GREETING:
CINCINNATI, OHIO  |

Whereas, in a certain action for the the forcible detention of the following described
premises, to-wit: Situated in the County of Hamilton, and State of Ohio, and known as:

    1966 FAIRFAX AVE
    CINCINNATI, OH  45207

together with the lot of land on which said premises is situated, lately tried before our
Hamilton County Municipal Court, wherein

PETE BIGELOW was plaintiff, and HARRY CURTIS defendant,

    **judgment was rendered on February 1,2000 that the plaintiff  have restitution of said premises;
    and also that he/she recover costs in the sum of $**

YOU ARE THEREFORE HEREBY COMMANDED to cause the defendant(s) to be removed from said premises
and the said plaintiff(s) to have restitution of the same; also, that you levy of the goods
and chattels of said defendant(s), and make the costs aforesaid, and all accruing costs.

And of this Writ make legal service and due return.


                          Witness, my hand and the seal of said court, at Hamilton
                          County, on February 1,2000

                          _____
                                                          Judge

_____      |_____
case number : 99CV32813                |Received this Writ    2-1- 2000

PETE BIGELOW  321-4764                  |
vs.                                     |
HARRY CURTIS                            |
PATRICA CURTIS                          |        [X] PHYSICAL EVICTION   2-9-2000
                                        |        [ ] TIME EXPIRED
                                        |        [ ] CANCELLED AT REQUEST OF PLAINTIFF
                                        |        [ ] PREMISES VACATED
                                        |
Plaintiff's costs   $                   |
Defendant's costs   $                   |
Increase costs      $                   |
                                        |
          Total   $                     |
                                        |        KEN KISSING, Bailiff
                                        |
                                        |
_____       |        _____, Deputy Bailiff
      Plaintiff's Attorney              |


                                        DEFENDANT'S
                                        EXHIBIT NO. 18
                                        FOR IDENTIFICATION
                                        DATE: 8-29-03  RPTR:               CMSN2020

## THE STATE OF OHIO, HAMILTON COUNTY
## COURT OF COMMON PLEAS

date: 05/22/2000
code: GJCC
judge: 198

```
Entered
Date:     5-22-00
Image:    2101
```

Judge: PATRICK T DINKELACKER

5-24-00

NO: B 0001276

**STATE OF OHIO**
**VS.**
**HARRY CURTIS**

**JUDGMENT ENTRY : SENTENCE**
**TO COMMUNITY CONTROL**

Defendant was present in open Court with Counsel **KEVIN J SPIERING** on the **22nd day of May 2000** for sentence.

The court informed the defendant that, as the defendant well knew, the defendant had pleaded guilty, and had been found guilty of the offense(s) of:
**count 1: ATTEMPT (AGG ARSON 2909.02) REDUCED AND AMENDED 2923-02/ORCN,F3**

The Court held a sentencing hearing during which the Court afforded defendant's counsel an opportunity to speak on behalf of the defendant. The Court addressed the defendant personally and asked if the defendant wished to make a statement in the defendant's behalf, or present any information in mitigation of sentence. The State's representative also had the opportunity to address the Court. Sentence is under the provisions of Senate Bill 2, effective 7/1/96.
**count 1: CONFINEMENT: 6 Mos**
**HAMILTON COUNTY JUSTICE CENTER**

After considering the risk that defendant will commit another offense, the need for protecting the public therefrom, the nature of circumstances of the offense(s), and the defendant's history, character and condition, the Court hereby orders the defendant placed on Community Control on condition that defendant comply with the general conditions of Community Control established by this Court, and further:
**count 1: COMMUNITY CONTROL:5 Yrs**
**DEFENDANT TO PAY A FINE OF $100 AND PAY COURT COSTS. DEFENDANT TO MAKE RESTITUTION AS DETERMINED BY PROBATION DEPARTMENT. DEFENDANT NOT TO HAVE CONTACT WITH PROSECUTING WITNESS.**

The Court also advised the defendant that the maximum sentence possible for that degree of felony can be imposed if the defendant violates the terms and conditions of Community Control.

Parent Case Id·11085479



DEFENDANT'S
EXHIBIT NO. _19_
FOR IDENTIFICATION
DATE 8-29-03  RPTR 7777

Page 1

CMSG33I

**COURT OF COMMON PLEAS**

STATE OF OHIO                          **HAMILTON COUNTY, OHIO**

VS.                    NO:   **B 0001276--1**    JUDGE **PATRICK T DINKELACKER**    06/20/2003

**HARRY CURTIS**       **COMMUNITY CONTROL SANCTION VIOLATION**

Now comes **MICHAEL L. WALTON**, Chief Probation Officer of Hamilton County, Ohio, and states that **HARRY CURTIS** heretofore convicted of **Count 1: ATTEMPT (AGG ARSON) REDUCED AND AMENDED (F3)** on **05/02/2000** and placed on community control on **05/22/2000** for a period of **5 years** has violated the conditions of his Community Control as follows:

RULE #10:       I WILL MEET MY FINANCIAL OBLIGATIONS TO PROBATION THAT MAY INCLUDE: PROBATIONARY AND EMU FEES, COURT FINES AND COSTS, AND RESTITUTION. I WILL MAKE REGULAR PAYMENTS AS INSTRUCTED. ESTIMATED TOTAL AMOUNT OWED: $68,393.90   PROBATION FEES $600.00 RESTITUTION $67,420.00   FINES $100.00   COSTS $413.90. I WILL PAY $2,849.75 PER <u>MONTH</u> FOR 24 <u>MONTHS</u>.

Mr. Curtis has paid only $630.00 toward his Court debt since being placed on probation May 22, 2000. His balance remains $67,983.90 (court costs $413.90, fine $100.00, probation fees $50.00, and restitution $67,420.00).

N.B.       On June 16, 2003, the defendant was personally cited to appear before the Bench for the purpose of a Probable Cause/Community Control Violation hearing scheduled for July 3, 2003 at 9:00am.

Copies to: Prosecutor, Probationer, File, and Assignment Commissioner

Attest: **ANNE VALERIUS**                **MICHAEL L. WALTON**
   Probation Officer                   Chief Probation Officer

T:\CMSV7\WORD_TP_HD\PR3039A_TP.DOC

FILED

2003 JUN 23 P 1:06

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY, OH

DEFENDANT'S
EXHIBIT NO. 20
FOR IDENTIFICATION
DATE 8-29-03 RPTR Tmn



D55104254