UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHIRDENIA BRYANT, *et al.*, | : | Case No. 1:02cv006 |
| | : | (Judge Spiegel) |
| Plaintiffs, | : | |
| | : | |
| -vs- | : | PLAINTIFFS' MOTION FOR LEAVE TO |
| | : | DEPOSE WITNESS AMY CLEMENTS |
| PRESCOTT BIGELOW, IV, *et al.*, | : | |
| | : | |
| Defendants. | : | |

Plaintiffs move this Court for leave to depose a witness in this case named Amy Clements. The discovery deadline, October 1, 2003, has expired. Plaintiffs had attempted to identify, locate, and depose Ms. Clements long before discovery expired but have been prevented from doing so. To support this motion, Plaintiffs rely upon the Affidavit of James E. Schwantes, attached.

## MEMORANDUM IN SUPPORT

Early this year Plaintiffs' counsel learned of a number of documents suggesting that Defendant Bigelow had employed a person named Amy Clements to provide services for Tri-State Mortgage Services, Inc. (aka Tri-State Mortgage Assistance), which is one of the RICO "enterprises" alleged by Plaintiffs. Plaintiffs had previously sought such information by sending interrogatories to Defendant Bigelow. One specific Interrogatory (#3) asked him

1

to identify all employees of his various business entities.[1] In his sworn responses, Defendant Bigelow identified no one other than himself. He claimed that none of these entities ever had any other employees.

As Plaintiffs undertook additional discovery, scores of documents made it quite apparent that Mr. Bigelow had not been truthful. It appeared that Amy Clements had, in fact, worked for Mr. Bigelow and his companies. In March of this year Plaintiffs' counsel – in an effort to resolve a discovery dispute without court intervention – questioned Mr. Bigelow's denial as follows:

> **Interrogatory #3.** The response is insufficient and, in one or more instances, incorrect. * * * I am aware of a person named Amy Clements that purported to work for Tri-State Mortgage Services. If she was paid but was never an employee of any of the entities listed, please describe her exact relationship including her address.

In late May 2003, Defendant Bigelow supplemented his discovery responses but did not reveal that anyone other than himself had ever worked for any of his business entities. Defendants' counsel entered in the fray in May 2003, asserting that Amy Clements was not an employee of any of the Bigelow entities. On July 14, 2003, Plaintiffs' counsel asked Defendants' counsel for dates for Ms. Clements' deposition. He received no response.

On August 5, Plaintiffs' counsel sent another letter:

> I would also like to depose Prescott Bigelow, IV, Paul Bigelow, and Amy Clement during the month of August. Those depositions do not need to be scheduled on the same day. Please provide me with some dates when those individuals are available for deposition.

---

[1] Bigelow Homes, Bigelow Properties LLC, Tri-State Mortgage Services, Tri-State Mortgage Assistance, The Keene Group, Inc., The Keene Group LLC.

These promptings finally elicited a response - a letter from Defendants' counsel, stating that, while Ms. Clements lived in Oxford, Ohio, she was in St. Louis, attending to her daughter who was ill. On August 22, Plaintiffs' counsel sent a letter to Defendants' counsel, stating as follows:

> Plaintiffs intend to take the deposition of Amy Clements. I understand from your August 13th letter that Ms. Clements is in St. Louis attending to her daughter after surgery. Given that circumstance, and the need to accommodate Ms. Clements situation as much as possible, we would like to take Ms. Clements deposition in St. Louis at a time and place that is convenient for her. I expect that the deposition will take two hours. Please contact me as soon as possible with dates and times when Amy Clements is available to be deposed.

Defendants did not respond. On August 27, Plaintiffs' counsel took Mr. Bigelow's deposition, and, for the first time, Bigelow admitted that Amy Clements was "a girl that used to work in my office." Bigelow Dep., at 46. On September 10, Plaintiffs' counsel again asked for cooperation to take Ms. Clements' deposition:

> In letters to you on August 5 and August 22, 2003, I asked to schedule the deposition of Amy Clements. I also spoke with you regarding the matter on August 19 and again following the deposition of Shirdenia Bryant on September 3, 2003. To date, I have not received a response from you as to when, or where, Ms. Clements will be made available for deposition. As I told you previously, if Ms. Clements is still in St. Louis attending to her daughter, we will go to St. Louis and conduct the deposition at a place that is convenient for her.
>
> As you know, the discovery deadline is looming. Though I prefer to schedule depositions by agreement, I will arbitrarily notice Ms. Clements deposition if I do not receive a response from you as to her availability.

The discovery deadline has passed, and Defendants are now asserting that Ms. Clements is "outside the jurisdiction of the court" and that "noticing a deposition

3

in this action [is not] authorized by the federal rules, nor would it be appropriate under the circumstances."

## ARGUMENT

Plaintiffs should be permitted to take Ms. Clements' deposition. Despite Defendant Bigelow's dissembling, she was identified months ago, and Plaintiffs' counsel repeatedly tried to obtain cooperating in arranging her deposition. Defendants should not be allowed to benefit from their conduct.

The Federal Rules of Civil Procedure authorize the taking of depositions in other districts. It is done every day. Fed.R.Civ.P. 45 authorizes the issuance of witness subpoenas, and Plaintiffs' counsel is willing to travel to St. Louis to take the deposition.

Allowing this deposition would be fair to the Defendants, and it would not allow Defendant Bigelow to further benefit from his lack of candor in deposition. For these reasons, this motion for leave to take the deposition of Amy Clements should be granted.

Respectfully submitted,

**s/William H. Blessing**
William H. Blessing   Bar No.: 0006848
Attorney for Plaintiffs Bryant and Curtis
Law Offices of William H. Blessing
119 East Court Street, Suite 500
Cincinnati, Ohio 45202
Telephone No.: (513) 621-9191
Fax No.: (513) 621-7086
E-mail: billblessing@cinci.rr.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Gary R. Lewis, Attorney, Gary R. Lewis Co. LPA, Cincinnati Club Building, Suite 915, 30 Garfield Place, Cincinnati, Ohio 45202.

**s/William H. Blessing**
William H. Blessing    Bar No.: 0006848
Attorney for Plaintiffs Bryant and Curtis
Law Offices of William H. Blessing
119 East Court Street, Suite 500
Cincinnati, Ohio  45202
Telephone No.: (513) 621-9191
Fax No.: (513) 621-7086
E-mail: billblessing@cinci.rr.com