UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHIRDENIA BRYANT, *et al.*, | : | Case No. C-1-02-006 |
| | : | (Judge Spiegel) |
| Plaintiffs, | : | |
| | : | |
| -vs- | : | AFFIDAVIT OF JAMES E. SCHWANTES |
| | : | IN SUPPORT OF PLAINTIFF'S MOTION |
| PRESCOTT BIGELOW, IV, *et al.*, | : | TO DEPOSE WITNESS AMY CLEMENTS |
| | : | |
| Defendants. | : | |

STATE OF OHIO            )
                         ) ss:
COUNTY OF HAMILTON       )

**JAMES E. SCHWANTES**, after being duly cautioned and sworn, states as follows.

1. I am an attorney-at-law, a member in good standing of the Ohio bar and of the bar of this Court.

2. Until mid-September of this year, I was associated with the Law Offices of William H. Blessing and served as an attorney providing services on behalf of the Plaintiffs in this case.

3. On November 25, 2002, I prepared and served upon Defendant a set of interrogatories, one of which asked for the name and address of every employee of Defendant Bigelow's affiliated business entities. On the last day of February of this year, Defendant Bigelow responded to this interrogatory, identifying no one other than himself as being employed by any of the entities.

4. Mr. Bigelow's response to this interrogatory raised questions in my mind, because I had seen the name of a person named "Amy Clements" on documents of these

1

entities, and it appeared that she worked for one or more of Mr. Bigelow's companies. On March 22, 2003, Bill Blessing sent Defendants' counsel a letter, addressing this very interrogatory and stating:

> I am aware of a person named Amy Clements that purported to work for Tri-State Mortgage Services. If she was paid but was never an employee of any of the entities listed, please describe her exact relationship including her address.

A month later, no response had been received, and Mr. Blessing sent another letter to Defendants' counsel, asking for a response.

5. On May 14, 2003, I sent yet another letter to Defendants' counsel, stating:

> We are against the wall in discovery in this case. In 75 days discovery is over. It has been nearly six months since you received Plaintiffs' November 25, 2002 discovery requests. The responses stand incomplete. * * * We repeatedly hear that the requests "have been passed along" to your client.

6. Two days later Defendants' counsel asserted by letter that Amy Clements "was not an employee . . . of any of the entities identified in the interrogatory." On May 28, 2003, Defendant Bigelow submitted supplemental discovery responses, but he did not identify any employees of the Bigelow affiliated entities.

7. In July of this year, I asked Defendants' counsel to take the deposition Amy Clements, as I did not know her address. I repeated this request in an August 5, 2003 letter to Defendants' counsel and in an August 11 e-mail in which I attempted to set a date for the deposition.

8. On August 13, Defendants' counsel finally responded, for the first time revealing Amy Clements' address in Oxford, Ohio. However, Defendants' counsel advised that Ms. Clements was out of town, attending to her daughter in St. Louis who had undergone a serious medical procedure.

9. On August 22, I advised Defendants' counsel by letter that I was willing to take Ms. Clements deposition in St. Louis at time and place convenient for her, and I asked for possible dates. On September 10, I again sent a letter to Defendants' counsel, repeating my request to take Ms. Clements' deposition in St. Louis if she is there. Defendants' counsel did not respond to these requests for deposition dates.

_____
James E. Schwantes

Subscribed to and sworn before me on this ___ day of October 2003.

_____
Notary Public

<div style="text-align:center">
LAW OFFICES OF
**William H. Blessing**
119 East Court Street
Suite 500
Cincinnati, Ohio 45202
</div>

E-Mail: billblessing@cinci.rr.com

Telephone: 513-621-9191
Telecopier: 513-621-7086

<div style="text-align:center">March 22, 2003</div>

Gary R. Lewis, Attorney
Cincinnati Club Building, Suite 915
30 Garfield Place
Cincinnati, OH 45202

   ***Re: Bryant v. Bigelow, et al.***

Dear Gary:

  This letter responds to your request for written explanations of the Defendants' discovery shortcomings and is written to the end of resolving any discovery disputes without judicial intervention.

  **Interrogatory #1; Document Request #1; Document Request #5.** Your contention that the information is irrelevant has been rejected by Magistrate Judge Sherman, as you made the same assertion in connection on the Meckstroth documents.

  **Interrogatory #2; Document Request #2.** Your contention that the requested information is irrelevant again has been rejected by Magistrate Judge Sherman. You should note that this request calls for agreements both oral and written as well as an identification of any documents.

