UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHIRDENIA BRYANT, *et al.*, | : | Case No. 1:02cv006 |
| | : | (Judge Spiegel) |
| Plaintiffs, | : | |
| | : | |
| -vs- | : | |
| | : | PLAINTIFFS' MEMORANDUM IN |
| PRESCOTT BIGELOW, IV, *et al.*, | : | OPPOSITION TO DEFENDANTS |
| | : | PRESCOTT BIGELOW IV AND |
| Defendants. | : | ROSEANNE CHRISTIAN TO |
| | : | COMPEL DISCOVERY |

On September 02, 2003, Defendants' counsel issued a letter request for Plaintiff Harry Curtis' federal income tax returns for years "1998 to present." On September 10, Defendants requested Plaintiff Shirdenia Bryant's tax returns for years 1997 through 2002. Plaintiffs objected by letter. On October 1 Defendants filed their motion to compel.[1]

**Applicable Law on Discoverability of Income Tax Returns.** There is no discovery privilege protecting income tax returns. Indeed, personal income tax returns may well be relevant in some circumstances. For instance, a party against whom a claim for punitive damages is pending may be required to produce tax returns to determine his or her net worth. Or a party who operates Schedule C or similar business may have tax return information that is probative of the affairs of those businesses.

---

[1] On September 23, 2003, a death in the family of Plaintiffs' counsel required him to be out-of-state for the week preceding October 1. He does not recall seeing Exhibit E (Defendants' counsel's September 19, 2003 letter) until he had returned to Ohio. Plaintiffs' counsel has provided the requested employment resume for Defendant Curtis. Accordingly, there is no dispute over this prong of Defendants' motion.

1

Nonetheless, "[a]lthough tax returns are not privileged, there is a public policy against unnecessary disclosure, in order that taxpayers can be encouraged to file accurate returns." *Credit Life Ins. Co. v. Uniworld Ins. Co.*, 94 F.R.D. 113, 120 (S.D. Ohio 1982), citing *Premium Service Corp. v. Sperry Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975). Courts have permitted discovery of tax returns in "appropriate circumstances." *Credit Life, supra.* "Examination of case law reveals the emergence of a judicially developed "qualified privilege . . . that disfavors the disclosure of income tax returns as a matter of general federal policy." *Eastern Auto Distribs., Inc. v. Peugot Motors of America, Inc.* 96 F.R.D. 147, 148-49 (E.D. Va. 1982). See Wm. A. Edmundson, Note, *Discovery of Federal Income Tax Returns and the New "Qualified" Privileges*, 5 Duke L.J. 938 (1984) (tracing the development of this quasi-privilege). A two-prong test has been utilized to assess whether the qualified privilege should be overcome and a party's income tax returns should be disclosed. The court must determine whether (1) the tax return is relevant to the subject matter in dispute; and (2) a compelling need exists for the return, because the information sought is not obtainable from other sources." *Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214 (W.D. Va. 1997).

**The Relevancy of Plaintiffs' Federal Income Tax Returns.** Defendants contend that the requested income tax returns are relevant because "Plaintiffs are asserting that they lost equity in their homes as a result of the conduct of the Defendants." Defendants' Memorandum, at 1. To be more precise, Plaintiffs claim that the Defendants defrauded them out of their homes through fraud and a scheme of racketeering activity. *See* Amended and Supplemental Complaint (Doc. 14), at ¶¶7-28.

2

Defendants have offered a generalized rationale to support their claim that the tax returns are relevant. First, as stated on pages 1 and 2 of the motion papers, Defendants contend that "[t]he ability or inability of the <u>Defendants</u> to meet their financial obligations . . . , is relevant to the claims of Plaintiffs and the defenses asserted by Defendants." (Emphasis supplied). Let us assume, first, that Defendants mean exactly what they say: their own inability to meet their mortgage payments is relevant to the claims and defenses of the lawsuit. We submit that the statement makes no sense at all; certainly the statement does not demonstrate the relevance of Plaintiffs' returns.

Second, assume that the Defendants' have it turned around, that they really meant to say in their motion papers that the "Plaintiffs'" income tax returns will reflect the Plaintiffs' ability to meet their financial obligations, *i.e.,* pay their mortgage payments, a subject Defendants argue is relevant to the claims and defenses asserted. Again, the argument does not follow. Whether Plaintiffs' tax returns show $1 or $100,000 in per-annum income has nothing to do with the claims in this case. Indeed, Harry Curtis owned his home free and clear of mortgage obligations, so he was not even making mortgage payments.

When each plaintiff was first contacted by perpetrators of the scheme, real estate foreclosure proceedings were pending: a small amount mortgage foreclosure on Shirdenia Bryant and a $4500 tax foreclosure on the Curtis property. However, the Plaintiffs' income tax return data have nothing to do with the foreclosure proceedings and have nothing to do with the scheme of fraud alleged.

3

Turning to the defenses, the Plaintiffs' income tax returns also have nothing to do with any of the defenses in this case. Defendants' answer (Doc. 22) asserts 13 defenses, none of which is remotely related to Harry Curtis' or Shirdenia Bryant's annual income or the data on their returns. Indeed, Defendants' motion papers do not explain relevancy at all, instead relying on a generalized, conclusory assertion that the "tax returns are relevant to Plaintiffs' claims, Plaintiffs' damages, and defenses asserted by the Defendants." Defendants' Memorandum, at 2.

Here, however, there is no demonstrated relevancy between the sought-for tax returns and the claims or defenses asserted in this proceeding. Defendants' motion to compel should be denied.

                                                  Respectfully submitted,

                                            **s/ William H. Blessing**
                                            William H. Blessing (#0006848)
                                            Attorney for Plaintiffs
                                            119 East Court Street, Suite 500
                                            Cincinnati, Ohio 45202
                                            Telephone: (513) 621-9191
                                            Telecopier: (513) 621-7086
                                            E-mail: billblessing@cinci.rr.com

## CERTIFICATE OF SERVICE

        I herby certify that on October 27, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gary R. Lewis, Attorney
Gary R. Lewis Co. LPA
Cincinnati Club Building, Suite 915
30 Garfield Place
Cincinnati, OH  45202.

 

                                   **s/ William H. Blessing**
                                   William H. Blessing (#0006848)
                                   Attorney for Plaintiffs
                                   119 East Court Street, Suite 500
                                   Cincinnati, Ohio  45202
                                   Telephone: (513) 621-9191
                                   Telecopier: (513) 621-7086
                                   E-mail: billblessing@cinci.rr.com