IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SHIRDENIA BRYANT, et al.** | : | Civil Action No. C-1-02-006 |
| Plaintiffs | : | (Judge Spiegel) |
| | | (Magistrate Judge Sherman) |
| vs. | : | |
| **PRESCOTT BIGELOW, IV, et al.** | : | **DEFENDANTS REPLY TO PLAINTIFFS' MEMORANDUM** |
| Defendants | : | **IN OPPOSITION TO DEFENDANTS MOTION TO** |
| | : | **COMPEL DISCOVERY** |

\*   \*   \*   \*   \*

The Defendants, Prescott Bigelow, IV and Roseanne Christian, hereby submit the following reply to Plaintiffs' memorandum in opposition to Defendants' motion to compel discovery (Doc. 45).

A.  **The Request For Curtis' Employment Resume.**

One subject of Defendants' motion to compel was an employment resume requested from Curtis. Plaintiffs' memorandum states that Plaintiffs' counsel has provided the requested employment resume for Plaintiff Curtis (Doc. 45, n. 1). Plaintiffs' counsel has not provided the requested employment resume of Plaintiff Curtis to counsel for the Defendants. In response to counsel's statement, counsel for Defendants sent a letter dated November 4, 2003 to Mr. Blessing (Exhibit 1). As indicated therein, the employment resume has not been received. As of the date of this reply memorandum, there has been no response to Exhibit 1, attached.

**B.    Bryant's Tax Returns Are Relevant On The Issues Of Bryant's Ability To Make The Mortgage Payments.**

Bryant was involved in two foreclosure proceedings, based on her inability to make mortgage payments. Bryant was required to make mortgage payments for the Laidlaw property beginning in June of 1996 (Bryant depo. p. 57). Bryant has testified that she made four or five mortgage payments within a thirteen month period after May 31, 1996 (Bryant depo., p. 58). Bryant has given deposition testimony about her gross income for this period (Bryant depo., p. 58). Bryant testified that she believes her gross income at that time was approximately $800.00 a month, and that she did file tax returns for 1997 and 1998 (Bryant depo., p. 58). Bryant has also testified that at the time of the 1997 foreclosure, she did not have sufficient funds to get the mortgage obligation current (Bryant depo., p. 61).

Bryant bought the property back from Bigelow in June of 2000. Prior to that time, Bryant was making monthly payments under the lease agreement to Bigelow of $500.00 a month (Bryant depo., p. 140). When Bryant purchased the property from Bigelow and refinanced, the monthly payments were $597.00 (Bryant depo., p. 140). Bryant has testified that she started falling behind on those mortgage payments when she lost her job (Bryant depo., p. 141).

Bryant's tax returns are relevant in that they will provide information on Bryant's ability to meet her financial obligations prior to the first foreclosure, during the lease agreement with Bigelow, and after she purchased the property back from Bigelow, resulting in the second foreclosure. Bryant's inability to make the mortgage payments after the refinance in June of 2000 is also directly relevant to the causation of her alleged economic losses. One of the defenses raised by Bigelow and Christian herein is that no alleged conduct of the Defendants caused

Bryant to lose the equity in her home. Rather, Bryant's losses were caused when she was unable to make her mortgage payments and defaulted on the refinance subsequent to June of 2000. Accordingly, Bryant's tax returns are also admissible on the issue of whether the Defendants actually caused her any financial loss.

Regarding the tax returns of Curtis, based on the issues raised in Defendants summary judgment motion and Defendants supplemental motion to dismiss, Defendants are withdrawing the request for the Curtis income tax returns.

                                            Respectfully Submitted,

                                            Gary R. Lewis Co., L.P.A.

                                            /s/ Gary R. Lewis
                                            GARY R. LEWIS, #0017697
                                            Attorney for Defendant Prescott Bigelow and
                                            Defendant Roseanne Christian
                                            Cincinnati Club Building, Suite 915
                                            30 Garfield Place
                                            Cincinnati, Ohio 45202
                                            (513) 665-9222/(513) 721-7008 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that on November 10th, 2003, I electronically filed the foregoing Reply Of Defendants Prescott Bigelow IV And Roseanne Christian To Plaintiffs' Memorandum In Opposition To Defendants Motion To Compel Discovery using the CM/ECF system and I hereby certify that the foregoing Reply Memorandum was served upon William H. Blessing, Esq. Attorney for Plaintiffs, 119 East Court Street, Suite 500, Cincinnati, Ohio 45202 by regular U.S. Mail, postage pre-paid this 10th day of November, 2003.

                                              /s/ Gary R. Lewis
                                            Gary R. Lewis
                                            Attorney for Defendant Prescott Bigelow and
                                            Defendant Roseanne Christian