UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHIRDENIA BRYANT, et al.,      :     NO. 1:02-CV-00006
                               :
                               :
         Plaintiffs,           :
                               :     **ORDER**
    v.                         :
                               :
                               :
PRESCOTT BIGELOW, IV,          :
              et al.,          :
                               :
                               :
         Defendants.           :


        This matter is before the Court on Defendant Prescott
Bigelow, IV's Supplemental Motion to Dismiss all claims of
Plaintiff Harry Curtis (doc. 35), Plaintiffs' Memorandum in
Opposition (doc. 36), and Defendant Bigelow's Response (doc. 38).

        This case involves allegations that Defendants
perpetrated a number of separate but related schemes to swindle
financially distressed homeowners out of the equity in their real
estate (doc. 14). Plaintiff Harry Curtis' ("Curtis") claims stem
from the transfer of his residential property to Prescott Bigelow
("Bigelow") pursuant to a real estate contract, and Curtis'
subsequent eviction from the same property (doc. 15). According to
Curtis, Defendants induced him to transfer his property under the
guise of saving the property from foreclosure, and then
subsequently evicted him (Id.). Bigelow's eviction Complaint, Case
No. 99-CV-32813 in the Hamilton County Municipal Court, included a
count for forcible entry and detainer and counts for monetary

damages (doc. 35).  On February 1, 2000 Judge James Patrick Kenney
ruled in favor of Bigelow on the count for forcible entry and
detainer, while continuing the claim for monetary damages for
answer or default judgment (Id.).  Curtis was evicted (Id.).  On
December 29, 2000 the claim for monetary damages was dismissed
without prejudice at Bigelow's cost for want of prosecution (doc.
36).

Plaintiffs' Amended Complaint claims that Defendants: (1)
violated the Racketeer Influenced And Corrupt Organizations
provisions (hereinafter, "RICO"), 18 U.S.C. § 1962(c), by
conducting the affairs of enterprises under Defendants' management
and control through a pattern of racketeering activity, using the
U.S. mails to further the scheme, and acquiring funds that affected
interstate commerce; (2) entered into a conspiracy to further the
alleged racketeering activity in violation of 18 U.S.C. § 1962(d);
(3) made false representations to Plaintiffs constituting common
law fraud; (4) entered into a conspiracy to defraud and deceive
Plaintiffs; and (5) breached fiduciary duties owed to Plaintiffs
(doc. 14).  Plaintiff Shirdenia Bryant filed a RICO case statement
April 23, 2002 (doc. 7).

Defendant Bigelow's Supplemental Motion to Dismiss, filed
August 28, 2003, is premised upon the argument that as Plaintiff
Curtis failed to raise his claims against Bigelow in the prior
eviction and damages action in the Hamilton County Municipal Court
as compulsory counterclaims, such claims are now barred by res
judicata (doc. 35).  Consequently, Bigelow argues, the Court lacks

2

subject matter jurisdiction and Plaintiff Curtis' claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and Rule 12(b)(6). Plaintiffs oppose Bigelow's Motion, arguing that Congress has granted federal courts jurisdiction to hear RICO claims, and Curtis' claims could not have been decided by the Hamilton County Court nor any other state court (doc. 36). Plaintiffs specifically argue that there has been no final judgment or decree on which any res judicata principle can attach, that Curtis did not know of his RICO claims at the time of the eviction hearing so he could not plead them, and that Ohio's compulsory counterclaim rules are inapplicable to forcible entry and detainer proceedings (Id.).

