IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SHIRDENIA BRYANT, et al.** | : | Civil Action No. C-1-02-006 |
| Plaintiffs | : | (Judge Spiegel) |
| | | (Magistrate Judge Sherman) |
| vs. | : | |
| **PRESCOTT BIGELOW, IV, et al.** | : | **DEFENDANTS MOTION IN LIMINE TO PROHIBIT** |
| Defendants | : | **PLAINTIFFS FROM OFFERING EXPERT TESTIMONY AT** |
| | : | **TRIAL** |

\* \* \* \* \*

The Defendants, Prescott Bigelow, IV and Roseanne Christian, pursuant to Federal Rule of Civil Procedure 36(c)(1), hereby move this Court to enter an Order prohibiting the Plaintiffs from introducing any expert testimony at trial, based on Plaintiffs' failure to comply with Federal Rule of Civil Procedure 26(a)(2). Despite repeated requests from the Defendants requesting that the Plaintiffs submit a report of their identified expert Donald Lerner, Plaintiffs submitted a deposition transcript of Mr. Lerner's testimony in an unrelated case. Plaintiffs have not complied with the mandatory requirements of Rule 26(a)(2). Further, Plaintiffs have not complied with the joint discovery plan, agreed upon by counsel. The Defendants have been prejudiced.

In further support of this motion, Defendants respectfully submitted the following memorandum.

**MEMORANDUM IN SUPPORT OF MOTION**

On or about September 16, 2002, and in answers to written interrogatories, Plaintiffs identified Donald Lerner as an expert witness in this case. Donald Lerner is an attorney. The

1

discovery plan jointly filed by the parties (Doc. 12) required the Plaintiffs to identify expert witnesses by August 15, 2002 and required Plaintiffs to produce expert witness reports by September 15, 2002.

On September 16, 2002, counsel for Plaintiffs forwarded a copy of a deposition of Mr. Lerner taken in a Hamilton County case number A-0005052, *Bigelow v. Burbrink*. In the transmittal letter which accompanied the deposition, Plaintiffs counsel stated "Plaintiffs submit this deposition in lieu of an expert witness report. The opinions of Mr. Lerner for the above referenced case will be consistent with his opinions for *Bigelow v. Burbrink*." (App. A). The deposition transcript which accompanied counsel's September 16, 2002 letter is attached hereto as Appendix B. By letters dated February 20, 2003 (App. C) and March 6, 2003 (App. D), counsel for Defendants advised Plaintiffs that the identification of the expert witness in this manner did not comply with the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure. On March 27, 2003, counsel for Defendants responded with a letter and e-mail reiterating that Mr. Lerner's opinions regarding the real estate transactions at issue in this case "will be consistent with the opinions he expressed about the Burbrink transaction." The e-mail of March 27, 2003 identified Mr. Lerner's hourly rate as $225.00 an hour. (App E and App. F).

On June 27, 2003, Bryant answered written interrogatories, which included an interrogatory directed to identifying expert witnesses. Attached to this motion is Bryant's answer to Defendant Prescott Bigelow's written interrogatory number 21 (App. G). As indicated in that answer, Plaintiffs propose to have Lerner testify as to the Bryant and Curtis transactions, the land contract prepared for Harry Curtis and documents related to the transactions with Curtis and Bryant.

Despite the requests of Defendants, and contrary to the joint discovery plan, Plaintiffs have elected not to provide an expert witness report which complies with Rule 26(a). The deposition transcript proposed by the Plaintiffs "in lieu of an expert witness report" does not contain any information regarding the subjects of Mr. Lerner's proposed opinions, as identified in the Bryant Answers to Interrogatories. The deposition transcript does not address the Bryant and Curtis transactions, nor does it address the documents referenced in Bryant's answer to interrogatories. None of the documents upon which Mr. Lerner will supposedly testify in this case were included in the deposition transcript submitted by the Plaintiffs, and Lerner's proposed opinions regarding the transactions with Bryant and Curtis are not discussed in that deposition. Accordingly, exclusion of this proposed expert is mandatory.

**Rule 37(c)(1) Requires Exclusion of Expert Testimony for Plaintiffs in this Action.**

Federal Rule of Civil Procedure 37(c)(1) provides, "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed."

Rule 26(a)(2)(B) states:

"(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authorized by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or

by deposition within the preceding four years.

"Rule 26(a) expert reports must be detailed and complete." Fed. R. Civ. P. 26 Advisory Committee's Note; see also Sierra Club v. Cedar Point Oil Co., 73 F. 3d 546, 571 (5th Cir.), cert. denied, 136 L.Ed. 2d 20, 117 S.Ct. 57 (1996).  The report must be complete so that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be substantially complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.  See, Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F. 3d 277, 284 (8th Cir.), cert. denied, 516 U.S. 822, 133 L.Ed. 2d 42, 116 S.Ct. 84 (1995).

The Sixth Circuit has established that Rule 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26(a) unless the violations were harmless or substantially justified.  See King v. Ford Motor Co., 209 F. 3d 886, 900 (6th Cir. 2000), cert. denied, 531 U.S. 960 (2000)(affirming the District Court's exclusion of expert testimony under Rule 37(c)(1) for failure to comply with strictures of Rule 26(a)).  In Salgado v. General Motors Corp., 150 F. 3d 735, 742 (7th Cir. 1998) the court held that the District Court acted well within its discretion when it decided to impose the sanction of precluding the witnesses from testifying since "the sanction of exclusion was automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless."  In Bowe v. Consolidated Rail Corp., 2000 U.S. App. LEXIS 24866, No. 99-4091, (6th Cir. September 19, 2000) (unpublished, attached as Appendix H), the Sixth Circuit Court of Appeals stated: "It is well established by this Court and others that Rule 37(c)(1) mandates that a trial court will sanction a party for discovery violations in connection with Rule 26 unless the violations were harmless or substantially justified."

**CONCLUSION**

Defendants Bigelow and Christian respectfully request that Plaintiffs Curtis and Bryant be precluded from offering any testimony of their designated expert Donald Lerner at trial.

Respectfully Submitted,

Gary R. Lewis Co., L.P.A.


/s/ Gary R. Lewis
GARY R. LEWIS, #0017697
Attorney for Defendant Prescott Bigelow and
Defendant Roseanne Christian
Cincinnati Club Building, Suite 915
30 Garfield Place
Cincinnati, Ohio 45202
(513) 665-9222/(513) 721-7008 (FAX)

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5th, 2003, I electronically filed the foregoing Defendants Motion In Limine To Prohibit Plaintiffs From Offering Expert Testimony At Trial using the CM/ECF system and I hereby certify that the foregoing Motion was served upon William H. Blessing, Esq. Attorney for Plaintiffs, 119 East Court Street, Suite 500, Cincinnati, Ohio 45202 by regular U.S. Mail, postage pre-paid this 5th day of December, 2003.


/s/ Gary R. Lewis
Gary R. Lewis
Attorney for Defendant Prescott Bigelow and
Defendant Roseanne Christian