UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHIRDENIA BRYANT, et al.,        :    NO. 1:02-CV-00006
                                 :
    Plaintiffs,                  :
                                 :    **ORDER**
  v.                             :
                                 :
PRESCOTT BIGELOW, IV,            :
      et al.,                  :
                                 :
    Defendants.                  :

       This matter is before the Court on Plaintiffs' Motion for Leave to Depose Witness Amy Clements (doc. 43), and Defendants' Response in Opposition (doc. 51).

       Although the discovery deadline set in this case, October 1, 2003, has expired, Plaintiffs request leave to depose a witness in this case, Amy Clements (doc. 43).  Plaintiffs indicate that they had attempted to identify, locate, and depose Ms. Clements, a former employee of Mr. Bigelow, prior to the cut-off, without success (Id.).  Plaintiffs allege that Defendant Bigelow was not candid in his discovery responses, thus impeding their ability to depose Ms. Clements (Id.).

       Defendants respond that it is inaccurate that they prevented Plaintiffs from deposing Ms. Clements, as Defendants provided Plaintiffs with her whereabouts and phone number well in advance of the discovery cut-off (doc. 51).  Defendants indicate that Ms. Clements is willing to be deposed by telephone, and

request that the deposition be conducted accordingly (Id.).

Having reviewed this matter, the Court finds it appropriate to allow Plaintiffs to depose Ms. Clements despite the discovery cut-off. It appears from the record that Defendants informed Plaintiffs of Ms. Clements' whereabouts two weeks prior to the discovery cut-off, which contrary to Defendants' assertion, is not "well in advance" of the cut-off, particularly considering that the deponent is out of state. This dispute aside, the Court finds that as a former employee of Defendants, Ms. Clement's testimony could very well be relevant to Plaintiffs' claims. The Court does not find that Defendants would be prejudiced by allowing the deposition to go forward after the discovery cut-off. Plaintiffs are therefore well within their rights to seek such testimony in any manner they choose in conformity with the Federal Rules. As such, the manner in which Ms. Clements prefers to be deposed is immaterial, as there is nothing in the rules mandating accommodation of a witness's preferences to deposition by telephone. The Court, therefore, will not order that such deposition be conducted by telephone.

Accordingly, the Court GRANTS Plaintiffs' Motion for Leave to Depose Witness Amy Clements (doc 43).

SO ORDERED.

Date: <u>December 18, 2003</u>     s/S. Arthur Spiegel
                                   S. Arthur Spiegel
                                   United States Senior District Judge