IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SHIRDENIA BRYANT** | : | Civil Action No. C-1-02-006 |
| **HARRY CURTIS** | : | (Judge Spiegel) |
| Plaintiffs | : | |
| vs. | : | |
| **PRESCOTT BIGELOW, IV** | : | |
| **ROSEANNE CHRISTIAN** | : | |
| **Defendants.** | | |

## FINAL PRETRIAL ORDER

This action came before the Court for a Final Pretrial Conference held on the 7th day of January, 2004 at 3:00 p.m. pursuant to Rule 16, Federal Rules of Civil Procedure.

### I. APPEARANCES:

1. For Plaintiffs: William H. Blessing.

2. For Defendants: Gary R. Lewis.

### II. NATURE OF ACTION AND JURISDICTION:

A. This is a federal civil racketeering action with claims asserted under 18 U.S.C. §1962(c) and (d); Plaintiffs also assert pendent claims under state law for common fraud, conspiracy, and breach of fiduciary duty.

B. The jurisdiction of the Court is invoked under Title 18 United States Code, Section 1964 and Title 28 United States Code, Section 1331.

1

    C. Defendant Bigelow disputes the jurisdiction of the Court regarding Curtis' claims against Bigelow. Bigelow asserts that Curtis' claims are barred by res judicata, and the Court lacks subject matter jurisdiction as to Curtis' claims. Regarding the claims of Shirdenia Bryant, the jurisdiction of the Court is not disputed.

### III. TRIAL INFORMATION:

    A. The estimated length of trial is four (4) days.

    B. Trial to a jury has been set for February 10, 2004 on an on-deck basis.

### IV. AGREED STATEMENT AND LISTS:

    A. **General Nature of the Parties' Claims:**

        1) **PLAINTIFF'S CLAIMS:**

Defendants perpetrated several separate but related schemes to swindle financial distressed homeowners out of the equity in their real estate. Defendant Bigelow was the primary operator of the schemes. Under the guise of "helping" homeowners in financial distress, Bigelow orchestrated a program, targeting low-income homeowners in financial distress, usually foreclosure defendants, who had a substantial amount of equity in their homes. He and his collaborators promised the victims that their homes would be reconveyed via land contract. The Defendants induced those homeowners to transfer properties to him while remaining at the property as tenants and/or contract purchasers. He then drained the equity out of the property, encumbering it with additional liens, and then had the former homeowners evicted selling the property for great profits to himself.

Defendant Christian was an integral part of the schemes. Mr. Bigelow paid her to locate victims. She contacted the homeowners, often claiming to be a representative of Tri State

2

Mortgage (a claimed eleemosynary organization, purportedly set up to "help" financially-distressed homeowners to save their homes), and offered "assistance" or "real estate consulting". She transported the victims to and from John Meckstroth's office, where many of the "closings" took place, and provided assurance to the victims - most of whom are black American - that their interests would be protected. Additional conspirators in these schemes were Johnny Marfisi and attorney John Meckstroth.

The Plaintiffs are seeking money damages under 18 U.S.C. §1964 for the loss of equity in their real property, the loss of their personal property; and the injury to their reputation. They also seek compensatory damages under the common law claims, as well as punitive damages and an award of attorney fees.

### 2) DEFENDANTS CLAIMS:

Defendants deny liability as asserted in Counts 1 through 5 for the following reasons:

a) Defendants deny that they participated in any scheme to defraud the Plaintiffs.

b) Defendants deny that they are liable to the Plaintiffs under RICO as alleged in Counts 1 and 2.

c) Defendants deny that they are liable to Plaintiffs under RICO as alleged in Count 3.

d) Defendants deny entering into a conspiracy as alleged in Count 4.

e) Defendant Bigelow denies that he had any fiduciary duties to Plaintiffs and further denies breach of any fiduciary duty to Plaintiffs, as alleged in Count 5.

f) Defendant Bigelow was acting upon the advice and reliance upon legal counsel.

g) Defendants at all times were acting in good faith, without malice and in conformity with law.

h) Plaintiffs' losses or damages are the direct and proximate result of their own conduct or failure to act.

i) Plaintiffs' claims are barred by statutes of frauds and the parol evidence rule.

j) Curtis' claims against Bigelow are barred by res judicata.

k) Bryant's claims are barred by release, accord and satisfaction, and compromise.

l) Plaintiffs' claims are barred by payment.

m) Bryant's losses were caused by John Marfisi, not a party to this action.

B. **Uncontroverted Facts:**

The following facts are established by admissions in the pleadings or by stipulations of counsel.

1) Defendants admit the residency allegations of Bigelow and Christian as alleged in paragraphs 2 and 3 of the Amended Complaint.

2) Defendants admit that venue in this district is proper.

3) Defendants admit that Christian went to Bryant's home in the late summer of 1997. Defendants further admit that an individual named Marfisi visited Bryant's home in 1997.

4) Defendants admit that in January of 1998, Marfisi picked up Bryant at her home and took her to attorney John Meckstroth's office for a real estate closing.

5) Defendants admit that in or about July 1999, Christian was at the Curtis home at 1966 Fairfax Avenue.

6) Defendants admit that the Curtis' were evicted through proceedings in the Hamilton County Municipal Court and that Curtis set a fire at 1966 Fairfax Avenue.

4

**C. Issues of Fact and Law:** Defendants stated that the contested issues of fact remaining for decision are:

1) Whether Defendants are liable under RICO, and whether Defendants conducted or participated in any enterprise through a pattern of racketeering activity. Additionally, whether Defendants engaged in mail fraud.

2) Whether Defendants engaged in common law fraud.

3) Whether Plaintiffs reasonably relied upon any fraudulent misrepresentations of fact made by the Defendants calculated or intended to deceive persons of reasonable prudence or comprehension.

4) Whether the Defendants engaged in a pattern of racketeering activity.

5) Whether Defendant Bigelow breached any fiduciary duties to Plaintiffs.

Defendants state that the contested issues of law, in addition to those implicit in the foregoing issues of fact, are:

1) Whether the claims of Plaintiffs are barred by Ohio statutes of frauds.

2) Whether the claims of Plaintiffs are barred by the parol evidence rule.

3) Whether the conduct of the Defendants proximately caused the Plaintiffs losses.

4) Whether Bigelow owed any fiduciary duty to the Plaintiffs.

5) Whether Curtis' claims against Bigelow are barred by res judicata.

**D. Witnesses:**

1) Plaintiffs may call, either in person or by deposition, those witnesses listed on Appendix A, attached.

2) Defendants will call or will have available for testimony at trial those witnesses listed

5

on Appendix B hereof.

### E. Expert Witnesses

The Parties are limited to the following number of expert witnesses whose names have been disclosed to the other side.

Plaintiffs: 1          Defendants: 0

### F. Exhibits

The parties will offer as exhibits those items listed herein as follows:

1) Plaintiffs' Exhibits - (Appendix F, attached)

2) Defendants' Exhibits - (Appendix G, attached)

### G. Discovery

Save for the deposition of Amy Clements, discovery has been completed. Judge Novotny ordered Plaintiff Bryant to produced certain of her income tax returns on or before December 5, 2003. Plaintiff Bryant obtained the IRS transcripts of those returns and produced them to Defendants' counsel on that date. Judge Novotny ordered Plaintiff Curtis to produce his employment resume by the same date. Plaintiff Curtis was unable to find that document, but he is preparing one and will have created and produced it to Defendants' counsel by the time of the final pretrial conference. Defendants' counsel requested copies of documents Plaintiffs obtained pursuant to a subpoena to Vintage Title, and a copy of those documents has been provided.

### H. Pending Motions

The following motions are pending at this time.

   1) Defendants' Motion For Summary Judgment (Doc. 40);

   2) Defendants' Motion In Limine To Prohibit Plaintiffs From Offering Expert

6

Testimony of Donald Lerner (Doc. 54); and

3) Defendants. Motion to Vacate Trial Date (Doc. 58).

### IV. MODIFICATION

This final pretrial order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice. Such modification may be made by application of counsel, or on motion of the Court.

### V. SETTLEMENT EFFORTS

This Court conducted a settlement conference on October 29, 2002, at which time the parties exchanged settlement proposals. The conference did not result in settlement. On November 20, 2003, Defendants' counsel submitted a settlement proposal of $15,000 - far below the numbers that Defendants had discussed at the settlement conference. Plaintiffs viewed the reduced settlement number as unproductive and advised Defendants that it was rejected.

On December 5, 2003, Defendants proposed a structured settlement (over an unspecified time) of a total of $30,000 - still far below the numbers that were being discussed at the October 29, 2002 settlement conference. Plaintiffs view these offers as essentially nuisance settlement offers that do not realistically value the harm caused to Plaintiffs or the potential of a jury verdict.

### VI. TRIAL TO A JURY

The parties will submit proposed jury instructions at least one day before trial.

**SO ORDERED.**

_____
S. Arthur Spiegel
United States Senior District Judge

_____
William H. Blessing, Counsel For Plaintiffs

/s/ Gary R. Lewis
Gary R. Lewis, Counsel For Defendants