## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **SHIRDENIA BRYANT,** *et al.,* | : | **Case No. 1:02CV006** |
| | : | **(Judge Spiegel)** |
| **Plaintiffs,** | : | |
| | : | |
| -vs- | : | |
| | : | |
| **PRESCOTT BIGELOW, IV,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff Harry Curtis proposes the following jury instructions.  These instructions are a near-verbatim copy of the instructions given by this Court on February 1, 1990 in the civil RICO action styled *Davis v. Mutual Life Ins. Co. of N.Y.*, No. C-1-87-0727 (S.D. Ohio).  The RICO conspiracy instruction given in *Davis* has been modified, as follows, to reflect the Supreme Court's holding in *Salinas v. United States*, 522 U.S. 52 (1997).

Respectfully submitted,

s/ William H. Blessing
William H. Blessing (#0006848)
Attorney for Plaintiffs
119 East Court Street, Suite 500
Cincinnati, Ohio  45202
Telephone: (513) 621-9191
Telecopier: (513) 621-7086
E-mail: billblessing@cinci.rr.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gary R. Lewis, Attorney
Gary R. Lewis Co. LPA
Cincinnati Club Building, Suite 915
30 Garfield Place
Cincinnati, OH  45202.


**s/ William H. Blessing**
William H. Blessing (#0006848)
**Attorney for Plaintiffs**
119 East Court Street, Suite 500
Cincinnati, Ohio  45202
Telephone: (513) 621-9191
Telecopier: (513) 621-7086
E-mail: billblessing@cinci.rr.com

# TABLE OF CONTENTS

**Page**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1

Duty to Follow Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     2

Consideration of the Evidence  . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3-4

Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . .     5

Credibility of Witnesses  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     6

Impeachment  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     7

Expert Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     8

Depositions  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     9

Charts and Summaries  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     10

Burden of Proof  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     11

Separate Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     12

Summary of the Case  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     13

Plaintiff's Claim:  Fraud  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     14-15

Intentional Omission of a Material Fact . . . . . . . . . . . . . . . . . . . . . . .     16

"Recklessly" – Definition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     17

Plaintiff's Claims:  RICO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     18-19

Definitions  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     20-21

Mail Fraud – Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     22

Mail Fraud – Essential Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . .     23
Fraud by Communication Devices – Statute (Wire Fraud) . . . . . . . . . . . . .     24

Wire Fraud – Essential Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . .     25

Definitions:  Mail & Wire Fraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    26

II.  Conspiracy:  Violation of 18 U.S.C. §1962(d) . . . . . . . . . . . . . . . . .    27

Statute of Limitations – RICO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    28

Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    29-30

Damages – Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    31

Damages – RICO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    32

Damages – Fraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    33

General Damage – Mental Suffering . . . . . . . . . . . . . . . . . . . . . . . . . . .    34

Nominal Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    35

Punitive Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    36

Damages – No Implication . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    37

Duty to Deliberate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    38

Special Interrogatories and Verdict Form . . . . . . . . . . . . . . . . . . . . . . . .    39

## INTRODUCTION

Members of the Jury:

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply the law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

## DUTY TO FOLLOW INSTRUCTIONS

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons, and all persons, including corporations, shall stand to be treated as equals in a court of justice.

## CONSIDERATION OF THE EVIDENCE

This case involves an individual as a plaintiff and two individuals as defendants. However, your have heard about corporations and the activities of corporations during the evidence. When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

Also, during the course of a trial, I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he should respond to the question. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.

In the final analysis it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. And, except for my

instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence -- such as the testimony of any eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## CREDIBILITY OF WITNESSES

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness you should consider his relationship to the plaintiff or to any defendant; interest, if any, in the outcome of the case; his manner testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## IMPEACHMENT

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the Witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

## EXPERT WITNESSES

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his opinion concerning such matters.

You should consider such expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

**DEPOSITIONS**

Ordinarily, under the rules of procedure governing the preparation of a case for trial, the parties are permitted to take and record the testimony of witnesses, under oath, in the same manner as you have seen witnesses sworn and questioned here before you.  Under certain conditions, that testimony, which is called a "deposition," may then be offered as evidence before the jury at the trial.  During the course of this trial, videotaped deposition testimony has been presented to you and excerpts from depositions have been read to you.

You should consider such deposition testimony, and evaluate the weight and credibility to which it is entitled, in the same way you consider and evaluate all other testimony in the case, that is, just as if the witness was here in person testifying before you.

## CHARTS AND SUMMARIES

Summaries or charts prepared by a party or a party's counsel and admitted into evidence are received for the purpose of explaining facts disclosed by testimony and other documents which are in evidence in the case. However, such summaries or charts are not in and of themselves proof of any facts. If such summaries or charts do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them entirely.

**BURDEN OF PROOF**

In a civil action such as this each party asserting a claim, as hereafter described, has the burden of proving every essential element of his claim by a "preponderance of the evidence."  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

When more than one claim is involved, as in this case, you should consider each claim, and the evidence pertaining to it, separately, as you would had each claim been tried before you separately; but in determining any act in issue you may consider the testimony of all the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof as to that claim.

**SEPARATE PARTIES**

Each plaintiff and each defendant is a separate person in the eyes of the law and must be dealt with separately.  Moreover, plaintiff's claims must be dealt with separately.  Thus, the finding of liabilities to one defendant does not necessarily require a finding of liability as to another defendant; a finding in favor of plaintiff on a particular claim does not necessarily require a finding in favor of him on another claim.  In the same fashion, a finding of no liability as to one defendant does not necessarily relieve another; and the finding against one plaintiff on one claim does not necessarily require a finding against the plaintiff on another claim.

## SUMMARY OF THE CASE

The Plaintiff, Harry Curtis, claims that Defendants perpetrated a number of separate but related schemes to swindle financially distressed homeowners out of the equity in their real estate. Mr. Curtis' claims arise from the transfer of his residential property to Defendant Prescott Bigelow and Curtis' later eviction from the same property. Curtis claims that the Defendants entered into a conspiracy and fraudulently induced him to transfer his property under the guise of saving the property from foreclosure and then later evicted him. The defendants deny that they were involved in any scheme or conspiracy or that they defrauded Mr. Curtis.

## PLAINTIFF'S CLAIM: FRAUD

In Ohio, the elements of fraud are as follows:

1)      There must be an actual or implied representation of a matter of fact;

2)      which relates to the present or past,

3)      which was material to the transactions, and

4)      which was false when made.

5)      The statement must be made with knowledge of its falsity, or with reckless disregard for whether it is true or not, and

6)      with the intent to mislead the other party into relying upon it.

7)      The other party must be ignorant of the fact averred, causing

8)      justifiable reliance and

9)      injury.

If you find that plaintiff has established each of the above elements, then plaintiff has established fraud.  If, on the other hand, you find that the plaintiff has failed to establish any one or more of these, elements, then you should find for the defendants on the claim of fraud under Ohio Law.

Fraud is never presumed. You should assume that people are fair and honest in their dealings until the contrary appears from the evidence.

If a transaction which is called into question is equally capable of two interpretations, one honest and the other fraudulent, it should be found to be honest.  Remember, in order to prevail on their fraud claims, plaintiff must prove that the defendants intended to mislead the plaintiff.  An honest mistake in judgment is not fraud.

In the absence of information such as would cause a reasonable person to inquire further, a plaintiff is entitled to rely upon the representations of a defendant.  Plaintiff's reliance must be reasonable and justifiable.

A lack of knowledge regarding a transaction is not a defense if the lack of knowledge was a result of deliberate avoidance of the facts.  No one may escape liability for fraud by closing his eyes to what he was and could readily understand.

## INTENTIONAL OMISSION OF A MATERIAL FACT

Generally silence alone does not constitute fraud.  There may be situations where a person has a duty to speak.

A person is under a duty to speak, and therefore liable for nondisclosure, if that person fails to exercise reasonable care to disclose a material fact which may justifiably induce another person to act or refrain from acting, and the nondisclosing person knows that the failure to disclose such information to the other person will render a prior statement or misrepresentation untrue or misleading.

**"RECKLESSLY" - DEFINITION**

A representation is recklessly made when the maker thereof has no knowledge of the truth of his statements but makes it in such form as to amount to an assertion that he has knowledge of its truth.

A statement made with utter disregard for its truth is reckless.

## PLAINTIFF'S CLAIMS: RICO

I.     <u>Violation of 18 U.S.C. § 1962(c)</u>

Section 1962(c) of Title 18 of the United States Code provides in part that:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate . . . commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. .

This section is part of legislation known as Racketeering Influenced and Corrupt Organizations Act, referred to as RICO.

Section 1962(c) of RICO prohibits the conduct of an enterprise through a pattern of racketeering activity. To prove liability under section l962(c), the plaintiff must establish each of the following elements by a preponderance of the evidence as to each defendant.

1.    Conduct

2.    Of an enterprise

3.    Affecting interstate commerce

4.    By a person

5.    Employed by or associated with an enterprise

6.    Through a pattern

7.    Of racketeering activity

8.    Which proximately causes injury to

9.    Plaintiff's business or property.

You may determine that no enterprise existed, or that one overall enterprise existed involving one or more defendants, or that separate enterprises existed involving individual defendants. If you should find that there is one enterprise, then all defendants associated with

18

that enterprise are liable to the plaintiffs, if the remaining elements of this RICO claim are

established.  However, if you should find that there are multiple, distinct enterprises which have

violated RICO, a defendant is only liable for damages caused by the enterprise with which that

defendant was associated.

## DEFINITIONS

One of the elements the plaintiff must prove in order to establish RICO liability on the part of each defendant is that the defendant participated in the "conduct" of the affairs of the enterprise through a pattern of racketeering activity. In this regard, you must find that the defendant participated in the operation or management of the enterprise.

An enterprise includes any individual, partnership, corporation, association or other legal entity. An enterprise may also be any group of individuals associated in fact although not a legal entity. Proof that an entity has a legal existence, such as a corporation, or a partnership, satisfies the definition of an enterprise.

An enterprise "affects interstate commerce" if the enterprise either engages in or pursues activities affecting commerce between the states.

A person includes any individual or entity capable of holding a legal or beneficial interest in property. You are instructed that a corporation is a legal entity. However, I instruct you that for purposes of the RICO statute, the person and the "enterprise" cannot be the same.

"Employed by or associated with" means that a defendant must have minimal association with the enterprise. A defendant must know something about the enterprise's activities as they relate to the racketeering activity, but it is not necessary that the defendant be aware of all racketeering activities of each of the participants in the enterprise.

A "pattern of racketeering activity" requires more than one episode of criminal conduct occurring within the past 10 years. There must be a "relationship" between the episodes of criminal conduct, which may be shown when the episodes have the same purpose, results,

participants, victims, or methods of commission, or are interrelated by distinguishing characteristics. Additionally, a threat of continuing criminal activity must be shown, which requirement is satisfied when it is shown that the predicate acts of criminal conduct are a regular way of conducting defendant's ongoing business, or of conducting or participating in an ongoing "enterprise" as defined in the RICO statutes.

"Racketeering activity" includes criminal violations of federal statutes, such as mail fraud or wire fraud, which are alleged in this case.

An injury to plaintiff's business or property is "proximately caused" by reason of a defendant's violation of RICO when such injury, in the natural and continuous sequence of events, is directly produced by defendant's conduct and would not have occurred absent defendant's conduct.

## MAIL FRAUD – STATUTE

18 U.S.C. §1341 provides in part as follows:

> Whoever, having devised or intending to devise any scheme or
> artifice to defraud … by means of false or fraudulent …
> representation or promises
>
> places in any … authorized depository for mail matter, any matter
> for purpose of executing the scheme … to be … delivered by the
> Postal Service, or receives therefrom, any such matter …
>
> (shall be guilty of an offense against the United States.)

## MAIL FRAUD - ESSENTIAL ELEMENTS

In order to establish that a violation of 18 U.S.C. § 1341 has occurred, plaintiff must establish by a preponderance of the evidence that:

(1)     there was a "scheme" or "artifice" to defraud as defined on page 22 of these Instructions; **and**

(2)     the use of the United States mail to execute the scheme.

It is sufficient to show that the use of the mails could have been reasonably anticipated.  The

question of fraudulent intent under section 1341 is for you, the jury, to decide.

## FRAUD BY COMMUNICATION DEVICES - STATUTE
## (Wire Fraud)

18 U.S.C. §1343 provides in part,

> Whoever, having devised any scheme to defraud, … transmits or causes to be transmitted by means of wire, radio, or television communication in interstate … commerce, any writings, … or … sounds for the purpose of executing such scheme or artifice.

> (Shall be guilty of an offense against the United States.)

## WIRE FRAUD - ESSENTIAL ELEMENTS

In order to establish that a violation of 18 U.S.C. §1343 has occurred; the plaintiff must establish by a preponderance of the evidence the following:

**One**, that there was scheme to defraud; **AND**

**Two**, that there was the use of an interstate electronic communication in furtherance of the scheme.

## DEFINITIONS: MAIL & WIRE FRAUD

The words "scheme" and "artifice" include any plan or course of action intended to deceive other, and to obtain, by false or fraudulent pretenses, representations, or promises, money or property from persons so deceived.

A statement or representation is "false" or "fraudulent" within the meaning of these statutes if it relates to a material fact and is known to be untrue or is make with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud. A statement or representation may also be false or fraudulent when it constitutes a half truth or effectively conceals a material fact, with intent to defraud. A "material fact" is a fact that would be important to a reasonab1e person in deciding whether to engage or not engage in a particular transaction.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

## II.  CONSPIRACY:  VIOLATION OF 18 U.S.C. §1962(d)

The plaintiffs also claim that the defendants violated Section 1962(d) of RICO, which states that it is unlawful for any person to conspire to violate any other subsection of RICO. The plaintiffs allege that the defendants conspired with others to violate Section 1962(c), the section of RICO which I just explained to you.

A conspiracy is a combination of two or more persons who by some concert of action seek to accomplish some unlawful purpose.  Anyone who enters into such a conspiracy is bound by the acts and things done in furtherance of the conspiracy by any other conspirator. Conspiracy is explained in more detail in these Instructions at 29-30.

In order to prove that the defendant violated Section 1962(d), the plaintiff must prove by a preponderance of the evidence each of the following elements:

First, that an enterprise existed as alleged in the complaint;

Second, that the enterprise affected interstate or foreign commerce;

Third, that the defendant was associated with or employed by the enterprise;

Fourth, that the defendant knowingly and willfully became a member of the conspiracy.

**Authority:**
Sixth Circuit:  *United States v. Tocco*, 200 F.3d 401 (6th Cir. 2000).

27

**STATUTE OF LIMITATIONS - RICO**

A plaintiff's claim under RICO must be filed no later than four years after he knows, or by the exercise of reasonable diligence should have known, that he had been injured by reason of defendant's conduct in violation of RICO.

This four-year period does not begin to run as long as the violations of the RICO statute continued. For purposes of tax related injuries, the injury does not occur until the plaintiff has been notified of an IRS assessment.

## CONSPIRACY

Plaintiff contends that the defendants conspired between themselves and with others to engage in unlawful conduct against the plaintiff. If such a conspiracy is established by the proof, the members of the conspiracy would be jointly and severally liable for damages suffered by plaintiff.

A conspiracy is an agreement among two or more parties who by some concert of action seek to accomplish some unlawful purpose. From the first act in furtherance of the conspiracy, all co-conspirators are liable for the acts of any co-conspirator.

All who participate in a conspiracy to defraud which results in damage, or who lend aid to the wrongdoers, or ratify or adopt the acts done for their benefit, are equally liable. Express agreement is not necessary, and all that is required is that there should be a common design or understanding. However, where parties agree to do a lawful act, in a lawful manner, and one of them, in order to accomplish the concerted purpose, does an unlawful act, the offending individual is alone responsible.

Should you find that a conspiracy was in existence, you may find that all, or only some of the defendants were participants. You may also find that separate agreements to conspire existed at separate times, involving different defendants.

Those who aid and abet or conspire in wrongful conduct, regardless of the degree of their participation or culpability in the overall scheme are liable for conspiracy. Any conspirator is liable for all the harm done by the conspiracy of which he was a member, regardless of any direct benefit conferred upon that conspirator through the conspiracy.

You are allowed to infer the existence of a conspiracy from a course of dealing or through an exchange of words or from acts done. The essential combination or conspiracy may be found in a course of dealing or other circumstances as well as in an exchange of words. Where the circumstances are such as to show a unity of purpose or common design and understanding or a meeting of the minds in an unlawful arrangement, then the conclusion that a conspiracy is established is justified.

Under the law, a defendant who knowingly participates in a conspiracy, and thereby becomes a member of it, is presumed to remain a member until he shows that he withdrew from it. Withdrawal from a conspiracy must be shown by some affirmative act, mere inactivity is not proof of withdrawal. A party must state a complete and voluntary renunciation of the conspiracy and its purposes to effect a withdrawal.

Even though a person withdraws from a conspiracy, he is liable under the law with all conspirators, for the illegal acts, if any committed by him or any of the conspirators while he was a member of that conspiracy up to the time of his withdrawal. However, if you should find that there were multiple separate conspiracies, a defendant is only liable for the injuries caused by the conspiracy of which he was a member.

## DAMAGES - INTRODUCTION

If you find for plaintiff and against a defendant, on any of their claims, then you must determine from a preponderance of the evidence what sum of money will adequately compensate the plaintiffs. You must determine damages for plaintiff. You are not to award any damages unless it has been established by a preponderance of the evidence that the damage was directly caused by, or was a reasonably probable consequence of, the acts of the defendants.

In considering the issue of damages, actual – or compensatory damages -- you are instructed that you should assess the amount you find to be justified from a preponderance of the evidence as full, just and reasonable compensation, no more and no less. Actual damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.

Damages which are speculative cannot be recovered. However, when damages have resulted from wrongful act, they may be recovered by the injured party even though they are uncertain in amount or even though the injured party cannot show with certainty the exact amount of damage incurred. It is enough if the evidence shows the extent of the damage as a matter of just and reasonable inference, although the result is only approximate.

While plaintiff has asserted separate bases for damages you may not award an amount in excess of the total damages sustained although you may award amounts under each claim.

31

**DAMAGES - RICO**

The damages recoverable for violation of RICO is that amount reasonably necessary to compensate plaintiff for his injury to his business or property proximately [directly] caused by the violation of the RICO statutes.

.

## DAMAGES - FRAUD

A person injured by fraud is entitled to the difference between what the plaintiff had been promised and what he or she actually received.

## GENERAL DAMAGE - MENTAL SUFFERING

If you find for the plaintiff on the fraud or conspiracy claim, you will determine from the evidence an amount of money that will compensate the plaintiff for damage caused by the actions of the defendant.

In determining this amount you will consider the nature and extent of the damage to plaintiff the effect upon physical health; the mental suffering that was experienced; and the inability to perform usual activities.

## NOMINAL DAMAGES

If you find that the plaintiff is entitled to recovery and has not suffered any actual damages, then you may return a verdict for them in some nominal sum such as one dollar. Nominal damages are a sum awarded to a plaintiff in an action where there is no substantial loss or injury to be compensated, but where the law recognizes a technical invasion of rights, or where, although there has been a real injury, plaintiff's evidence entirely fails to show its amount.

## PUNITIVE DAMAGES

If you award actual or nominal damages on the fraud or conspiracy claims, you may also consider whether you will separately award punitive damages. If you do hot find actual damages on these claims, you cannot consider punitive damages.

Punitive damages is an amount which a jury may, but is not required to, award as a punishment to discourage the defendant(s) and others from committing similar unlawful acts. Punitive damages may be awarded only where a party intentionally and with actual malice injured another. Actual malice means anger, hatred, ill will, a spirit of revenge, or reckless disregard of the consequences.

If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances. Also, you should indicate whether or not attorneys' fees should be awarded in this case against the defendant(s) and the amount of any such fee. The amount of punitive damages should not be excessive, not actuated by passion or prejudice. The amount of punitive damages rests in the sound judgment of the jury and should be determined from all the evidence in the case. If no amount is awarded for punitive damages or attorneys' fees, write the word "none" in lieu of the amount in the space provided.

**DAMAGES - NO IMPLICATION**

The mere fact that I have given you instructions on the law of damages and on other matters does not in any way imply or suggest that I believe damages are due in this case. Whether or not the plaintiff is entitled to recover and whether or not any damages are due is for you and you alone to decide.

## DUTY TO DELIBERATE

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe the plaintiff should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

### SPECIAL INTERROGATORIES AND VERDICT FORM

Upon retiring to the jury room, you should first select one of member to act as your foreperson to preside over your deliberations and will be your spokesperson here in court.

Each of you has a copy of the instructions I am now reading and attached to these instructions is a set of special interrogatories. This set of special interrogatories, or questions, will also accompany you to the jury room. When you have reached unanimous agreement as to your answer to each of the interrogatories, you should have the foreperson fill in the interrogatories and date and sign them. Then each remaining juror is to sign the back of the interrogatories. A verdict forms also has been prepared for your convenience. When you have reached unanimous agreement as to your verdict, you also should have the foreperson fill it in, and date and sign it. Each juror is to sign the back of this as well. You will then return to the courtroom. To avoid confusion, you are instructed to fill in, date and sign the copy of the interrogatories contained in the black notebook that I will give you when you leave to deliberate, rather than the interrogatories appearing in your individual copies. You should answer all interrogatories.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the clerk who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.