**DEFENDANT'S**

**EXHIBIT "D"**

CASEMAKER Lawriter

casemaker home | library contents | print doc | help
new search | revise search | back to results | browse mode | search mode

**Result: 11 of 36**    previous result | next result

# § 5313.01

**Ohio Revised Code**

**Title 53: Real Property**
**Chapter 5313: Land Installment Contracts**
Section 01
Effective Date: 10/06/1980

§ 5313.01

As used in Chapter 5313. of the Revised Code:

(A) "Land installment contract" means an executory agreement which by its terms is not required to be fully performed by one or more of the parties to the agreement within one year of the date of the agreement and under which the vendor agrees to convey title in real property located in this state to the vendee and the vendee agrees to pay the purchase price in installment payments, while the vendor retains title to the property as security for the vendee's obligation. Option contracts for the purchase of real property are not land installment contracts.

(B) "Property" means real property located in this state improved by virtue of a dwelling having been erected on the real property.

(C) "Vendor" means any individual, partnership, corporation, association, trust, or any other group of individuals however organized making a sale of property by means of a land installment contract.

(D) "Vendee" means the person who acquires an interest in property pursuant to a land installment contract, or any legal successor in interest to that person.

(E) "Legal description" means a description of the property by metes and bounds or lot numbers of a recorded plat including a description of any portion of the property subject to an easement or reservation, if any.

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

# § 5313.02

## Ohio Revised Code

Title 53: Real Property
Chapter 5313: Land Installment Contracts
Section 02
Effective Date: 03/19/1993

§ 5313.02

(A) Every land installment contract shall be executed in duplicate, and a copy of the contract shall be provided to the vendor and the vendee. The contract shall contain at least the following provisions:

(1) The full names and then current mailing addresses of all the parties to the contract;

(2) The date when the contract was signed by each party;

(3) A legal description of the property conveyed;

(4) The contract price of the property conveyed;

(5) Any charges or fees for services that are includable in the contract separate from the contract price;

(6) The amount of the vendee's down payment;

(7) The principal balance owed,* which is the sum of the items specified in divisions (A)(4) and (5) of this section less the item specified in division (A)(6) of this section;

(8) The amount and due date of each installment payment;

(9) The interest rate on the unpaid balance and the method of computing the rate;

(10) A statement of any encumbrances against the property conveyed;

(11) A statement requiring the vendor to deliver a general warranty deed on completion of the contract, or another deed that is available when the vendor is legally unable to deliver a general warranty deed;

(12) A provision that the vendor provide evidence of title in accordance with the prevailing custom in the area in which the property is located;

(13) A provision that, if the vendor defaults on any mortgage on the property, the vendee can pay on that mortgage and receive credit on the land installment contract;

(14) A provision that the vendor shall cause a copy of the contract to be recorded;

(15) A requirement that the vendee be responsible for the payment of taxes, assessments, and other charges against the property from the date of the contract, unless agreed to the contrary;

(16) A statement of any pending order of any public agency against the property.

(B) No vendor shall hold a mortgage on property sold by a **land installment contract** in an amount greater than the balance due under the contract, except a mortgage that covers real property in addition to the property that is the subject of the contract where the vendor has made written disclosure to the vendee of the amount of that mortgage and the release price, if any, attributable to the property in question.

No vendor shall place a mortgage on the property in an amount greater than the balance due on the contract without the consent of the vendee.

(C) Within twenty days after a **land installment contract** has been signed by both the vendor and the vendee, the vendor shall cause a copy of the contract to be recorded as provided in section 5301.25 of the Revised Code and a copy of the contract to be delivered to the county auditor.

(D) Every **land installment contract** shall conform to the formalities required by law for the execution of deeds and mortgages. The vendor of any **land installment contract** that contains a metes and bounds legal description shall have that description reviewed by the county engineer. The county engineer shall indicate his approval of the description on the contract.

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

# § 5313.03

## Ohio Revised Code

**Title 53: Real Property**

**Chapter 5313: Land Installment Contracts**

Section 03

Effective Date: 11/25/1969

§ 5313.03

Every vendor under a **land installment contract** shall, at least once a year, or on demand of the vendee, but no more than twice a year, furnish a statement to the vendee showing the following:

(A) The amount credited to principal and interest;

(B) The balance due.

A **land contract** passbook issued by the vendor or a financial institution shall be sufficient compliance with this section.

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

# § 5313.06

## Ohio Revised Code

**Title 53: Real Property**
**Chapter 5313: Land Installment Contracts**
Section 06
Effective Date: 04/01/1986

§ 5313.06

Following expiration of the period of time provided in section 5313.05 of the Revised Code, forfeiture of the interest of a vendee in default under a **land installment contract** shall be initiated by the vendor or by his successor in interest, by serving or causing to be served on the vendee or his successor in interest, if known to the vendor or his successor in interest, a written notice which:

(A) Reasonably identifies the contract and describes the property covered by it;

(B) Specifies the terms and conditions of the contract which have not been complied with;

(C) Notifies the vendee that the contract will stand forfeited unless the vendee performs the terms and conditions of the contract within ten days of the completed service of notice and notifies the vendee to leave the premises.

Such notice shall be served by the vendor or his successor in interest by handing a written copy of the notice to the vendee or his successor in interest in person, or by leaving it at his usual place of abode or at the property which is the subject of the contract or by registered or certified mail by mailing to the last known address of the vendee or his successor in interest.

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

## § 5313.07

### Ohio Revised Code
Title 53: Real Property
Chapter 5313: Land Installment Contracts
Section 07
Effective Date: 11/25/1969

§ 5313.07

If the vendee of a land installment contract has paid in accordance with the terms of the contract for a period of five years or more from the date of the first payment or has paid toward the purchase price a total sum equal to or in excess of twenty per cent thereof, the vendor may recover possession of his property only by use of a proceeding for foreclosure and judicial sale of the foreclosed property as provided in section 2323.07 of the Revised Code. Such action may be commenced after expiration of the period of time prescribed by sections 5313.05 and 5313.06 of the Revised Code. In such an action, as between the vendor and vendee, the vendor shall be entitled to proceeds of the sale up to and including the unpaid balance due on the land installment contract.

Chapter 5313. of the Revised Code does not prevent the vendor or vendee of a land installment contract from commencing a quiet title action to establish the validity of his claim to the property conveyed under a land installment contract nor from bringing an action for unpaid installments.

Chapter 5313. of the Revised Code does not prevent the vendor and vendee from cancelling their interest in a land installment contract under section 5301.331 of the Revised Code.

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

## Lerner, Donald

**From:** Bill Blessing [BillBlessing@cinci.rr.com]
**Sent:** Friday, January 09, 2004 10:31 AM
**To:** dml@lsrlaw.com
**Subject:** FW: Bryant v. Bigelow

-----Original Message-----
**From:** Bill Blessing
**Sent:** Friday, January 09, 2004 10:30 AM
**To:** 'dml@lsrw.com'
**Cc:** Rick Hopkins (E-mail)
**Subject:** Bryant v. Bigelow

Don –

Many months ago we discussed your service as an expert in this case – a similar piece of litigation to the one previously pending in Common Pleas. The Bryant case is a two-plaintiff, RICO action, pending in federal court before Judge Spiegel. Trial is set to begin on February 10, and we'll need your testimony that week. I would like to meet with you next week to discuss the substance of your testimony. I had sent your deposition (taken in the previous state court case) to Gary Lewis, current lawyer for Bigelow, and I told him your testimony would be consistent with what is stated in that deposition. A couple of days ago, at the final pretrial conference, Judge Spiegel asked me to send a letter to Lewis, advising him of any specific opinions re the transactions in this case. To that end, I want to meet with you.
At your convenience, please let me know when you can meet. Before that meeting, I'll get you the relevant documents.

Best personal regards.

- WHB

1/13/2004

1/9/04 Bill Blessing:

 *[illegible] — Atty for C*

Trial - 2/10 ; Testify 2/11 or 2/12

---

Custer / Pd by Bigelow              Recd by Bigelow

Pd 15,000                           Sold  95,000
w/ag Repairs 3,000                  Less  65,000
P...        33,000                  ~~H..t~~
~~Total ...~~ ~~4[?],000~~          ─────────
            ─────────               160,000
             51,000                 ─────────
Repairs      3,500   3,500            51,
            ─────────               ─────────
             55,500                 109,500
                                    ═════════
                                      5,500
                                    ─────────
                                    105,500

```
*********************
***  TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                 2283
CONNECTION TEL                        96217086
SUBADDRESS
CONNECTION ID
ST. TIME                 01/14 12:31
USAGE T                  00'27
PGS. SENT                1
RESULT                   OK
```

1/14/04
FAX → Wm
Blennin, Esq.
621-7086

1107 Laidlow
Cash Flow Summary *

|  | Buyout | Bigelow/Monfiri |
|---|---|---|
|  |  | (1707.62) |
| 1/27/98 | 1,000 | 1,000 |
| 2/24/9? |  | 44,079. |
|  |  | 840 ? |
|  |  | [(22,701.66)  22,701.66] |
| 1/6/99 | 2,000 | (2,000) |
| 6/9/00 | 100.65 | 4657.24 |
|  |  | 2500.48 ? |
|  |  | 225. ? |
|  |  | 640. ? |
| Cash * | 3,100.65 | 49,234. |

Starting debt —
NationsBank 14,000 ±

Sherdinia 14K Mtg. — ①

1/13/03   Bryant v. Bigelow                        Spegiel, J
10,00                                              Trial 2/3/04

          Roxanne Christine
          (Johnny Morfini)        RICO
                                          Fraud
Harry Curtius  ② — π — No Mtg.; $4,500 tax lien

Inherited homes w/ small mtg or tax lien

① Mtg F/c   Nations Bank — reinstated
                    (by Bigelow)

② Tax F/c

Morfini
*  ~~Christine~~  /s/ Pendesk K
      20,000 cash + Mtg reinstatement
      Lease back @ 200⁰⁰/Mo — 2 yrs.
      w/ Buy-back option

  Closing / John Mackintosh      1/98   1/23/98
      Morfini — No Show  _60 days_
      19,000 — Note — Bigelow
      1,000  — cash
      Deed → Bigelow
1/24/98 Bigelow gets 1st Mtg — $56,000 Chest B+L
        Pay off Nations Bank — 10,200
        44,000 Net proceeds



(2)

2/24/98 Ck fm Bigelow → Maxini $22,700

Bigelow stalls Pmt., then says 19,000
Note assigned → Maxini
Then Note appears w/
"Paid in full /s/ S. Bryant"

S. Bryant claims Maxini for 19,000.

~~12/9/98~~
4/6/99 Mechstroth + Bigelow contact S.B. for more rent — 200⁰⁰/MO not enough.
Mechstroth prepares Release
Re - 19,000 note — for $2,000 !

1/6/99 Lease Agreement — 250⁰⁰/ 2 weeks
Acknowledgment of Legal Rep.

(Forged) Land Installment Contract
'99 Bigelow → Bryant
→ McKinley Mtg. (Broken) - 9,000 Recs
refin. " 64,000

Deed → S.B. Franklin S&L
~~4,000~~ 3892⁰⁰ bal. due on Land K
to Bigelow

Franklyn F/C
Bryant — homeless

(3)

7/1/99 Harry + Pat Curtis - 1966 Fairfax Ave  Hudson be owns
  Unlimited - 4500 RE taxes due
  Toy F/C

Agreement w/ Bigelow - Contract to Purchase
  10,000 Cash at closing
  Buyer to fix roof, porch, pay taxes
  Lease Option 2 yrs - 37,000

Land K / Mechtoth - Curtis sells, pays
  Mechtoth - Not /s/

8/25/99 Closing
  Bigelow
  Curtis pays 350²⁰/Mo - 8+9/99.
    Work not done
    Curtis stops paying
    Bigelow files Eviction
      Bigelow + Mechtoth testify -
      No Land K
    Curtis sits fine
    Bigelow collects 65K ins.
    Curtis gets 1 yr. - Jail, $65K restitution

Bigelow sells house for 97,000 after
  30,000 repairs!

11:15

## § 5313.08

**Ohio Revised Code**

Title 53: Real Property
Chapter 5313: Land Installment Contracts
Section 08
Effective Date: 10/06/1980

§ 5313.08

If the contract has been in effect for less than five years, in addition to any other remedies provided by law and after the expiration of the periods prescribed by sections 5313.05 and 5313.06 of the Revised Code, if the vendee is still in default of any payment the vendor may bring an action for forfeiture of the vendee's rights in the land installment contract and for restitution of his property under Chapter 1923. of the Revised Code. When bringing the action under Chapter 1923. of the Revised Code, the vendor complies with the notice requirement of division (A) of section 1923.04 of the Revised Code by serving notice pursuant to section 5313.06 of the Revised Code. The court may also grant any other claim arising out of the contract.

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

# § 5302.30

## Ohio Revised Code
### Title 53: Real Property
### Chapter 5302: Statutory Form of Real Property Conveyance
Section 30
Effective Date: 03/19/1993

§ 5302.30

(A) As used in this section:

(1) "Good faith" means honesty in fact in a transaction involving the transfer of residential real property.

(2) "Land installment contract" has the same meaning as in section 5313.01 of the Revised Code.

(3) "Political subdivision" and "state" have the same meanings as in section 2744.01 of the Revised Code.

(4) "Residential real property" means real property that is improved by a building or other structure that has one to four dwelling units.

(B)(1) Except as provided in division (B)(2) of this section, this section applies to any transfer of residential real property that occurs on or after July 1, 1993, by sale, land installment contract, lease with option to purchase, exchange, or lease for a term of ninety-nine years and renewable forever. For purposes of this section, a transfer occurs when the initial contract for transfer is executed, regardless of when legal title is transferred, and references in this section to transfer offers and transfer agreements refer to offers and agreements in respect of the initial contract for transfer.

(2) This section does not apply to any transfer of residential real property that is any of the following:

(a) A transfer pursuant to court order, including, but not limited to, a transfer ordered by a probate court during the administration of a decedent's estate, a transfer pursuant to a writ of execution, a transfer by a trustee in bankruptcy, a transfer as a result of the exercise of the power of eminent domain, and a transfer that results from a decree for specific performance of a contract or other agreement between persons;

(b) A transfer to a mortgagee by a mortgagor by deed in lieu of foreclosure or in satisfaction of the mortgage debt;

(c) A transfer to a beneficiary of a deed of trust by a trustor in default;

(d) A transfer by a foreclosure sale that follows a default in the satisfaction of an obligation secured by a mortgage;

(e) A transfer by a sale under a power of sale following a default in the satisfaction of an obligation that is secured by a deed of trust or another instrument containing a power of sale;

(f) A transfer by a mortgagee, or a beneficiary under a deed of trust, who has acquired the residential real property at a sale conducted pursuant to a power of sale under a mortgage or a deed of trust or who

has acquired the residential real property by a deed in lieu of foreclosure;

(g) A transfer by a fiduciary in the course of the administration of a decedent's estate, a guardianship, a conservatorship, or a trust;

(h) A transfer from one co-owner to one or more other co-owners;

(i) A transfer made to the transferor's spouse or to one or more persons in the lineal line of consanguinity of one or more of the transferors;

(j) A transfer between spouses or former spouses as a result of a decree of divorce, dissolution of marriage, annulment, or legal separation or as a result of a property settlement agreement incidental to a decree of divorce, dissolution of marriage, annulment, or legal separation;

(k) A transfer to or from the state, a political subdivision of the state, or another governmental entity;

(l) A transfer that involves newly constructed residential real property that previously has not been inhabited;

(m) A transfer to a transferee who has occupied the property as a personal residence for one or more years immediately prior to the transfer;

(n) A transfer from a transferor who both has not occupied the property as a personal residence within one year immediately prior to the transfer and has acquired the property through inheritance or devise.

(C) Except as provided in division (B)(2) of this section and subject to divisions (E) and (F) of this section, every person who intends to transfer any residential real property on or after July 1, 1993, by sale, land installment contract, lease with option to purchase, exchange, or lease for a term of ninety-nine years and renewable forever shall complete all applicable items in a property disclosure form prescribed under division (D) of this section and shall deliver in accordance with division (I) of this section a signed and dated copy of the completed form to each prospective transferee or his agent as soon as is practicable.

(D) Prior to July 1, 1993, the director of commerce, by rule adopted in accordance with Chapter 119. of the Revised Code, shall prescribe the disclosure form to be completed by transferors. The form prescribed by the director shall be designed to permit the transferor to disclose material matters relating to the physical condition of the property to be transferred, including, but not limited to, the source of water supply to the property; the nature of the sewer system serving the property; the condition of the structure of the property, including the roof, foundation, walls, and floors; the presence of hazardous materials or substances, including lead-based paint, asbestos, urea-formaldehyde foam insulation, and radon gas; and any material defects in the property that are within the actual knowledge of the transferor.

The form also shall set forth a statement of the purpose of the form, including statements substantially similar to the following: that the form constitutes a statement of the conditions of the property and of information concerning the property actually known by the transferor; that, unless the transferee is otherwise advised in writing, the transferor, other than having lived at or owning the property, possesses no greater knowledge than that which could be obtained by a careful inspection of the property by a potential transferee; that the statement is not a warranty of any kind by the transferor or by any agent or subagent representing the transferor in this transaction; that the statement is not a substitute for any inspections; that the transferee is encouraged to obtain his/her own professional inspection; that the

representations are made by the transferor and are not the representations of the transferor's agent or subagent; and that the form and the representations contained therein are provided by the transferor exclusively to potential transferees in a transfer made by the transferor, and are not made to transferees in any subsequent transfers.

The form shall include instructions to the transferor for completing the form, space in which the transferor or transferors shall sign and date the form, and space in which the transferee or transferees shall sign and date the form acknowledging receipt of a copy of the form and stating that the transferee or transferees understand the purpose of the form as stated thereon.

(E)(1) Each disclosure of an item of information that is required to be made in the property disclosure form prescribed under division (D) of this section in connection with particular residential real property and each act that may be performed in making any disclosure of an item of information shall be made or performed in good faith.

(2) If an item of information is unknown to the transferor of residential real property at the time the item is required to be disclosed in the property disclosure form and if the approximation is not used for the purpose of circumventing or otherwise evading divisions (C) and (D) of this section, the transferor may make a good faith approximation of the item of information.

(F)(1) A transferor of residential real property is not liable in damages in a civil action for injury, death, or loss to person or property that allegedly arises from any error in, inaccuracy of, or omission of any item of information required to be disclosed in the property disclosure form if the error, inaccuracy, or omission was not within the transferor's actual knowledge.

(2) If any item of information that is disclosed in the property disclosure form is rendered inaccurate after the delivery of the form to the transferee of residential real property or his agent as a result of any act, occurrence, or agreement, the subsequent inaccuracy does not cause, and shall not be construed as causing, the transferor of the residential real property to be in noncompliance with the requirements of divisions (C) and (D) of this section.

(G) Any disclosure of an item of information in the property disclosure form prescribed under division (D) of this section may be amended in writing by the transferor of residential real property at any time following the delivery of the form in accordance with divisions (C) and (I) of this section. The amendment shall be subject to the provisions of this section.

(H) Except as provided in division (B)(2) of this section, every prospective transferee of residential real property who receives in accordance with division (C) of this section a signed and dated copy of a completed property disclosure form as prescribed under division (D) of this section shall acknowledge his receipt of the form by doing both of the following:

(1) Signing and dating a copy of the form;

(2) Delivering a signed and dated copy of the form to the transferor or his agent or subagent.

(I) The transferor's delivery under division (C) of this section of a property disclosure form as prescribed under division (D) of this section and the prospective transferee's delivery under division (H) of this section of an acknowledgment of his receipt of that form shall be made by personal delivery to the other party or his agent or subagent, by ordinary mail or certified mail, return receipt requested, or by facsimile transmission. For the purposes of the delivery requirements of this section, the delivery of a

property disclosure form to a prospective co-transferee of residential real property or his agent shall be considered delivery to the other prospective transferees unless otherwise provided by contract.

(J) The specification of items of information that must be disclosed in the property disclosure form as prescribed under division (D) of this section does not limit or abridge, and shall not be construed as limiting or abridging, any obligation to disclose an item of information that is created by any other provision of the Revised Code or the common law of this state or that may exist in order to preclude fraud, either by misrepresentation, concealment, or nondisclosure in a transaction involving the transfer of residential real property. The disclosure requirements of this section do not bar, and shall not be construed as barring, the application of any legal or equitable defense that a transferor of residential real property may assert in a civil action commenced against the transferor by a prospective or actual transferee of that property.

(K)(1) Except as provided in division (K)(2) of this section but subject to divisions (J) and (L) of this section, a transfer of residential real property that is subject to this section shall not be invalidated because of the failure of the transferor to provide to the transferee in accordance with division (C) of this section a completed property disclosure form as prescribed under division (D) of this section.

(2) Subject to division (K)(3)(c) of this section, if a transferee of residential real property that is subject to this section receives a property disclosure form or an amendment of that form as described in division (G) of this section after the transferee has entered into a transfer agreement with respect to the property, the transferee, after his receipt of the form or amendment, may rescind the transfer agreement in a written, signed, and dated document that is delivered to the transferor or his agent or subagent in accordance with divisions (K)(3)(a) and (b) of this section, without incurring any legal liability to the transferor because of the rescission, including, but not limited to, a civil action for specific performance of the transfer agreement. Upon the rescission of the transfer agreement, the transferee is entitled to the return of, and the transferor shall return, any deposits made by the transferee in connection with the proposed transfer of the residential real property.

(3)(a) Subject to division (K)(3)(b) of this section, a rescission of a transfer agreement under division (K)(2) of this section only may occur if the transferee's written, signed, and dated document of rescission is delivered to the transferor or his agent or subagent within three business days following the date on which the transferee or his agent receives the property disclosure form prescribed under division (D) of this section or the amendment of that form as described in division (G) of this section.

(b) A transferee may not rescind a transfer agreement under division (K)(2) of this section unless he rescinds the transfer agreement by the earlier of the date that is thirty days after the date upon which the transferor accepted the transferee's transfer offer or the date of the closing of the transfer of the residential real property.

(c) A transferee of residential real property may waive the right of rescission of a transfer agreement described in division (K)(2) of this section.

(d) A rescission of a transfer agreement is not permissible under division (K)(2) of this section if a transferee of residential real property that is subject to this section receives a property disclosure form as prescribed under division (D) of this section or an amendment of that form as described in division (G) of this section prior to the transferee's submission to the transferor or his agent or subagent of a transfer offer and the transferee's entry into a transfer agreement with respect to the property.

(4) If a transferee of residential real property subject to this section does not receive a property

disclosure form from the transferor after the transferee has submitted to the transferor or his agent or subagent a transfer offer and has entered into a transfer agreement with respect to the property, the transferee may rescind the transfer agreement in a written, signed, and dated document that is delivered to the transferor or his agent or subagent in accordance with this paragraph, without incurring any legal liability to the transferor because of the rescission, including, but not limited to, a civil action for specific performance of the transfer agreement. Upon the rescission of the transfer agreement, the transferee is entitled to the return of, and the transferor shall return, any deposits made by the transferee in connection with the proposed transfer of the residential real property. A transferee may not rescind a transfer agreement under this paragraph unless he rescinds the transfer agreement by the earlier of the date that is thirty days after the date upon which the transferor accepted the transferee's transfer offer or the date of the closing of the transfer of the residential real property.

(L) The right of rescission of a transfer agreement described in division (K)(2) of this section or the absence of that right does not affect, and shall not be construed as affecting, any other legal causes of action or other remedies that a transferee or prospective transferee of residential real property may possess against the transferor of that property.

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.