# LEASE AGREEMENT

THIS LEASE AGREEMENT, entered into this _2nd_ day of January, 1999, by and between PRESCOTT BIGELOW, IV (hereinafter referred as Landlord) and SHIRDENIA BRYANT (hereinafter referred to as Tenant);

For the considerations, on the terms and subject to the conditions that follow, the Landlord leases and to the Tenant and the Tenant leases from the Landlord the real property and appurtenances thereto commonly known as 1107 Laidlaw Avenue, Cincinnati, OH 45237 (hereinafter referred to as the premises).

1. Term. The term of this agreement shall be the period from January 1, 1999 and running through December 31, 1999.

2. Payments. The total amount due under this agreement shall be the sum of Seven Thousand Two Hundred and 00/100 ($7,200.00) Dollars (US) payable advance as follows:

A. Two Hundred Fifty and 00/100 ($250.00) Dollars upon the execution of this agreement.

B. Two Hundred Fifty and 00/100 ($250.00) Dollars on January 15, 1999 and the same amount on the first day and fifteenth day of each month beginning in February and thereafter.

The monthly payments shall be made at the Seller's address of P.O. Box 30404, Cincinnati, Ohio 45230 or at such other place or places as the Landlord shall from time to time designate in writing addressed to the Tenant and mailed to or left at the premises.

3. Use of the Premises. The Tenant shall use the premises in a careful, safe and proper manner for residential purposes only. In no event shall the Tenant use or permit the premises to be used in any manner whatsoever which shall be unlawful, which shall cause commission of waste therein, or which shall disturb, in any way the peaceful and quiet use and enjoyment of the property of others.

4. Repairs and Maintenance. The Tenant shall keep the exterior of the premises (including window glass) in as good repair as the same is at the commencement of the term of this lease, ordinary wear and tear excepted. The Tenant shall keep the exterior of the premises neat, clear and free of rubbish, including leaves, ice and snow and other obstacles, and shall cut all grass. The

PLAINTIFF'S
EXHIBIT
86
Blumberg No. 5112

Tenant shall keep the interior of the premises and its structural portions (including heating equipment, electrical wiring, and plumbing) in good repair and order as the same is at the commencement of the term of this lease, ordinary wear and tear excepted. The Landlord shall not be responsible for or obligated to repair any damage to the premises willfully or negligently caused by the Tenant or the Tenant's agents, invitees, licensees, or guests, which damage shall be repaired at the Tenant's cost.

5. <u>Taxes and Assessments</u>. The Landlord shall pay all installments of real estate taxes and assessments and any interest or penalties related thereto which become due and payable with respect to the premises at any time during the term of this lease.

6. <u>Utilities</u>. The Tenant shall furnish and pay for fuel, water, electricity, telephone, sewage and rubbish disposal and any and all other utilities used on, or in connection with the premises during the term of this lease and the Tenant shall save and keep harmless and indemnify the Landlord from any expense in connection therewith.

7. <u>Alterations, Additions and Improvements to Premises</u>. The Tenant shall not make any alteration, addition, or improvement to the premises without first obtaining the written consent of the Landlord, and any such consent may be made subject to any terms and conditions that the Landlord may impose. Any alteration, addition, or improvement to the premises shall become and remain the property of the Landlord, and the Tenant shall not be required to remove the improvements upon termination of this lease, unless the Landlord otherwise agrees and specifies when granting written consent thereto.

8. <u>Damage to Premises</u>. If by fire or other casualty the premises or appurtenances are destroyed or damaged to the extent that the Tenant is deprived of occupancy of use of the premises, the Landlord or Tenant may elect to: (a) proceed with due diligence to restore the premises and appurtenances to substantially the same condition as existed before such damage or destruction or (b) cancel this lease as of the date of such fire or casualty by written notice to the other party not more than 30 days thereafter. Should the parties elect to proceed under (a) above, all monthly payments shall abate until restoration or repair is completed. In the event the parties hereto are unable to agree on how to proceed, they shall proceed under (b) above.

-2-

B -0079

9. <u>Damage to Contents of Premises</u>. Except in the case of willful acts of Landlord, the Landlord shall not be responsible or liable for loss of or damage to the contents of the premises, regardless of who owns the contents and regardless of how or by whom the loss or damage is caused Tenant.

10. <u>Indemnification</u>. The Tenant shall save and keep harmless and indemnify the Landlord from and against all loss, damage or injury to any person or property while on the premises arising out of the use or occupancy of the premises by the Tenant or the Tenant's employees, guests, licensees, or invitees, or which shall be occasioned by any nuisance made or suffered in the premises.

In addition, the Tenant shall maintain and pay for adequate comprehensive public liability insurance against such hazards in the name of the Landlord and the Tenant, as their respective interest may appear, which insurance shall be with a company authorized to issue the same in the State of Ohio and which shall have limits satisfactory to the Landlord.

11. <u>Entry by Landlord</u>. The Landlord and the Landlord's agents shall have the right to enter upon the premises at all reasonable times for the purposes of inspecting the condition of the premises upon 24 hours advance notice, and inspections no more frequently than monthly.

12. <u>Default by Tenant</u>. If the Tenant fails to pay any installment of rent fifteen (15) days after it becomes due hereunder, or if the Tenant fails to observe or perform obligations herein imposed on the Tenant, or if the Tenant abandons or vacates the premises at any time during the term of this lease, or if the Tenant makes an assignment for the benefit of creditors or enters into a composition agreement with creditors, or if the interest of the Tenant in the premises is attached, levied upon, or seized by legal process, or if a bankruptcy or insolvency proceeding is filed by the Tenant, or the Tenant is adjudged a bankrupt, or if a receiver is appointed for the Tenant by any court of competent jurisdiction, or if this lease is assigned or terminated by operation of law; in any such event, then or at the time thereafter, without prior notice to or demand upon the Tenant, at the option of the Landlord, the Landlord shall have the right to immediately resort to the remedies authorized by the law and either (a) declare this lease agreement to be rescinded, in which event this lease, all rights of the Tenant, and all duties of the Landlord shall immediately cease and terminate, and the Landlord may possess and enjoy the premises as though this lease had never been made, without prejudice, subject however, to any and all rights of action against the Tenant having at the time of recision accrued to the Landlord for rent, damages or breach of covenant, or (b) relet the premises on behalf of the

-3-

Tenant for the highest rent reasonable obtainable in the judgement of the Landlord, which event shall not be considered as a surrender or acceptance-back of the premises or termination of this lease, and recover from the Tenant any deficiency between the amount received as rent upon such reletting and the amount of rent payable under this lease plus any expenses incurred by the Landlord in connection with such reletting, including without limitation, the expenses of any decorating, repairs or alterations that the Landlord deems necessary or appropriate to make in connections with such reletting.

All payments made by Tenant to Landlord of whatever nature may be retained by Landlord as liquidated damages in the event of default as provided herein.

13.  <u>Assignment or Subletting</u>.  Tenant shall not assign any right, title or interest hereunder or sublet all or any part of the premises without first obtaining the written consent of the Landlord.  If the Tenant assigns any right, title or interest hereunder or sublets all or any part of the premises, neither the assignment nor the subletting nor the receipt and acceptance by the Landlord from the assignee or subtenant or rent shall operate to release the Tenant from the terms, covenants, and conditions hereof unless the Landlord specifically so agrees in writing.

14.  <u>Quiet Enjoyment</u>.  If the Tenant pays the rent and keeps and performs the covenants of this lease on the Tenant's part to be kept and performed, according to the provisions and conditions hereof, the Tenant shall peaceably and quietly hold, occupy, and enjoy said premises during the term hereof, or any renewals without any hinderance or molestation by the Landlord or the Landlord's successors or assigns.

15.  <u>Security Deposit</u>.  The Landlord and Tenant acknowledge that there has been no security deposit paid by the Tenant.

16.  <u>Time of the Essence</u>.  Time is of the essence in the doing, performing, and observing of each and every term, covenant, or condition of this lease by both the Landlord and the Tenant.

17.  <u>Joint and Singular Obligations</u>.  As used herein, "Tenant" shall include tenant, "Landlord" shall include Landlord and the obligations and duties of the Tenant and the Landlord, respectively, if more than one, shall be joint and several.

-4-

18. <u>Captions</u>.  The captions of the several items of this lease are not a part of the context hereof and shall be ignored in construing this lease.  They are extended only as aids in locating and reading the various provisions hereof.

19. <u>Late Charge</u>.  A late charge of Five (5%) Percent of the amount due shall be assessed five (5) days after the due date.

20. <u>Binding Effect</u>.  This Lease Agreement is binding on the heirs, executors, administrators and assigns of the parties hereto.

IN WITNESS WHEREOF,  the parties hereto have set their hands as the date first mentioned above.

In the Presence of:                                    LANDLORD:

_____                    _____
WITNESS                                                PRESCOTT BIGELOW, IV

_____
WITNESS


                                                              TENANT:

_____                    _____
WITNESS                                                SHIRDENIA BRYANT

_____
WITNESS

B -0082

## ACKNOWLEDGEMENT OF LEGAL REPRESENTATION

The undersigned hereby acknowledges that John R. Meckstroth, Jr. has been retained by and solely represents Prescott Bigelow IV in regards to those matters pertaining to the purchase of the property located at 1107 Laidlaw Avenue, Cincinnati, Ohio 45237. The charges appearing on the settlement statement against the undersigned were undertaken to clear the title to the property. Said charges were added to increase the sales price and did not reduce the net amount due from the purchaser.

The undersigned acknowledges she is aware of her right to seek her own attorney and has elected to proceed without such legal representation.

_____
Shirdenia Bryant

_date_

PLAINTIFF'S
EXHIBIT
88

BRYANT -30

VINTAGE TITLE AGENCY, INC. • FT. MITCHELL, KY 41017
06/14/00   Prescott Bigelow, IV

06/14/00   V-9937                    Payoff Land Contract                    3,892.57

547H-4528C7A

057181

PLEASE REMOVE THIS REMITTANCE ADVICE BEFORE DEPOSITING CHECK

$   3,892.57

PLAINTIFF'S
EXHIBIT
89

B -0099

# Settlement Statement

U.S. Department of Housing
and Urban Development

VINTAGE TITLE AGENCY, INC.

OMB No. 2502-0265

| B. Type of Loan | | | | | |
|---|---|---|---|---|---|
| 1. ☐ FHA   2. ☐ FmHA   3. ☒ Conv. Unins.   4. ☐ VA   5. ☐ Conv. Ins. **REFINANCE** | | 6. File Number **V-9937** | 7. Loan Number **2662955** | 8. Mortgage Insurance Case Number | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| Shirdenia Bryant<br>1107 Laidlaw Avenue<br>Cincinnati, Ohio 45237 | | First Franklin Financial<br>Corporation<br>2150 N. First Street<br>San Jose, California 95131 |

| G. Property Location | H. Settlement Agent | | |
|---|---|---|---|
| 1107 Laidlaw Avenue<br>Cincinnati, Ohio  45237<br>Hamilton County, Ohio<br>Parcel No. 118-1-61 | Vintage Title Agency, Inc.<br>TIN-31-1442503 | | |
| | Place of Settlement<br>McKinley Mortgage<br>Cincinnati, Ohio | Phone: (606) 344-0200 | I. Settlement Date<br>6/ 9/00<br><br>Dis: 6/14/00 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 5,099.35 | 403. | |
| 104. Payoff Cheviot | 54,142.76 | 404. | |
| 105. Payoff Prescott Bigelow. IV | 4,657.24 | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/town taxes          to | | 406. City/town taxes          to | |
| 107. County taxes          to | | 407. County taxes          to | |
| 108. Assessments          to | | 408. Assessments          to | |
| | | 409. | |
| | | 410. | |
| | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | 63,899.35 | **420. Gross Amount Due To Seller** | |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 64,000.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City/town taxes          to | | 510. City/town taxes          to | |
| 211. County taxes          to | | 511. County taxes          to | |
| 212. Assessments          to | | 512. Assessments          to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | 64,000.00 | **520. Total Reduction Amount Due Seller** | |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross amount due from borrower (line 120) | 63,899.35 | 601. Gross amount due to seller (line 420) | |
| 302. Less amounts paid by/for borrower (line 220) | ( 64,000.00) | 602. Less reductions in amt. due seller (line 520) | ( ) |
| 303. Cash   ☐ From   ☒ To Borrower | 100.65 | 603. Cash   ☐ To   ☐ From Seller | |

B -0083

PLAINTIFF'S
EXHIBIT
90

OMB No. 2502-0265

| L. Settlement Charges | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 700. Total Sales/Broker's Commission based on price $ @ % | | | |
| Division of Commission (line 700) as follows: | | | |
| $ to | | | |
| $ to | | | |
| Commission paid at Settlement | | | |
| 704. | | | |
| 800. Items Payable In Connection With Loan | | | |
| 801. Loan Origination Fee    3.9070 % McKinley Mortgage, LLC | | 2,500.48 | |
| 802. Loan Discount    % | | | |
| 803. Appraisal Fee to    The Kemp Company | | 225.00 | |
| 804. Credit Report to | | | |
| 805. Lender's Inspection Fee to | | | |
| 806. Mortgage Insurance Application Fee to | | | |
| 807. Assumption Fee to | | | |
| 808.  Processing Fee to McKinley Mortgage, LLC | | 225.00 | |
| 809.  Administrative Fee to First Franklin Financial | | 599.00 | |
| 810.  Rebate Pd by First Franklin to McKinley Mortgage, LLC | 640.00 | P.O.C. | |
| 811. | | | |
| 900. Items Required By Lender To Be Paid In Advance | | | |
| 901. Interest from    6/14/00 to    7/ 1/00 @ $.000000    /day | | 324.87 | |
| 902. Mortgage Insurance Premium for    months to | | | |
| 903. Hazard Insurance Premium for    years to | | | |
| 904. Flood Insurance Premium for    years to | | | |
| 905.  2nd 1/2 1999 County Taxes to Hamilton County Treasurer | 567.17 | P.O.C. | |
| 1000. Reserves Deposited With Lender | | | |
| 1001. Hazard Insurance    months @ $    per month | | | |
| 1002. Mortgage Insurance    months @ $    per month | | | |
| 1003. City property taxes    months @ $    per month | | | |
| 1004. County property taxes    months @ $    per month | | | |
| 1005. Annual Assessments    months @ $    per month | | | |
| 1006. Flood Insurance    months @ $    per month | | | |
| 1007.    months @ $    per month | | | |
| 1008.    months @ $    per month | | | |
| 1009.    months @ $    per month | | | |
| 1010.    months @ $    per month | | | |
| 1100. Title Charges | | | |
| 1.  Settlement or closing fee to  Vintage Title Agency, Inc. | | 275.00 | |
| Abstract or title search    to | | | |
| Title examination    to  Vintage Title Agency, Inc. | | 150.00 | |
| 1104. Title Insurance binder    to  Vintage Title Agency, Inc. | | 50.00 | |
| 1105. Document preparation    to | | | |
| 1106. Notary fees    to | | | |
| 1107. Attorney's fees    to  Kenneth R. Reed | 50.00 | P.O.C. | |
| (includes above item numbers:    Deed Preparation      ) | | | |
| 1108. Title Insurance    to  Vintage Title Agency, Inc. | | 224.00 | |
| (includes above item numbers:      ) | | | |
| 1109. Lender's coverage    $  224.00 for $64,000.00 | | | |
| 1110. Owner's coverage    $ | | | |
| 1111.  EPA ENDORSEMENT to Vintage Title Agency, Inc. | | 75.00 | |
| 1112.  ARM ENDORSEMENT to Vintage Title Agency, Inc. | | 75.00 | |
| 1118.  COMPREHENSIVE ENDORSEMENT to Vintage Title Agency, Inc. | | 75.00 | |
| 1200. Government Recording and Transfer Charges | | | |
| 1201. Recording fees: Deed $  19.00  ; Mortgage $  102.00  ; Releases $ | | 121.00 | |
| 1202. City/county tax/stamps: Deed $  ; Mortgage $ | | | |
| 1203. State tax/stamps: Deed $  ; Mortgage $ | | | |
| 1204.  Deed Transfer Tax/$58,800 to Hamilton County Auditor | 147.50 | P.O.C. | |
| 1205. | | | |
| 1300. Additional Settlement Charges | | | |
| 1301. Survey    to  Tri-State Location | | 130.00 | |
| 1302. Pest Inspection to | | | |
| 1303.  Overnite Payoffs/Courier to Vintage Title Agency, Inc. | | 50.00 | |
| 1304. | | | |
| 1305. | | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | 5,099.35 | |

*(signature)* Shirdenia Bryant
Shirdenia Bryant

MONTHLY PAYMENT

| TAXES | .00 |
|---|---|
| PMI/MIP | .00 |
| HAZARD/FLOOD INSURANCE | .00 |
| TOTAL ESCROW | .00 |
| P&I | .00 |
| MONTHLY PAYMENT | .00 |
| FIRST PAYMENT DUE | 8/ 1/00 |

B -0084



# LAND CONTRACT

This Agreement/Contract to purchase/sell real property is entered into by and between Shirdenia Bryant, Hereinafter Referred to as purchaser; and Prescott Bigelow, hereinafter referred to as seller.

WITNESSETH:

That the Seller, in consideration of the promises and agreements made by the Purchasers, hereinafter set forth, does hereby promise, sell and convey by method of Land Contract to the Purchaser, their heirs, devisees, and assigns the following real estate:

1107 Laidlaw Avenue

Cincinnati, Ohio 45237

(Hamilton County)

1. The Purchasers agree and promise to pay Seller, the total sum of Sixty-One thousand dollars (61,000.00) , to be paid in the following manner;

(a) The balance of Sixty-one thousand dollars (61,000.00) is to be paid, with interest accruing thereon at 9.2 % per year on the unpaid balance, at the rate of Five hundred - dollars (500.00) per month with the first monthly payment due on, Jan. 1st, 1999 and the same amount due on or before the 1st day of each and every month thereafter until the entire principal balance is paid in full in accordance with the attached amortization schedule marked EXHIBIT A and incorporated herein by reference as if fully set out

(c) Said monthly payment shall be made payable to Seller and be made according to the Sellers' direction

2. Purchaser reserves their right to pay the entire principal balance due at any time during the existence of this contract, without any pre-payment penalty, having the right to obtain a first mortgage and pay off this land contract in full. Seller agrees to execute any and all necessary documents required therefore, if any.

(a) Purchaser expressly agrees to keep said property in as good a condition as it presently is and to make any and all necessary repairs thereto and to maintain same and to comply with any law, ordinance and/or statute concerning the use and/or occupancy of said premises. Purchaser agrees not to do or cause to be done anything to said property which would diminish the value

PLAINTIFF'S EXHIBIT

123

ALL-STATE LEGAL®

of the residence and/or the Sellers' security interest therein. Purchaser agrees that the Sellers shall have a reasonable right to inspect the subject real estate upon two days notice in order to determine compliance with this provision and all other terms of this Contract.

3. Purchaser agrees that this residence is sold in an "AS IS " condition with no express or implied warranties.

4. Purchaser agrees that they may not assign this contract to anyone else without the written consent of Seller

5. Seller agrees not to encumber or attempt to sell said premises as long as Purchaser good and faithfully shall perform the terms of this contract.

6. It is agreed that if Purchaser, their heirs, devisees, executor and/or assigns should fail or neglect to make any one of the monthly installments due and payable hereunder, or the balloon payment, if applicable, within thirty (30) days after same shall become due and payable, or if the Purchaser fails to reasonably and materially comply with any and/or all of the covenants, agreements, conditions and/or provisions of this contract, Seller may consider this agreement terminated and all remaining amounts unpaid shall immediately become due and payable  In the event of such termination, the Purchaser shall not remove any fixtures, improvements or dwellings erected on said property and Seller shall be entitled to all of his remedies allowed by law, including but not limited thereto, all right to foreclosure, eviction and enforcement of lien rights and Purchaser shall be liable for all costs incurred in enforcing and/or terminating this contract, including but not limited thereto, all court costs and attorney fees.

7. Failure or delay on the part of the Seller to take any action provided for herein or by law because of any default by Purchaser shall not operate as a waiver by Seller of any of their legal rights and/or remedies.

8. Purchaser shall have possession of said premises upon the execution of this contract or as the parties agree.

9. If Purchaser, their heirs, executors, devisees or assigns shall completely comply with the terms of this land contract and fully pay all the amounts due hereunder in a due and timely fashion, then, upon receipt of the full amount due, Seller, his heirs, devisees, executor or assigns shall execute and deliver to Purchaser a Warranty Deed for the subject real estate, subject to any liens or encumbrances caused by the acts and/or omissions of the Purchaser, free and clear and

with good marketable title.

    10. It is agreed the term Sellers and the term Purchaser, shall include and legally bind their heirs, devisees, executors, administrators and assigns hereto.

    11. This document contains the entire agreement between the parties hereto and no statement, representation, inducement, warranty, promise or conduct whatsoever (oral or written) not expressly contained herein shall be binding upon parties hereto.

    12. Any modification hereto must be agreed to by both parties, be in writing and be signed by both parties.

    13. Purchaser hereby acknowledges that they have not requested nor have the attorneys who have prepared this document performed a title examination of said real estate.

IN WITNESS WHEREOF, the parties hereto have set their signatures this the 1ST day of January 1999.

Purchasers:

_Shirdenia Bryant_

Shirdenia Bryant

Seller

_Prescott Bigelow_

Prescott Bigelow

1966 Fairfax

F&W 75,100,000

Curtes → Bighoff, T^ee

8/21/99  K to Purchase –
         P P –  10,000 cash at closing +
              Buyer to repair roof + porch
              " to pay costs, fees + taxes
         Seller to Lease Option property
              for 2 yrs to repurchase for
              $37,000, at 8/21/01

27/
15/
7 ²/    Closing →
        /S/ P. B., T^ee  – Buyer –W– Roxane Christie
        /S/ M/H  Curtus – Seller
        /S/T

8/25/99  Settlement Statements
         P P –  15,432,24 ?
              Del. Taxes      4,527.
              F/c costs         206.
              Deed/Offd Prep.   150.
              Cash to Sellers  9871.32

                                      15,146.25
         Purchaser pays (inc 295^ºº to Mackintosh)
         /S/ Harry + Pat Curtus  Sellers
         /S/ P. B. IV, T^ee   – Buyer
         P. by John Mackintosh
                        POC
         Cf – 295^ºº P. by Curtus → Mackintosh for
              closing K

(undated)   Ronel K   (Unsigned)
              P? - 37,000,  + 11%
                 @ 350/MO fins 9/1/99 → 9/1/01
                 Bal - 9/1/01
                 Seller pays T+I
                    " assets - No mtgs or liens (#18)
          P ly  Mechitwith


                        Pd. 9/99
                           10/99


   10/99  Mtg  su K   Biglow → X

THIS IS A LEGALLY BINDING CONTRACT.
IF NOT UNDERSTOOD, SEEK LEGAL ADVICE.

# CONTRACT TO PURCHASE

*8/2*    Cincinnati, Ohio,
19 *99*

1. The undersigned Purchaser hereby offers to purchase, the following described property to-wit, property located at: *1966 Fairfax Avenue Cincinnati, OH. 45207*    *Buy 350 per mos.*

2. The purchase price is to be $ *0*    payable as follows: $ _____ as earnest money to apply toward purchase price. *Seller to receive $14,000.00 cash at closing. Buyer to pay all Cost, R.E. Buyer to repair roof and porch after closing. Buyer to pay all cost and Attorney fees. Buy to Satisfy back taxes. Seller to lease option property for a set amount per mos. Seller to lease option property for a set of 3 years from This date of closing.*

3. The above described real estate shall include all land and appurtenant rights; also all electrical, plumbing, heating and air conditioning equipment, including window units, bathroom fixtures; shades, venetian blinds; awnings; curtain rods; window/door screens, storm windows/doors; landscaping and shrubbery; wall-to-wall/stair carpeting, built-in kitchen appliances; attached radios and/or television aerials; all affixed/built-in furniture fixtures; and utility/storage buildings or sheds; except: *None. Anything used in connection with prop*

4. The following personal property shall be included in the sale: _____ *(None)*

5. Title to the above described real estate is to be conveyed by Warranty Deed with release of dower, on or before *Time of Closing*; said title to be free, clear, and unencumbered, free of building orders, subject to zoning regulations of record, and except assessments, easements and restrictions of record, and EXCEPT _____

6. Seller certifies to Purchaser that: there is no termite damage to the real estate or active infestation; electrical, plumbing, heating, air conditioning equipment and systems, fireplaces, chimneys and other items included herein will be operational on possession except *Unknown*. Seller agrees that at the time of transfer of title, the above described real estate, and all items thereof, will be in the same condition as on the date of this offer, reasonable wear and tear excepted.

7. The following items shall be prorated between seller and purchaser as of closing: real estate taxes, assessment installments of record, rents, operating expenses and interest on encumbrances. Security and/or damage deposits held by Seller will be transferred to Purchaser at closing without proration.

8. Seller will maintain, until closing, hazard insurance in the amount of the above stated purchase price. If any building or other improvements are damaged or destroyed prior to closing, purchaser shall have the option to receive the proceeds of any insurance payable or to cancel this agreement and be refunded all consideration therefore paid.

9. Possession shall be given on or before _____, subject to tenant's rights. Any lease or tenant agreement will be supplied to Purchaser prior to closing.

10. This agreement is subject to the arranging of financing within *0* banking days, at any terms acceptable to Purchaser. Seller held mortgages, if any, shall be subordinate and inferior to any new, additional, or refinancing of existing mortgages. Purchaser's liabilities are limited to the securing property itself and shall not extend beyond. Financing will, at Purchaser's option, additionally or entirely be secured by subject or other similar real property.

11. This contract is contingent on an inspection of the above real estate by Purchaser, which is satisfactory without limitations to said Purchaser.

12. This agreement survives closing and pertinent language contained herein becomes part of any deeds, notes, mortgages, and documents pertinent to this transaction and shall take precedence in the event of any conflicting provisions of terms.

13. This offer, when accepted, comprises the entire agreement of Purchaser and Seller, and it is agreed that no other representation or agreements have been made or relied upon.

14. This offer, when accepted, shall constitute a binding contract to be binding upon the parties, their heirs, personal representatives, executors, administrators and assigns.

15. Offer void if not accepted by *6:00 pm 8/3/99*

Date *8/2/99*

WITNESS *Lawrence Christian*

*Lisa Bryant, Trustee*
Purchaser

_____
Purchaser

I/We as Sellers accept the above offer and earnest money submitted to us.

Date _____

*Gary Custer*
Seller

*Patricia Custer*
Seller

PLAINTIFF'S
EXHIBIT
100
Blumberg No. 5113

BRYANT -205

**JOHN R. MECKSTROTH, JR.**
ATTORNEY AT LAW
TRUST ACCOUNT

15003

13-31/420

August 25, 1999

Harry Curtis and Patricia Curtis

9,576.32

Nine Thousand Five Hundred Seventy-Six and 32/100————————————

**Fifth Third Bank**
CINCINNATI, OHIO

NOT NEGOTIABLE

Seller's Proceeds - 1966 Fairfax Ave.

⑆042000314⑆    706⑆15334⑈

PLAINTIFF'S
EXHIBIT
105

BRYANT -193

**JOHN R. MECKSTROTH, JR.**
ATTORNEY AT LAW
TRUST ACCOUNT

15005

13-31/420

August 25, 1999

Harry Curtis and Patricia Curtis                                      295.00

Two Hundred Ninety-Five and 00/100——————————————————————

**Fifth Third Bank**
CINCINNATI, OHIO

NOT NEGOTIABLE

Seller's Proceeds – 1966 Fairfax Ave.

⑈042000314⑈  706⋯15334⋯

---

**JOHN R. MECKSTROTH, JR.**
ATTORNEY AT LAW
TRUST ACCOUNT

15006

13-31/420

August 25, 1999

Stephen Kurlansky                                                     15.18

Fifteen and 18/100——————————————————————

**Fifth Third Bank**
CINCINNATI, OHIO

NOT NEGOTIABLE

Attorney's fees – Estate of Betty Lou Pringle

⑈042000314⑈  706⋯15334⋯

---

**JOHN R. MECKSTROTH, JR.**
ATTORNEY AT LAW
TRUST ACCOUNT

15007

13-31/420

August 25, 1999

Hamilton County Treasurer                                            4,527.00

Four Thousand Five Hundred Twenty-Seven and 00/100——————————————

**Fifth Third Bank**
CINCINNATI, OHIO

NOT NEGOTIABLE

Delinquent taxes – Bigelow –1966 Fairfax Ave.  54-2-53

⑈042000314⑈  706⋯15334⋯



PLAINTIFF'S
EXHIBIT
106

BRYANT -194

## JOHN R. MECKSTROTH, JR.

### ATTORNEY AT LAW

21 WEST NINTH STREET
CINCINNATI, OHIO 45202

August 25, 1999

WESTWOOD-CHEVIOT

3646 GLENMORE AVENUE
CINCINNATI, OHIO 45211

PHONE (513) 721-8808
FACSIMILE (513) 721-1178

Mr. and Mrs. Harry Curtis
1966 Fairfax Avenue
Cincinnati, Ohio   45207

RE: 1966 Fairfax Avenue
Cincinnati, Ohio   45207

FOR PROFESSIONAL SERVICES RENDERED:

Preparation of Land Installment Contract                              $   295.00

BALANCE DUE:                                                         $   295.00



Paid in Full
8/25/99



PLAINTIFF'S
EXHIBIT
109
Blumberg No. 5113

BRYANT -693

Time Records

11:20
1:50