# SETTLEMENT STATEMENT

1966 Fairfax Avenue
Cincinnati, Ohio 45207
August 25, 1999

## SELLER(S)

| | | |
|---|---|---|
| Sales Price | | $15,432.24 |

Deductions
- Delinquent real estate taxes-Hamilton County Treasurer — ($4,527.00)
- Tax foreclosure court costs-Clerk of Courts — ( 206.00)
- Recording costs (certificate of transfer and affidavit) - Hamilton County Recorder — ( 28.50)
- Attorney fees (Estate of Betty Lou Pringle) - Stephen Kurlansky — ( 15.18)
- Real estate tax proration (1/1/99-8/25/99) - Purchaser(s) — ( 595.49)
- Transfer tax-Hamilton County Auditor — ( 38.75)
- Deed and Affidavit Preparation - John R. Meckstroth, Jr. — ( 150.00)

Total Deductions   ($5,560.92)

Balance Due to Seller(s)   $ 9,871.32

## PURCHASER(S)

Purchase Price   $15,432.24

Deductions and Credits
- Real estate tax proration (1/1/99-8/25/99) - Seller(s)   ($ 595.49)

Charges and Expenses
- Attorney Fees - John R. Meckstroth, Jr.   295.00
- Recording costs - Hamilton County Recorder   14.50

Total Charges and Expenses   $ 309.50

Balance Due from Purchaser(s)   $15,146.25



PLAINTIFF'S
EXHIBIT
110

BRYANT -697



## SETTLEMENT STATEMENT
### Page 2

### SUBSTITUTE FORM 1099 SELLER STATEMENT

The information contained on Page 1 of this Closing Statement is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

### SELLER INSTRUCTIONS

If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040).

The undersigned acknowledge receipt of a copy of this Closing Statement and agree to the correctness thereof. The parties further acknowledge that the real estate taxes have been prorated and the Seller shall be entitled to the amount held in escrow by the lender upon the final payoff of the mortgage.

SELLER(S):

_____
Harry Curtis

_____
Patricia Curtis

PURCHASER(S):

_____
Prescott Bigelow, IV, Trustee

Prepared by:
John R. Meckstroth, Jr.
Attorney at Law
22 West Ninth Street
Cincinnati, Ohio  45202
(513) 721-8808

BRYANT -698





PLAINTIFF'S EXHIBIT 111
Blumberg No. 5113

BRYANT -705





PLAINTIFF'S
EXHIBIT
112

BRYANT-704



Hamilton County Municipal Court
HAMILTON COUNTY, OHIO

Entered 02/01/2000

IMAGE 64

In the case of:

PETE BIGELOW     VS. HARRY CURTIS
                PATRICA CURTIS

case #:99CV32813

ORDER FOR FORCIBLE ENTRY
AND DETAINER AND MONEY

✓ E023   Case called: Trial had: Defendant(s) found guilty as charged, whereupon it is considered that the Plaintiff have restitution of the premises as described in the statement of claim. The claim for money is continued for the filing of an answer or default judgment.

*3 day writ*

E025   Entry dismissing the first cause of action without prejudice at Plaintiff's cost. The second cause of action is continued for the filing of an answer or default judgment.

E028   Case called: Trial had: Defendant(s) found guilty as charged, whereupon it is considered that the Plaintiff have restitution of the premises as described in the statement of the claim.

E126   For good cause shown and by consent of court, this case is hereby continued to _____.

E135   For good cause shown and by consent of court, this case is hereby continued to _____. If Plaintiff prevails ____ day writ of restitution shall issue upon a trial of the claims.

E005   This action is dismissed without prejudice at the Plaintiff's cost.

E026   This action is dismissed without prejudice at the Plaintiff's cost as to all claims.

E136   Case called: Trial had: Defendant(s) found guilty as charged, whereupon it is considered that the Plaintiff have restitution of the premises as described in the statement of the claim. Writ of restitution to issue on _____.

E029   Bond in this action is set at $_____ payable _____ with an additional amount of $_____ due on the _____ of each month beginning _____ during pendency of this action.

MISC

_____
plaintiff/attorney

_____
defendant/attorney

CMSR5201

ORDER:
Notice Mailed
To Parties
On: _____
Int: _____

APPROVED AND FILED
FOR JOURNALIZATION

date 02/01/2000

_____
Magistrate

_____
Judge

PLAINTIFF'S
EXHIBIT
113


PLAINTIFF'S EXHIBIT 121

# LAND INSTALLMENT CONTRACT

This LAND INSTALLMENT CONTRACT entered into by and between **PRESCOTT BIGELOW, IV, TRUSTEE** whose mailing address is P.O. Box 30404, Cincinnati, Ohio 45230, hereinafter referred to as the "Vendor", and **HARRY CURTIS AND PATRICIA CURTIS, husband and wife**, whose tax mailing address is 1966 Fairfax Avenue, Cincinnati, Ohio 45207, hereinafter referred to as the "Vendee", witnesseth:

That in consideration of the mutual promises of the parties herein contained, the vendor agrees to sell and convey, and the vendee agrees to purchase and pay for, the real estate commonly known as 1966 Fairfax Avenue, Cincinnati, Ohio 45207 and more fully described below, together with all the appurtenances and hereditaments thereto, but subject to all conditions, easements and restrictions of record.

Situate, lying and being in the City of Cincinnati, County of Hamilton and State of Ohio, and being the east forty and one half (40 ½) feet of Lot number forty (40) of the First Subdivision of The Walnut Hills Land Association, as per plat of said Subdivision recorded in Plat Book 7, Page 97, in the office of the Recorder of Hamilton County, Ohio, and being more particularly described as follows:

Beginning at a point on the northerly line of Fairfax Avenue nine and one-half (9 ½) feet east of the westerly line of said Lot number forty (40); thence running eastwardly along said northerly line of Fairfax Avenue, forty and one-half (40 ½) feet to the easterly line of said Lot number forty (40); thence running northwardly along said easterly line of said Lot number forty (40), one hundred and forty (140) feet to the northerly line of said Lot number forty (40); thence running westwardly along said northerly line of said Lot Number forty (40); forty and one-half (40 ½) feet to a point; thence running southwardly along a line parallel with the westerly line of said Lot number forty (40) a distance of one hundred and forty (140) feet to the north line of said Fairfax Avenue and the place of beginning.

1. PURCHASE PRICE AND TERMS: The vendee agrees to pay for said property the sum of Thirty-Seven Thousand and 00/100 ($37,000.00) Dollars, payable with interest on the unpaid balance from the date herein until paid at the rate of Eleven and 00/100 (11.0%) per annum. Payments shall be paid in advance in consecutive monthly installments of Three Hundred Fifty and 00/100 ($350.00) Dollars on the first day of each month beginning September 1, 1999. Such monthly installments shall continue until September 1, 2001 at which time any remaining indebtedness shall be paid to vendor.

All payments shall be delivered to vendor at P.O. Box 30404, Cincinnati, Ohio 45230 or such other place as designated by the vendor in writing to the vendee. Privilege is reserved to prepay the entire indebtedness or any part thereof at any time without penalty.

2. POSSESSION AND CONVEYANCE: The vendee shall continue in possession of the property upon the execution of this contract and upon the payment by vendee of the full sum of Thirty-Seven Thousand and 00/100 ($37,000.00) Dollars as hereinbefore

provided, the vendor will convey marketable title to said premises to vendee by good and sufficient deed of general warranty, free and clear from all encumbrances excepting taxes and assessments then due and payable, easements and restrictions of record, and excepting such as may be caused by the acts or defaults of the vendee.

3. TAXES AND ASSESSMENTS: Vendor shall be liable for the taxes and assessments due after the execution of this agreement. Taxes and assessments shall be prorated based on the most recent tax duplicate upon the completion of this contract.

4. INSURANCE: The vendor agrees to maintain and pay for hazard insurance in an amount of not less than the purchase price. The vendor shall cause the vendee to be included as "an insured" on said policy.

The vendee shall be responsible for loss or damage to the contents of the premises.

The vendee shall save and keep harmless and indemnify the vendor from and against all loss, damage, or injury, to the extent the same is not covered by insurance, to any person or property while on the property arising out of the use of occupancy of the property by the vendee or the vendee's employees, guests, licensees, or invitees, or which shall be occasioned by any nuisance made or suffered on the property.

5. ABSTRACT: In compliance of O.R.C. 5313.02 (A) (12) vendee has obtained an Attorney's Title Opinion at their expense in accordance with the prevailing custom in which the property is located.

6. UTILITIES AND REPAIRS: The vendee agrees to pay all electric, gas, water and the storm water management charges and to keep all said property in good condition, and further agrees to make all necessary inside and outside repairs to said property at vendee's own expense. However, the vendee further agrees not to make any material alterations or additions in or to said premises without submitting the plans and specifications to the vendor for approval, and further not to permit or suffer any waste herein.

7. LAWS AND ORDINANCES: The vendee agrees to conform to, obey and comply with all the present and future laws, ordinances, rules, regulations, requirements and orders of the United States of America, State of Ohio, County of Hamilton and all of the departments, bureaus, boards and officials of said County respecting said premises and the use and occupation thereof.

8. INSPECTION OF PREMISES: The vendee agrees to permit the vendor and the vendor's agents and representatives, to enter upon said property upon reasonable notice to examine the condition of the same and to make necessary repairs if vendor should decide to do so, but this paragraph shall not in any way relieve the vendee to make repairs as provided in Item 6 herein.

BRYANT -197

9. RECORDING: Within, twenty (20) days of the execution of the within contract and agreement, vendor shall cause a copy of the same to be recorded in the Hamilton County Recorder's Office at vendee's expense.

10. BUILDING ORDERS: Vendor warrants to having no knowledge of existing or pending building orders on the property.

Vendee further agrees to keep the property free from any county and city building orders. Should vendee fail to do so, the vendors shall have the right to remove said and cause said costs to become an addition to the payment of principal immediately due and payable by the vendee.

11. ENCUMBRANCES: Vendor states that there are no mortgages or liens on this property:

12. DEFAULT: The parties hereto mutually agree that if the vendor defaults on any mortgage on the property, the vendee may pay on said mortgage and credit said payments against the monthly installment payments provided for herein.

The parties hereto further agree that if the vendee shall fail or neglect to pay any one of the said installments of the purchase money or costs called for in Item 6 when the same becomes due, and such default is not cured within thirty (30) days, as provided by law, or shall fail to keep, to observe and perform all of the covenants and conditions of this contract, then, at the vendor's option, all the installments and the amounts remaining unpaid shall immediately become due and payable and the vendor may terminate this agreement by giving ten (10) days written notice in accordance with O.R.C. 5313.06 to vendee, and in the event of such termination:

    a. All payments made by the vendee hereunder may be retained by the vendor not at liquidated damages but for damages caused by nonperformance by the vendee of this agreement and/or

    b. Vendor shall have all other rights as provided by law to forfeit the hereunder rights of the vendee and specifically the rights as set forth in O.R.C. 5313.01 to 5313.10;

    c. Vendor shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the property and to collect the rents of the property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the property and collection of rents, including, but not limited to receiver's bonds and reasonable attorney's fees, and then to the sum secured by this contract. The receiver shall be liable to account only for those rents actually received.

BRYANT -198

The failure of the vendor to exercise the option to enforce its rights for any default of the vendee, shall not constitute a waiver of the above provisions.

13. **CONDEMNATION:** It is agreed that should the property herein be subject to any eminent domain or condemnation proceedings covering part or all of the property, that the vendor shall be entitled to any compensation paid as a result of such taking which shall be applied to the principal balance. Any excess amount shall be paid to the vendee.

14. **TIME OF THE ESSENCE:** Time is of the essence in the doing, performing, and observing of each and every term, covenant, or condition of this agreement by both vendors and vendee unless specifically excluded above.

15. **JOINT AND SINGULAR OBLIGATIONS:** As used herein, "vendor" shall include vendors, "vendee" shall include vendees, and the obligations and duties of the vendors and the vendee, respectively, if more than one, shall be joint and several.

16. **LATE CHARGE:** Vendee shall be subject to a late charge of Five (5%) percent of the amount due after Ten (10) days from the due date.

17. **BINDING EFFECT:** This agreement shall be binding on and inure to the benefit of the heirs, executors, administrators, successors and assigns of the parties hereto.

18. **CAPTIONS:** The captions of the several items of this agreement are not a part of the context hereof and shall be ignored in construing this agreement. They are intended only as aids in locating and reading the various provisions hereof.

IN WITNESS WHEREOF, The undersigned have set their hands to duplicate copies on the  day of _____ day of _____, 1999.

SIGNED IN THE PRESENCE OF:                     Vendor:

                                                _____
                                                Prescott Bigelow, IV, Trustee

_____
WITNESS AS TO VENDOR


_____
WITNESS AS TO VENDOR
                                                Vendee:


_____                _____
WITNESS AS TO VENDEES                          Harry Curtis


_____                _____
WITNESS AS TO VENDEES                          Patricia Curtis

- 4 -

BRYANT -199

STATE OF OHIO, COUNTY OF HAMILTON, SS:

BE IT REMEMBERED, That on the _____ day of _____, 1999, before me, the subscriber, a Notary Public, in and for said County and State, personally came vendees **HARRY CURTIS AND PATRICIA CURTIS**, in the foregoing Land Contract, and acknowledge the signing thereof to be their and its voluntary act and deed.

IT TESTIMONY THEREOF, I have hereunto subscribed my name and affixed my seal on this day and year aforesaid.

_____
Notary Public

STATE OF OHIO, COUNTY OF HAMILTON, SS:

BE IT REMEMBERED, That on the _____ day of _____, 1999, before me, the subscriber, a Notary Public, in and for said County and State, personally came vendor, **PRESCOTT BIGELOW, IV, TRUSTEE**, in the foregoing Land Contract, and acknowledge the signing thereof to be their and its voluntary act and deed.

IT TESTIMONY THEREOF, I have hereunto subscribed my name and affixed my seal on this day and year aforesaid.

_____
Notary Public

Prepared by:
John R. Meckstroth, Jr.
Attorney at Law
22 West Ninth Street
Cincinnati, Ohio  45202

- 5 -

BRYANT -200

Received: 12/10/ 1 17:35;   1 513 621 7086   -> LAW OFFICES;   Page 1

LAW OFFICES OF
## William H. Blessing
119 East Court Street
Suite 500
Cincinnati, Ohio 45202

E-Mail: billblessing@cinci.rr.com

Telephone: 513-621-9191
Telecopier: 513-621-7086

December 10, 2001

Via Telecopier

Christopher T. Laber, Attorney
22 W. 9th St.
Cincinnati, OH 45202

Re:   *Bigelow v. Burbrink*

Dear Chris:

Please consider this letter as our response to your request to identify expert witnesses, *i.e.*, your Interrogatory #4. At this time, we expect to present Donald M. Lerner, principal in the firm of Lerner Sampson & Rothfus, Mercantile Center - Suite 800, 120 East Fourth Street, Cincinnati, Ohio 45202, at the trial of this case. Mr. Lerner has worked in real estate transactions, including foreclosures, in the Cincinnati area for many years, and he is familiar with the standards of disclosure requirements and practices involving real estate sales and purchases. He will describe the transactions in this case and opine about the transaction in issue and will testify that the transactions did not accurately reflect the real estate contract and that the transaction falls far short of that necessary to effect a real estate sale with integrity and honesty. He may also testify concerning the pattern, motive, and absence of mistake relating to the scheme alleged. He has received a number of documents relating to this case, including the following: (1) the 02/22/99 contract to purchase; (2) the 03/12/99 settlement statement for 8670 Darnell Avenue; (3) the lease agreement between the Burbrinks the P. Bigelow, signed at the closing; and (5) a registered land certificate for 8670 Darnell Avenue. I have also given Mr. Lerner a narrative of the factual background, as alleged in the complaint.

Sincerely,

*Bill Blessing*

William H. Blessing

WHB/
copy: Rick A. Hopkins, Attorney

PLAINTIFF'S
EXHIBIT NO. ___
FOR IDENTIFICATION
DATE:        RPTR: