IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SHIRDENIA BRYANT, et al.** | : | Civil Action No. C-1-02-006 |
| Plaintiffs | : | (Judge Spiegel) |
| vs. | : | |
| **PRESCOTT BIGELOW, IV, et al.** | : | **DEFENDANTS MOTION IN LIMINE TO EXCLUDE TESTIMONY** |
| Defendants | : | |

\* \* \* \* \*

The Defendants, Prescott Bigelow, IV and Roseanne Christian, hereby moves this Court, Rules 403 and pursuant to 404(b) of the Federal Rules of Evidence, to exclude any testimony to be offered by Plaintiff through witnesses Shirdenia Bryant, Mark Burbrink, Michael Burbrink, or Russell Paige. Defendants submit that the testimony of these witnesses is not admissible and would be prejudicial to the Defendants. Further, the probative value is substantially outweighed by the danger of prejudice, confusion of the issues and misleading the jury. In further support of this motion, Defendants submit the following memorandum.

**MEMORANDUM IN SUPPORT OF MOTION**

Shirdenia Bryant's claims have been settled, and she is no longer a Plaintiff in this action. Further, the transactions between Bryant, Bigelow and Christian are not substantially similar to the acts at issue involving Curtis. The transactions between Bryant and the Defendants are detailed in Defendants Consolidated Motion for Summary Judgment (Doc. 40). Bryant had no contract with either Christian or Bigelow. The purchase contract at issue in the Bryant case was between Bryant and a John Marfisi. Marfisi acquired $19,000.00 of Bryant's sale proceeds.

Bryant sold her property to Bigelow, then repurchased her property from Bigelow. Bryant signed a Release of Claims in favor of Bigelow. Bryant then lost her house, after losing her job and becoming unable to make her mortgage payments. Bryant's home then was lost through foreclosure.

The transactions with the Burbrinks and Russell Paige are also substantially different than the transaction at issue herein. The Declarations of Mark Burbrink and Russell Paige have been filed with the Court. (Doc. 49). Based on the details of the Burbrink and Paige transactions, the Court should exclude their testimony under Rule 404(b).

Federal Evidence Rule 404(b) limits the ability of a party to introduce character evidence to show action in conformity therewith. Rule 404(b) provides as follows:

> "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Id. Thus, evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or "in issue," and (3) the evidence is probative with regard to the purpose for which it is offered. *United States v. Johnson*, 27 F3d 1186, 1190-91 (6th Cir. 1994) (quoting *Huddleston v. United States,* 485 U.S. 681, 686, 108 S.Ct.(1988).

In *United States v. Merriweather,* 78 F.3d 1070, 1074 (6th Cir. 1996), the Sixth Circuit explained the process for Rule 404(b) objections as follows:

2

> Upon objection by the defendant, the proponent of the evidence, usually the government, should be required to identify the specific purpose or purposes for which the government offers the evidence of "other crimes, wrongs, or acts." By so requiring, we do not mandate hypertechnicality. It is true that whether 404(b) evidence is admissible for a particular purpose will sometimes be unclear until late in the trial because whether a fact is "in issue" often depends on the defendant's theory and the proofs as they develop. Nevertheless, the government's purpose in introducing the evidence must be to prove a fact that the defendant has placed, or conceivably will place, in issue, or a fact that the statutory elements obligate the government to prove.
>
> After requiring the proponent to identify the specific purpose for which the evidence is offered, the district court must determine whether the identified purpose, whether to prove motive or intent or identity some other purpose, is "material"; that is, whether it is "in issue" in the case. If the court finds it is, the court must then determine, before admitting the other acts evidence, whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. If the evidence satisfies Rule 403, then, after receiving the evidence, the district court must "clearly, simply, and correctly" instruct the jury as to the specific purpose for which they may consider the evidence.

78 F.3d at 1076-1077. Evidence Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Id.

To determine if evidence of other acts is probative of intent, the court looks to whether the evidence relates to conduct that is substantially similar and reasonably near in time to the specific intent offense at issue. Id. citing *United States v. Blankenship,* 775 F.3d 735, 739 (6th Cir. 1985). In the context of Evid. R. 404(b), when an act and a charged offense are so dissimilar that the act has no logical tendency to prove the intent element of the charged offense, no degree of temporal proximity will infuse the act with probative value. *United States v. Bakke*, 942 F.2d 977, 983 (6th Cir. 1991).

Where the past act is not substantially similar to the act for which the defendant is being

tried, and/or where the past act cannot be demonstrated with sufficient specificity, the propensity inference provided by the past act is weaker, and no presumption in favor of admissibility is warranted. *United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998). Where a past act cannot be shown with reasonable certainty, its probative value is reduced and it may prejudice the defendant unfairly, confuse the issues, mislead the jury, and result in undue delay and wasted time -- all reasons for excluding evidence under Rule 403. Id. The same can be said of evidence of past acts that are dissimilar to the act for which the defendant is being tried; in particular, the introduction of dissimilar past acts runs the risk of confusing the issues in the trial and wasting valuable time. Id. Also relevant to the Rule 403 balancing analysis are the additional factors recognized by the Tenth Circuit in *Guardia*: "the closeness in time of the prior acts to the charged acts, the frequency of the prior acts, the presence or lack of intervening events, and the need for evidence beyond the testimony of the defendant and alleged victim." Id. at 1330. (internal citations omitted).

To determine the degree of similarity, the court must consider the theory of the plaintiffs' case and the purpose for which the evidence is used. *In re Aid Crash Disaster at Sioux City Iowa*, 781 F. Supp. 1307, (N.D. Ill. 1991).

**Conclusion**

Defendants object to the introduction of testimony Bryant, Burbrink and Paige. Defendants further request an on the record balancing of Evid. R. 403 and Evid. R. 404.

If the Court does admit any of this testimony the jury *must* be "clearly, simply, and correctly instructed concerning the narrow and limited purpose for which the evidence may be considered." *United States v. Jobson*, 102 F.3d 214, 222 (6th Cir. 1996) (quoting *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994) (emphasis added). The court's instruction must specifically include

the reason for which the jury may utilize the other acts evidence. *Id. See also Merriweather*, 78 F.3d at 1077 (stating as mandatory the limiting instruction requirement).

        Respectfully Submitted,

        Gary R. Lewis Co., L.P.A.

        /s/ Gary R. Lewis
        GARY R. LEWIS, #0017697
        Attorney for Defendant Prescott Bigelow and
        Defendant Roseanne Christian
        Cincinnati Club Building, Suite 915
        30 Garfield Place
        Cincinnati, Ohio 45202
        (513) 665-9222/(513) 721-7008 (FAX)

        Respectfully Submitted,

        Mack, McKay & Knabe Co., L.P.A.

        /s/ Timothy E. McKay
        TIMOTHY E. MCKAY #0040860
        Attorney for Defendant Prescott Bigelow and
        Defendant Roseanne Christian
        700 Walnut Street, Suite 200
        Cincinnati, Ohio 45202
        (513) 621-1767/(513) 621-2465 (FAX)

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 9th, 2004, I electronically filed the foregoing Defendants Motion In Limine To Exclude Testimony using the CM/ECF system and I hereby certify that the foregoing Motion was served upon William H. Blessing, Esq. Attorney for Plaintiffs, 119 East Court Street, Suite 500, Cincinnati, Ohio 45202 by regular U.S. Mail, postage pre-paid this 9th day of February, 2004.

                                        /s/ Gary R. Lewis
                                        Gary R. Lewis
                                        Attorney for Defendant Prescott Bigelow and
                                        Defendant Roseanne Christian