  **Interrogatory #3.** The response is insufficient and, in one or more instances, incorrect. We are entitled to have the information on Bigelow Homes, as Bigelow Homes received substantial funds from the transactions, as shown by the Meckstroth documents. In addition, I am aware of a person named Amy Clements that purported to work for Tri-State Mortgage Services. If she was paid but was never an employee of any of the entities listed, please describe her exact relationship including her address.

  **Interrogatory #4.** The request is not for the subjective information that Mr. Bigelow is able to recall. It calls for all information over which Mr. Bigelow has possession or control. We are aware that Mr. Marfisi received substantial sums from Mr. Bigelow or his controlled entities, and we are entitled to that information or an identification of the documents that will reveal that information.

  **Interrogatory #5.** The installation-of-Quickbooks-computer-program answer is not consistent with the sums of money paid to Mr. Ellis. We believe this answer is incorrect and far from complete.

Gary R. Lewis, Attorney
March 22, 2003
Page Two

    **Interrogatory #6.** We believe that this answer is incomplete and that Mr. Ellis should be identified with his address. At this time we are not certain about this, but I ask your client to reconsider this response.

    **Interrogatory #8.** The response does not give the correct dates – only an approximation of a year, and it does not identify that amounts and dates that your client received the payments.

    **Interrogatory #9.** No. 9(d) calls for an identification of bills, invoices, and receipts in your clients, custody, possession or control. There is no response to that request.

    **Interrogatory #11.** The response does not identify any persons other than "Paul Bigelow" and "representatives of Hills Contracting."

    **Document Request #8.** No loan application has been produced.

    **Document Request #10.** The requested bank statements and deposit slips have not been produced. We need to see the statements showing exactly where and when the funds were deposited.

    **Document Requests #11, 12.** Based on previous discovery, we have reason to believe that erroneous claims of payment have been made. We are entitled to the canceled checks, showing exactly to whom the payment was made and where the checks were deposited.

    **Document Requests #13, 14.** First of all, we are entitled to see your client's income tax returns as a basis for proof of net worth in connection with our punitive damages claims. But, even more, we are entitled to see the tax return forms that are filed and signed under penalty of perjury and which reflect the expenses. There should be forms referring to the subject properties. The income and expense documents provided are not submitted under penalty of perjury and may or may not be accurate.

    Please address these discovery matters and get back to me at your earliest convenience.

                                  Sincerely yours,

                                  Bill Blessing

                                  William H. Blessing

<div align="center">

LAW OFFICES OF
**William H. Blessing**
119 East Court Street
Suite 500
Cincinnati, Ohio 45202

</div>

James E. Schwantes                                            Telephone: 513-621-9191
E-mail: jimschwantes@cinci.rr.com                             Telecopier: 513-621-7086

<div align="center">May 14, 2003</div>

**VIA TELECOPIER: 513-721-7008**

Gary R. Lewis, Attorney
Cincinnati Club Building, Suite 915
30 Garfield Place
Cincinnati, OH 45202

  *Re: **Bryant v. Bigelow, et al.***

Dear Gary:

  We are against the wall in discovery in this case. In 75 days discovery is over. It has been nearly six months since you received Plaintiffs' November 25, 2002 discovery requests. The responses stand incomplete. We still do not have responses to Interrogatories Nos. 1, 2, 3, 4, 5, 6, 8, 9, and 11 and Document Requests 1, 2, 5, 8, 10, 11, and 12. Bill Blessing's letter to you on March 22, 2003 identifies the specific deficiencies in your answers to these discovery requests. We repeatedly hear that the requests "have been passed along" to your client. But the deficiencies have not been corrected either by that passing on or by the recently-produced 1999 and 2000 federal income tax Schedules E for Fairfax and Laidlaw, as these documents are only minimally responsive to Document Requests 13 and 14.

  You will recall that Judge Spiegel admonished you in late January that you had a lot on your plate (discovery and other trial preparation) in a short period of time. We have an equal, if not greater load on our plate. It is long past January, and little has been done.

Gary R. Lewis, Attorney
May 14, 2003
Page Two


      We intend to file another motion to compel discovery unless we have complete responses from you within a few days. In addition, the time bind created by the continued non-responsiveness will require us to issue deposition notices and subpoenas without the normal advance courtesy of clearing dates for everyone. If a crucial problem arises, we can try to deal with that, but, as noted above, we have a very short window to complete discovery in this case.

      If you want to talk about this, please give me a call. August 1 is staring all of us in the face.

                                     Sincerely yours,

                                     James E. Schwantes

JES/

LAW OFFICES OF
# William H. Blessing
119 East Court Street
Suite 500
Cincinnati, Ohio 45202

E-Mail: jimschwantes@cinci.rr.com

Telephone: 513-621-9191
Telecopier: 513-621-7086

August 5, 2003

**VIA TELECOPIER (513-721-7008)**

Gary R. Lewis, Attorney
Cincinnati Club Building, Suite 915
30 Garfield Place
Cincinnati, OH 45202

*Re: Bryant v. Bigelow, et al.*, Case No. C-1-02-006

Dear Gary:

I spoke with Shirdenia Bryant and Harry Curtis regarding their availability for depositions. Both Shirdenia and Harry are available to be deposed on Wednesday August 20th or Wednesday August 27th after 9:30 a.m. Alternatively, both can be available on Tuesday August 19th or Friday August 22nd after 3:00 p.m.

I would also like to depose Prescott Bigelow, IV, Paul Bigelow, and Amy Clement during the month of August. Those depositions do not need to be scheduled on the same day. Please provide me with some dates when those individuals are available for deposition.

Sincerely yours,

James E. Schwantes

JES/
copy: Ms. Shirdenia Bryant
      Mr. Harry Curtis

# Jim Schwantes

| | |
|---|---|
| From: | Jim Schwantes |
| Sent: | Monday, August 11, 2003 2:10 PM |
| To: | 'grlewis@fuse.net' |
| Subject: | Bryant v. Bigelow - Depositions |

Gary:
The following is my proposal for depositions:
Harry Curtis - August 19
Shirdenia Bryant - August 19 (after 3:00 p.m.)
Paul Bigelow - August 20 (beginning 9:00 a.m.)
Amy Clements - August 20 (following Paul Bigelow)
Prescott Bigelow, IV - August 27 (beginning 9:00 a.m.).

The Curtis and Bryant depositions would be at your office. The depositions of Paul Bigelow, Amy Clements and Prescott Bigelow would be at my office.

Let me know if this works. Thanks.

Jim Schwantes

<div align="center">
LAW OFFICES OF
## William H. Blessing
119 East Court Street
Suite 500
Cincinnati, Ohio 45202
</div>

E-Mail: jimschwantes@cinci.rr.com

Telephone: 513-621-9191
Telecopier: 513-621-7086

<div align="center">August 22, 2003</div>

**VIA TELECOPIER (513-721-7008)**

Gary R. Lewis, Attorney
Cincinnati Club Building, Suite 915
30 Garfield Place
Cincinnati, OH 45202

    Re: *Bryant v. Bigelow, et al.*, Case No. C-1-02-006

Dear Gary:

    Prior to Prescott Bigelow IV's deposition on August 27, 2003, please produce for inspection the originals of the attached three documents. Further, we would like copies of Prescott Bigelow IV's income tax returns that are <u>not</u> redacted.

    On another matter, Plaintiffs intend to take the deposition of Amy Clements. I understand from your August 13th letter that Ms. Clements is in St. Louis attending to her daughter after surgery. Given that circumstance, and the need to accommodate Ms. Clements situation as much as possible, we would like to take Ms. Clements deposition in St. Louis at a time and place that is convenient for her. I expect that the deposition will take two hours. Please contact me as soon as possible with dates and times when Amy Clements is available to be deposed.

                                                 Sincerely yours,

                                                 James E. Schwantes

JES/
Encl. 01/27/98 Promissory Note marked "Paid in Full"
       01/27/98 Promissory Note signed by John Marfisi
       02/24/98 Check No. 2764 from Bigelow Properties to John Marfisi

<div style="text-align:center">
LAW OFFICES OF
**William H. Blessing**
119 East Court Street
Suite 500
Cincinnati, Ohio  45202
</div>

E-Mail: jimschwantes@cinci.rr.com

Telephone: 513-621-9191
Telecopier: 513-621-7086

<div style="text-align:center">September 10, 2003</div>

**VIA TELECOPIER (513-721-7008)**

Gary R. Lewis, Attorney
Cincinnati Club Building, Suite 915
30 Garfield Place
Cincinnati, OH  45202

      Re:  *Bryant v. Bigelow, et al.*, Case No. C-1-02-006

Dear Gary:

      In letters to you on August 5 and August 22, 2003, I asked to schedule the deposition of Amy Clements.  I also spoke with you regarding the matter on August 19 and again following the deposition of Shirdenia Bryant on September 3, 2003.  To date, I have not received a response from you as to when, or where, Ms. Clements will be made available for deposition.  As I told you previously, if Ms. Clements is still in St. Louis attending to her daughter, we will go to St. Louis and conduct the deposition at a place that is convenient for her.

      As you know, the discovery deadline is looming.  Though I prefer to schedule depositions by agreement, I will arbitrarily notice Ms. Clements deposition if I do not receive a response from you as to her availability.

<div style="margin-left:50%">
Sincerely yours,

James E. Schwantes
</div>

JES/