I.  **Standard for Motion to Dismiss**

A motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) must be viewed in the light most favorable to the party opposing the motion. Great Lakes Steel v. Deggendorf, 716 F.2d 1101, 1105 (6th Cir. 1983). The district court must accept as true all allegations in the well-pleaded complaint under attack. Id. In addition, the court may grant the motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Balderaz v. Porter, 578 F. Supp. 1491, 1494 (S.D. Ohio 1983). Although generally the Court's inquiry is limited to the allegations of the complaint, items appearing on the record may be taken into account. Yancos v. Lake County, 953 F. Supp. 187,

3

191 (N.D. Ohio 1996).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction attacks a plaintiff's cause of action in one of two ways: facially or factually. Fed. R. Civ. P. 12(b)(1); United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack challenges the sufficiency of the complaint itself. On such an attack, the court must take all material allegations in the complaint as true and construe them in a light most favorable to the non-moving party. Ritchie, 15 F.3d at 598 (citing Scheuer v. Rhodes, 416 U.S. 232, 235-37, (1974)). In contrast, a factual attack challenges the factual existence of subject matter jurisdiction. The court reviewing such a motion need not presume that the factual allegations set forth in the complaint are true. Id. Instead, the court may weigh any evidence properly before it. See Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990); Rogers v. Stratton Indus., Inc., 798 F.2d 913, 918 (6th Cir. 1986).   In the instant matter, Defendant refutes the factual existence of subject matter jurisdiction under Rule 12(b)(1) under the theory that the Court is barred from reviewing the matter by the doctrine of res judicata.   The Court may therefore consider any evidence properly before it.


## II.  The Parties' Arguments

Defendant Bigelow argues that all of Curtis' claims are barred by res judicata under Ohio law and federal law, so that Curtis cannot recover damages, and Curtis' claims should be

4

dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and Rule 12(b)(6) (doc. 35).    Defendant argues that this Court must give res judicata effect to the prior state court judgment evicting Curtis (Id.).  Defendant argues under     National Amusements, Inc. v. Springdale, 53 Ohio St.3d 60, 558 N.E.2d 1178,1180 (Ohio 1990) that res judicata applies to claims that could have been litigated in the first action (Id.).  As state courts are competent to hear RICO claims under Tafflin v. Levitt, 493 U.S. 455 (1990), Defendant argues that Curtis should have asserted his RICO claim as a compulsory counterclaim during the eviction proceedings (Id.). Bigelow further argues under Maduka v. Parries, 14 Ohio App. 3d 191, 192, 470 N.E. 2d 464 (1984), that when a claim for monetary damages accompanies a forcible entry and detainer cause of action, Ohio's compulsory counterclaim rule, Ohio Civ. R. 13(A), applies and therefore the tenant must assert compulsory counterclaims or be forever barred from asserting them (Id.).  Bigelow argues therefore that Curtis' RICO claims as well as his fraud claims are all barred by res judicata (Id.).

Plaintiffs argue that Bigelow's motion is wholly without merit because the Court has subject matter jurisdiction under statute (doc. 36).  Plaintiffs further argue that the compulsory counterclaim and res judicata contentions fail because Curtis' claims were not previously decided by the Hamilton County Court nor could they have been decided by any other state court (Id.). Plaintiffs argue that no final judgment was entered in the Hamilton County Court case 99-CV-32813, but rather a dismissal without

prejudice, so that res judicata does not apply. Plaintiffs further argue that Curtis could not have brought his instant claims as counterclaims in 1999 because he did not know of the scheme at the time (Id.). Plaintiffs state that the compulsory counterclaim rule does not apply to forcible entry and detainer actions, which are summary proceedings without the aid of the jury nor strict observance of all civil rules that normally govern civil proceedings (Id.). Finally, Plaintiffs state that Bigelow's motion sounds in summary judgment as Bigelow attached documents to his motion, and raises the merits of an affirmative defense, often the gist of summary judgment proceedings (Id.). Plaintiffs posit that Bigelow's motion papers are defective as to form under Fed. R. Civ. P. 56, so that his motion should be denied (Id.)

Defendant Bigelow replies that lack of subject matter jurisdiction on the basis of res judicata is properly raised in a motion to dismiss, citing Westwood Chemical Co., Inc. v. Kulick, 656 F. 2d 1224 (6th Cir. 1981) and Begala v. PNC Bank, 214 F.3d 776, 779-80 (6th Cir. 2000) (doc. 38). Bigelow further argues that the documents he attached to his motion to dismiss, court papers from the Hamilton County Municipal Court case, No. 99-CV-32813, are properly before the Court as the Court can properly take judicial notice of proceedings of other courts of record (Id.). In contrast, Bigelow argues, Plaintiffs have improperly attached a number of documents, including deposition and affidavit testimony of Curtis, an invoice from John Meckstroth, the land installment contract, and a Curtis check to Bigelow Properties (Id.). As for

his res judicata argument, Bigelow asserts that he won a final judgment entry and a writ of restitution in the municipal court action, so that the doctrine applies. Bigelow assert that under <u>Tillimon v. Rideout</u>, 2001 Ohio App. LEXIS 5308 (6th Cir. 2001), writs of restitution have res judicata effect.

Bigelow next argues that Curtis' claims accrued when he knew or should have known of the injury underlying his causes of action (<u>Id</u>.). As such, Bigelow posits, Curtis should have filed his RICO claims as a counterclaim in the eviction case (<u>Id</u>.). Bigelow cites to <u>Klehr v. A.O. Smith Corp.</u>, 521 U.S. 179 (1997) and <u>Rotella v. Wood</u>, 528 U.S. 549 (2000), cases in which the Supreme Court found the statute of limitations of the RICO statute to "begin to run" when plaintiff knew or should have known of his injury, and that the limitations period is not extended until plaintiff discovers that the injury was part of an alleged pattern or scheme (<u>Id</u>.). Bigelow argues that the same objective standard applies to Curtis' supplemental state law claims, relying on <u>Isaak v. Trumbull Sav. & Loan Co.</u>, 169 F.3d 390, 399 (6th Cir. 1999)(the running of the statute of limitations begins when a plaintiff is put on inquiry notice), <u>Gaudin v. K.D.I. Corp.</u>, 417 F. Supp. 620, 629 (S.D. Ohio 1976), <u>aff'd</u>, 576 F.2d 708 (6th Cir. 1978) (no more than a reasonable opportunity to discover the fraud is required to start the period of limitation), among other authorities (<u>Id</u>.).

In addition to res judicata, Bigelow argues that Curtis' claims are barred as compulsory counterclaims (<u>Id</u>.). Bigelow, citing <u>Maduka v. Parries</u>, 14 Ohio App. 3d 191, 192, 470 N.E. 2d 464

(1984), argues that when a landlord files an action for forcible entry and detainer and joins a claim for money damages, Ohio's compulsory counterclaim rule applies (Id.). Bigelow argues it is immaterial that there was no judgment on the money damages claim because there was a final judgment on the eviction claim, and res judicata bars claims that should have been asserted as compulsory counterclaims in eviction actions (Id.).

## III. Discussion

As an initial matter, Defendant's Motion is properly before the Court as a Motion to Dismiss.[1] The key to unraveling the parties' arguments therefore, is whether the doctrine of res judicata or the compulsory counterclaim rule bar Curtis from asserting his claims.

Res judicata applies when there has been (1) a prior final, valid decision on the merits by a court of competent

---

[1] The parties' arguments concerning whether Bigelow's Motion to Dismiss really constitutes a motion for summary judgment are technical and not outcome-determinative. Defendant is correct that the Court may take judicial notice of the proceedings in the Hamilton County Municipal Court case Bigelow v. Curtis, Case No. 99-CV-32813 in deciding the present motion, and the Court does so. Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). As the Court need not rely on the evidentiary material attached to Plaintiffs' Memorandum in Opposition, the Court need not reach the question of its admissibility. Accordingly, the Court shall consider Defendant Bigelow's Motion as a motion to dismiss, while noting that the Sixth Circuit has affirmed the use of Rule 12 dismissal based on res judicata. Kane v. Magna Mixer Co., 71 F.3d 555, 563 (6th Cir. 1995), Habtermariam v. Adrian, No. 98-3112, 1999 U.S. App. LEXIS 14128 *4 (6th Cir. June 23, 1999).

jurisdiction; (2) a second action involving the same parties, or their privies, as the first, (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. Hapgood v. City of Warren, 127 F.3d 490, 493 (6th Cir. 1997), cert. denied, 522 U.S. 1046 (1998). Ohio law clearly distinguishes between a forcible entry and detainer action, which is summary in nature and in which landlords merely seek possession of their premises, and a money damages action, which is a normal civil action. Maduka v. Parries, 470 N.E.2d 464, 465 (1984). Although a landlord may join these claims in one action, the claims still remain distinct. Haney v. Roberts, 720 N.E.2d 101, 106 (1998).

The Court finds in this case that res judicata cannot apply to Curtis' claims, as there was no final judgment in the civil money damages case against him. Bigelow's attempt to construe the eviction of Curtis, the result of a summary proceeding, into a judgment barring Curtis' claims under res judicata is not well countenanced. Bigelow asserts that under Ohio law, writs of restitution have res judicata effect, citing Tillimon v. Rideout, 2001 Ohio App. LEXIS 5308 (Ohio Ct. App. November 30, 2001). The Court does not agree with Defendant's interpretation of Tillimon. Bigelow ignores language in Tillimon stating that the issuance of a writ of restitution can be a final order, which leaves open the proposition that such a writ is not necessarily a final order, and therefore would not necessarily have res judicata

effect.  2001 Ohio App. LEXIS 5308 at *5.  Moreover, in its reasoning the Tillimon court relied on the unusual facts of Allman v. Simmers, No. 1999AP030014, 1999 Ohio App. LEXIS 5502 (Ohio Ct. App. November 16, 1999), which are not comparable to those in the case at bar.  Neither are the facts of  Tillimon comparable, for that matter, as that case did not involve allegations an overarching fraudulent scheme.  Finally, on subsequent appeal, the Tillimon court clearly distinguished between the eviction and money damages actions in the case, ruling that any judgment regarding damages in the case was premature.  No. L-02-1072, 2003 Ohio App. LEXIS 335 (Ohio Ct. App. January 24, 2003).

    Bigelow's reliance on a host of cases dealing with the question of when a RICO action "accrues" is similarly unpersuasive as such cases pertain to statute of limitations questions that are not at issue in this case.   Curtis' RICO action in this Court has been filed within the applicable statute of limitations.

    Bigelow argues that Ohio's Compulsory Counterclaim Rule, Ohio Civ. R. 13(A)[2] applies to a forcible entry and detainer action when that action is joined with a claim for money damages. However, the Court finds that Bigelow cannot place the onus on

---

    [2] Rule 13 (A) of the Ohio Rules of Civil Procedure provides:

    (A) Compulsory Counterclaims.  A pleading shall state as a counterclaim any claim which at the time of service of the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing parties' claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Curtis to have asserted counterclaims in response to a claim for money damages that Bigelow failed to prosecute, and that was dismissed without prejudice.  The only claim that was actually adjudicated by the Hamilton County Municipal Court was the eviction claim, and Ohio Rule 1(c) provides that Ohio Rules of Civil Procedure do not apply to claims in forcible entry and detainer. Therefore, Curtis was not required under the rules to assert any counterclaims in response to the only claim effectively brought against him.  Bigelow abandoned the claim for money damages, which is the only arguable basis upon which Curtis could have been required to assert counterclaims.  It would be patently unfair to bar Curtis from asserting his claims now on the basis of abandoned claims not prosecuted by Bigelow, and not resulting in a final judgment.

**IV.  Conclusion**

Having reviewed the arguments of the parties in this case, the Court finds that there is neither a valid basis to dismiss Curtis' claims pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6) due to res judicata, nor due to the fact that such claims were allegedly compulsory counterclaims in the prior proceeding in Hamilton County Municipal Court.  Res judicata does not apply as there was no final judgment in the money damages case against Curtis.  Similarly, Bigelow's counterclaim theory fails as Ohio law provides an exception to the compulsory counterclaim rule in forcible and entry and detainer actions.  Because Defendant Bigelow

11

abandoned his claims for money damages, it would be unjust for such abandoned claims to serve as a basis to require the filing of counterclaims by Curtis.

Accordingly, the Court DENIES Defendant Bigelow's Supplemental Motion to Dismiss All Claims of Plaintiff Harry Curtis (doc. 35).


          SO ORDERED.

Date: November 13, 2003        s/S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge